UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI AND CATHY YU<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED,        Defendants. | Civil Action No. 1:16-CV-10386 LTS<br><br>**LEAVE TO FILE GRANTED ON APRIL 26, 2016 (ECF DOC. No. 28)** |

**PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT HPFS' MOTION TO DISMISS**

Lester E. Riordan III
Damonmill Square
12 Pond Lane, Suite EB-1N
Concord, Massachusetts 01742
BBO No. 633725
Telephone: 978-341-0404
Email:  riordanlaw@comcast.net

Dimitry Joffe
(admitted *pro hac vice*)
Salisbury & Ryan LLP
1325 Avenue of the Americas
New York, NY 10019
Tel: (212) 977-4660
Email: dj@salisburyryan.com

*Counsel for the Plaintiffs*

May 3, 2016

I.      **Defendant ignores the holding of *Kirkpatrick*.**

Defendant HPFS has managed to spend its entire Reply discussing the Act of State doctrine without addressing the actual holding of W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 492 U.S. 400  (1990), the controlling legal authority on the issue.  The Supreme Court unanimously held in Kirkpatrick that "act of state issues only arise when a court *must decide* – that is, when the outcome of the case turns upon – the effect of official action by a foreign sovereign.  When that question is not in the case, neither is the act of state doctrine."  493 U.S. at 406 (emphasis original).  As shown in Plaintiffs' Opposing Brief (pp. 7-9), that holding is devastating for HPFS' Act of State argument here, where Plaintiffs challenge HPFS' own alleged misconduct, not any acts of the Chinese state, and the preclusive effect of that holding cannot be wished away by simply ignoring it.

HPFS likewise shies away from the cases discussed in Kirkpatrick that do *not* implicate the Act of State doctrine and the rationale behind them, which fully applies here.  One such case was Kirkpatrick itself, where the Supreme Court explained that "[r]egardless of what the court's factual findings may suggest as to the legality of the Nigerian contract, *its legality is simply not a question to be decided in the present suit*, and there is thus no occasion to apply the rule of decision that the act of state doctrine requires."  Id. at 406 (emphasis added).  Another case cited by the Supreme Court was American Banana Co. v. United Fruit Co., 213 U.S. 347 (1909), regarding which the Supreme Court stated, 493 U.S. at 407 (emphasis added):

> The plaintiff in American Banana, however, ***like the plaintiff here, was not trying to undo or disregard the government action, but only to obtain damages from private parties who had procured it.***

The Supreme Court also cited with approval United States v. Sisal Sales Corp., 274 U.S. 268 (1927), where it had held that "the defendant's actions in obtaining Mexico's enactment of 'discriminating legislation' could form part of the basis for suit under the United States antitrust

laws." Kirkpatrick, 493 U.S. at 407.  Finally, the Supreme Court also cited with approval Sharon v. Time, Inc., 599 F. Supp. 538, 546 (S.D.N.Y. 1984).[1]  See also World Wide Minerals Ltd. v. Republic of Kazakhstan, 116 F.Supp.2d 98, 104-05 (D. D. C. 2000) *aff'd in part and rev'd in part on other grounds*, 296 F.3d 1154 (D.C. Cir. 2002), holding that the act of state doctrine barred claims against foreign government defendants but not against a private party "because the situation would be analogous to W.S. Kirkpatrick."

Here, like in Kirkpatrick, the "legality [of the Chinese police actions] is simply not a question to be decided in the present suit, and there is thus no occasion to apply the rule of decision that the act of state doctrine requires."  493 U.S. at 406.  Plaintiffs here, like plaintiffs in Kirkpatrick and American Banana, are "not trying to undo or disregard the [Chinese] government action, but only to obtain damages from private parties who had procured it." Kirkpatrick, 493 U.S. at 407.  Defendant HPFS' wrongful conduct leading up to and causing the Chinese police actions can properly form the basis of Plaintiffs' suit without implicating the Act of State doctrine, as in Sisal Sales, 274 U.S. 268.  Defendants here are private parties, not foreign government instrumentalities, cf. World Wide Minerals, 116 F.Supp.2d 98, and the case "involves no challenge to the validity of [the Chinese] act of state" because "the issue here is not whether [those] acts are valid, but whether they occurred."  Sharon, 599 F. Supp. at 545-46.

