# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI AND CATHY YU<br><br>     Plaintiffs,<br><br> vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED<br><br>     Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

---

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 1

LEGAL ARGUMENT ........................................................................................................... 4

      A.     HPFS (India) Incorporates Several Arguments Previously Made by HPFS ........... 4

      B.     The Exclusive Forum Selection Clause Contained in the WSA Mandates Dismissal ........................................................................................................................ 6

            1.     The WSA's Forum Selection Clause Applies As Against HPFS (India) ........................................................................................................ 6

            2.     The RRSA's Permissive Forum Selection Clause Does Not Apply ......... 13

CONCLUSION ...................................................................................................................... 14

i

7756561v1

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Ad-A-Day Co. v. Xerox Corp.,
   No. CIV. A. 10-11226-RGS, 2010 WL 3824118 (D. Mass. Sept. 28, 2010) .........................11

Baby Furniture Warehouse Store, Inc. v. Meubles D & F Ltee,
   911 N.E.2d 800 (Mass. App. Ct. 2009) ...................................................................................10

Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc.,
   677 F. Supp. 2d 373 (D. Mass. 2009) ...................................................................................6, 7

BBJ, Inc. v. MillerCoors, LLC,
   No. 12-CV-11305-IT, 2015 WL 4465410 (D. Mass. July 21, 2015) .......................................6

Boland v. George S. May Int'l Co.,
   969 N.E.2d 166 (Mass. App. Ct. 2012) ..................................................................................10

Boston Post Partners II, LLP v. Paskett,
   No. 15-13804-FDS, 2016 WL 3746474 (D. Mass. July 8, 2016)............................................7

Carnival Cruise Lines, Inc. v. Shute,
   499 U.S. 585 (1991)................................................................................................................11

Claudio-De Leon v. Sistema Universitario Ana G. Mendez,
   775 F.3d 41 (1st Cir. 2014)........................................................................................6, 8, 9, 13

Den Norske Bank AS v. First Nat. Bank of Boston,
   75 F.3d 49 (1st Cir. 1996)........................................................................................................9

Doe v. Seacamp Ass'n,
   276 F.Supp.2d 222 (D. Mass. 2003) .......................................................................................6

Huffington v. T.C. Grp., LLC,
   637 F.3d 18 (1st Cir. 2011)....................................................................................................11

In Jacobson v. Mailboxes Etc. U.S.A., Inc.,
   419 Mass. 572, 646 N.E.2d 741 (1995) ................................................................................10

Karty v. Mid-Am. Energy, Inc.,
   903 N.E.2d 1131 (Mass. App. Ct. 2009) ...............................................................................10

Lambert v. Kysar,
   983 F.2d 1110 (1st Cir. 1993)..................................................................................................6

7756561v1

M/S Bremen v. Zapata Off-Shore Co.,
    407 U.S. 1 (1972) ....................................................................................................6, 10, 11, 12

Merchants Nat'l Bank v. Stone,
    5 N.E.2d 430 (Mass. 1936) ..........................................................................................9

In re Mercurio,
    402 F.3d 62 (1st Cir. 2005) ........................................................................................12

Neo Sack, Ltd. v. Vinmar Impex, Inc.,
    810 F. Supp. 829 (S.D. Tex. 1993) ...............................................................................6

Noel v. Walt Disney Parks & Resorts U.S., Inc.,
    No. CIV.A. 10-40071-FDS, 2011 WL 1326667 (D. Mass. Mar. 31, 2011) ............................7

Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc.,
    619 F.3d 90 (1st Cir. 2010) ........................................................................................10

Rivera v. Centro Medico de Turabo, Inc.,
    575 F.3d 10 (1st Cir. 2009) ......................................................................................6, 8

Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda,
    906 F.2d 45 (1st Cir. 1990) ........................................................................................12

Silva v. Encyclopedia Britannica Inc.,
    239 F.3d 385 (1st Cir. 2001) ......................................................................................11

