UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI AND CATHY YU<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED,<br><br>Defendants. | Civil Action No. 1:16-CV-10386 LTS<br><br>Filed Pursuant to Court's Order (ECF 72) |

## PLAINTIFFS' RESPONSE TO MOTION TO WITHDRAW (ECF 71)

The undersigned counsel respectfully submits the foregoing response to Attorney Riordan's motion to withdraw (ECF 71) pursuant to the Court's electronic order entered January 26, 2017 (ECF 72), requiring counsel to file a response to the Motion "explaining his interpretation that local counsel is not required in this case."

As a threshold matter, neither the Federal Rules of Civil Procedure nor the Local Rules generally require that plaintiffs be represented by counsel, whether local or out-of-state. Indeed, Local Rule 83.5.5(a) provides that "[a]n individual who is not represented by counsel and who is a party in a pending proceeding may appear *pro se* and represent himself or herself in the proceeding."

Local Rule 83.5.5(c) provides an exception from that general rule for corporations, partnerships and other entities that are not individuals, stating that they "may not appear *pro se*." The rule further provides that such entities may be represented by "an individual officer, director, partner, member, trustee, administrator, or executor," provided that "such an individual is also an

attorney who is otherwise permitted to practice in this court." Needless to say, such entities can also be represented by any other attorney who is "permitted to practice in this court."

Accordingly, Individual Plaintiffs Cheng, Yu and Yuyi are not required by the Local Rules to be represented by counsel in this proceeding; corporate Plaintiff ICT is required to be represented by "an attorney who is otherwise permitted to practice in this court."

Second, Local Rule 83.5.3(a) provides that "[a]n attorney who is not a member of the bar of this district may appear and practice in this court as set forth in this rule." The rule sets forth the requirements for out-of-state attorneys seeking *pro hac vice* admission to this Court, including the requirement of good standing and certain "procedural requirements for admission." Among these "procedural requirements for admission" is a requirement under Local Rule 83.5.3(e)(2) that "[a]n application for leave to practice in this court shall be made by motion of a member of the bar of this court, who shall also file an appearance."

Plaintiffs and their counsel duly complied with the Local Rule 83.5.3 requirements for admission, and on March 8, 2016, this Court entered an electronic order (ECF 13) granting the undersigned's motion for leave to appear *pro hac vice* in this action. As a result of the Court's order, the undersigned became an attorney permitted to practice before this Court and to represent all Plaintiffs in this particular Action.

There is no basis in the Local Rules to require Plaintiffs to maintain local counsel *in addition* to the counsel of their choice who had been duly admitted *pro hac vice* to practice before this Court and had been representing Plaintiffs in this Action since its inception. Unlike in certain other federal districts, the Local Rules in the District of Massachusetts do *not* require local counsel to sign documents submitted to the court, to file documents with the court, or to attend court hearings or other proceedings. Indeed, the Local Rules mention local counsel only

once – among the "procedural requirements for admission" for out-of-state attorneys under Local Rule 83.5.3(e), the requirements that the undersigned had duly complied with, as evidenced by the Court's March 8, 2016 order granting admission.

Furthermore, the local counsel's role in this Action "has largely been limited to facilitating the filing of the papers during the initial stages of litigation during the time Attorney Joffe was seeking admission and registering for electronic filing capabilities." Id. The moving papers expressly concede that "Plaintiffs entrusted the case to Attorney Joffe at the inception of the case," and that "Attorney Joffe is in control of the matter, has drafted and litigated all motions and has been duly admitted by this Court. As such, the Plaintiffs are duly and adequately represented." ECF 71, ¶¶ 5-6.

Finally, Rule 1 of the Federal Rules of Civil Procedure provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceedings." Requiring duly and adequately represented Plaintiffs to retain an additional counsel whom they do not currently want, need, or can readily afford, and in the absence of a clear basis for such a requirement in the Local Rules, would not comport with the Federal Rules' purpose to secure "inexpensive determination of every action and proceedings." Plaintiffs have been economically ruined as a result of Defendants' fraud and are compelled to husband their scarce resources; retaining an additional figurehead local counsel they do not want will constitute an unnecessary drain on those resources.

For the reasons stated above, the undersigned believes that Local Rules do not require the Plaintiffs to retain a local counsel in addition to their counsel of choice duly admitted *pro hac vice* by this Court to represent them in this Action.

Dated: January 26, 2017									Respectfully Submitted

*[signature]*

Dimitry Joffe
(admitted *pro hac vice*)
Joffe Law P.C.
230 Park Avenue, 10 Fl.
New York, NY 10169
Tel: (212) 309-8711
Email: dimitry@joffe.law

*Counsel for the Plaintiffs*

4

## CERTIFICATE OF SERVICE

I, Dimitry Joffe, hereby certify that on this 26th day of January 2017, I caused a copy of this response to be sent electronically to the registered participants in this case through the ECF system.

_____
Dimitry Joffe