UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI AND CATHY YU<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED<br><br>Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

**DEFENDANTS' SUBMISSION IN CONNECTION WITH MOTION TO WITHDRAW AND PLAINTIFFS' RESPONSE**

Defendants HPFS and HPFS (India) respectfully submit this short brief in connection with Attorney Lester E. Riordan III's request to withdraw his appearance on behalf of all Plaintiffs before a successor local counsel has been identified and plaintiff's response. (ECF Doc. Nos. 71 and 73). While Defendants do not object to Mr. Riordan's ultimate withdrawal from this case, they respectfully disagree with the motion's implicit contention (later expressly stated by Plaintiffs, see ECF Doc. No. 73) that the continuing presence of local counsel is not required in this action. In fairness, Mr. Riordan himself does not advocate that contention, characterizing it as a product of "Attorney Joffe's interpretation of the Local Rules." See Motion to Withdraw ¶ 2 (ECF Doc. No. 71).

This precise issue was previously considered by this Court, and Plaintiffs' *pro hac vice* counsel's proposed interpretation of the relevant authority and rules was rejected. In Brown v. Philip Morris Inc., 291 F. Supp. 2d 3 (D. Mass. 2003), the Court denied local counsel's motion

for leave to withdraw his appearance as counsel to the Plaintiffs, without identifying a successor. The Court determined that the local rules required the continuing presence of local counsel. Key to the Brown court's analysis was Local Rule 83.5.3, which expressly requires that local counsel must file a motion for *pro hac vice* admission on behalf of foreign counsel, and that local counsel "shall also file an appearance."[1]  Drawing on the "self-evident" purpose of the rule -- which was "to allow out-of-state counsel to appear only with the support and supervision of a local attorney" -- the Brown court held that the quoted language "implies, if not requires, that the appearance of local counsel be permanent (except, perhaps, when there is a second local attorney)." Id. at 6 (citing, inter alia, Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 277 (1985) (explaining that "[t]he lawyer appearing *pro hac vice* must be associated with a local lawyer who is present for trial and argument")).

Additionally, Rule 5.5(c)(1) of the Massachusetts Rules of Professional Conduct expressly requires the continuing participation of local counsel when parties represented by out-of-state counsel appear before the courts of the Commonwealth. That rule provides that "[a] lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that: (1) are undertaken in association with a lawyer who is admitted to practice in this jurisdiction **and who actively participates in the matter.**" Mass. R. Prof. C. 5.5(c)(1) (emphasis added).  Comment 8 to the rule also debunks any contention that the continuing presence of local counsel is not required: "Paragraph (c)(1) recognizes that the interests of clients and the public are protected if a lawyer admitted only in another jurisdiction associates with a lawyer licensed to practice in this jurisdiction. **For this paragraph to apply, however, the**

---

[1] The Brown court analyzed a prior version of Local Rule 83.5.3, the pertinent language of which is quoted in the opinion and which is substantively identical to the current version of Local Rule 83.5.3.

**lawyer admitted to practice in this jurisdiction must actively participate in and share responsibility for the representation of the client.**" Mass. R. Prof. C. 5.5(c)(1) cmt. 8 (emphasis added).  The District Court's Local Rules require that every attorney who appears in the Court must comply fully with the Massachusetts Rules of Professional Conduct.  See Local Rule 83.6.1(a) & (d).

When Mr. Riordan filed Plaintiffs' motion to admit Mr. Joffe *Pro Hac Vice*, he expressly stated that "[t]he Movant will remain as local counsel in this matter." See *Pro Hac Vice* Motion, page 2 (ECF Doc. No. 10).  Respectfully, while Defendants do not wish to impede Mr. Riordan's ultimate withdrawal from the case, successor local counsel should first be identified in his stead and enter an appearance on Plaintiffs' behalf.

Respectfully submitted,

Dated: January 30, 2017

By: /s/ Stuart M. Glass
Stuart M. Glass (BBO # 641466)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 502-4077

Anthony P. Callaghan (admitted *pro hac vice*)
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018

*Attorneys for Defendants Hewlett-Packard Financial Services Company and Hewlett-Packard Financial Services (India) Private Limited*

7959573v1

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated:  January 30, 2017  /s/ *Stuart M. Glass*

7959573v1