**JL**

**Joffe Law P.C.**

The Helmsley Building
230 Park Avenue, 10th Fl.
New York, New York
10169, USA

T: +1.212.309.8711
F: +1.212.808.3020
E: dimitry@joffe.law

**VIA ELECTRONIC FILING**                                          July 25, 2017

The Honorable Leo T. Sorokin, U.S.D.J.
John Joseph Moakley United States Courthouse
1 Courthouse Way, Courtroom 13
Boston, Massachusetts 02210

    Re:    Integrated Communications & Technologies, Inc. et al. v. Hewlett-
              Packard Financial Services Company et al., No. 1:16-CV-10386

Dear Judge Sorokin,

I write on behalf of the Plaintiffs in the above-referenced matter to respectfully request the Court to convene an initial scheduling conference pursuant to Local Rule 16.1 for purposes of commencing discovery.

By order dated January 29, 2017, this Court allowed in part and denied in part Defendant HPFS' motion to dismiss the Amended Complaint, denied Defendant HPFS India's motion to dismiss, and permitted Plaintiffs to make a motion for leave to file their Second Amended Complaint (the "SAC"). See ECF No. 69. Plaintiffs moved for leave to file the SAC on February 8 2017; the motion was fully briefed by March 9, 2017, and is pending.

Plaintiffs believe that the Rule 16.1 conference is required to initiate discovery against the current Defendants. As summarized in the commentary to the Federal Rules of Civil Procedure, "Rule 26 establishes the following typical sequence for the early discovery events: first, the court schedules an initial scheduling conference; second, the parties conduct a discovery meeting at least 21 days before the court's initial scheduling conference; third, the parties make their voluntary disclosures; and fourth, the parties meet with the judge for the scheduling conference, where the timetable for the balance of the discovery events will be established. Parties joined or served after the Rule 26(f) conference must make the initial disclosures within 30 days after being joined or served, unless a different time is set by stipulation or court order." Baicker-McKee, Janssen & Corr, *Federal Civil Rules Handbook* (2016). Local Rules 16.1 and 26.2 are to the same effect.

Counsel for Plaintiffs met and conferred electronically with counsel for Defendants HPFS and HPFS India prior to making this request, but Defendants did not assent to it. In their view, "the motion for leave to file the second amended complaint remains pending, and . . . only when that motion is decided can the parties fully assess where they stand." Defendants also contend that discovery should not commence because further "dispositive motion practice may be necessary."

Defendants' objections are unfounded. *First*, the Court already denied their motions to dismiss with respect to eight out of nine counts of the Amended Complaint, and there is no reason to hold up discovery against these Defendants. Moreover, the Court has "discretion to structure discovery activities by phasing and sequencing the topics which are the subject of discovery." Local Rule 26.3. *Second*, any new party joined after the initial discovery commences would be allowed 30 days to make the initial disclosures pursuant to Rule 26(a)(1)(D) unless otherwise provided by court order or stipulation. *Finally*, neither the FRCP nor the Local Rules provide for an automatic stay of discovery during the pendency of dispositive motions.

Since there is no basis under the applicable rules for Defendants' objections, Plaintiffs respectfully request the Court to schedule the Rule 16.1 conference to facilitate commencement of discovery.

                                                                   Respectfully submitted,

                                                                   Dimitry Joffe

cc: Counsel of record via ECF