

ANTHONY P. CALLAGHAN
Director

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (212) 613-2015 Fax: (212) 554-9610
acallaghan@gibbonslaw.com

July 27, 2017

**VIA ELECTRONIC MAIL**

The Honorable Leo T. Sorokin, U.S.D.J.
John Joseph Moakley United States Courthouse
1 Courthouse Way, Courtroom 13
Boston, Massachusetts 02210

      Re:  **Integrated Communications & Technologies, Inc. et al. v. Hewlett-Packard Financial Services Company et al., No. 1:16-CV-10386**

Dear Judge Sorokin:

      We write on behalf of Defendants Hewlett-Packard Financial Services Company and Hewlett-Packard Financial Services (India) Private Limited (collectively, the "HPFS Defendants") in response to Plaintiffs' request for a Local Rule 16.1 scheduling conference to commence discovery in the above-referenced matter.

      Plaintiffs take the view that the pending motion for leave to file a Second Amended Complaint has no impact on the claims between the original Plaintiffs (ICT and its individual Chinese sales representatives) and the HPFS Defendants. That view ignores the dramatic transformation of the factual and legal claims, the new convoluted theories, and the expansive prayers for relief that Plaintiffs (along with their proposed new co-plaintiffs) now seek to assert in the Second Amended Complaint against the HPFS Defendants and a host of new co-defendants. It also ignores the procedural posture of the case.

      The Court has yet to rule on several of the bases raised by the HPFS Defendants for dismissal of the Amended Complaint for failure to state a claim under Rules 9(b) and 12(b)(6). The Court's January order on the motions to dismiss identified the nine counts asserted (pp. 9-10), but the Court rendered its decision only as to one of those counts -- determining that Plaintiffs had "failed to a state a false imprisonment claim." (p. 15) Beyond that, the Court concluded that the act of state doctrine does not bar the remainder of the claims asserted, and noted the Defendants' erroneous reference in an earlier brief to Mass. Gen. Laws Ch. 106, § 2A-214 (with regard to an aspect of the breach of warranty claim).

      Rather than rule on the several other bases for dismissal of all claims in the Amended Complaint[1] at that time, the Court instead gave Plaintiffs fourteen days to decide whether to seek leave to file their proposed second amended complaint. In so doing, the Court specifically "DENIE[D] WITHOUT PREJUDICE" (emphasis in original) those additional bases for

---

[1] The counts not addressed by the Court involve fraudulent misrepresentation, negligent misrepresentation, breach of contract, fraudulent inducement, deceptive trade practices, negligence, and civil conspiracy – as to all of which the HPFS Defendants moved to dismiss.

GIBBONS P.C.

The Honorable Leo T. Sorokin, U.S.D.J.
July 27, 2017
Page 2

dismissal, and ruled that "*if Plaintiffs do not file a timely motion for leave to amend, Defendants may renew any arguments from the instant Motions to Dismiss that the Court has not decided.*" (p.1, emphasis added) As such, the Court contemplated the re-assertion of the several bases for dismissal that have yet not been decided.

Indeed, even if Plaintiffs' motion for leave to file a Second Amended Complaint were granted (which, respectfully, it should not be), all defendants should to be entitled to challenge that amended pleading for failure to state a claim (or else answer/counterclaim) before discovery can commence. Plaintiffs ignore this reality, and make no showing why a Rule 16 conference has now become such a pressing concern, when they have sat on any such right to discovery for half the year. Citing the Court's "January 29 [sic], 2017" order, Plaintiffs reason that "the Court already denied [Defendants'] motions to dismiss with respect to eight out of nine counts of the Amended Complaint, and there is no reason to hold up discovery against these Defendants." In addition to totally misreading the Court's order (see above), Plaintiffs offer no explanation as to why they have waited a full six months from the Court's decision to now request a conference to commence discovery.

Perhaps Plaintiffs' sudden desire to commence discovery is an attempt to back-fill the gaping holes in their pleading – for instance, with regard to their fraud-based claims. Among the undecided bases for the motions to dismiss was the fact that Plaintiffs failed to plead their fraud claims with specificity pursuant to Rule 9(b). That same defect is also pronouncedly present in Plaintiffs' new, vastly expanded, wholly disproportionate, proposed Second Amended Complaint. It is well within the Court's authority to prevent Plaintiffs at this stage from initiating 'fishing expedition' discovery to buttress any deficient causes of action, fraud-based or otherwise.[2] That is particularly so when, as here, the fraud-based claims (in both the Amended Complaint and the proposed Second Amended Complaint) have yet to tested and adjudicated under the Rule 9(b) yardstick of requisite specificity.

---

[2] Federal courts have wide discretion to manage or stay discovery pending resolution of a motion to dismiss (*Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)), and "possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). In its discretion, a court can use its case management powers to prevent a plaintiff from filing a fraud suit first and then seeking to "discover" the specifics of such a claim later on. *Milazzo v. Sentry, Ins.*, 856 F.2d 321, 322 (1st Cir. 1988) ("before compelling discovery, a 'court should be satisfied that a claim is not frivolous, [or] a pretense for using discovery powers in a fishing expedition'") (citation and quotation omitted). *See also United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2004) (Rule 9(b) was intended "to prevent the filing of suits that simply hope to uncover relevant information during discovery.").

GIBBONS P.C.

The Honorable Leo T. Sorokin, U.S.D.J.
July 27, 2017
Page 3

      For the foregoing reasons, respectfully, Plaintiffs' request for a scheduling conference to commence discovery should be denied.

                Very truly yours,

                *Anthony Callaghan/ef*

                Anthony P. Callaghan
                Director

APC/peb
cc:    All Counsel of Record (via ECF)

8238393v1