UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL,<br><br>Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

## AFFIDAVIT OF VIVEK MAPARA

I, Vivek N Mapara, Age: 33 Years, Occupation: Advocate, Residence.: Ahmedabad (Gujarat), India, dohereby solemnly affirm and declare on oath as follows.

### INTRODUCTION & QUALIFICATIONS

(1)   I am a Practicing Advocate based in India. My name is entered as an Advocate in the "State Roll" maintained by the Bar Council of Gujarat, under the provisions of Section 17 of the Advocates Act, 1961.

(2)   I am enrolled as an Advocate on 9th July 2006, and my Enrollment Number is G/1844/2006.

(3)   As per the provision made in Section 30 of the Advocates Act, 1961, I am authorized to practice Law in all the Courts, including the Hon'ble Supreme Court of India, Tribunals, Judicial & Quasi – Judicial Authorities, within the whole of the Territory of India.

(4)   My Education Qualifications are Bachelor of Commerce (B.Com) and Bachelor of Law (L.LB).



(5) I have been continuously practicing Law in India for over 10 years.

(6) Trademark Law is one of my concentrated and favored areas of practice, amongst others. I have knowledge, expertise and experience in Indian Trademark Law. I have been advising, assisting and representing Clientson issues pertaining to Indian Trademark Law, which includes issues pertainingto Trademark Registration, Infringement, Passing Off, Offences, and etc. I have also maintained an online Trademark Portal at http://trademark.vnmlaws.com/ for providing assistance / knowledge / awareness and guidance to the general public in understanding Trademark Laws and issuances involved therein.

(7) Other than Trademark Law, I also practice Criminal Law. I have vast experience and expertise in Criminal Laws. I have represented in over 300 Criminal Cases in Courts.

(8) Being an expert on the Indian Trademark Law and Criminal Law, the Plaintiffs of this Case have approached me to testify and provide my expert opinion on the questions as to "Whether selling Counterfeit Goods (IT Hardware Product) is considered a crime in India."

(9) Before testifying my expert opinion on the question posed before me, I deem it appropriate to declare that I have no personal interest in the outcome of this Case, and the Expert Opinion which I am offering hereby is strictly objective, without analyzing or being influenced with the reciprocal merits or claims of the respective parties to this Case.

## COUNTERFEIT

(10) The word "Counterfeit" is defined in Section 28 of the Indian Penal Code.[1] In layman terms counterfeit is to sell or market a non-genuine product as a genuine.



---

[1] "Counterfeit": --A person is said to "Counterfeit" who causes one thing to resemble another thing, intending by means of that resemblance to practice deception, or knowing it to be likely that deception will thereby be practiced.

Explanation 1. —It is not essential to counterfeiting that the imitation should be exact.

Explanation 2: —When a person causes one thing to resemble another thing, and the resemblance is such that a person might be deceived thereby, it shall be presumed, until the contrary is proved, that the person so causing the one thing to resemble the other thing intended by means of that resemblance to practice deception or knew it to be likely that deception would thereby be practiced.



(11) Indian Penal Code recognizes two kinds of Counterfeiting for the purpose of this query: (1) Counterfeiting of a Property Mark, and; (2) Counterfeiting of a Trade Mark.[2]

(12) A Property Mark is defined under S. 479 of IPC.[3]

(13) Pursuant to the codification of the Trademark Law, the offences pertaining to Counterfeiting of a Trademark has been deleted from the Indian Penal Code and special provision in this regardis made in Trademark Laws.

## TRADEMARK CONCEPT IN INDIA

(14) Concept of a Trademark in India hails way back from ancient time, ever since Harappan Civilization, when the marks or symbols were used for distinguishing the goods of one traderfrom similar goods sold by another trader. The very purpose of the trademark is to establish a connection between the Goods and itsSource thereof, which would suggest quality of goods.[4]

(15) When a trademark is embossed / applied upon any goods or articles, it directly establishes a connection between such goods and its manufacture / source[5] and distinguishes the goods made by one person from those made by another, and prevents trafficking in Trademarks.[6]

(16) General Concept of the Trademark is "One Mark" & "One Source". Applying a Trademark to Goods, which is not produced or not coming from the source to which such Trademark is associated, would be delivering goods manufactured from two sources, causing confusion in the mind of customers and in a given situation would amount to fraud on the public.[7]

---

[2] Chapter XVIII – Indian Penal Code.

