# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, | Civil Action No. 1:16-CV-10386 (LTS) |

Plaintiffs,

vs.

HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL

Defendants.

## DEFENDANT HEWLETT-PACKARD FINANCIAL SERVICES COMPANY'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendant Hewlett-Packard Financial Services Company ("HPFS") for its answer and affirmative defenses to the Second Amended Complaint and its counterclaim, states as follows:

1.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 and, therefore, denies same.

2.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 and, therefore, denies same.

3.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 and, therefore, denies same.

4.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 and, therefore, denies same.

5.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 and, therefore, denies same.

6.      HPFS denies the factual allegations in paragraph 6, to the extent any exist, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

7.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 and, therefore, denies same.

8.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 and, therefore, denies same.

9.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 and, therefore, denies same.

10.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 and, therefore, denies same.

11.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 and, therefore, denies same.

12.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 and, therefore, denies same.

13.      HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 and, therefore, denies same.

14.      HPFS denies the factual allegations in paragraph 14, to the extent any exist, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2558116.2□108164-84842

15.     HPFS admits that it has offices in Massachusetts, that Hewlett-Packard Financial Services (India) Private Limited ("HPFS (India)") is an indirect wholly owned subsidiary, and that it is involved in the business of providing financing and asset management in the IT hardware and software industries.  As to the remainder of the allegations in paragraph 15, HPFS objects to and denies the characterization of its businesses, its corporate status and affiliations, its domestic and overseas operations to the extent that the same are inconsistent with its past, current, and relevant future circumstances.

16.     HPFS denies the factual allegations in paragraph 16 regarding directly involvement in contracts, except admits that some or all of the named individuals conducted negotiations or otherwise acted on behalf of HPFS (India).

17.     HPFS denies the factual allegations in paragraph 17 to the extent that the same allege HPFS's involvement in the referenced contracts, except admits that the relevant contractual documents were executed on behalf of HPFS (India), and that the contents of the referenced documents speak for themselves.

18.     HPFS admits that HPFS (India) is an Indian-registered company with offices in India, and that it is an indirect wholly owned subsidiary.  As to the allegations in paragraph 18, HPFS objects to and denies the characterization of HPFS (India)'s business and its overseas operations to the extent that the same are inconsistent with HPFS (India)'s past, current, and relevant future circumstances.  HPFS denies the remaining factual allegations in paragraph 17 to the extent that the same allege HPFS's involvement in the referenced contracts or sale, except admits that the contents of the referenced documents speak for themselves.

19.     HPFS denies the factual allegations in paragraph 19, except admits that Defendants HPI and HPE are publicly traded companies resulting from the split of HP, that the

2558116.2 108164-84842

split became effective in or about November of 2015; that HPI is headquartered at 1501 Page Mill Road, Palo Alto, California, 94304; that HPI is a legal successor to HP, that HPE is headquartered at 3000 Hanover Street, Palo Alto, California, 94304.

20.     HPFS denies David Gill's title as pled, denies the residential address ascribed to him, but admits that he is a resident of New South Wales and the remaining factual allegations in paragraph 20.

21.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 and, therefore, denies same.

22.     HPFS admits, on information and belief, that HPFS (India) acquired networking equipment selected by Tata Consultancy Services Limited ("Tata") from Inspira Enterprise Private Limited, and that HPFS (India) and Tata entered lease transactions with regard to same in or about 2010.  HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 22 and, therefore, denies same.

23.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 and, therefore, denies same.

24.     HPFS denies the speculative factual allegation that HPFS's standard operating procedures were applicable or in any way implicated as alleged in paragraph 24, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 24, and states that the draft document referenced in paragraph 24 speaks for itself and refers to it for its contents.

25.     HPFS denies the factual allegations in paragraph 25, except admits on information and belief that personnel acting on behalf of HPFS (India) contacted ICT in the summer of 2011 regarding the Equipment, and admits that HPFS conducts business in Massachusetts.

26.     HPFS denies the factual allegations against it in the first sentence of paragraph 26, except admits on information and belief that Mr. Silvestri engaged in negotiations with ICT on behalf of HPFS (India), whereby HPFS (India) was prepared to sell certain equipment to ICT, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 26 and, therefore, denies same.

27.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 and, therefore, denies same.

28.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 and, therefore, denies same.

29.     HPFS denies the factual allegations in the first sentence of paragraph 29, except admits on information and belief that Mr. Silvestri engaged in negotiations with ICT on behalf of HPFS (India), including in or about June of 2011, whereby HPFS (India) was prepared to sell certain equipment to ICT, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 29 and, therefore, denies same.

30.     HPFS denies the factual allegations against it in the first sentence of paragraph 30, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 30 and, therefore, denies same.

31.     HPFS denies the factual allegations in the first sentence of paragraph 31, except admits, on information and belief, that Mr. O'Grady met with Mr. Pekar to discuss a separate

5

project in Russia, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 31 and, therefore, denies same.

32.     HPFS denies the factual allegations against it in the first sentence of paragraph 32, and states that the documents referenced in the second sentence of paragraph 32 speak for themselves and refers to them for their contents.

33.     HPFS denies the factual allegations against it in paragraph 33, except states that the documents referenced in paragraph 33 speak for themselves and refers to them for their contents.

34.     HPFS denies the factual allegations against it in the first sentence of paragraph 34 regarding HPFS, and states that the documents referenced in paragraph 34 speak for themselves and refers to them for their contents.  HPFS also admits on information and belief that David Gill revised the contractual document referenced in paragraph 34 on HPFS (India)'s behalf, but denies concealment or failure to disclose, and states that the documents referenced in paragraph 34 speak for themselves and refers to them for their contents.

35.     HPFS denies the factual allegations against it in paragraph 35, and states that the documents referenced in paragraph 35 speak for themselves and refers to them for their contents.

36.     HPFS denies the allegations in paragraph 36 to the extent that they pertain to HPFS, but that ICT and HPFS (India) executed the relevant referenced contracts, and refers to them for their contents.

37.     HPFS objects to and denies the characterization of HP's internal policy as alleged in the first sentence of paragraph 37, except admits on information and belief that two concurrent

2558116.2☐108164-84842

contracts were executed, and states that the document referenced in paragraph 37 speaks for itself and refers to it for its contents.

38.     HPFS states that the document referenced in paragraph 38 speaks for itself and refers to it for its contents.

39.     HPFS denies the factual allegations against it in paragraph 39, except admits on information and belief that a purchase order issued by Shinto Creative Elements Private Limited ("Shinto") to HPFS (India) was executed on behalf of HPFS (India) by James O'Grady, and states that the document referenced in paragraph 39 speaks for itself and refers to it for its contents.

40.     HPFS denies the factual allegations against it in paragraph 40, objects to their characterization, and states that the documents referenced in paragraph 40 speak for themselves, and refers to them for their contents.

41.     HPFS denies the factual allegations against it in paragraph 41, objects to their characterization, and states that the documents referenced in paragraph 41 speak for themselves, and refers to them for their contents.

42.     HPFS denies the factual allegations against it in paragraph 42, except states that the draft document referenced in paragraph 42 speaks for itself and refers to it for its contents.

43.     The allegations set forth at paragraph 43 comprise legal conclusions to which no response is necessary.  Nonetheless, HPFS denies any factual allegations against it in paragraph 43, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 43 and, therefore, denies same.

2558116.2☐108164-84842

44.     HPFS denies the factual allegations against it in paragraph 44, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 44 and, therefore, denies same.

45.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 45 and, therefore, denies same, except states that the document referenced in paragraph 45 speaks for itself and refers to it for its contents.