Defendant HPFS ignores the central holding of Kirkpatrick, the Supreme Court's reasoning there, and the authorities supporting and following it, and chooses instead to rely on "several cases [identified in Kirkpatrick] properly applying the Act of State doctrine" (Reply at

---

[1] In Sharon, the District Court held:  "The act of state doctrine is . . . not applicable here because . . . the issues in this case do not require the jury to pass on the validity of these acts [of state]."  599 F. Supp. at 545.  The Court distinguished the cases where "the validity of an act or order of expropriation was directly in issue, and a finding for the defendant would have required invalidation of the [foreign] government's official act," and stated that "[b]y contrast, the litigation here involves no challenge to the validity of any act of state."  Id. at 545-46.

2).  These cases are inapposite, and the Supreme Court itself expressly distinguished them in its opinion:  "In every case in which we have held the act of state doctrine applicable, the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory."  493 U.S. at 405.  The only additional case that Defendant relies upon on Reply, Konowaloff v. Metro. Museum of Art, 702 F.3d 140 (2d Cir. 2012), falls squarely within the same category.  There, plaintiff sought the return of a painting, alleging that it was unlawfully expropriated by the Soviet government.  The District Court dismissed the claim and the Second Circuit affirmed, holding that "the lawfulness of the Soviet government's taking of the Painting is precisely what the act of state doctrine bars the United States courts from determining."  702 F.3d at 147.[2]

## II.     Defendant HPFS grossly distorts the Complaint's allegations.

Any fair reading of the Complaint makes clear that Kirkpatrick precludes the application of the Act of State doctrine here, because the outcome of this case does not turn upon the validity, legality, or effectiveness of the Chinese police actions.  According to the Complaint, Plaintiffs' injuries occurred "solely as a result of Defendants' wrongful actions" (Complt. at ¶¶ 5-6) -- *i.e.*, Defendants' misrepresentations that the Equipment they sold to ICT was genuine – regardless of the lawfulness or validity of the Chinese state actions.

Desperate to create a factual predicate for the application of the Act of State doctrine, Defendant HPFS grossly distorts the Complaint, asserting instead that "[a]s pled, all of Plaintiffs'

---

[2]     See also Nocula v. UGS Corp., 520 F.3d 719, 728 (7th Cir. 2008) (the Act of State doctrine bars the claim that "would require this court to reverse the Polish court's decision"), discussed in the Moving and Opposing Briefs. Citing no other authority, Defendant seeks to minimize the effect of Kirkpatrick generally, claiming that "outside the narrow confines of Kirkpatrick's application . . . the Act of State doctrine remains alive and well." Reply at 2n1. Cf. Nelson v. Saudi Arabia, 923 F.3d 1528, 1531 (11th Cir. 1991), *vacated on other grounds*, 996 F.2d 270 (11th Cir. 1993) ("Neither the doctrine of foreign sovereign immunity nor the act of state doctrine are as widely applied now as in the past.  Indeed, it was suggested years ago that the act of state doctrine had 'earned a well-deserved rest.' . . . The present restrictive attitude in the application of the act of state doctrine is reflected in Justice Scalia's opinion in W.S. Kirpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400."

alleged damages flow from the Chinese authorities' seizure of goods deemed to be contraband, and the arrest and detention of three Chinese citizens." Reply at 1.[3]

HPFS' distortions notwithstanding, Plaintiffs' claims as pled all arise from Defendants' misrepresentations that directly and proximately caused Plaintiffs' injuries, not from China's enforcement of its laws. Thus, adjudication of Defendants' liability for fraudulent or negligent misrepresentations, breach of contract, breach of warranties, and deceptive practices under M.G.L. § 93A does not even remotely turn on the validity *vel non* of the Chinese police actions. The Individual Plaintiffs' claim for false imprisonment, too, does not turn on the validity of the Chinese police action but on Defendants' own conduct leading up to and causing it. See, e.g., Weisman v. Le Landis, 532 F.2d 308, 311 (2d Cir. 1976) (private parties responsible for false imprisonment may be subject to tort liability whether or not the police conduct was lawful); Sarvis v. Boston Safe Deposit & Trust Co., 711 N.E.2d 911, 921 (Mass. App. Ct. 1999) ("A person may be liable for false imprisonment . . . when that person, by providing false information, causes such restraint to be imposed."). Thus, the issue here, like in Sharon, is whether the Chinese police actions occurred -- not whether they were valid.