**Rules**

Rule 12(b)(6) .................................................................................................................4, 6

7756561v1

## PRELIMINARY STATEMENT

Plaintiffs in this action accuse moving defendant, Hewlett-Packard Financial Services (India) Private Limited ("**HPFS (India)**"), and co-defendant Hewlett-Packard Financial Services Company ("**HPFS**") of selling Plaintiff Integrated Communications & Technologies, Inc. ("**ICT**") counterfeit equipment after fraudulently representing that it was genuine. This fraudulent misrepresentation allegedly set off a chain of negative consequences that befell the Plaintiffs. However, in choosing to bring their action in Massachusetts, the Plaintiffs impermissibly disregarded a mandatory and exclusive forum selection clause contained in a Wholesale Sale Agreement ("**WSA**"), the agreement that governed the subject sale and purchase of Equipment. This clause, pertaining to any court proceeding, legal claim or lawsuit arising from the agreement for the sale and purchase of the Equipment -- of which the instant litigation is one -- provides that "[t]he parties consent to the **exclusive jurisdiction** of the courts of Delhi, India . . . ." Because the WSA's mandatory and exclusive forum selection clause is binding and enforceable on the Plaintiffs, the instant dispute falls within scope of that clause, and no grounds exist for finding enforcement of the clause to be unreasonable, the Amended Complaint must be dismissed in its entirety as against HPFS (India).[1]

## STATEMENT OF FACTS

In this action, Plaintiffs allege that moving defendant, HPFS (India), and co-defendant HPFS, sold Plaintiff ICT counterfeit equipment after fraudulently representing that it was genuine. Amended Complaint ¶¶ 2-3. The Individual Plaintiffs, each of whom is a Chinese citizen and resident, allege that they were arrested by the Chinese authorities and charged with

---

[1] Additionally, in accordance with the Court's prior instructions, and to avoid redundant briefing, HPFS (India) hereby incorporates all arguments previously made by co-defendant HPFS on its motion to dismiss the original Complaint and its pending motion to dismiss the Amended Complaint (ECF Doc. Nos. 20, 26, 47, and 51), with two exceptions itemized infra.

7756561v1

marketing that equipment (impounded by the authorities) in China and that they remained "in legal jeopardy in China" until they ultimately received "no criminal record" letters from the Chinese authorities in late 2015-early 2016.  Amended Complaint ¶¶ 3, 5 9-11. [2]

As stated in HPFS's moving brief on its first motion to dismiss (ECF Doc. No. 20), the case is rooted in two agreements, both dated December 6, 2011: (a) a Wholesale Sale Agreement (**"WSA"**), between ICT's Indian broker[3] and HPFS (India); and (b) a Referral and Revenue Share Agreement (**"RRSA"**) between ICT itself and HPFS (India).  For purposes of this motion, it is crucial to examine the different purposes and scope of each agreement.

As indicated by its title, the WSA *pertained to the sale of computer equipment* (the "Equipment").[4]  See, e.g., Declaration of Anthony Callaghan ("Callaghan Declar.") (previously-filed as ECF. Doc. No. 21), Ex. A, at § 1 ("Subject to the terms and conditions specified in this Agreement, Seller agrees to sell to Buyer, and Buyer agrees to purchase from Seller, the machines and features described below or specified in the attached invoice (the "Equipment")").  Because, therefore, the WSA's purpose and scope was to govern the obligations and rights of the parties with respect to the sale and purchase of the Equipment, its terms and conditions perforce control that sale and purchase of Equipment.  See generally Callaghan Declar., Ex. A.