[3] A mark used for denoting that moveable property belongs to a particular person is called a property mark.

[4] Ramdev Food Products Pvt. Ltd. v. ArvindbhaiRambhai Patel and Ors – AIR 2003 Supreme Court 3304.

[5] Sumat Prasad Jain Versus Sheojanam Prasad – AIR 1972 Supreme Court 2488.

[6] Kabushiki Kaisha Toshiba Versus Tosiba Appliances Co. – AIR 2009 Supreme Court 892.

[7] Ramdev Food Products Pvt. Ltd. v. ArvindbhaiRambhai Patel and Ors – AIR 2003 Supreme Court 3304.



## COUNTERFEIT PROBLEM IN INDIA

(17) Applying Trademark to Goods which are not associated to its source, with a view to cause deception and counterfeiting is not unknown in India and worldwide.[8]

(18) In India, Counterfeiting is a rampant issue, especially in relation to Electronics & Computer Hardware Industry. As per 2012 Statistics published by FICCI, Counterfeit Products in Computer Hardware Sector shared 26.4 % of the total Computer Hardware Market, valuing in total around INR 4725 Crore (=US$ 860 Million in 2012).[9]

(19) The menace of counterfeiting and piracy is every increasing in India.[10] In 2012, around 2351 Counterfeit Cases under different categories were registered in India.[11] A factual notice can be taken here, that the total number of cases registered in India, do not actually reflect total crime rate in Counterfeit Industry, which is otherwise far higher than the cases registered.

## INDIAN LAW IN RELATION TO COUNTERFEIT PRODUCTS

(20) Indian Penal Code, 1860, codified most of the criminal offences, which also took cognizance of applying false property mark, false trademark and trademark description to goods as an act of crime and made such acts a punishable offence.

(21) Subsequently with increase in number of Mark related offences, and with a view to strengthen the laws to prevent applying of fraudulent marks on the goods and merchandises, the law came to be enacted in 1889, namely [Indian Merchandise Marks Act, 1889],[12] which amended Indian Penal Code, to widen and specify the law pertaining to offences relating to marks and trade description.

---

[8] Dina Nath v. State - 1963 (1) Cri. L. J. 282 (Allahabad High Court) [A counterfeit Trade Mark is one by means of which resemblance to a genuine article is intended to deceive or to lead a purchaser to imagine that the counterfeit is in reality the genuine article]

[9] FICCI - A non-government, not-for-profit organization & it is largest and oldest apex business body in India.

[10] DELHI HIGH COURT - Autodesk, Inc. & Another vs Mr. Prashant Deshmukh & Others (9 March, 2011):

[11] National Crime Record Bureau – Ministry of Home Affairs - 2012 Statistics

[12] Indian Merchandise Mark Act, 1889 [An Act to amend the Law relating to fraudulent marks and merchandise].



(22) Subsequently Indian Trademark Act, 1940 was enacted, which codified the law pertaining to Trademark. Later on"The Trade & Merchandise Mark Act, 1958", came to be enacted, whichrepealed[Indian Merchandise Marks Act, 1889] and unified the law pertaining to trademark and offences relating to marks. The law also deleted the amendment made by the [Indian Merchandise Marks Act, 1889] to the Indian Penal Code, in relation to the offences pertaining to marks, and provided a separate classed of offences under the Act pertaining to Mark.[13]

(23) Subsequently with the increasing globalization of Trademark, and India signing TRIPS Agreement, and to bring the Indian Trademark Law in conformity and coherence with the provisions of TRIPS Agreement, the Government repealed the Trade & Merchandise Mark Act, 1958 with the Trade Mark Act, 1999. The Trade Marks Act, 1999 came in to force on 15th September, 2003.