46.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 and, therefore, denies same.

47.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 and, therefore, denies same.

48.     HPFS denies the factual allegations against it in the first sentence of paragraph 48 and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 48 and, therefore, denies same.

49.     To the extent that paragraph 49 does not set forth a legal conclusion or speculative statement, HPFS denies the same or lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 and, therefore, denies same.

50.     HPFS denies the factual allegations against it in paragraph 50, except admits on information and belief that Mr. Harris, acting on behalf of HPFS (India), conducted an inspection of the remaining Equipment with Mr. Pekar, lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 and, therefore, denies same.

2558116.2 108164-84842

51.   HPFS denies the factual allegations against it in paragraph 51, except admits that at no time did it represent to ICT that the Equipment was counterfeit, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

52.   HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 and, therefore, denies same.

53.   HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 and, therefore, denies same.

54.   HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 and, therefore, denies same; except states that the document referenced in paragraph 54 speaks for itself and refers to it for its contents.

55.   HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 and, therefore, denies same.

56.   HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 and, therefore, denies same; except states that the document referenced in paragraph 56 speaks for itself and refers to it for its contents.

57.   HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 and, therefore, denies same; except states that the document referenced in paragraph 57 speaks for itself and refers to it for its contents.

2558116.2 108164-84842

58.     HPFS denies the factual allegations against it in paragraph 58 as they pertain to HPFS, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

59.     HPFS denies the factual allegations against it in paragraph 59 as they pertain to HPFS, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

60.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the factual allegations set forth in paragraph 60 and, therefore, denies same; and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

61.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 and, therefore, denies same.

62.     HPFS denies the factual allegations against it in paragraph 62.

63.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 63 and, therefore, denies same; except states that the extraneous, irrelevant, and self-serving articles and documents referenced in paragraph 63 speak for themselves and refers to them for their contents.

64.     HPFS denies that the self-serving characterization that Individual Plaintiffs were "imprisoned by HP for doing nothing more than selling HP's Equipment for HP's ultimate benefit," lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 and, therefore, denies same, and states that the document referenced in paragraph 64 speaks for itself and refers to it for its contents.

2558116.2☐108164-84842

65.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 65 and, therefore, denies same.

66.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 and, therefore, denies same; except states that the documents referenced in paragraph 66 speak for themselves and refers to them for their contents.

67.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 67 and, therefore, denies same.

68.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 68 and, therefore, denies same.

69.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 69 and, therefore, denies same; except states that the documents referenced in paragraph 69 speak for themselves and refers to them for their contents.

70.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 70 and, therefore, denies same; except states that the documents referenced in paragraph 70 speak for themselves and refers to them for their contents.

71.     HPFS objects to and denies the characterization of events as recited in paragraph 71, and further states that lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 71 and, therefore, denies same

72.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 72 and, therefore, denies same; except

2558116.2 □108164-84842

admits on information and belief that ICT personnel contacted personnel who had previously acted on HPFS (India)'s behalf about the matter in late January, 2013.

73.    HPFS denies the factual allegations against it in paragraph 73.

74.    HPFS denies the factual allegations against it in paragraph 74, and denies the characterization of Mr. Silvestri's role, except states that the document referenced in paragraph 74 speaks for itself and refers to it for its contents.

75.    HPFS objects to the characterization of the factual allegations against it in paragraph 75, to the extent any exist, except states that the document referenced in paragraph 75 speaks for itself and refers to it for its contents.

76.    HPFS denies the factual allegations against it in paragraph 76, except states that the document referenced in paragraph 76 speaks for itself and refers to it for its contents.

77.    HPFS objects to and denies the characterization of the factual allegations against it in paragraph 77, to the extent any exist, except states that the document referenced in paragraph 77 speaks for itself and refers to it for its contents.

78.    HPFS denies the factual allegations in paragraph 78 as they pertain to HPFS, except states that the document mis-referenced in paragraph 78 speaks for itself and refers to it for its contents.

79.    HPFS objects to and denies the characterization of the factual allegations against it in paragraph 79, except states that the document referenced in paragraph 79 speaks for itself and refers to it for its contents.

80.    HPFS objects to and denies the characterization of the factual allegations in paragraph 80, except states that the document referenced in paragraph 80 speaks for itself and refers to it for its contents.

2558116.2☐108164-84842

81.     HPFS denies the factual allegations in paragraph 81.

82.     HPFS objects to and denies the characterization of the factual allegations in paragraph 82, except states that the document referenced in paragraph 82 speaks for itself and refers to it for its contents.

83.     HPFS states that the document referenced in paragraph 83 speaks for itself and refers to it for its contents.

84.     HPFS objects to and denies the characterization of the factual allegations in paragraph 84, except states that the documents referenced in paragraph 84 speak for themselves and refers to them for their contents.

85.     HPFS objects to and denies the characterization of the factual allegations in paragraph 85, except states that the document referenced in paragraph 85 speaks for itself and refers to it for its contents.

86.     HPFS objects to and denies the characterization of the factual allegations in paragraph 86, except states that the document referenced in paragraph 86 speaks for itself and refers to it for its contents.

87.     HPFS objects to and denies the characterization of the factual allegations in paragraph 87, except states that the document referenced in paragraph 87 speaks for itself and refers to it for its contents.

88.     HPFS objects to and denies the characterization of the factual allegations in paragraph 88, except states that the document referenced in paragraph 88 speaks for itself and refers to it for its contents.

2558116.2□108164-84842

89.     HPFS objects to and denies the characterization of the factual allegations in paragraph 89, except states that the document referenced in paragraph 89 speaks for itself and refers to it for its contents.

90.     HPFS objects to and denies the characterization of the factual allegations in paragraph 90, objects to them as speculative, and they constitute legal conclusions to which no response is necessary.

91.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 91 and, therefore, denies same; except states that the document referenced in paragraph 91 speaks for itself and refers to it for its contents.

92.     HPFS objects to and denies the characterization of the factual allegations in paragraph 92, except states that the documents referenced in paragraph 92 speak for themselves and refers to them for their contents.

93.     HPFS objects to and denies the characterization of the factual allegations in paragraph 93 as they pertain to HPFS, except states that the document referenced in paragraph 93 speaks for itself and refers to it for its contents.

94.     HPFS objects to and denies the characterization of the factual allegations in paragraph 94 as they pertain to HPFS, except states that the document referenced in paragraph 94 speaks for itself and refers to it for its contents.

95.     HPFS objects to and denies the characterization of the factual allegations in paragraph 95 as they pertain to HPFS, except states that the document referenced in paragraph 95 speaks for itself and refers to it for its contents.

2558116.2□108164-84842

96.     HPFS objects to and denies the characterization of the factual allegations in paragraph 96 as they pertain to HPFS, except states that the document referenced in paragraph 96 speaks for itself and refers to it for its contents.

97.     HPFS objects to and denies the characterization of the factual allegations in paragraph 97 as they pertain to HPFS, except states that the document referenced in paragraph 97 speaks for itself and refers to it for its contents.

98.     HPFS objects to and denies the characterization of the factual allegations in paragraph 98 as they pertain to HPFS, except states that the document referenced in paragraph 98 speaks for itself and refers to it for its contents.

99.     HPFS objects to and denies the characterization of the factual allegations in paragraph 99 as they pertain to HPFS, except states that the document referenced in paragraph 99 speaks for itself and refers to it for its contents.

100.    HPFS objects to and denies the characterization of the factual allegations in paragraph 100 as they pertain to HPFS, except states that the document referenced in paragraph 100 speaks for itself and refers to it for its contents.