The falsity of Defendant's premise is best illustrated with Defendant's own hypothetical scenario where it claims that "had China not acted as it did, no loss would ensue." Reply at 3; see also id. at 4 ("without [China's enforcement of its laws] Plaintiffs would have suffered no damages"). This is emphatically not so: on Plaintiffs' case, had the Chinese authorities not acted at all, but Plaintiffs discovered that the Equipment was counterfeit in some other fashion

---

[3] Indeed, HPFS' Reply is replete with such distortions and mischaracterizations of Plaintiffs' factual allegations, which should be accepted as true on this motion to dismiss. See e.g., Reply at 2 ("In the matter *sub judice*, the entire case and prayer for relief turn on the enforcement of China's law in China."); "The event that injured ICT was the seizure of its goods as contraband; and the harm that befell the Individual Plaintiffs was their arrest, detention and continuing criminal peril" (id.); "Plaintiffs' entire damages case is rooted in the seizure of ICT's goods and the arrest of the individuals" (id. at 3); "this Court . . . is asked to absolve Plaintiffs of conduct that China deemed a transgression of its laws" (id. at 3) – untrue all.

(*e.g.*, directly from H3C or from their customers), Plaintiffs' injuries flowing from Defendants' fraudulent or negligent misrepresentations, contract and warranty breaches, and M.G.L. § 93A violations would have remained.  The only difference under such a hypothetical would be with respect to the Individual Plaintiffs' false imprisonment claim – but only because the "confinement" element of the claim would be absent, which unfortunately was not the case in real life – in real life the Individual Plaintiffs each endured seven months of confinement in the harsh conditions of the Chinese prison because of Defendants' wrongdoing.

As a fallback argument, Defendant poses a series of hypothetical (and wholly irrelevant, in Plaintiffs' view) questions about the Chinese police actions, and claims that they would "call into question the foreign sovereign's enforcement of its laws," arguably implicating the Act of State doctrine.  Reply at 3.  Again, the Supreme Court rejected the very same argument in Kirkpatrick:  "Petitioners point out . . . that the facts necessary to establish respondent's claim will also establish that the contract was unlawful. . . . *Assuming that to be true, it still does not suffice*."  493 U.S. at 406 (emphasis added).  See also World Wide Minerals, 116 F.Supp.2d at 104-05 ("If the court allowed such damages its findings might suggest that the contract was invalid, but Kazakhstan's governmental decrees would not be directly implicated.").  These rulings are *a fortiori* of the case here, where the facts necessary to establish Defendant's liability would not in any event impugn the validity, legality or effectiveness of the Chinese state acts. [4]

---

[4]     Defendant HPFS mischaracterizes the Complaint in other respects as well: (i) the Reply repeatedly describes the Equipment as "contraband" (pp. 1, 2), even though the Equipment was counterfeit; (ii) Defendant faults Plaintiffs for referring to "**Defendants'** (plural) sale of equipment" as improperly "clouding" the distinction between HPFS and HPFS India (Reply at 4); however, the Complaint alleges that Defendant HPFS itself was directly involved in the sale as it negotiated and executed the relevant contracts on behalf of HPFS India and made the complained-of misrepresentations; (iii) Defendant takes issue with Plaintiffs' use of the two letters (Reply at 5), claiming that the letters were on behalf of HPFS India -- but ignoring the allegations that they were drafted by Defendant HPFS and executed by its representative; (iv) Defendant claims that "Plaintiffs' opposition asserts facts not pled" (Reply at 5) – not true, as both letters are expressly referenced and quoted in the Complaint (¶¶ 30-32) exactly as they are described in the opposition brief.  See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (on a motion to dismiss, the Court may consider documents sufficiently referred to in the complaint).

Dated:  May 3, 2016                                              Respectfully Submitted

                                                                /s/ Dimitry Joffe

Lester E. Riordan III                                           Dimitry Joffe
Damonmill Square                                                (admitted *pro hac vice*)
12 Pond Lane, Suite EB-1N                                       Salisbury & Ryan LLP
Concord, Massachusetts 01742                                    1325 Avenue of the Americas
BBO No. 633725                                                  New York, NY 10019
Telephone: 978-341-0404                                         Tel: (212) 977-4660
Email:  riordanlaw@comcast.net                                  Email: dj@salisburyryan.com

                                                                *Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

    I, Dimitry Joffe, hereby certify that on this 3d day of May, 2016, I caused a copy of the foregoing document to be sent electronically to the registered participants in this case through the ECF system.

                                                /s/ Dimitry Joffe
                                                Dimitry Joffe