The WSA contains an express, unambiguous choice of law provision and a *mandatory and exclusive forum selection clause*, providing as follows:

---

[2] To avoid redundant briefing, HPFS (India) hereby incorporates and repeats the statement of facts set forth in co-defendant HPFS's briefs on its prior two pending motions to dismiss (ECF Doc. Nos. 20 and 47), and herein addresses mainly those facts peculiar to HPFS (India)'s defenses.  HPFS (India) also refers the Court to the previously-filed Declaration of Anthony Callaghan ("Callaghan Declar.") (ECF Doc. No. 21) and exhibits, wherein can be found true and correct copies of the relevant contractual documents.

[3] As discussed in HPFS's moving brief (ECF Doc. No. 20), ICT's Indian broker, which purchased the equipment from HPFS (India) on ICT's behalf, was Shinto Creative Elements Private Limited (**"Shinto"**).

[4] Although not a direct signatory to the WSA, it is undisputed that ICT was an intended third party beneficiary and bound by the WSA's terms and conditions.  See Amended Complaint ¶ 97 ("Plaintiff ICT is also a direct and intended beneficiary of the related WSA contract between Defendant HPFS India and Shinto."), ¶ 98 ("Plaintiff ICT duly complied with the terms and conditions of the RRSA and WSA contracts.").

7756561v1

> This agreement is governed by the laws of India. *The parties consent to the exclusive jurisdiction of the courts of Delhi, India and the courts that hear appeals from those courts and each waive objection to the venue of any legal process on the basis that the process has been brought in an inconvenient forum.*

Id. at § 10 (emphasis added).

In contrast, the RRSA governed the rights and obligations of ICT and HPFS (India) as they would come into effect *after ICT acquired the Equipment and re-sold it to third parties*. See, e.g., Callaghan Declar., Ex. B, at §§ 2-9. In sum, the RRSA was a profit-sharing agreement. See generally Callaghan Declar., Ex. B. *Inter alia*, the RRSA detailed the allocation and distribution of revenue between HPFS (India) and ICT arising from ICT's re-sale of the equipment. See, e.g., id. at § 3 (ICT's obligation to produce a report detailing its sale of the Equipment), § 4 (a formula calculating the share of the resale profits ICT would owe to HPFS (India), § 5 (terms of payment, including timing and penalties for late payments). As such, aside from extending indemnification rights to HPFS (India)'s affiliates for any claims arising out of ICT's handling, treatment, resale or otherwise of the Equipment (§ 10.4), the purpose and scope of the RRSA was to govern only the distribution of revenue/profits generated by ICT's re-sale of the Equipment -- an eventuality not pled in this case.

The RRSA also contains a choice of law provision and *permissive forum selection clause*, providing:

> This agreement is governed by the laws of Commonwealth of Massachusetts. The parties consent to the jurisdiction of the courts of the Commonwealth of Massachusetts and the courts that hear appeals from those courts and each waive obligation to the venue of any legal process on the basis that the process has been brought in an inconvenient forum.

See id. at § 11.

The instant dispute arises wholly out of the allegation that Defendants induced ICT to purchase the Equipment in India, while fraudulently (or negligently) concealing the fact that the

3

Equipment was counterfeit.  See, e.g., Amended Complaint ¶ 75 (alleging that Defendants fraudulently misrepresented the Equipment was manufactured by H3C, although it was counterfeit), ¶ 108 (claiming that Defendants breached an express warranty that the Equipment was genuine by selling counterfeit Equipment).  Plaintiffs allege a series of misadventures that they claim resulted from their acquisition and resale of the alleged counterfeit Equipment.  See, e.g., id. at ¶ 87, 94, 100 (alleging that the Individual Plaintiffs spent seven months in the "extremely harsh conditions of Chinese prison" and ICT suffered the loss of its Chinese business, all as a result of ICT's purchase of counterfeit Equipment).

Nowhere in the Amended Complaint is it alleged or even remotely suggested that any grievance or dispute here has anything whatsoever to do with the allocation or distribution of profits from ICT's re-sale of goods.  As such, the RRSA does not apply.  Instead, the WSA and its mandatory and exclusive forum selection clause govern.