(24) Currently the Trade Mark Act, 1999 governs the law pertaining to Trademarksin India, which includes offences pertaining to Counterfeiting &Trademark Infringement.

### OFFENCES UNDER TRADE MARKS ACT, 1999

(25) Chapter XII of the Trade Marks Act, 1999 ("Act") provides for Offences and Penaltiespertaining to and in relation to use of Marks.

(26) Section 101 defines what is "Applying Trade Marks and Trade Descriptions" to goods.[14]

---

[13]Offence as to Trademark & Description were deleted from IPC. As referred to in Paragraph 13

[14] (1) A person shall be deemed to apply a trade mark or mark or trade description to goods or services who- (a) Applies it to the goods themselves or uses it in relation to services; or (b) Applies it to any package in or with which the goods are sold, or exposed for sale, or had in possession for sale or for any purpose of trade or manufacture; or (c) Places, encloses or annexes any goods which are sold, or exposed for sale, or had in possession for sale or for any purpose of trade or manufacture, in or with any package or other thing to which a trade mark or mark or trade description has been applied; or (d) Uses a trade mark or mark or trade description in any manner reasonably likely to lead to the belief that the goods or services in connection with which it is used are designated or described by that trade mark or mark or trade description; or (e) In relation to the goods or services uses a trade mark or trade description in any sign, advertisement, invoice, catalogue, business letter, business paper, price list or other commercial document and goods are delivered or services are rendered to a person in pursuance of a request or order made by reference to the trade mark or trade description as so used. XXX



(27) Section 102 defines what is "Falsifying and falsely applying Trade Marks."[15]

(28) Section 103 provides for penalty for Applying false trademark, false trade descriptions, which prescribes for punishment up to 3 years of Imprisonment and Fine up to INR 200,000.

(29) Section 104[16] provides for Penalty for Selling Goods or Providing Services to which False Trade Mark or FalseTrade Description is applied, whichprescribes forpunishment up to 3 years of Imprisonment and Fine up to INR 200,000.

---

[15] (1) A person shall be deemed to falsify a trade mark who, either, -

(a) Without the assent of the proprietor of the trade mark makes that trade mark or a deceptively similar mark; or

(b) Falsifies any genuine trade mark, whether by alteration, addition, effacement or otherwise.

(2) A person shall be deemed to falsely apply to goods or services a trademark who, without the assent of the proprietor of the trademark, -

(a) Applies such trade mark or a deceptively similar mark to goods or services or any package containing goods;

(b) Uses any package bearing a mark which is identical with or deceptively similar to the trade mark of such proprietor, for the purpose of packing, filling or wrapping therein any goods other than the genuine goods of the proprietor of the trade mark.

(3) Any trade mark falsified as mentioned in sub-section (1) or falsely applied as mentioned in sub-section (2), is in this Act referred to as a false trade mark.

(4) In any prosecution for falsifying a trade mark or falsely applying a trade mark to goods or services, the burden of proving the assent of the proprietor shall lie on the accused.

[16] 104. Penalty for selling goods or providing services to which false trade mark or false trade description is applied. –

Any person who sells, lets for hire or exposes for sale, or hires or has in his possession for sale, goods or things, or provides or hires services, to which any false trade mark or false trade description is applied or which, being required under section 139 to have applied to them an indication of the country or place in which they were made or produced or the name and address of the manufacturer, or person for whom the goods are manufactured or services provided, as the case may be, are without the indications so required, shall, unless he proves, -

(a) That, having taken all reasonable precautions against committing an offence against this section, he had at the time of commission of the alleged offence no reason to suspect the genuineness of the trade mark or trade description or that any offence had been committed in respect of the goods or services; or

(b) That, on demand by or on behalf of the prosecutor, he gave all the information in his power with respect to the person from whom he obtained such goods or things or services; or

(c) That otherwise he had acted innocently,

Be punishable with imprisonment for a term which shall not be less than six months but which may extend to three years and with fine which shall not be less than fifty thousand rupees but which may extend to two lakh rupees:



(30)   For answering the query posed before me, provisions of Section 104 are material and are discussed herein under.