101.    HPFS objects to and denies the characterization of the factual allegations in paragraph 101 as they pertain to HPFS, except states that documents and correspondence referenced in paragraph 101 speak for themselves and refers to them for their contents.

102.    HPFS objects to and denies the characterization of the factual allegations in paragraph 102 as they pertain to HPFS, except states that the document referenced in paragraph 102 speaks for itself and refers to it for its contents.

2558116.2 108164-84842

103.    HPFS objects to and denies the characterization of the factual allegations in paragraph 103 as they pertain to HPFS, except states that the document referenced in paragraph 103 speaks for itself and refers to it for its contents.

104.    HPFS objects to and denies the characterization of the factual allegations in paragraph 104 as they pertain to HPFS, except states that the document referenced in paragraph 104 speaks for itself and refers to it for its contents.

105.    HPFS denies the factual allegations against it in paragraph 105, except states that the document referenced in paragraph 105 speaks for itself and refers to it for its contents.

106.    HPFS objects to and denies the characterization of the factual allegations in paragraph 106 as they pertain to HPFS, except states that the document referenced in paragraph 106 speaks for itself and refers to it for its contents.

107.    HPFS objects to and denies the characterization of the factual allegations in paragraph 107 as they pertain to HPFS, except states that the document referenced in paragraph 107 speaks for itself and refers to it for its contents.

108.    HPFS objects to and denies the characterization of the factual allegations in paragraph 108 as they pertain to HPFS, except states that documents and correspondence referenced in paragraph 108 speak for themselves and refers to them for their contents.

109.    HPFS denies the factual allegations in paragraph 109 as they pertain to HPFS, except admits that Mr. McCarthy retired as an in-house counsel for HPFS, and that he joined a private law firm in or about March of 2013.

110.    HPFS objects to and denies the characterization of the factual allegations in paragraph 110 as they pertain to HPFS, except states that the document referenced in paragraph 110 speaks for itself and refers to it for its contents.

2558116.2□108164-84842

111.    HPFS objects to and denies the characterization of the factual allegations in paragraph 111 as they pertain to HPFS, except states that the document referenced in paragraph 111 speaks for itself and refers to it for its contents.

112.    HPFS objects to and denies the characterization of the factual allegations in paragraph 112 as they pertain to HPFS, except states that the document referenced in paragraph 112 speaks for itself and refers to it for its contents.

113.    HPFS objects to and denies the characterization of the factual allegations in paragraph 113 as they pertain to HPFS, except states that the document referenced in paragraph 113 speaks for itself and refers to it for its contents.

114.    HPFS objects to and denies the characterization of the factual allegations in paragraph 114 as they pertain to HPFS, except states that the document referenced in paragraph 114 speaks for itself and refers to it for its contents.

115.    HPFS objects to and denies the characterization of the factual allegations in paragraph 115 as they pertain to HPFS, except states that the document referenced in paragraph 115 speaks for itself and refers to it for its contents.

116.    HPFS denies the factual allegations in paragraph 116 as they pertain to HPFS.

117.    HPFS objects to and denies the characterization of the factual allegations in paragraph 117 as they pertain to HPFS, except states that the documents referenced in paragraph 117 speak for themselves and refers to them for their contents -- rather than on plaintiffs' misleading and self-serving excerpts, taken out of context, and with plaintiffs' false allegations interspersed.

2558116.2□108164-84842

118.    HPFS denies the factual allegations in paragraph 118 as they pertain to HPFS, except admits on information and belief that inspection of some of the Equipment had been performed.

119.    HPFS denies the factual allegations contained in paragraph 119 as they pertain to HPFS, which are wholly speculative and conclusory.

120.    HPFS denies the factual allegations contained in paragraph 120 as they pertain to HPFS.

121.    HPFS denies the factual allegations in paragraph 121 as they pertain to HPFS, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 121 and, therefore, denies same.

122.    HPFS denies the factual allegations in paragraph 122 as they pertain to HPFS, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 122 and, therefore, denies same.

123.    HPFS denies the factual allegations in paragraph 123 as they pertain to HPFS.

124.    HPFS denies the factual allegations in paragraph 124 as they pertain to HPFS, except admits on information and belief that, on or about March 27, 2013, HPFS (India) provided a draft submission to the Chinese authorities (in English) to ICT and that Gill and others participated in the drafting and revision of said draft submission.

125.    HPFS denies the factual allegations in paragraph 125 as they pertain to HPFS, except states that the document referenced in paragraph 125 speaks for itself and refers to it for its contents.

126.    HPFS denies the factual allegations in paragraph 126 as they pertain to HPFS, except states that the document referenced in paragraph 126 speaks for itself and refers to it for its contents.

127.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 127 and, therefore, denies same.

128.    HPFS denies the factual allegations in paragraph 128 as they pertain to HPFS, except states that the document referenced in paragraph 128 speaks for itself and refers to it for its contents.

129.    HPFS denies the factual allegations in paragraph 129 as they pertain to HPFS, except states that the document referenced in paragraph 129 speaks for itself and refers to it for its contents.

130.    HPFS denies the factual allegations in paragraph 130 as they pertain to HPFS, except states that the document referenced in paragraph 130 speaks for itself and refers to it for its contents.

131.    HPFS denies the factual allegations in paragraph 131 as they pertain to HPFS, except states that the document referenced in paragraph 131 speaks for itself and refers to it for its contents.

132.    HPFS objects to and denies the characterization of the factual allegations in paragraph 132 as they pertain to HPFS, except states that the document referenced in paragraph 132 speaks for itself and refers to it for its contents.

133.    HPFS objects to and denies the characterization of the factual allegations in paragraph 133 as they pertain to HPFS, except states that the document referenced in paragraph 133 speaks for itself and refers to it for its contents.

2558116.2 108164-84842

134.    HPFS objects to and denies the characterization of the factual allegations in paragraph 134 as they pertain to HPFS, except states that the document referenced in paragraph 134 speaks for itself and refers to it for its contents.

135.    HPFS objects to and denies the characterization of the factual allegations in paragraph 135 as they pertain to HPFS, except states that the document referenced in paragraph 135 speaks for itself and refers to it for its contents.

136.    HPFS objects to and denies the characterization of the factual allegations in paragraph 136 as they pertain to HPFS, except states that the document referenced in paragraph 136 speaks for itself and refers to it for its contents.

137.    HPFS objects to and denies the characterization of the factual allegations in paragraph 137 as they pertain to HPFS, except states that the document referenced in paragraph 137 speaks for itself and refers to it for its contents.

138.    HPFS objects to and denies the characterization of the factual allegations in paragraph 138 as they pertain to HPFS, except states that the document referenced in paragraph 138 speaks for itself and refers to it for its contents.

139.    HPFS objects to and denies the characterization of the factual allegations in paragraph 139 as they pertain to HPFS, except states that the document referenced in paragraph 139 speaks for itself and refers to it for its contents.

140.    HPFS objects to and denies the characterization of the factual allegations in paragraph 140 as they pertain to HPFS, except states that the document referenced in paragraph 140 speaks for itself and refers to it for its contents.

2558116.2 108164-84842

141.    HPFS objects to and denies the characterization of the factual allegations in paragraph 141 as they pertain to HPFS, except states that the draft and final documents referenced in paragraph 141 speaks for themselves and refers to them for their contents.

142.    HPFS objects to and denies the characterization of the factual allegations in paragraph 142 as they pertain to HPFS, except states that the draft and final documents referenced in paragraph 142 speaks for themselves and refers to them for their contents.