## LEGAL ARGUMENT

### A.    HPFS (India) Incorporates Several Arguments Previously Made by HPFS

In accordance with the Court's prior instructions, and to avoid redundant briefing, HPFS (India) hereby incorporates all arguments previously made by co-defendant HPFS on its motion to dismiss the original Complaint and its pending motion to dismiss the Amended Complaint (ECF Doc. Nos. 20, 26, 47, and 51), along with the applicable standard of law on a Rule 12(b)(6) motion to dismiss, with two exceptions (which arguments are not incorporated nor adopted herein): (a) ICT Has Not Alleged Breach Of Contract, and (b) Plaintiffs Identify No Legal Duty Owed To Them.

The arguments previously made by HPFS and adopted by HPFS (India) are as follows:

1.    The Act Of State Doctrine Mandates Dismissal

2.    Equipment Was Sold "As Is With Defects" And Without Warranty

4

3.      Plaintiffs Are Precluded From Relief On Their Chapter 93A Claims

4.      The Amended Complaint Does Not State a Claim for False Imprisonment/False Imprisonment Allegations Remain Too Attenuated To Survive

5.      The Plaintiffs' Fraudulent And Negligent Misrepresentation Claims Should Be Dismissed

6.      The Amended Complaint Lacks Sufficient Specificity

7.      The Individual Plaintiffs Can Only Recover Damages For Their Confinement Through A Claim For Malicious Prosecution

8.      Consequential Damages Cannot be Awarded on Plaintiffs' Breach of Warranty Claim

Although HPFS (India) does not incorporate the argument that Plaintiffs have not identified a legal duty owed to them, the adoption of HPFS's argument that the Act of State Doctrine applies mandates dismissal of the entire Amended Complaint as against HPFS (India). Moreover, because HPFS (India) incorporates co-defendant HPFS's arguments (a) that the false imprisonment claim is too attenuated to survive, and (b) that the Individual Plaintiffs can only recover damages for their confinement through a claim of malicious prosecution, the Individual Plaintiffs' claims against HPFS (India) must be dismissed in their entirety.

On its own behalf, HPFS (India) makes the additional separate arguments set forth below:

5

**B.      The Exclusive Forum Selection Clause Contained in the WSA Mandates Dismissal**[5]

      **1.      The WSA's Forum Selection Clause Applies As Against HPFS (India)**

The Amended Complaint must be dismissed because the mandatory and exclusive forum selection clause contained in the WSA is unequivocal that Delhi, India is the only appropriate forum for any dispute regarding ICT's purchase of the subject Equipment.  As shown above, the clause provides:

> This agreement is governed by the laws of India.  *The parties consent to the exclusive jurisdiction of the courts of Delhi, India and the courts that hear appeals from those courts and each waive obligation to the venue of any legal process on the basis that the process has been brought in an inconvenient forum.*

Callaghan Declar., Ex. A, at §10 (emphasis added).

It is well established that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 18 (1st Cir. 2009) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).[6]

---

[5] HPFS (India) makes this argument pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, along with the arguments it incorporated by reference.  See Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014) ("In this Circuit, we treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6).") (internal quotation and citations omitted).

[6] Although this is a suit based on diversity, there is no need to reach the unsettled issue of whether forum selection clauses are to be treated as substantive or procedural for Erie purposes.  See Lambert v. Kysar, 983 F.2d 1110, 1116 & n. 10 (1st Cir. 1993) (declining to confront "the daunting question whether forum-selection clauses are to be treated as substantive or procedural for Erie purposes," observing that the Supreme Court has not yet resolved the issue, and noting circuit split on proper approach); BBJ, Inc. v. MillerCoors, LLC, No. 12-CV-11305-IT, 2015 WL 4465410, at *5 (D. Mass. July 21, 2015) ("The First Circuit has left open the question of whether forum selection clauses are to be treated as substantive or procedural for Erie purposes.") (internal quotations and citation omitted).