### SECTION 104 OF TRADE MARKS ACT, 1999

(31)   Section 104 provides punishment for: -

   a. Selling;
   b. Letting for Hire;
   c. Exposing for Sale or Hire;
   d. Possessing Goods for Sale;
   e. Providing Services;
   f. Hiring Services;

to which, false trade mark or trade description is applied.

(32)   Section 101 & 102 defines what is "Falsely Applying Trademark", which is applying a Trademark or a Deceptive Mark, to Goods or Services, without the assent of the Proprietor of such Mark.

(33)   Conjoin reading of provisions of Section 101, 102 & 104 of the Act, establishes that, [Any person, who sells or even possess for sale, any goods, which has a false trademark or trade description on it] shall be an offence.

(34)   Section 104(a) provides exception[17] to the offence, which provides that, offence u/s 104 will not be made out, if: -

   a. The Accused can demonstrate that he had taken all reasonable precaution to prevent the commission of offence, and that there was no reason for him to suspect the genuineness of the Trade Mark or Trade Description.[18]
   b. The Accused has provided all the information to the prosecution pertaining to the source from where he had obtained such offending good.
   c. The Accused has acted innocently.

---

PROVIDED that the court may, for adequate and special reasons to be mentioned in the judgement, impose a sentence of imprisonment for a term of less than six months or a fine of less than fifty thousand rupees.

[17]Pranjivandas v. State of Bombay - 1953 Cri. L. J. 408 (Bombay High Court) – When Exception can be claimed

[18] "Shantilal v. Dhanji Kanji" - 1961 (2) Cri. L. J. 66 – Reasonable Precaution. What Is?



(35) As per Indian Law, the burden to prove that the Accused falls within the Exception is on the Accused.[19]

(36) Offence under Section 104 of the Act is a Cognizable Offence, i.e., Police can register theFirst Information Report(Complaint)and investigatethe offence without the orders of the Magistrate.[20]

(37) Under the Act, Police has widepower of search and seizure and forfeiture of offending goods.[21]

## LIMITATION FOR PROSECUTION

(38) Section 118[22]of theTrade Marks Act, provides for period of limitation in initiating prosecution in relation to offences punishable under the Trade Marks Act.

(39) While enacting, Section 118 of theTrade Mark Act, legislature has not made any departure from the language of Section 92 of the old Trade and Merchandise Mark Act, 1958[23], and has retained the provisions of Section 92 of the Old Act, in to Section 118 of the New Trade Mark Act, 1999.

(40) Section 118 provides that any prosecution for the offences punishable under the Trade Mark Act, shall be lodgedwithin;(A) period of [3] Years after the Offence has been

---

[19] Vijayee Singh and others, Appellants v. State of U.P. - AIR 1990 SUPREME COURT 1459

[20] Sanyo Electric Company Thr.Its Constituted Attorney Pankaj Gupta vs. State - 2011 (45) PTC 55 (Delhi High Court]

[21] Section 111 & Section 115 of the Act.

[22] 118. **Limitation of prosecution.** - No prosecution for an offence under this Act or under clause (b) of section 112 of the Customs Act, 1962, relating to confiscation of goods under clause (d) of section 111 and notified by the Central Government under clause (n) of sub-section (2) of section 11 of the said Act for the protection of trade marks, relating to import of goods shall be commenced after expiration of three years next after the commission of the offence charged, or two years after the discovery thereof by the prosecutor, whichever expiration first-happens.