143.    HPFS denies the factual allegations in paragraph 143 as they pertain to HPFS, except states that the documents referenced in paragraph 143 speak for themselves and refers to them for their contents.

144.    HPFS admits on information and belief that the April 22, 2013 letter was executed by Gill on behalf of HPFS (India), except states that Gill was an actively engaged director of HPFS (India).

145.    HPFS objects to and denies the characterization of the factual allegations in paragraph 145 as they pertain to HPFS, except states that the draft and final document referenced in paragraph 145 speak for themselves and refers to them for their contents; and HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations concerning the Individual Plaintiffs' release from prison.

146.    HPFS denies the factual allegations in paragraph 146.

147.    HPFS objects to and denies the characterization of the factual allegations in paragraph 147 as they pertain to HPFS, except states that the document referenced in paragraph 147 speaks for itself and refers to it for its contents.

2558116.2□108164-84842

148.    HPFS objects to and denies the factual allegations in paragraph 148 as they pertain to HPFS, except states that the document and/or communication referenced in paragraph 148 speaks for itself and refers to it for its contents.

149.    HPFS denies the factual allegations in paragraph 149 as they pertain to HPFS.

150.    HPFS denies the factual allegations in paragraph 150 as they pertain to HPFS.

151.    HPFS denies the factual allegations in paragraph 151 as they pertain to HPFS, except states that the document referenced in paragraph 151 speaks for itself and refers to it for its contents.

152.    HPFS objects to and denies the characterization of the factual allegations in paragraph 152 as they pertain to HPFS, except states that the document and/or communication referenced in paragraph 152 speaks for itself and refers to it for its contents.

153.    HPFS objects to and denies the characterization of the factual allegations in paragraph 153 as they pertain to HPFS, except states that the document and/or communication referenced in paragraph 153 speaks for itself and refers to it for its contents.

154.    HPFS denies the factual allegations in paragraph 154 as they pertain to HPFS, except states that the document referenced in paragraph 154 speaks for itself and refers to it for its contents.

155.    HPFS objects to and denies the characterization of the factual allegations in paragraph 155 as they pertain to HPFS, except states that the document referenced in paragraph 155 speaks for itself and refers to it for its contents.

156.    HPFS objects to and denies the characterization of the factual allegations in paragraph 156 as they pertain to HPFS, except states that the document and/or communication referenced in paragraph 156 speaks for itself and refers to it for its contents.

2558116.2 108164-84842

157.    HPFS objects to and denies the characterization of the factual allegations in paragraph 157 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 157 speaks for themselves and refers to them for their contents.

158.    HPFS objects to and denies the characterization of the factual allegations in paragraph 158 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 158 speaks for themselves and refers to them for their contents.

159.    HPFS objects to and denies the characterization of the factual allegations in paragraph 159 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 159 speak for themselves and refers to them for their contents.

160.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 160 and, therefore, denies same.

161.    HPFS denies the factual allegations in paragraph 161 as they pertain to HPFS.

162.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 162 and, therefore, denies same.

163.    HPFS denies the factual allegations in paragraph 163 as they pertain to HPFS, except states that the documents referenced in paragraph 163 speak for themselves and refers to them for their contents.

164.    HPFS denies the factual allegations in paragraph 164 as they pertain to HPFS.

165.    HPFS objects to and denies the characterization of the factual allegations in paragraph 165 as they pertain to HPFS.

166.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 166 and, therefore, denies same.

2558116.2□108164-84842

167.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 167 and, therefore, denies same; except states that the document referenced in paragraph 167 speaks for itself and refers to it for its contents.

168.    HPFS denies the factual allegations in paragraph 168 as they pertain to HPFS, except states that the documents referenced in paragraph 168 speaks for itself and refers to it for its contents.

169.    HPFS objects to and denies the characterization of the factual allegations in paragraph 169 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 169 speaks for itself and refers to it for its contents.

170.    HPFS objects to and denies the characterization of the factual allegations in paragraph 170 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 170 speak for themselves and refers to them for their contents.

171.    HPFS objects to and denies the characterization of the factual allegations in paragraph 171 as they pertain to HPFS, and HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 171 and, therefore, denies same.

172.    HPFS denies any factual allegations in paragraph 172 as they pertain to HPFS, except admits on information and belief that Messrs. Gill, Patterson and Riordan participated on a telephone call in or about the week of June 17, 2013.

173.    HPFS objects to and denies the characterization of the factual allegations in paragraph 173 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 173 speak for themselves and refers to them for their contents.

2558116.2 108164-84842

174.    HPFS objects to and denies the characterization of the factual allegations in paragraph 174 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 174 speak for themselves and refers to them for their contents.

175.    HPFS objects to and denies the characterization of the factual allegations in paragraph 175 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 175 speak for themselves and refers to them for their contents.

176.    HPFS denies the factual allegations in paragraph 176 as they pertain to HPFS, except admit on information and belief that ICT and personnel on behalf of HPFS (India) participated in discussions and communications concerning a Return Merchandize Authorization ("RMA").

177.    HPFS denies the factual allegations in paragraph 177 as they pertain to HPFS, except admit on information and belief that that ICT and personnel on behalf of HPFS (India) participated in discussions and communications concerning an RMA.

178.    HPFS denies the factual allegations in paragraph 178 as they pertain to HPFS, except states that the document referenced in paragraph 178 speaks for itself and refers to it for its contents.

179.    HPFS objects to and denies the characterization of the factual allegations in paragraph 179 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 179 speak for themselves and refers to them for their contents..

180.    HPFS denies the factual allegations in paragraph 180 as they pertain to HPFS, except states that the documents referenced in paragraph 180 speak for themselves and refers to them for their contents.

2558116.2□108164-84842

181.    HPFS objects to and denies the characterization of the factual allegations in paragraph 181 as they pertain to HPFS.

182.    HPFS denies the allegations in paragraph 182 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 182 speak for themselves and refers to them for their contents.

183.    HPFS objects to and denies the characterization of the factual allegations in paragraph 183 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 183 speak for themselves and refers to them for their contents.

184.    HPFS objects to and denies the characterization of the factual allegations in paragraph 184 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 184 speak for themselves and refers to them for their contents.

185.    HPFS objects to and denies the characterization of the factual allegations in paragraph 185 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 185 speak for themselves and refers to them for their contents.

186.    HPFS denies the allegations in paragraph 186 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 186 speak for themselves and refers to them for their contents.

187.    HPFS denies the allegations in paragraph 187 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 187 speak for themselves and refers to them for their contents.

188.    HPFS denies the allegations in paragraph 188 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 188 speak for themselves and refers to them for their contents.

2558116.2□108164-84842

189.    HPFS denies the factual allegations in paragraph 189 as they pertain to HPFS, except states that the remaining allegations contain legal assertions or conclusions for which no answer is required, and states that the document referenced in paragraph 189 speaks for itself and refers to it for its contents.

190.    HPFS denies the factual allegations in paragraph 190 as they pertain to HPFS.

191.    HPFS denies the factual allegations in paragraph 191, except admits the characterization of the Gibbons P.C. as a law firm and Mr. McCarthy's role there.

192.    HPFS denies the factual allegations in paragraph 192 as they pertain to HPFS, except admits that Mr. McCarthy was employed as Vice President, General Counsel and Secretary at HPFS and that HPFS's legal department employed several attorneys, and states that the document or report referenced in paragraph 192 speaks for itself and refers to it for its contents.

193.    HPFS denies the factual allegations in the last sentence of paragraph 193 as they relate to HPFS and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 193 and, therefore, denies same.