There is no conflict between federal common law and Massachusetts law regarding the enforceability of forum selection clauses. See Doe v. Seacamp Ass'n, 276 F.Supp.2d 222, 224 (D. Mass. 2003) ("[F]ederal common law and Massachusetts law treat forum selection clauses identically.").  Additionally, federal courts have enforced a permissive forum selection clause consenting to jurisdiction in India, in part on the grounds that Indian courts are amenable to and capable of handling US-style commercial litigation.  See, e.g., Neo Sack, Ltd. v. Vinmar Impex, Inc., 810 F. Supp. 829, 832-34 (S.D. Tex. 1993).  Thus, either federal common law or Massachusetts state law can govern the enforceability of the WSA forum selection clause, with identical results under each approach.

7756561v1

As a threshold matter, the fact that neither ICT nor the Individual Plaintiffs are signatories to the WSA does not preclude them from being bound by the WSA's forum selection clause. "[A] non-party may be bound by a forum-selection clause where that party is closely related to the dispute such that it becomes foreseeable that it will be bound." Boston Post Partners II, LLP v. Paskett, No. 15-13804-FDS, 2016 WL 3746474, at *5 (D. Mass. July 8, 2016) (citing Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc., 677 F. Supp. 2d 373, 379 (D. Mass. 2009)); see also Noel v. Walt Disney Parks & Resorts U.S., Inc., No. CIV.A. 10-40071-FDS, 2011 WL 1326667, at *8 (D. Mass. Mar. 31, 2011) ("Federal courts within the First Circuit agree that when a corporate entity is so 'closely related' that 'it becomes foreseeable that it will be bound' by a forum-selection clause, the clause is enforceable against it.") (internal citations omitted).

Here, it is incontrovertible that ICT was so closely related to the WSA that it was entirely foreseeable it would be bound by the WSA's forum selection clause. The Amended Complaint concedes that ICT was an intended third party beneficiary and embraced the WSA's terms and conditions. See Amended Complaint ¶ 97 ("Plaintiff ICT is also a direct and intended beneficiary of the related WSA contract between Defendant HPFS India and Shinto."), ¶ 98 ("Plaintiff ICT duly complied with the terms and conditions of the RRSA and WSA contracts."). Additionally, the WSA itself states that the Equipment was being purchased by Shinto for the purpose of selling it on to ICT, who would then re-sell it to others. See Callaghan Declar., Ex. A, at §8 ("[Shinto] hereby represents that the Equipment is being purchased for its original intended use and for the purpose of re-sale to ICT Company . . . that it will be kept or re-sold as intact units or component parts whenever possible . . ."). Therefore, ICT (and its sales personnel, the Individual Plaintiffs) cannot disavow being bound by the WSA's forum selection clause.

7

In the First Circuit, a three-part analysis is employed to determine whether a forum selection clause is applicable and enforceable: (1) whether the clause at issue is permissive or mandatory, (2) its scope, and (3) whether one of four enumerated grounds exists to overcome the strong presumption of enforceability of such a clause.   See Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46-49 (1st Cir. 2014).

Here, there can be no dispute that the forum selection clause in the WSA is mandatory. "Permissive forum selection clauses . . . authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . .   In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate *exclusively* in the designated forum."   Id. at 46 (internal citations omitted and emphasis added).   In Claudio-De Leon, the First Circuit found there was "no doubt" that a forum selection clause providing that disputes "shall be submitted" to the designated forum was a mandatory provision, noting it was "axiomatic that the word 'shall' has a mandatory connotation."   Id. (internal citations omitted). Here, it is even more self-evident that the WSA's forum selection clause's wording -- "[t]he parties consent to the **exclusive jurisdiction** of the courts of Delhi, India" -- carries the same mandatory connotation.   The clause is clear that jurisdiction and venue are appropriate exclusively in the designated forum.  See id.