[23] 92. LIMITATION OF PROSECUTION. -No. Prosecution for an Offence under this Act or under Cl. (d), Cl. (dd), Cl. (e), Cl. (f), Cl. (h), Cl. (i) or Cl. (j) of Sec. 18 of the Sea Customs Act, 1878 (8 of 1878), shall be Commenced after the expiration of three years next after the commission of the offence charged, or two years after the discovery thereof by the prosecutor, whichever expriration first happens.



committed, or; (B) period of [2] years after the offences is discovered, which ever incident occurs first.[24]

## APPLICABILITY OF CRIMINAL PROCEDURE CODE, 1974

(41) Criminal Procedure Code, 1974 is a general exhaustive code, which governs prosecution of all the offences punishable under the Indian Penal Code and under any other Special Law[25], provided that where any provisions is made in a Special law, which is contrary or different, then one contained in Criminal Procedure Code, then the provisions of Special Law shall prevail, to the extent of such inconsistency and remaining provisions of Criminal Procedure Code shall continue to operate.[26]

(42) Trademark is a Special Law, whereas Criminal Procedure Code is a general law, which applies to all prosecution, including prosecution under the Trade Mark Act, *qua* which the Trade Mark Law is Silent or has not provided any contrary provisions or prohibition, restriction to the applicable of the Criminal Procedure Code[27]. Trade Mark act also do not expressly exclude any of the provisions of the Criminal Procedure Code. Thus provisions of Criminal Procedure Code, applies to the offences and prosecution under the Trade Mark Act.

---

[24] **Ram Kishore v. State of U.P. SUPREME COURT AIR 1966 SUPREME COURT 1820**
[under S. 92 the prosecution must be commenced before the expiration of three years next after the commission of the offence charged, or two years after the discovery by the prosecutor of the offence charged, whichever expiration first happens. Under S. 92 it is plain the period commences to run from the date of the commission of the offence charged or from the date of discovery by the prosecutor of the offence charged.]....
[The period has to her computed for the purpose of the first part of the section from the date of the commission of the offence charged, and under the second part from the date of discovery of the offence charged, and not from the first discovery of infringement of trade-mark by the prosecutor.]

[25] **CR.P.C. - Section 4 - Trial of offences under the Indian Penal Code and other laws. -**
(1) All offences under the Indian Penal Code (45 of 1860) shall be investigated, inquired into tried, and otherwise dealt with according to the provision hereinafter contained.

(2) All offences under any other law shall be investigated, inquired into, tried, and otherwise dealt with according to the same provisions, but subject to any enactment for the time being in force regulating the manner or place of investigating, inquiring into, trying or otherwise dealing with such offences.
[26] RamkrishnaJairamDamdar v. Savita - 2002 CRI. L. J. 1884 (Bombay High Court) [I]f ... the special law provides a special procedure only for some matters, the provision of the code shall apply as regards those matters on which the special law is silent.

[27] Sanyo Electric Company Thr.Its Constituted Attorney Pankaj Gupta vs. State - 2011 (45) PTC 55 (Delhi High Court] ......[The provisions of the Code relating to cognizable offences are applicable except to the extent a special procedure, restriction or prohibition to the contrary is prescribed in the TM Act]



## EXTENSION OF PERIOD OF LIMITATION FOR PROSECUTION

(43) Chapter XXXVI of the Criminal Procedure Code, 1974 provides for limitation for taking cognizance of Offences.

(44) Section 468 provides for different period of limitation in relation to prescribed offences. Trade Mark Act specifically provides for period of limitation, so Section 468 will not apply.

(45) However, Section 473[28] of the Code provides for extension of period of limitation, which empowers the Courts to take cognizance of any offence beyond the period of limitation, where it is satisfied that there was sufficient reason for delay in lodging the prosecution or where, in the interest of justice such delay needs to be overruled. This Section is based on the fundamental theory of Indian Criminal Jurisprudence that "Crime NeverDies" and in a given case delay shall not let the crime go unpunished.[29]

(46) Thus, under Section 473 of the Criminal Procedure Code, notwithstanding any limitation prescribed under any statute, for taking cognizance of an offence, the Courts are amply empowered to take cognizance of an offence and entertain the compliant. Trade Mark, 1999 do not expresslyor impliedly exclude or override the provisions of Section 473 of the Criminal Procedure Code, so Section 473 specifically applies tooffences under the TradeMark Act, including the offence under Section 104 of the Act for selling Counterfeit Product consisting of false trademark and trade description.