194.    HPFS denies the factual allegations in the last sentence of paragraph 194 as they relate to HPFS and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 194 and, therefore, denies same.

195.    HPFS denies the factual allegations in paragraph 195 as they relate to HPFS.

196.    HPFS denies the factual allegations in paragraph 196 as they relate to HPFS.

197.    HPFS admits on information and belief the factual allegations in paragraph 197.

2558116.2 108164-84842

198.    HPFS denies the factual allegations, if any, in paragraph 198 as they relate to HPFS, except states that the document referenced in paragraph 198 speaks for itself and refers to it for its contents.

199.    HPFS denies the factual allegations in paragraph 199 as they relate to HPFS, except states that the document referenced in paragraph 199 speaks for itself and refers to it for its contents.

200.    HPFS denies the factual allegations in paragraph 200 as they relate to HPFS, except states that the documents and correspondence referenced in paragraph 200 speak for themselves and refers to them for their contents.  HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 200 and, therefore, denies same.

201.    HPFS objects to and denies the characterization of the factual allegations in paragraph 201 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 201 speak for themselves and refers to them for their contents.

202.    HPFS denies the factual allegations in paragraph 202 as they relate to HPFS and the remainder of paragraph 202 contains legal conclusions to which no response is necessary.

203.    HPFS denies the factual allegations in paragraph 203 as they relate to HPFS, except states that the document referenced in paragraph 203 speaks for itself and refers to it for its contents.

204.    HPFS denies the factual allegations in paragraph 204 as they relate to HPFS, except admits on information and belief that ICT violated China's import/export and/or anti-counterfeit laws.

205.     HPFS denies the factual allegations in paragraph 205 as they relate to HPFS, except states that the document referenced in paragraph 205 speaks for itself and refers to it for its contents.

206.     HPFS denies the factual allegations in paragraph 206 as they relate to HPFS, except states that the documents and correspondence referenced in paragraph 206 speak for themselves and refers to them for their contents.  HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 206 and, therefore, denies same.

207.     HPFS denies the factual allegations in paragraph 207 as they relate to HPFS, except states that the document referenced in paragraph 207 speaks for itself and refers to it for its contents.

208.     HPFS denies the factual allegations in paragraph 208 as they relate to HPFS, except states that the document referenced in paragraph 208 speaks for itself and refers to it for its contents.

209.     HPFS objects to and denies the characterization of the factual allegations in paragraph 209 as they pertain to HPFS, except states that the document referenced in paragraph 209 speaks for itself and refers to it for its contents.

210.     HPFS objects to and denies the characterization of the factual allegations in paragraph 210 as they pertain to HPFS, except states that the document referenced in paragraph 210 speaks for itself and refers to it for its contents.

211.     HPFS objects to and denies the characterization of the factual allegations in paragraph 211 as they pertain to HPFS, except states that the document referenced in paragraph 211 speaks for itself and refers to it for its contents.

212.    HPFS objects to and denies the characterization of the factual allegations in paragraph 212 as they pertain to HPFS, except states that the document referenced in paragraph 212 speaks for itself and refers to it for its contents.

213.    HPFS objects to and denies the characterization of the factual allegations in paragraph 213 as they pertain to HPFS, except states that the document referenced in paragraph 213 speaks for itself and refers to it for its contents.

214.    HPFS objects to and denies the characterization of the factual allegations in paragraph 214 as they pertain to HPFS, except states that the document referenced in paragraph 214 speaks for itself and refers to it for its contents.

215.    HPFS objects to and denies the characterization of the factual allegations in paragraph 215 as they pertain to HPFS, except states that the document referenced in paragraph 215 speaks for itself and refers to it for its contents.

216.    HPFS objects to and denies the characterization of the factual allegations in paragraph 216 as they pertain to HPFS, except states that the document referenced in paragraph 216 speaks for itself and refers to it for its contents.  HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations in the last sentence of paragraph 216 and, therefore, denies same.

217.    HPFS objects to and denies the characterization of the factual allegations in paragraph 217 as they pertain to HPFS, except states that the document referenced in paragraph 217 speaks for itself and refers to it for its contents.

218.    HPFS denies the factual allegations against it in paragraph 218 as they relate to HPFS.

2558116.2 108164-84842

219.     HPFS denies the factual allegations in paragraph 219 as they relate to HPFS, except states that the document referenced in paragraph 219 speaks for itself and refers to it for its contents.

220.     HPFS objects to and denies the characterization of the factual allegations in paragraph 220 as they pertain to HPFS, except states that the document referenced in paragraph 220 speaks for itself and refers to it for its contents.

221.     HPFS denies the factual allegations in paragraph 221 as they relate to HPFS.

222.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 222 and, therefore, denies same; except states that the document referenced in paragraph 222 speaks for itself and refers to it for its contents.

223.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 223 and, therefore, denies same; except states that the document referenced in paragraph 223 speaks for itself and refers to it for its contents.

224.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 224 and, therefore, denies same; except states that the document referenced in paragraph 224 speaks for itself and refers to it for its contents.

225.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 225 and, therefore, denies same; except states that the document referenced in paragraph 225 speaks for itself and refers to it for its contents.

2558116.2 108164-84842

226.     HPFS denies the factual allegations in paragraph 226 concerning Defendants' efforts as they relate to HPFS, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 226 and, therefore, denies same.

227.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 227 and, therefore, denies same.

228.     HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 228.

229.     HPFS denies the factual allegations in paragraph 229, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

230.     HPFS denies the factual allegations in paragraph 230, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

231.     HPFS denies the factual allegations in paragraph 231, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

232.     HPFS denies the factual allegations in paragraph 232 as they relate to HPFS, except states that the documents referenced in paragraph 232 speak for themselves and refers to them for their contents.

233.     HPFS denies the factual allegations in paragraph 233, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

234.     HPFS denies the factual allegations in paragraph 234.

235.     HPFS denies the factual allegations in paragraph 235.

2558116.2 108164-84842

236.    HPFS denies the factual allegations in paragraph 236, except states that the documents referenced in paragraph 236 speak for themselves and refers to them for their contents.

237.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 236 of this Answer as if set forth fully herein.

238.    HPFS denies the factual allegations against it in paragraph 238, except states that the documents referenced in paragraph 236 speak for themselves and refers to them for their contents, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

239.    HPFS denies the factual allegations against it in paragraph 239.

240.    HPFS denies the factual allegations against it in paragraph 240, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations concerning the actions of H3C and denies same, and states that the documents referenced in paragraph 240 speak for themselves and refers to them for their contents, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

241.    HPFS denies the factual allegations against it in paragraph 241, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

242.    HPFS denies the factual allegations against it in the first, third and fourth sentences of paragraph 242, except states that the document referenced in paragraph 242 speaks for itself and refers to it for its contents; and lacks sufficient independent information on which to form a belief as to the truth or falsity of the factual allegations in the second sentence of paragraph 242.

2558116.2 108164-84842

243.     HPFS denies the factual allegations against it in paragraph 243.

244.     HPFS denies the factual allegations against it in paragraph 244.

245.     HPFS denies the factual allegations against it in paragraph 245, except admits on information and belief that Messrs. Harris (on behalf of HPFS (India)) and Pekar (on behalf of ICT) conducted a partial inspection of the remaining equipment in India.

246.     HPFS denies the factual allegations against it in paragraph 246 concerning representations, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining factual allegations.

247.     HPFS denies the factual allegations against it in paragraph 247, except states that the document referenced in paragraph 247 speaks for itself and refers to it for its contents.