Next, the scope of the clause also encompasses the claims at issue in this case.  "[I]t is the language of the forum selection clause itself that determines which claims fall within its scope." Rivera, 575 F.3d at 19.  Here, the WSA's forum selection clause provides that "the parties consent" to mandatory venue and jurisdiction in Delhi, India.  Callaghan Declar., Ex. A, at §10. This clause clearly pertains to any court proceeding, legal claim or lawsuit arising from the agreement for the sale and purchase of the Equipment -- *i.e.*, any dispute directly arising out of or

rooted in the WSA.  Any other interpretation would render the forum selection clause wholly superfluous, which Massachusetts law forbids.  See, e.g. Den Norske Bank AS v. First Nat. Bank of Boston, 75 F.3d 49, 54 (1st Cir. 1996) (noting that, where possible, no part of a contract should be deemed superfluous) (citing Merchants Nat'l Bank v. Stone, 5 N.E.2d 430, 433 (Mass. 1936)).

In this case, all of Plaintiffs' claims arise solely out of the sale and purchase of the Equipment.  Specifically, being masters of their own claims, ICT and the Individual Plaintiffs specifically aver that all their injuries, damages, losses and rights are rooted in the Defendants' alleged inducement to purchase and ICT's actual purchase of allegedly counterfeit Equipment.  See, e.g., Amended Complaint ¶ 75 (alleging that Defendants fraudulently misrepresented the Equipment was manufactured by H3C when in fact it was counterfeit), ¶ 108 (claiming that Defendants breached an express warranty that the Equipment was genuine by selling counterfeit Equipment).  Because the sale and purchase of the Equipment was governed exclusively by the WSA, and the instant dispute inexorably involves that sale and purchase of allegedly counterfeit Equipment, there can be no doubt that the dispute arises out of the WSA and, as such, triggers and comes within the scope of the WSA's forum selection clause.  Therefore, the second element of the First Circuit's forum selection clause enforceability test has been satisfied.

Finally, none of the recognized grounds for overcoming the strong presumption of enforceability of forum selection clauses applies here.  The standard is that, because a forum selection clause is "prima facie valid," it should not be disregarded absent a "strong showing by the resisting party that the clause is unreasonable under the circumstances."  Claudio-De Leon, 775 F.3d at 48.  The Supreme Court has identified four bases for finding a clause to be unreasonable, which have been applied by the First Circuit:

7756561v1

1.       the clause was the product of fraud or overreaching;

2.       enforcement would be unreasonable and unjust;

3.       proceedings in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will, for all practical purposes, be deprived of his day in court; or

4.       enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.

Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 93 (1st Cir. 2010) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 18 (1972)) (internal quotations omitted).

Taking each of these grounds, seriatim, it is clear none applies here.

1.       With respect to the first ground, that "the clause was the product of fraud or overreaching," mere allegations of fraudulent inducement or that the overall contract was procured by fraud are insufficient to trigger this exception.  See Karty v. Mid-Am. Energy, Inc., 903 N.E.2d 1131, 1135 (Mass. App. Ct. 2009) (holding that general allegations of fraud in the inducement of a contract are an insufficient basis for declining to enforce a forum selection clause).[7]  Instead, the party seeking to resist the forum selection clause must allege that the clause itself was procured by fraud.  See id. (citing In Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 574–575, 646 N.E.2d 741 (1995)); see also Baby Furniture Warehouse Store, Inc. v. Meubles D & F Ltee, 911 N.E.2d 800, 805 (Mass. App. Ct. 2009) (citing Karty for the proposition that a "party seeking to avoid a forum-selection clause on grounds of fraud must show that the inclusion of that clause in the contract was the result of fraud"); Boland v. George S. May Int'l Co., 969 N.E.2d 166, 170 (Mass. App. Ct. 2012) (noting that, through Karty,

---

[7] The Karty court noted that federal courts have consistently reached the same conclusion.  See Karty, 903 N.E.2d at 1134-35 (internal citations omitted).