(47) Thus notwithstanding the period of limitation prescribed under the Trademark Act, the court can still takecognizance of an offence punishable u/s 104 of the Act, upon being satisfied with the reasons for delay and in the interest of justice.

## OFFENCES UNDER INDIAN PENAL CODE

---

[28] 473. Extension of period of limitation in certain cases. - Notwithstanding any -thing contained in the foregoing provisions of this Chapter, any court may make cognizance of an offence after the expiry of the period of limitations, if it is satisfied on the facts and in the circumstances of the case that the delay has been properly explained or that it is necessary so to do in the interests of justice.
[29] SabbirJamalbhaiMehtar vs. State of Gujarat – Gujarat High Court (16.6.2011) (M.R. Shah J)



## IN RELATION TO COUNTERFEIT PRODUCT

(48) There are several Counterfeit related offences prescribed under the Indian Penal Code, which includes offences, pertaining to Counterfeiting of Currency, Counterfeiting of Documents, Counterfeiting of Property Marks etc.

(49) Currently I am dealingwith Counterfeiting of Property Mark, which is defined in Section 479 of IPC.[30]

(50) A Property mark is attached to the Proprietor of the movable property, as distinct from the Trademark. However, a property mark attached to the movable property of a person remains intact even if part of such property goes out of his hands and ceases to be his own.[31]

(51) Section 481 defines what constitutes "Use of a False Property mark".[32]

(52) Section 482 provides punishment for using false property mark, which provides imprisonment up to 1 year or fine or both.

(53) Section 483 provides punishment for Counterfeiting of a Property Mark used by another, which is 2 years imprisonment or fine or both.

(54) Section 486[33] provides punishment for Selling of Goods marked with "Counterfeit Property Mark" which is 1 year imprisonment or fine or both.

---

[30] Idib (Foot note 3)

[31] Sumat Prasad Jain Versus Sheojanam Prasad – AIR 1972 Supreme Court 2488

[32] 481. Using a false property mark: -- Whoever marks any moveable property or goods or any case, package or other receptacle containing moveable property or goods, or uses any case, package or other receptacle having any mark thereon, in a manner reasonably calculated to cause it to be believed that the property or goods so marked, or any property or goods contained in any such receptacle so marked, belong to a person to whom they do not belong, is said to use a false property mark.

[33] [486. Selling goods marked with a counterfeit property mark: -- 2[Whoever sells, or exposes, or has in possession for sale, any goods or things with a counterfeit property mark] affixed to or impressed upon the same to or upon any case, package or other receptacle in which such goods are contained, shall, unless he proves—

(a) That, having taken all reasonable precautions against committing an offence against this section, he had at the time of the commission of the alleged offence no reason to suspect the genuineness of the mark, and

(b) That, on demand made by or on behalf of the prosecutor, he gave all the information in his power with respect to the persons from whom he obtained such goods or things, or

(c) That otherwise he had acted innocently.

Be punished with imprisonment of either description for a term which may extend to one year, or with fine, or with both.]



(55) Since 486 is significant to the present case, which provides punishment in the events of: -

    (1)    Selling;

    (2)    Exposing;

    (3)    Possessing for Sale;

of goods which bear counterfeit property mark.

(56) Section 486 provides exception to the offence, which provides that, offence u/s 486 Indian Penal Code will not be made out, if the accused can demonstrate that: -

    (A)    That he had taken all reasonable precaution to prevent the commission of offence, and that there was no reason for him to suspect the genuineness of the Mark.[34]

    (B)    The Accused has provided all the information to the prosecution pertaining to the source from where he had obtained such offending good.