248.     HPFS denies the factual allegations against it in paragraph 248, except states that the documents referenced in paragraph 248 speak for themselves and refers to them for their contents.

249.     HPFS denies the factual allegations against it in paragraph 249, except admits on information and belief that HPFS (India) received the equivalent of $250,000 for the sale of equipment, states that the document referenced in paragraph 247 speaks for itself and refers to it for its contents, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

250.     HPFS denies the factual allegations against it in paragraph 250, except states that the document referenced in paragraph 250 speaks for itself and refers to it for its contents.

251.     HPFS denies the factual allegations against it in paragraph 251.

252.     HPFS denies the factual allegations against it in paragraph 252, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

253.    HPFS denies the factual allegations against it in paragraph 253, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

254.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 253 of this Answer as if set forth fully herein.

255.    HPFS denies the factual allegations against it in paragraph 255, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

256.    HPFS denies the factual allegations against it in paragraph 256, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

257.    HPFS denies the factual allegations against it in paragraph 257, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

258.    HPFS denies the factual allegations against it in paragraph 258, except states that the document referenced in paragraph 258 speaks for itself and refers to it for its contents, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

259.    HPFS denies the factual allegations against it in paragraph 259, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

260.    HPFS denies the factual allegations against it in paragraph 260, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

261.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 260 of this Answer as if set forth fully herein.

262.    HPFS is not named in COUNT III and therefore no answer is required.  HPFS reserves its right to provide an answer should one be deemed to be required.

2558116.2□108164-84842

263.     HPFS is not named in COUNT III and therefore no answer is required.   HPFS reserves its right to provide an answer should one be deemed to be required.

264.     HPFS is not named in COUNT III and therefore no answer is required.   HPFS reserves its right to provide an answer should one be deemed to be required.

265.     HPFS is not named in COUNT III and therefore no answer is required.   HPFS reserves its right to provide an answer should one be deemed to be required.

266.     HPFS repeats and re-alleges the responses contained in paragraphs 1 through 265 of this Answer as if set forth fully herein, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

267.     HPFS denies the factual allegations against it in paragraph 267, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

268.     HPFS denies the factual allegations against it in paragraph 268, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

269.     HPFS denies the factual allegations against it in paragraph 269, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

270.     HPFS repeats and re-alleges the responses contained in paragraphs 1 through 269 of this Answer as if set forth fully herein.

271.     HPFS denies the factual allegations against it in paragraph 271, and states that the remaining allegations contain legal assertions and conclusions for which no response is required.

272.     HPFS denies the factual allegations against it in paragraph 272, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

273.     HPFS denies the factual allegations against it in paragraph 273, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2558116.2 108164-84842

274.    HPFS denies the factual allegations against it in paragraph 274, except states that the documents referenced in paragraph 274 speak for themselves and refers to them for their contents.

275.    HPFS denies the factual allegations against it in paragraph 275, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

276.    HPFS denies the factual allegations against it in paragraph 276, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

277.    HPFS denies the factual allegations against it in paragraph 277, except states that the document referenced in paragraph 277 speaks for itself and refers to it for its contents, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

278.    HPFS denies the factual allegations against it in paragraph 278.

279.    HPFS denies the factual allegations against it in paragraph 279, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

280.    HPFS denies the factual allegations against it in paragraph 280, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

281.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 280 of this Answer as if set forth fully herein.

282.    HPFS denies the factual allegations against it in paragraph 282, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

283.    HPFS denies the factual allegations against it in paragraph 283, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2558116.2 108164-84842

284.    HPFS denies the factual allegations against it in paragraph 284, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

285.    HPFS denies the factual allegations against it in paragraph 285, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

286.    HPFS denies the factual allegations against it in paragraph 286, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

287.    HPFS denies the factual allegations against it in paragraph 287, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

288.    HPFS denies the factual allegations against it in paragraph 288, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

289.    HPFS denies the factual allegations against it in paragraph 289, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

290.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 289 of this Answer as if set forth fully herein.

291.    HPFS denies the factual allegations against it in paragraph 291, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

292.    HPFS denies the factual allegations against it in paragraph 292.

293.    HPFS denies the factual allegations against it in paragraph 293, except states that the document referenced in paragraph 293 speaks for itself and refers to it for its contents.

294.    HPFS denies the factual allegations against it in paragraph 294.

295.    HPFS denies the factual allegations against it in paragraph 295.

296.    HPFS denies the factual allegations against it in paragraph 296.

297.    HPFS denies the factual allegations against it in paragraph 297.

2558116.2□108164-84842

298.    HPFS denies the factual allegations against it in paragraph 298.

299.    HPFS denies the factual allegations against it in paragraph 299.

300.    HPFS denies the factual allegations against it in paragraph 300, except states that the documents referenced in paragraph 300 speak for themselves and refers to them for their contents.

301.    HPFS denies the factual allegations against it in paragraph 301, except admits that Mr. McCarthy was employed by HPFS as General Counsel and Secretary until he retired and he later became employed by Gibbons P.C., and that Mr. Gill reported indirectly or directly to Mr. McCarthy while Mr. McCarthy was employed by HPFS.

302.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 302 and, therefore, denies same.

303.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 303 and, therefore, denies same.

304.    HPFS denies the factual allegations against it in paragraph 304, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

305.    HPFS denies the factual allegations against it in paragraph 305.

306.    HPFS denies the factual allegations against it in paragraph 306.

307.    HPFS denies the factual allegations against it in paragraph 307, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

308.    HPFS denies the factual allegations against it in paragraph 308, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

309.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 308 of this Answer as if set forth fully herein.

2558116.2 108164-84842

310.    Paragraph 310 sets forth legal assertions or conclusions for which no answer is required.

311.    HPFS denies the factual allegations against it in paragraph 311, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

312.    HPFS denies the factual allegations against it in paragraph 312, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

313.    HPFS denies the factual allegations against it in paragraph 313, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

314.    HPFS denies the factual allegations against it in paragraph 314, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

315.    HPFS denies the factual allegations against it in paragraph 315, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

316.    HPFS denies the factual allegations against it in paragraph 316, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

317.    HPFS denies the factual allegations against it in paragraph 317, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

318.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 317 of this Answer as if set forth fully herein.

319.    HPFS denies the factual allegations against it in paragraph 319, except denies knowledge or information sufficient to form a belief as to the truth of the factual allegations concerning the Individual Plaintiffs' imprisonment or length thereof.

320.    HPFS denies the factual allegations against it in paragraph 320, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2558116.2 108164-84842

321.    HPFS denies the factual allegations against it in paragraph 321, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

322.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 322 and, therefore, denies same.

323.    HPFS denies the factual allegations against it in paragraph 323.

324.    HPFS denies the factual allegations against it in paragraph 324.

325.    HPFS denies the factual allegations against it in paragraph 325, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

326.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 326 and, therefore, denies same; and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

327.    HPFS denies the factual allegations against it in paragraph 327, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

328.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 328 and, therefore, denies same.

329.    HPFS denies the allegations against it in paragraph 329.

330.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 329 of this Answer as if set forth fully herein.

331.    HPFS denies the factual allegations against it in paragraph 331, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

332.    HPFS denies the factual allegations against it in paragraph 332, except admits on information and belief that HPFS (India) made a submission to the Chinese authorities on or

41

about April 22, 2013 to assist in efforts to secure the Individual Plaintiffs' release from prison, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

333.    HPFS denies the factual allegations against it in paragraph 333.

334.    HPFS denies the factual allegations against it in paragraph 334.

335.    HPFS denies the factual allegations against it in paragraph 335.

336.    HPFS denies the allegations against it in paragraph 336.

337.    HPFS denies the allegations in paragraph 337.

338.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 337 of this Answer as if set forth fully herein.