7756561v1

Massachusetts has "followed the modern trend and held that general allegations of fraud in the inducement of a contract are an insufficient basis for declining to enforce a forum selection clause").

Here, the Amended Complaint makes no allegation or even remotely suggests that the forum selection clause itself was included in the WSA as the result of fraud. Instead, it makes general allegations of fraudulent inducement,[8] which is plainly insufficient as a basis to render the forum selection clause unenforceable. Therefore, this ground does not apply.

2.      As will be shown below, application of the second ground -- that enforcement would be "unreasonable and unjust" -- can be somewhat amorphous and is frequently analyzed in conjunction with other grounds. See, e.g., Ad-A-Day Co. v. Xerox Corp., No. CIV. A. 10-11226-RGS, 2010 WL 3824118, at *1 (D. Mass. Sept. 28, 2010) ("The First Circuit held that a mere absence of negotiation does not by itself meet the criteria for establishing 'fraud or overreaching,' nor does it render the enforcement of the clause 'unreasonable and unjust.'") (citing Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 389 (1st Cir. 2001)).  Notably, the First Circuit has found that the second ground's context (and its association with other terms, such as "fraud, unjust, strong public policy") render the test "more demanding" than merely reviewing a plaintiff's contacts with the agreed-upon forum or its convenience.  Huffington v. T.C. Grp., LLC, 637 F.3d 18, 24 (1st Cir. 2011) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)).

3.      As indicated above, the second ground appears intertwined with the third, in that the M/S Bremen Court stated that "it should be incumbent on the party seeking to escape his

---

[8] The Amended Complaint makes fraudulent inducement allegations with respect to the RRSA, not the WSA, presumably because ICT was not a direct signatory to the WSA, though that does not change this analysis.  See, e.g., Amended Complaint ¶ 104.

7756561v1

contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court" in order to demonstrate it would be "unfair, unjust, or unreasonable" to enforce the forum selection clause.  M/S Bremen, 407 U.S. 1 at 18.  "[A] showing of inconvenience as to a foreign forum would not be enough to hold a forum-selection clause unenforceable, especially if that inconvenience was known or contemplated by the parties at the time of their agreement."  In re Mercurio, 402 F.3d 62, 66 (1st Cir. 2005) (quoting Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda, 906 F.2d 45, 49 (1st Cir. 1990)).[9]

ICT must certainly have contemplated the relative convenience of litigating a dispute in India when it contracted with an Indian organization to purchase the Equipment in India pursuant to a WSA with an express Indian forum selection clause.  Indeed, even though it used a local broker to make the initial purchase, ICT was openly identified in the WSA as the intended purchaser of the goods (see Callaghan Declar., Ex. A, at §8), and the RRSA likewise reveals that ICT would "acquire title" to the Equipment and set the purchase price for the acquisition, among other things (see Callaghan Declar., Ex. B, at "Background" and §2).  Additionally, *the WSA's forum selection clause itself states that any objection to a suit in India on the basis that the process was  brought in an inconvenient forum has been waived*.  Callaghan Declar., Ex. A, at §10.  Equally, because the Individual Plaintiffs reside in China, an Indian forum would be no less convenient for them than is this Court.  See id., ¶¶ 9-11.  And ICT's allegations demonstrate that it would face minimal inconvenience litigating in India -- it has or had a presence in India, in that

---

[9] The M/S Bremen court also said: "We are not here dealing with an agreement between two Americans to resolve their essentially local disputes in a remote alien forum.  In such a case, the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause." M/S Bremen, 407 U.S. at 17.  This language is inapplicable here, because this case does not involve a "remote alien forum" unanticipated by or unknown to the parties.  HPFS (India) is an Indian organization, the Individual Plaintiffs are Chinese nationals based in China, and ICT is a United States corporation, making this a very international controversy.