    (C)    The Accused has acted innocently.

(57) As per Indian Law, the burden to prove that the Accused falls within the Exception and that he has taken reasonable precaution[35] is on the Accused.[36]

(58) Conjoined reading of all the aforementioned provisions makes clear that Selling of Goods bearing counterfeit property mark, that causes deception that Goods sold, was originally owned by the Proprietor of such Mark, is clearly a punishable offence u/s 486 of the Indian Penal Code, with imprisonment of 1 year or fine or both.

## LIMITATION TO PROSECUTION U/S 486 OF IPC

(59) Section 468[37] of the Criminal Procedure Code provides for different period of limitation based on the severity of the punishment prescribed for such offence.



---

[34] "Shantilal v. Dhanji Kanji" - 1961 (2) Cri. L. J. 66 – Reasonable Precaution. What Is?
[35] Idib 30
[36] Vijayee Singh and others, Appellants v. State of U.P. - AIR 1990 SUPREME COURT 1459

(60) The offence u/s 486 providing for punishment up to 1 year imprisonment, the period of limitation to lodge prosecution will be 1 Year.

(61) Section 469[38] provides for commencement of period of limitation.

(62) The conjoin reading of provisions of Section 469 and Section 470 of the Criminal Procedure Code, r/w Section 486 of the Indian Penal Code, envisages that, the prosecution for an offence punishable u/s 486 of the Indian Penal Code has to be lodged within a period of 1 year from the date on which the commission of such offence comes to the knowledge of the Complainant.

(63) However, in the event if such prosecution is not lodged within a period of 1 year, then also, there is no absolute bar on lodging a complaint u/s 486 of the Indian Penal Code, in view of extension of period of limitation provided u/s 473 of the CriminalProcedure Code.[39]

---

[37] 468.  Bar to taking cognizance after lapse of the period of limitation. –(1) Except as otherwise provided elsewhere in this Code, no court, shall take cognizance of an offence of the category specified in sub-section (2), after the expiry of the period of limitation.

(2) The period of limitation shall be-

(a) Six months, if the offence is punishable with fine only;

(b) One year, if the offence is punishable with imprisonment for a term not exceeding one year;

(c) Three years, if the offence is punishable with imprisonment for a term exceeding one year but not exceeding three years.

(3) For the purposes of this section, the period of limitation, in relation to offences which may be tried together, shall be determined with reference to the offence which is punishable with the more severe punishment or, as the case may be, the most severe punishment.

[38] 469.  Commencement of the period of limitations. -(1) The period of limitation, in relation to an offence, shall commence, -

(a) On the date of the offence; or

(b) Where the commission of the offence was not known to the person aggrieved by the offence or to any police officer, the first day on which such offence comes to the knowledge of such person or to any police officer, whichever is earlier; or

(c) Where it is not known by whom the offence was committed, the first day on which the identity of the offender is known to the person aggrieved by the offence or to the police officer making investigation into the offence, whichever is earlier.

(2)  In computing the said period, the day from which such period is to be computed shall be excluded.

[39]Idib (Para 42 to 45 of this Affidait).



## CONCLUSION

(64) In view of the aforesaid discussion, and in context of the question posed before me, as to "Whether selling Counterfeit Goods (IT Hardware Product) is considered a crime in India" I am of the opinion that given the framework under the Indian Legal System, the same constitutes an offence punishable under Section 104 of the Trade Mark Act 1999 with punishment upto [3] Years of Imprisonmentand Fine up to Rs. 100,000/-, and also under Section 486 of the Indian Penal Code, which provides for punishment up to 1 year imprisonment or fine or both.

(65) Whether any offence is made out in given case, is purely a Question of Fact, depending upon the facts and circumstances of each case.

(66) I declare that what is stated herein above is true to the best of knowledge and the same I believe to be true.

SOLEMNLY AFFIRM ON 4TH DATE OF AT AHMEDABAD, GUJARAT, INDIA



VIVEK N MAPARA,

ADVOCATE