339.    HPFS denies the factual allegations against it in paragraph 339.

340.    HPFS denies the factual allegations against it in paragraph 340.

341.    HPFS denies the factual allegations against it in paragraph 341.

342.    HPFS denies the factual allegations against it in paragraph 342, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

343.    HPFS denies the factual allegations against it in paragraph 343.

344.    HPFS denies the factual allegations against it in paragraph 344.

345.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 344 of this Answer as if set forth fully herein.

346.    HPFS denies the factual allegations against it in paragraph 346.

347.    HPFS denies the factual allegations against it in paragraph 347, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2558116.2☐108164-84842

348.    HPFS denies the factual allegations against it in paragraph 348, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

349.    HPFS denies the factual allegations against it in paragraph 349.

350.    HPFS repeats and re-alleges the responses contained in paragraphs 1 through 349 of this Answer as if set forth fully herein.

351.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 351 and, therefore, denies same.

352.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 352 and, therefore, denies same.

353.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 353 and, therefore, denies same.

354.    HPFS lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 354 and, therefore, denies same.

355.    HPFS denies the factual allegations against it in paragraph 355.

356.    HPFS denies the factual allegations against it in paragraph 356, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Amended Complaint, and each allegation therein, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

HPFS has not caused any injury or damage to Plaintiffs, and was not the actual or proximate cause of any of Plaintiffs' alleged injuries or damages.

2558116.2 108164-84842

## THIRD SEPARATE DEFENSE

The Amended Complaint should be dismissed under the doctrine of forum non conveniens.

## FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred due to their failure to mitigate their damages, if any.

## FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and laches.

## SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to pursue their claims.

## TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because they are improperly pled under Massachusetts law.

## ELEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because HPFS acted at all times lawfully, in good faith and without any improper motive or purpose, including with respect to Plaintiffs' purported rights.

## TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred because HPFS violated no statutory, common law or other legal or equitable duty owed to Plaintiffs.

44

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by written contracts.

## FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because Massachusetts law does not apply to or govern all Plaintiffs' claims as against HPFS.

## FIFTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because the contract for the sale of the subject equipment was governed by the laws of India, and the choice of forum for disputes under that agreement was India.

## SIXTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because, to the extent that any duty of care was owed by HPFS to any Plaintiff other than ICT, such contractual obligation or duty of care was governed by the laws of the State of India or the People's Republic of China.

## SEVENTEENTH SEPARATE DEFENSE

HPFS hereby gives notice that it intends to rely upon any other defense or defenses that become available or appear during pre-trial proceedings, based upon evidence developed in discovery or otherwise, and hereby reserve the right to amend their answer to assert any such defenses.

WHEREFORE, having answered the Amended Complaint and set forth its affirmative defenses thereto, HPFS respectfully request that this Court dismiss the Amended Complaint with prejudice and that HPFS be awarded all costs and expenses incurred in defending the action, including fees and expenses of counsel, accountants and experts.

2558116.2□108164-84842

## <u>COUNTERCLAIM ON BEHALF OF HEWLETT-PACKARD</u>

## <u>FINANCIAL SERVICES COMPANY</u>

Defendant-Counterclaim Plaintiff Hewlett-Packard Financial Services Company ("HPFS") for its Counterclaim, states as follows:

1.      Defendant-Counterclaim Plaintiff HPFS is a Delaware corporation with its principal place of business at 200 Connell Drive Suite 5000, Berkeley Heights, NJ 07922-2816, and is an affiliate of Hewlett-Packard Financial Services (India) Private Limited ("HPFS (India)").

2.      Plaintiff-Counterclaim Defendant Integrated Communications & Technologies, Inc. ("ICT") is, on information and belief, a Massachusetts corporation doing business at 239 Commercial Street, Malden, Massachusetts 02148.

3.      Plaintiff-Counterclaim Defendant Alexander Styller is, on information and belief, the CEO and owner of ICT.

4.      Plaintiff-Counterclaim Defendant Jade Cheng is, on information and belief, a Chinese national who was employed by or associated with ICT in China at all relevant times.

5.      Plaintiff-Counterclaim Defendant Jason Yuyi is, on information and belief, a Chinese national who was employed by or associated with ICT in China at all relevant times.

6.      Plaintiff-Counterclaim Defendant Cathy Yu is, on information and belief, a Chinese national who was employed by or associated with ICT in China at all relevant times (Cheng, Yuyi, and Yi shall hereinafter be referred to as the "Individual Plaintiff/Defendants").

**<u>The Agreements</u>**

7.      As pled, and as evidenced in documents and pleadings already in the record, or to be filed in the record, in or about 2010, HPFS (India) entered into an agreement with ICT involving the purchase for re-sale of used computer equipment then located in India.

8.      The agreement involved two contracts, both entered on information and belief on or about December 6, 2011.

9.      The first was a Referral and Revenue Share Agreement ("**RRSA**") between ICT itself and HPFS (India); and the second was a Wholesale Sale Agreement ("**WSA**") between HPFS (India) and ICT's Indian broker, Shinto Creative Elements Private Limited ("**Shinto**").

10.     Among the stated purposes of the RRSA between HPFS (India) and ICT was to provide HPFS (India) with a portion of any proceeds related to ICT's re-sale of the certain end-of-lease computer equipment in India.

11.     The sale of the equipment by HPFS (India) to ICT (through its nominated broker, Shinto) was governed by the WSA entered into between HPFS India and the broker, Shinto.

12.     Shinto expressly agreed in the WSA that it was purchasing the equipment "for the purpose of re-sale to ICT Company" and Shinto accepted all of the equipment "AS IS WITH DEFECTS".

13.     On information and belief, at all relevant times, ICT was fully aware that the equipment that it purchased from HPFS (India) had previously been leased and used by a third party; and ICT was fully aware that HPFS (India) sold the equipment on a discounted basis, disclaiming representations and warranties.

14.     Both the WSA and RRSA had merger clauses providing that the contracts themselves set forth the entirety of contractual terms between the parties.

**ICT Indemnified HPFS (India) and its Affiliates**

2558116.2☐108164-84842

15.     ICT assumed responsibility for complying with all applicable laws in connection with the "use, operation, handling, treatment, storage, disposal, transportation, recycling, re-sale or destruction of the equipment".

16.     ICT was free to remarket the equipment anywhere it chose, but in doing so was contractually obligated to comply with the relevant law of the country or countries in which such remarketing was to take place, including the import/export laws of any such country.

17.     Under the agreement, ICT undertook contractual responsibility for indemnifying HPFS (India) and its affiliates for any failure to abide by all laws, regulations, tax obligations, etc., associated with its handling, transportation, marketing and attempts at re-sale of the equipment pursuant to section 10.4 of the RRSA, and sections 8 and 9 of the WSA.

18.     The RRSA has an expansive indemnity provision that requires ICT to hold HPFS (India) and its affiliates harmless from claims arising out of ICT's handling of the equipment.

19.     Specifically, Section 10.4 of the RRSA provides:

Indemnity

ICT will indemnify HPFS [India] and its affiliates, officers, directors, agents and employees harmless from and against any and all claims, actions, proceedings, losses, expenses (including reasonable attorneys' fees), demands or judgments which result or arise from the [sic] ICT's use, operation, handling, storage, disposal, transportation, recycling, re-sale or destruction of any Active Equipment.  This Section 10.4 will survive the termination of this Agreement.