7756561v1

it had one of its representatives conduct an inspection of remaining pieces of Equipment there. See Amended Complaint, ¶ 38. For these reasons, it would not be "unreasonable and unjust" to enforce the WSA's forum selection clause, nor would enforcement be "gravely difficult and inconvenient" to Plaintiffs.

4.      Regarding the fourth ground, HPFS (India) is unaware of any strong public policy in Massachusetts that would prohibit or even discourage enforcement of the subject forum selection clause. In fact, the contrary is true in light of the strong presumption of enforceability for such clauses. See, e.g., Claudio-De Leon, 775 F.3d at 48.

As such, the forum selection clause in the WSA should be enforced, and the Amended Complaint should be dismissed as against HPFS (India).

## 2.      The RRSA's Permissive Forum Selection Clause Does Not Apply

To the extent that Plaintiffs may argue that the forum selection clause in the RRSA (permitting venue in Massachusetts) should apply, that argument fails under the First Circuit's three part analysis. Again, the Court should examine (1) whether the clause at issue is permissive or mandatory, (2) its scope, and (3) whether one of four grounds exist to overcome the strong presumption of its enforceability. See Claudio-De Leon, 775 F.3d at 46-49.

Here, the RRSA's forum selection clause is clearly permissive and non-exclusive. In contrast to the WSA's forum selection clause, providing for "exclusive jurisdiction" of the courts of New Delhi, India, the RRSA's forum selection clause merely reads: "[t]he parties consent to the jurisdiction of the courts of Commonwealth of Massachusetts." Callaghan Declar., Ex. B, at §11. The clause does not bind the parties to Massachusetts to resolve any disputes arising from the agreement, and does not prohibit litigation in another forum. Ergo, it is permissive instead of mandatory. See Claudio-De Leon, 775 F.3d at 46 ("Permissive forum selection clauses ...

13

authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere.").

Second, the RRSA was a profit-sharing agreement. Therefore, the scope of its forum selection clause would pertain only to disputes over the allocation of profits. Because the Amended Complaint makes no allegations remotely suggesting that any of Plaintiffs' claims arose from or were linked with the allocation of profits (instead, they arise entirely from the sale of the Equipment), the RRSA's forum selection clause has no applicability or scope that would apply to this action.

In practical terms, it makes sense that the WSA and RRSA would trigger differing venues for different types of claims. Specifically, and as evidenced by the context of each agreement, claims relating to the sale or purchase of Equipment in India should be venued in India, as provided for in the WSA. Separately, disputes arising out of the allocation of profits could readily be litigated in Massachusetts or elsewhere, as contemplated the RRSA. But this dispute does not allege mis-allocation of profits. It complains only of the sale of counterfeit goods to ICT under the WSA.

In light of the above, there is no need to examine whether one of four enumerated grounds exist to overcome the presumption of enforceability for such clauses. The RRSA's forum selection clause simply does not apply.

## **CONCLUSION**

Based on the foregoing, HPFS (India) respectfully requests that the Court dismiss Plaintiffs' Amended Complaint in its entirety as against HPFS (India), along with such other and further relief as this Court deems just and proper.

7756561v1

Respectfully submitted,

Dated: October 5, 2016                    By: /s/ Stuart M. Glass
                                               Stuart M. Glass (BBO # 641466)
                                          CHOATE HALL & STEWART LLP
                                          Two International Place
                                          Boston, Massachusetts 02110
                                          Telephone: (617) 248-5000
                                          Facsimile: (617) 502-4077

                                          Anthony P. Callaghan (admitted *pro hac vice*)
                                          GIBBONS P.C
                                          One Pennsylvania Plaza, 37th Floor
                                          New York, NY 10119-3701
                                          Telephone:  (212) 613-2000
                                          Facsimile:  (212) 290-2018

                                          *Attorneys for Defendant Hewlett-Packard Financial*
                                          *Services (India) Private Limited*

7756561v1

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated:  October 5, 2016                         */s/ Stuart M. Glass*                         

16

7756561v1