20.     Similarly, section 8 of the WSA holds HPFS (India) harmless:

Buyer will defend and hold Seller and its affiliates, officers, directors, agents and employees harmless from and against any and all claims, actions, proceedings, losses, expenses (including reasonable legal fees), demands, or judgments which result or arise from the use, operation, handling, treatment, storage, disposal, transportation, recycling, re-sale or destruction of the Equipment.

2558116.2□108164-84842

21.     On information and belief, ICT purchased the subject equipment, and ICT and Styller arranged for some or all of it to be shipped to Hong Kong and, ultimately, to mainland China.

22.     On information and belief, between February and December of 2012, ICT, Styller, and the Individual Plaintiff/Defendants sold most of the equipment ICT had shipped China.

23.     On information and belief, in December of 2012, the Chinese police raided the premises where ICT was operating in Beijing, seized equipment, and arrested the Individual Plaintiff/Defendants for marketing counterfeit equipment, charging them, in sum or in substance, with *Selling Commodities Carrying Counterfeit Registered Trademarks* in violation of the PRC Criminal Law.

24.     On information and belief, ICT and Styller failed to provide sufficient documentation to the police that the Individual Plaintiff/Defendants were legitimate ICT employees, and failed to properly establish the provenance or source of the seized equipment.

25.     On information and belief, at the time the Individual Plaintiff/Defendants were attempting to sell equipment in China, ICT and Styller had not established a wholly owned ICT foreign subsidiary or other legitimate trading entity in China; ICT was not authorized to trade there; ICT was not an authorized employer there; and/or ICT had not fully complied with China's laws regarding customs, importation, transportation, marketing, trade, and sale of goods in China.   As such, on information and belief, ICT, Styller, and/or the Individual Plaintiff/Defendants were violating or failing to properly comply with Chinese law.

26.     On information and belief, ICT, Styller, and the Individual Plaintiff/Defendants failed or refused to provide the Chinese authorities with proof that they were licensed to do

2558116.2 108164-84842

business in China, or that the subject equipment had cleared Chinese customs, among other proofs requested or required by the authorities.

27.     In addition, on information and belief, ICT violated and/or failed to comply with Chinese laws governing the importation of specific categories of computer and related technology equipment in that it failed to obtain required certificates for each item of equipment imported into the country for resale; failed to make appropriate importation filings with the relevant Inspection and Quarantine Authority; failed to apply for an Automatic Import License; failed to obtain required customs declarations; failed to pay or document the payment of required importation taxes; and/or failed to pay tax in relation to the sale of equipment in China.

28.     In addition, on information and belief, ICT failed to comply with Chinese laws governing the importation of specific categories of computer and related technology equipment in that it failed to obtain appropriate importation certificates for each item imported into the country for re-sale, thereby breaching the WSA and RRSA.

29.     On information and belief, ICT, Styller, and/or the Individual Plaintiff/Defendants permitted or failed to prevent an entity or entities improperly or illegally copying proprietary trademarks, logos, security tags, and/or other indicia of authenticity in connection with the subject equipment and affixing the same to the equipment so that it could be marketed and sold in China; giving the reasonable impression that the equipment was counterfeit.

30.     On information and belief, the conduct as described above and as will be more fully revealed in discovery, resulted directly or indirectly in, among other things: (a) a finding that the equipment was counterfeit; (b) seizure of the equipment and arrest of the Individual Plaintiff/Defendants, and (c) detention of the Individual Plaintiff/Defendants.

2558116.2 108164-84842

31.    On information and belief, the arrest and detention of the Individual

Plaintiff/Defendants -- in addition to the losses and damages allegedly incurred by all Plaintiffs

in the within action as outlined in the Second Amended Complaint -- were, directly or indirectly,

the result of and/or were exacerbated by (a) ICT's and Styller's failure to confirm that the

Individual Plaintiff/Defendants were legitimate ICT employees; (b) ICT's failure to establish that

it was an authorized employer or trader in China; and/or (c) ICT's, Styller's and the Individual

Plaintiff/Defendants' failure to comply and failure to establish that they had complied with

China's importation, taxation, customs and excise, and other laws and regulations.

32.    HPFS has been named a defendant in the within action, and is faced with damages

claims by all of the Plaintiffs, including ICT, Styller, and the Individual Plaintiff/Defendants,

which claims HPFS expressly denies.

## FIRST COUNTERCLAIM

### (Indemnification Against ICT, Pursuant to RRSA § 10.4)

33.    HPFS repeats and realleges the allegations contained in paragraphs 1 through 32

above, as if set forth fully herein.

34.    Pursuant to RRSA § 10.4, ICT agreed, in relevant part, that it:

> will indemnify HPFS [India] and its affiliates, officers, directors,
> agents and employees harmless from and against any and all
> claims, actions, proceedings, losses, expenses (including
> reasonable attorneys' fees), demands or judgments which result or
> arise from the [sic] ICT's use, operation, handling, storage,
> disposal, transportation, recycling, re-sale or destruction of any
> Active Equipment.  This Section 10.4 will survive the termination
> of this Agreement.

35.    Upon information and belief, ICT's, Styller's, and/or the Individual

Plaintiff/Defendants' failure to comply with Chinese laws and/or other conduct relating to the

use, operation, handling, storage, disposal, transportation, recycling and/or re-sale of the

2558116.2☐108164-84842

equipment caused some or all of the damages that all Plaintiffs allegedly suffered, as detailed in the Second Amended Complaint.

36.     HPFS is an affiliate of HPFS (India).

37.     ICT has refused, refuses, or intends to refuse to indemnify HPFS from any and all claims, losses, expenses, reasonable attorneys' fees, demands and judgments in this action and is in breach of the RRSA.

38.     As a result of ICT's refusal to indemnify it, HPFS has sustained, and continues to sustain, damages in an amount to be determined at or after trial.

## SECOND COUNTERCLAIM

**(Contribution Against ICT, Styller and the Individual Plaintiffs/Defendants)**

39.     HPFS repeats and realleges the allegations contained in paragraphs 1 through 37 above, as if set forth fully herein.

40.     In the event that HPFS is held liable to Plaintiffs or any one of them, which liability HPFS expressly denies, then any judgment, verdict or settlement against HPFS will be the result of the careless, negligent, or other culpable acts or omissions on the part of ICT, Styller, and/or the Individual Plaintiff/Defendants and, therefore, HPFS is entitled to contribution from the aforementioned parties in accordance with their relative culpability.

41.     As a result of ICT's, Styller's, and/or the Individual Plaintiff/Defendants' careless, negligent, or other culpable acts or omissions, HPFS has sustained, and continues to sustain, damages in an amount to be determined at trial.

2558116.2 108164-84842

**WHEREFORE**, HPFS demands judgment dismissing the Second Amended Complaint with prejudice, as well as judgment over and against ICT, Styller, and/or the Individual Plaintiff/Defendants for the entire amount of any judgment, verdict or settlement rendered against HPFS, or for that portion of any judgment, verdict or settlement in accordance with their relative culpability, together with costs and attorneys' fees associated with defense of this action, and for such other and further relief as the Court deems just and proper.

Dated: September 8, 2017

By: /s/ Stuart M. Glass
Stuart M. Glass (BBO # 641466)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 502-4077

Anthony P. Callaghan (admitted *pro hac vice*)
Paul A. Saso (admitted *pro hac vice*)
GIBBONS P.C
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018

*Attorneys for Defendant Hewlett-Packard Financial Services Company*

2558116.2 108164-84842