# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, | Civil Action No. 1:16-CV-10386 (LTS) |

Plaintiffs,

vs.

HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL

Defendants.

---

## DEFENDANT HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendant Hewlett-Packard Financial Services (India) Private Limited ("HPFS (India)") for its answer and affirmative defenses to the Second Amended Complaint and its counterclaim, states as follows:

### As to Parties

1.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 and, therefore, denies same.

2.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 and, therefore, denies same.

3.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 and, therefore, denies same.

2561097.2 108164-84842

4.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 and, therefore, denies same.

5.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 and, therefore, denies same.

6.      HPFS (India) denies the factual allegations in paragraph 6, to the extent any exist, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

7.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 and, therefore, denies same.

8.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 and, therefore, denies same.

9.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 and, therefore, denies same.

10.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 and, therefore, denies same.

11.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 and, therefore, denies same.

12.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 and, therefore, denies same.

13.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 and, therefore, denies same.

2561097.2 108164-84842

14.     HPFS (India) denies the factual allegations in paragraph 14, to the extent any exist, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

15.     HPFS (India) admits that it is a wholly owned subsidiary of HPFS as alleged at paragraph 15, but denies that HPFS is a wholly-owned subsidiary of HPI.  As to the remainder of the allegations in paragraph 15, HPFS (India) is not the subject of such allegations but objects to and denies the characterization of HPFS's businesses, corporate status and affiliations, and domestic and overseas operations to the extent that the same are inconsistent with HPFS's past, current, and relevant future ownership, structure, and circumstances.

16.     HPFS (India) denies the factual allegations in paragraph 16 regarding HPFS's direct involvement in contracts, except admits that some or all of the named individuals conducted negotiations and/or acted on behalf of HPFS (India).

17.     HPFS (India) admits the factual allegations in paragraph 17 to the extent that the same allege that the relevant contractual documents were executed on behalf of HPFS (India), and asserts that the contents of the referenced documents speak for themselves.

18.     HPFS (India) admits that it is an Indian-registered company with a registered office and headquarters in Bangalore, India, and that it is an indirectly wholly owned subsidiary of HPFS.  As to the remainder of the allegations in paragraph 18, HPFS (India) objects to and denies the characterization of its business and its operations to the extent that the same are inconsistent with HPFS (India)'s past, current, and relevant future circumstances.  HPFS (India) denies the remaining factual allegations in paragraph 17 to the extent that the same allege HPFS's involvement in the referenced contracts or sale, except admits that the contents of the referenced documents speak for themselves.

3

19.     HPFS (India) denies the factual allegations in paragraph 19, except admits that Defendants HPI and HPE are publicly traded companies resulting from the split of HP, that the split became effective in or about November of 2015; that HPI is headquartered at 1501 Page Mill Road, Palo Alto, California, 94304; that HPI is a legal successor to HP; and that HPE is headquartered at 3000 Hanover Street, Palo Alto, California, 94304.

20.     HPFS (India) denies David Gill's title as pled, denies the residential address ascribed to him, but admits that he is a resident of New South Wales and the remaining factual allegations in paragraph 20.

**As to Statement of Facts**

21.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 and, therefore, denies same.

22.     HPFS (India) admits that it acquired networking equipment selected by Tata Consultancy Services Limited ("Tata") from Inspira Enterprise Private Limited, and that it entered lease transactions with regard to same in or about 2010.

23.     HPFS (India) admits that, at lease end, it took possession of the equipment leased by Tata and that TT Global handled that process on its behalf.

24.     HPFS (India) objects to and denies the speculative characterization of HPFS's standard operating procedures or whether they were applicable or in any way implicated as alleged in paragraph 24.  HPFS (India) denies awareness of equipment being counterfeit, and states that the draft document referenced in paragraph 24 speaks for itself and refers to it for its contents.

2561097.2 108164-84842

25.      HPFS (India) denies the factual allegations in paragraph 25, except admits that personnel acting on behalf of HPFS (India) contacted ICT in the summer of 2011 regarding the Equipment and that HPFS conducts business in Massachusetts.

26.      HPFS (India) denies the factual allegations in the first sentence of paragraph 26, except admits that Mr. Silvestri engaged in negotiations with ICT on behalf of HPFS (India), whereby HPFS (India) was prepared to sell certain equipment to ICT, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 26 and, therefore, denies same.

27.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 and, therefore, denies same.

28.      HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 and, therefore, denies same.

29.      HPFS (India) denies the factual allegations in the first sentence of paragraph 29, except admits that Mr. Silvestri engaged in negotiations with ICT on behalf of HPFS (India), including in or about June of 2011 whereby HPFS (India) was prepared to sell certain equipment to ICT, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 29 and, therefore, denies same.

30.      HPFS (India) denies the factual allegations in the first sentence of paragraph 30, except admits that David Gill was involved in drafting a Wholesale Sale Agreement, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 30 and, therefore, denies same.

31.      HPFS (India) denies the factual allegations in the first sentence of paragraph 31, except admits, on information and belief, that Mr. O'Grady met with Mr. Pekar to discuss a

2561097.2 108164-84842

separate project in Russia, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 31 and, therefore, denies same.

32.     HPFS (India) denies the factual allegations in the first sentence of paragraph 32, and states that the documents referenced in the second sentence of paragraph 32 speak for themselves and refers to them for their contents.

33.     HPFS (India) denies the factual allegations in the first sentence of paragraph 33, and states that the documents referenced in the second sentence of paragraph 33 speak for themselves and refers to them for their contents.

34.     HPFS (India) denies the factual allegations in the first sentence of paragraph 34 regarding HPFS, and states that the documents referenced in paragraph 34 speak for themselves and refers to them for their contents.  HPFS (India) also admits that David Gill revised the contractual document referenced in paragraph 34 on its behalf, but denies concealment or failure to disclose, and states that the documents referenced in paragraph 34 speak for themselves and refers to them for their contents.

35.     HPFS (India) denies the factual allegations pertaining to HPFS in the first two sentences of paragraph 35, and states that the documents referenced in paragraph 35 speak for themselves and refers to them for their contents.

36.     HPFS (India) denies the allegations in paragraph 36 to the extent that they pertain to HPFS, but admits that ICT and HPFS (India) executed the relevant referenced contracts, and refers to them for their contents.

37.     HPFS (India) objects to and denies the characterization of HP's internal policy as alleged in the first sentence of paragraph 37, except admits that two concurrent contracts were

2561097.2□108164-84842

executed, and admits that the Referral and Revenue Share Agreement ("RRSA") was executed by Javlin Lim on its behalf, and states that the document referenced in paragraph 37 speaks for itself and refers to it for its contents.

38.     HPFS (India) admits that the Wholesale Sale Agreement ("WSA") was executed by Kevan Bartley on behalf of HPFS (India) as alleged in paragraph 38, and states that the document referenced in paragraph 38 speaks for itself and refers to it for its contents.

39.     HPFS (India) denies the factual allegations in paragraph 39, except admits that a purchase order issued by Shinto Creative Elements Private Limited ("Shinto") to HPFS (India) was executed on behalf of HPFS (India) by James O'Grady, and states that the document referenced in paragraph 39 speaks for itself and refers to it for its contents.

40.     HPFS (India) denies the factual allegations in paragraph 40, objects to their characterization, and states that the documents referenced in paragraph 40 speak for themselves, and refers to them for their contents.

41.     HPFS (India) denies the factual allegations in paragraph 41, objects to their characterization, and states that the documents referenced in paragraph 41 speak for themselves, and refers to them for their contents.

42.     HPFS (India) denies the factual allegations in paragraph 42, except states that the draft document referenced in paragraph 42 speaks for itself and refers to it for its contents.

43.     The allegations set forth at paragraph 43 comprise legal conclusions to which no response is necessary.  Nonetheless, HPFS (India) denies any factual allegations in paragraph 43, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 43 and, therefore, denies same.

2561097.2  108164-84842

44.     HPFS (India) denies the factual allegations in paragraph 44, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 44 and, therefore, denies same.

45.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 45 and, therefore, denies same, except states that the document referenced in paragraph 45 speaks for itself and refers to it for its contents.

46.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 and, therefore, denies same.

47.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 and, therefore, denies same.

48.     HPFS (India) denies the factual allegations in the first sentence of paragraph 48 and admits, on information and belief, that TT Global may have taken photos of certain equipment.

49.     To the extent that paragraph 49 does not set forth a legal conclusion or speculative statement, HPFS (India) denies the same or lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 and, therefore, denies same.

50.     HPFS (India) denies the factual allegations in paragraph 50, except admits on information and belief that Mr. Harris, acting on behalf of HPFS (India), conducted an inspection of the remaining Equipment with Mr. Pekar, but objects to and denies the characterization of the of the conclusion of the inspection and offer to sell the remaining equipment, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations

8

regarding ICT's decisions as described in paragraph 49 and, therefore, denies same.  HPFS (India) admits that it disposed of the remainder of the equipment.

51.     HPFS (India) denies the factual allegations in paragraph 51, except admits that at no time did it represent to ICT that the Equipment was counterfeit, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

52.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 and, therefore, denies same.

53.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 and, therefore, denies same.

54.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 and, therefore, denies same; except states that the document referenced in paragraph 54 speaks for itself and refers to it for its contents.

55.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 and, therefore, denies same.

56.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 and, therefore, denies same; except states that the document referenced in paragraph 56 speaks for itself and refers to it for its contents.

57.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 and, therefore, denies same; except states that the document referenced in paragraph 57 speaks for itself and refers to it for its contents.

2561097.2 108164-84842

58.     HPFS (India) denies the factual allegations in paragraph 58 as they pertain to HPFS (India), and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

59.     HPFS (India) denies the factual allegations in paragraph 59 as they pertain to HPFS (India), and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

60.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the factual allegations set forth in paragraph 60 and, therefore, denies same; and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

61.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 and, therefore, denies same.

62.     HPFS (India) denies the factual allegations in paragraph 62.

63.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 63 and, therefore, denies same; except states that the extraneous, irrelevant, and self-serving articles and documents referenced in paragraph 63 speak for themselves and refers to them for their contents.

64.     HPFS (India) denies that the self-serving characterization that Individual Plaintiffs were "imprisoned by HP for doing nothing more than selling HP's Equipment for HP's ultimate benefit," lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 and, therefore, denies same, and states that the document referenced in paragraph 64 speaks for itself and refers to it for its contents.

10

65.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 65 and, therefore, denies same.

66.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 and, therefore, denies same; except states that the documents referenced in paragraph 66 speak for themselves and refers to them for their contents.

67.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 67 and, therefore, denies same.

68.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 68 and, therefore, denies same.

69.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 69 and, therefore, denies same; except states that the documents referenced in paragraph 69 speak for themselves and refers to them for their contents.

70.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 70 and, therefore, denies same; except states that the documents referenced in paragraph 70 speak for themselves and refers to them for their contents.

71.     HPFS (India) objects to and denies the characterization of events as recited in paragraph 71, and further states that lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 71 and, therefore, denies same.

2561097.2 □ 108164-84842

72.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 72 and, therefore, denies same; except admits that ICT personnel contacted personnel acting on HPFS (India)'s behalf about the matter in or about late January, 2013.

73.     HPFS (India) denies the factual allegations in paragraph 73.

74.     HPFS (India) denies the factual allegations in paragraph 74, and denies the characterization that Mr. Silvestri's role was on behalf of HPFS, except states that the document referenced in paragraph 74 speaks for itself and refers to it for its contents.

75.     HPFS (India) objects to the characterization of the factual allegations in paragraph 75, to the extent any exist, except states that the document referenced in paragraph 75 speaks for itself and refers to it for its contents.

76.     HPFS (India) denies the factual allegations in paragraph 76, except states that the document referenced in paragraph 76 speaks for itself and refers to it for its contents.

77.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 77, to the extent any exist, except states that the document referenced in paragraph 77 speaks for itself and refers to it for its contents.

78.     HPFS (India) denies that David Gill corresponded with Mr. Styller in February of 2016, except states that correspondence between the two as mis-referenced in paragraph 78 speaks for itself and refers to it for its contents.

79.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 79, except states that the document referenced in paragraph 79 speaks for itself and refers to it for its contents.

2561097.2 108164-84842

80.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 80, except states that the document referenced in paragraph 80 speaks for itself and refers to it for its contents.

81.     PFS (India) denies the factual allegations in paragraph 81.

82.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 82, except states that the document referenced in paragraph 82 speaks for itself and refers to it for its contents.

83.     HPFS (India) states that the document referenced in paragraph 83 speaks for itself and refers to it for its contents.

84.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 84, except states that the documents referenced in paragraph 84 speak for themselves and refers to them for their contents.

85.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 85, except states that the document referenced in paragraph 85 speaks for itself and refers to it for its contents.

86.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 86, except states that the document referenced in paragraph 86 speaks for itself and refers to it for its contents.

87.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 87, except states that the document referenced in paragraph 87 speaks for itself and refers to it for its contents.

2561097.2 108164-84842

88.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 88, except states that the document referenced in paragraph 88 speaks for itself and refers to it for its contents.

89.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 89, except states that the document referenced in paragraph 89 speaks for itself and refers to it for its contents.

90.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 90, objects to them as speculative, and they constitute legal conclusions to which no response is necessary.

91.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 91 and, therefore, denies same; except states that the document referenced in paragraph 91 speaks for itself and refers to it for its contents.

92.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 92, except states that the documents referenced in paragraph 92 speak for themselves and refers to them for their contents.

93.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 93, except states that the document referenced in paragraph 93 speaks for itself and refers to it for its contents.

94.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 94, except states that the document referenced in paragraph 94 speaks for itself and refers to it for its contents.

2561097.2 □108164-84842

95.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 95, except states that the document referenced in paragraph 95 speaks for itself and refers to it for its contents.

96.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 96, except states that the document referenced in paragraph 96 speaks for itself and refers to it for its contents.

97.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 97, except states that the document referenced in paragraph 97 speaks for itself and refers to it for its contents.

98.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 98, except states that the document referenced in paragraph 98 speaks for itself and refers to it for its contents.

99.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 99, except states that the document referenced in paragraph 99 speaks for itself and refers to it for its contents.

100.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 100, except states that the document referenced in paragraph 100 speaks for itself and refers to it for its contents.

101.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 101, except states that documents and correspondence referenced in paragraph 101 speak for themselves and refers to them for their contents.

2561097.2□108164-84842

102.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 102, except states that the document referenced in paragraph 102 speaks for itself and refers to it for its contents.

103.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 103, except states that the document referenced in paragraph 103 speaks for itself and refers to it for its contents.

104.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 104, except states that the document referenced in paragraph 104 speaks for itself and refers to it for its contents.

105.    HPFS (India) denies the factual allegations in paragraph 105, except states that the document referenced in paragraph 105 speaks for itself and refers to it for its contents.

106.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 106, except states that the document referenced in paragraph 106 speaks for itself and refers to it for its contents.

107.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 107, except states that the document referenced in paragraph 107 speaks for itself and refers to it for its contents.

108.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 108, except states that documents and correspondence referenced in paragraph 108 speak for themselves and refers to them for their contents.

109.    HPFS (India) denies the factual allegations in paragraph 109 as they pertain to HPFS (India), except admits on information and belief that Mr. McCarthy retired as an in-house counsel for HPFS, and that he joined a private law firm in or about March of 2013.

2561097.2 □108164-84842

110.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 110, except states that the document referenced in paragraph 110 speaks for itself and refers to it for its contents.

111.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 111, except states that the document referenced in paragraph 111 speaks for itself and refers to it for its contents.

112.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 112, except states that the document referenced in paragraph 112 speaks for itself and refers to it for its contents.

113.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 113, except states that the document referenced in paragraph 113 speaks for itself and refers to it for its contents.

114.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 114, except states that the document referenced in paragraph 114 speaks for itself and refers to it for its contents.

115.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 115, except states that the document referenced in paragraph 115 speaks for itself and refers to it for its contents.

116.   HPFS (India) denies the factual allegations in paragraph 116.

117.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 117, except states that the documents referenced in paragraph 117 speak for themselves and refers to them for their contents -- rather than on plaintiffs' misleading and self-serving excerpts, taken out of context, and with plaintiffs' false allegations interspersed.

2561097.2☐108164-84842

118.    HPFS (India) denies the factual allegations in paragraph 118, except admits on information and belief that inspection of some of the Equipment had been performed.

119.    HPFS (India) denies the factual allegations contained in paragraph 119, which are wholly speculative and conclusory.

120.    HPFS (India) denies the factual allegations contained in paragraph 120.

121.    HPFS (India) denies the factual allegations in paragraph 121 as they pertain to HPFS (India), and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 121 and, therefore, denies same.

122.    HPFS (India) denies the factual allegations in paragraph 122 as they pertain to HPFS (India), and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 122 and, therefore, denies same.

123.    HPFS (India) denies the factual allegations in paragraph 123 as related to HPFS (India) regarding acting in concert or an alleged frame job

124.    HPFS (India) denies the factual allegations in paragraph 124, noting that on or about March 27, 2013, HPFS (India) provided a draft submission to the Chinese authorities (in English) to ICT and that Gill and others participated in the drafting and revision of said draft submission.

125.    HPFS (India) denies the factual allegations in paragraph 125, except states that the document referenced in paragraph 125 speaks for itself and refers to it for its contents.

126.    HPFS (India) denies the factual allegations in paragraph 126, except states that the document referenced in paragraph 126 speaks for itself and refers to it for its contents.

2561097.2 108164-84842

127.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 127 and, therefore, denies same.

128.    HPFS (India) admits the factual allegations in paragraph 128, and states that the document referenced in paragraph 128 speaks for itself and refers to it for its contents.

129.    HPFS (India) states that the document referenced in paragraph 129 speaks for itself and refers to it for its contents.

130.    HPFS (India) admits that Gill and Riordan had a telephone call in early April of 2013, but that time differences may result in the date being recorded inconsistently, and states that the document referenced in paragraph 130 speaks for itself and refers to it for its contents.

131.    HPFS (India) states that the document referenced in paragraph 131 speaks for itself and refers to it for its contents.

132.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 132, except states that the document referenced in paragraph 132 speaks for itself and refers to it for its contents.

133.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 133 as they pertain to HPFS, except states that the document referenced in paragraph 133 speaks for itself and refers to it for its contents.

134.    HPFS (India) states that the document referenced in paragraph 134 speaks for itself and refers to it for its contents.

135.    HPFS (India) states that the communication referenced in paragraph 135 speaks for itself and refers to it for its contents.

2561097.2 108164-84842

136.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 136, except states that the document referenced in paragraph 136 speaks for itself and refers to it for its contents.

137.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 137, except states that the document referenced in paragraph 137 speaks for itself and refers to it for its contents.

138.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 138, except states that the document referenced in paragraph 138 speaks for itself and refers to it for its contents.

139.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 139, except states that the document referenced in paragraph 139 speaks for itself and refers to it for its contents.

140.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 140, except states that the document referenced in paragraph 140 speaks for itself and refers to it for its contents.

141.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 141, except states that the draft and final documents referenced in paragraph 141 speaks for themselves and refers to them for their contents.

142.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 142, except states that the draft and final documents referenced in paragraph 142 speaks for themselves and refers to them for their contents.

2561097.2☐108164-84842

143.   HPFS (India) denies the factual allegations in paragraph 143 as they pertain to HPFS, except states that the documents referenced in paragraph 143 speak for themselves and refers to them for their contents.

144.   HPFS (India) admits that the April 22, 2013 letter was executed by Gill on its behalf of HPFS (India), except states that Gill was an actively engaged Director of HPFS (India).

145.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 145, except states that the draft and final document referenced in paragraph 145 speak for themselves and refers to them for their contents; and HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations concerning the Individual Plaintiffs' release from prison.

146.   HPFS (India) denies the factual allegations in paragraph 146.

147.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 147, except states that the document referenced in paragraph 147 speaks for itself and refers to it for its contents.

148.   HPFS (India) objects to and denies the factual allegations in paragraph 148, except states that the document and/or communication referenced in paragraph 148 speaks for itself and refers to it for its contents.

149.   HPFS (India) denies the factual allegations in paragraph 149.

150.   HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 150.

151.   HPFS (India) states that the communication referenced in paragraph 151 speaks for itself and refers to it for its contents.

2561097.2 □108164-84842

152.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 152, except states that the document and/or communication referenced in paragraph 152 speaks for itself and refers to it for its contents.

153.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 153, except states that the document and/or communication referenced in paragraph 153 speaks for itself and refers to it for its contents.

154.    HPFS (India) states that the document referenced in paragraph 154 speaks for itself and refers to it for its contents.

155.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 155, except states that the document referenced in paragraph 155 speaks for itself and refers to it for its contents.

156.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 156, except states that the document and/or communication referenced in paragraph 156 speaks for itself and refers to it for its contents.

157.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 157, except states that the documents and/or communications referenced in paragraph 157 speaks for themselves and refers to them for their contents.

158.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 158, except states that the documents and/or communications referenced in paragraph 158 speaks for themselves and refers to them for their contents

159.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 159, except states that the documents and/or communications referenced in paragraph 159 speak for themselves and refers to them for their contents.

2561097.2 108164-84842

160.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 160 and, therefore, denies same, except states that the document referenced in paragraph 160 speaks for itself and refers to it for its contents.

161.    HPFS (India) denies the factual allegations in paragraph 161 as they pertain to HPFS (India).

162.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 162 and, therefore, denies same.

163.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 163, except states that the documents referenced in paragraph 163 speak for themselves and refers to them for their contents.

164.    HPFS (India) denies the factual allegations in paragraph 164.

165.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 165.

166.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 166 and, therefore, denies same.

167.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 167 and, therefore, denies same; except states that the document referenced in paragraph 167 speaks for itself and refers to it for its contents.

168.    HPFS (India) states that the documents referenced in paragraph 168 speaks for itself and refers to it for its contents.

23

169.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 169, except states that the documents and/or communications referenced in paragraph 169 speaks for itself and refers to it for its contents.

170.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 170, except states that the documents and/or communications referenced in paragraph 170 speak for themselves and refers to them for their contents.

171.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 159, and HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 171 and, therefore, denies same.

172.     HPFS (India) admits that Messrs. Gill, Patterson and Riordan participated on a telephone call in or about the week of June 17, 2013.

173.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 173, except states that the documents and/or communications referenced in paragraph 173 speaks for itself and refers to it for its contents.

174.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 174, except states that the documents and/or communications referenced in paragraph 174 speaks for itself and refers to it for its contents.

175.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 175, except states that the documents and/or communications referenced in paragraph 175 speaks for itself and refers to it for its contents.

24

176.    HPFS (India) denies the factual allegations in paragraph 176, except admit that ICT and personnel on behalf of HPFS (India) participated in discussions and communications concerning a Return Merchandize Authorization ("RMA").

177.    HPFS (India) denies the factual allegations in paragraph 177, except admit on information and belief that that ICT and personnel on behalf of HPFS (India) participated in discussions and communications concerning a Return Merchandize Authorization ("RMA"), but states that such negotiations had not reached a final resolution.

178.    HPFS (India) states that the document referenced in paragraph 178 speaks for itself and refers to it for its contents.

179.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 179, except states that the documents and/or communications referenced in paragraph 179 speaks for itself and refers to it for its contents.

180.    HPFS (India) states that the documents referenced in paragraph 180 speak for themselves and refers to them for their contents.

181.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 181.

182.    HPFS (India) states that the documents and/or communications referenced in paragraph 182 speaks for itself and refers to it for its contents.

183.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 183, except states that the documents and/or communications referenced in paragraph 183 speaks for itself and refers to it for its contents.

2561097.2 108164-84842

184.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 184 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 184 speaks for itself and refers to it for its contents.

185.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 185 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 185 speaks for itself and refers to it for its contents.

186.     HPFS (India) states that the documents and/or communications referenced in paragraph 186 speaks for itself and refers to it for its contents.

187.     HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 187 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 187 speaks for itself and refers to it for its contents.

188.     HPFS (India) states that the documents and/or communications referenced in paragraph 188 speaks for itself and refers to it for its contents.

189.     HPFS (India) denies the factual allegations in paragraph 189, except states that the remaining allegations contain legal assertions or conclusory statements to which no answer is required, and states that the document referenced in paragraph 189 speaks for itself and refers to it for its contents.

190.     HPFS (India) denies the factual allegations in paragraph 190.

191.     HPFS (India) denies the factual allegations in paragraph 191, except admits the characterization of the Gibbons P.C. as a law firm and Mr. McCarthy's role there.

192.     HPFS (India) denies the factual allegations in paragraph 192, except admits that Mr. McCarthy was employed as Vice President, General Counsel and Secretary at HPFS and that

26

HPFS's legal department employed a number of attorneys, and states that the document or report of an interview referenced in paragraph 192 speaks for itself and refers to it for its contents.

193.    HPFS (India) denies the factual allegations in the last sentence of paragraph 193 and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 193 and, therefore, denies same.

194.    HPFS (India) denies the factual allegations in the last sentence of paragraph 194 and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 194 and, therefore, denies same.

195.    HPFS (India) denies the factual allegations in paragraph 195.

196.    HPFS (India) denies the factual allegations in paragraph 196.

197.    HPFS (India) admits the factual allegations in paragraph 197.

198.    HPFS (India) states that the document referenced in paragraph 198 speaks for itself and refers to it for its contents.

199.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 199 as they pertain to HPFS, except states that the documents and/or communications referenced in paragraph 199 speaks for itself and refers to it for its contents.

200.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 200, except states that the documents and/or communications referenced in paragraph 200 speaks for itself and refers to it for its contents.

201.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 201, except states that the documents and/or communications referenced in paragraph 201 speak for themselves and refers to them for their contents.

2561097.2 □108164-84842

202.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 202, and states that the remainder of paragraph 202 contains legal conclusions to which no response is necessary.

203.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 203, except states that the document referenced in paragraph 203 speaks for itself and refers to it for its contents.

204.    HPFS (India) denies the factual allegations in paragraph 204, except admits on information and belief that ICT violated China's import/export and/or anti-counterfeit laws.

205.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 205, except states that the document referenced in paragraph 205 speaks for itself and refers to it for its contents.

206.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 206, and the remainder of the paragraph constitutes legal conclusions and conclusory statements to which no response is necessary.

207.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 207, except states that the document referenced in paragraph 207 speaks for itself and refers to it for its contents.

208.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 208, except states that the document referenced in paragraph 208 speaks for itself and refers to it for its contents.

209.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 209, except states that the document referenced in paragraph 209 speaks for itself and refers to it for its contents.

2561097.2 108164-84842

210.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 210, except states that the document referenced in paragraph 210 speaks for itself and refers to it for its contents.

211.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 211, except states that the document referenced in paragraph 211 speaks for itself and refers to it for its contents.

212.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 212, except states that the document referenced in paragraph 212 speaks for itself and refers to it for its contents.

213.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 213, except states that the document referenced in paragraph 213 speaks for itself and refers to it for its contents.

214.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 214, except states that the document referenced in paragraph 214 speaks for itself and refers to it for its contents.

215.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 215, except states that the document referenced in paragraph 215 speaks for itself and refers to it for its contents.

216.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 216, except states that the document referenced in paragraph 216 speaks for itself and refers to it for its contents.  HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations in the last sentence of paragraph 216 and, therefore, denies same.

2561097.2 □108164-84842

217.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 217, except states that the document referenced in paragraph 217 speaks for itself and refers to it for its contents.

218.    HPFS (India) denies the factual allegations in paragraph 218.

219.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 219, except states that the document referenced in paragraph 219 speaks for itself and refers to it for its contents.

220.    HPFS (India) objects to and denies the characterization of the factual allegations in paragraph 220, except states that the document referenced in paragraph 220 speaks for itself and refers to it for its contents.

221.    HPFS (India) denies the factual allegations in paragraph 221.

222.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 222 and, therefore, denies same; except states that the document referenced in paragraph 222 speaks for itself and refers to it for its contents.

223.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 223 and, therefore, denies same; except states that the document referenced in paragraph 223 speaks for itself and refers to it for its contents.

224.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 224 and, therefore, denies same; except states that the document referenced in paragraph 224 speaks for itself and refers to it for its contents.

2561097.2□108164-84842

225.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 225 and, therefore, denies same; except states that the document referenced in paragraph 225 speaks for itself and refers to it for its contents.

226.    HPFS (India) denies the factual allegations in paragraph 226 concerning Defendants' efforts, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the additional allegations set forth in paragraph 226 and, therefore, denies same.

227.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 227 and, therefore, denies same.

228.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 228.

229.    HPFS (India) denies the factual allegations in paragraph 229, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

230.    HPFS (India) denies the factual allegations in paragraph 230, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

231.    HPFS (India) denies the factual allegations in paragraph 231, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

232.    HPFS (India) denies the factual allegations in paragraph 232, except states that the documents referenced in paragraph 232 speak for themselves and refers to them for their contents.

233.    HPFS (India) denies the factual allegations in paragraph 233, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2561097.2 108164-84842

234.    HPFS (India) denies the factual allegations in paragraph 234.

235.    HPFS (India) denies the factual allegations in paragraph 235.

236.    HPFS (India) denies the factual allegations in paragraph 236, except states that the documents referenced in paragraph 236 speak for themselves and refers to them for their contents.

**As to Claims**

237.    HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 236 of this Answer as if set forth fully herein.

238.    HPFS (India) denies the factual allegations against it in paragraph 238, except states that the documents referenced in paragraph 236 speak for themselves and refers to them for their contents, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

239.    HPFS (India) denies the factual allegations against it in paragraph 239.

240.    HPFS (India) denies the factual allegations against it in paragraph 240, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations concerning the actions of H3C and denies same, and states that the documents referenced in paragraph 240 speak for themselves and refers to them for their contents, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

241.    HPFS (India) denies the factual allegations against it in paragraph 241, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

32

242.     HPFS (India) denies the factual allegations against it in paragraph 242, other than that it did business in and was familiar with the market in India, and states that the document referenced in paragraph 242 speaks for itself and refers to it for its contents; and lacks sufficient independent information on which to form a belief as to the truth or falsity of the factual allegations in the second sentence of paragraph 242.  The fourth sentence of the paragraph is conclusory and attempts to assert a legal conclusion for which no answer is required.

243.     HPFS (India) admits that TT Global assisted it in taking possession of end of lease equipment, but denies other factual allegations against HPFS (India) in paragraph 243, to the extent that such allegations are rooted in a draft letter but, nonetheless, states that the draft document referenced in paragraph 243 speaks for itself and refers to it for its contents.

244.     HPFS (India) denies the factual allegations against it in paragraph 244.

245.     HPFS (India) denies the factual allegations against it in paragraph 245, except admits on information and belief that Messrs. Harris (on HPFS (India)'s behalf) and Pekar (on behalf of ICT) conducted a partial inspection of the remaining equipment in India and that a discounted price was discussed but no deal as to same was reached.

246.     HPFS (India) denies the factual allegations against it in paragraph 246 concerning representations, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining factual allegations.

247.     HPFS (India) denies the factual allegations against it in paragraph 247, except states that the document referenced in paragraph 247 speaks for itself and refers to it for its contents.

2561097.2☐108164-84842

248.    HPFS (India) denies the factual allegations against it in paragraph 248, except states that the draft documents referenced in paragraph 248 speak for themselves and refers to them for their contents.

249.    HPFS (India) admits the provisions of the RRSA, admits that HPFS (India) received the equivalent of $250,000 for the sale of equipment; but denies other factual allegations against it in paragraph 249, except states that the document referenced in paragraph 249 speaks for itself and refers to it for its contents, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

250.    HPFS (India) denies the factual allegations against it in paragraph 250, except states that the document referenced in paragraph 250 speaks for itself and refers to it for its contents.

251.    HPFS (India) denies the factual allegations against it in paragraph 251.

252.    HPFS (India) denies the factual allegations against it in paragraph 252, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

253.    HPFS (India) denies the factual allegations against it in paragraph 253, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

254.    HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 253 of this Answer as if set forth fully herein.

255.    HPFS (India) denies the factual allegations against it in paragraph 255, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

34

256.   HPFS (India) denies the factual allegations against it in paragraph 256, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

257.   HPFS (India) denies the factual allegations against it in paragraph 257, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

258.   HPFS (India) denies the factual allegations against it in paragraph 258, except states that the document referenced in paragraph 258 speaks for itself and refers to it for its contents, and states that the remaining allegations contain legal assertions and/or conclusions and conclusory statements for which no answer is required.

259.   HPFS (India) denies the factual allegations against it in paragraph 259, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

260.   HPFS (India) denies the factual allegations against it in paragraph 260, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

261.   HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 260 of this Answer as if set forth fully herein.

262.   HPFS (India) admits the allegations in paragraph 262.

263.   HPFS (India) denies the allegations in paragraph 263.

264.   HPFS (India) denies the allegations in paragraph 264.

265.   HPFS (India) denies the allegations in paragraph 265.

2561097.2 108164-84842

266.     HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 265 of this Answer as if set forth fully herein, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

267.     HPFS (India) denies the factual allegations against it in paragraph 267, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

268.     HPFS (India) denies the factual allegations against it in paragraph 268, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

269.     HPFS (India) denies the factual allegations against it in paragraph 269, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

270.     HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 269 of this Answer as if set forth fully herein.

271.     HPFS (India) denies the factual allegations against it in paragraph 271, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

272.     HPFS (India) denies the factual allegations against it in paragraph 272, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

273.     HPFS (India) denies the factual allegations against it in paragraph 273, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2561097.2 108164-84842

274. HPFS (India) denies the factual allegations against it in paragraph 274, except states that the documents referenced in paragraph 274 speak for themselves and refers to them for their contents.

275. HPFS (India) denies the factual allegations against it in paragraph 275, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

276. HPFS (India) denies the factual allegations against it in paragraph 276, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

277. Paragraph 277 contains legal assertions or conclusions for which no answer is required.

278. HPFS (India) denies the factual allegations against it in paragraph 278.

279. HPFS (India) denies the factual allegations against it in paragraph 279, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

280. HPFS (India) denies the factual allegations against it in paragraph 280, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

281. HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 280 of this Answer as if set forth fully herein.

282. HPFS (India) denies the factual allegations against it in paragraph 282, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2561097.2□108164-84842

283.    HPFS (India) denies the factual allegations against it in paragraph 283, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

284.    HPFS (India) denies the factual allegations against it in paragraph 280, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

285.    HPFS (India) denies the factual allegations against it in paragraph 285, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

286.    HPFS (India) denies the factual allegations against it in paragraph 286, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

287.    HPFS (India) denies the factual allegations against it in paragraph 287, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

288.    HPFS (India) denies the factual allegations against it in paragraph 288, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

289.    HPFS (India) denies the factual allegations against it in paragraph 289, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

290.    HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 289 of this Answer as if set forth fully herein.

2561097.2 108164-84842

291.    HPFS (India) denies the factual allegations against it in paragraph 291, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

292.    HPFS (India) denies the factual allegations against it in paragraph 292.

293.    HPFS (India) denies the factual allegations against it in paragraph 293, except states that the draft document referenced in paragraph 293 speaks for itself and refers to it for its contents.

294.    HPFS (India) denies the factual allegations against it in paragraph 294.

295.    HPFS (India) denies the factual allegations against it in paragraph 295.

296.    HPFS (India) denies the factual allegations against it in paragraph 296.

297.    HPFS (India) denies the factual allegations against it in paragraph 297.

298.    HPFS (India) denies the factual allegations against it in paragraph 298.

299.    HPFS (India) admits learning of the arrests and counterfeiting allegations some months after they happened, but denies other factual allegations against it in paragraph 299.

300.    HPFS (India) denies any factual allegations against it in paragraph 300, except states that the documents referenced in paragraph 300 speak for themselves and refers to them for their contents.

301.    HPFS (India) denies any factual allegations against it in paragraph 301, except that it admits that Mr. McCarthy was employed by HPFS as General Counsel and Secretary until he retired and later became employed by Gibbons P.C., and that Mr. Gill reported indirectly or directly to Mr. McCarthy while Mr. McCarthy was employed at HPFS.

302.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 302 and, therefore, denies same.

2561097.2 108164-84842

303.     HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 303 and, therefore, denies same.

304.     HPFS (India) denies the factual allegations against it in paragraph 304, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

305.     HPFS (India) denies any factual allegations against it in paragraph 305.

306.     HPFS (India) denies any factual allegations against it in paragraph 306.

307.     HPFS (India) denies the factual allegations against it in paragraph 307, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

308.     HPFS (India) denies the factual allegations against it in paragraph 308, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

309.     HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 308 of this Answer as if set forth fully herein.

310.     Paragraph 310 sets forth legal assertions or conclusions for which no answer is required.

311.     HPFS (India) denies the factual allegations against it in paragraph 311, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

312.     HPFS (India) denies the factual allegations against it in paragraph 312, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

313.    HPFS (India) denies the factual allegations against it in paragraph 313, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

314.    HPFS (India) denies the factual allegations against it in paragraph 314, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

315.    HPFS (India) denies the factual allegations against it in paragraph 315, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

316.    HPFS (India) denies the factual allegations against it in paragraph 316, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

317.    HPFS (India) denies the factual allegations against it in paragraph 317, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

318.    HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 317 of this Answer as if set forth fully herein.

319.    HPFS (India) denies the factual allegations against it in paragraph 319, except denies knowledge or information sufficient to form a belief as to the truth of the factual allegations concerning the Individual Plaintiffs' imprisonment or length thereof.

320.    HPFS (India) denies the factual allegations against it in paragraph 320, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2561097.2□108164-84842

321.    HPFS (India) denies the factual allegations against it in paragraph 321, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

322.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 322 and, therefore, denies same.

323.    HPFS (India) denies the factual allegations against it in paragraph 323.

324.    HPFS (India) denies the factual allegations against it in paragraph 324.

325.    HPFS (India) denies the factual allegations against it in paragraph 325, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

326.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 326 and, therefore, denies same; and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

327.    HPFS (India) denies the factual allegations against it in paragraph 327, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

328.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 328 and, therefore, denies same.

329.    HPFS (India) denies the factual allegations against it in paragraph 329.

330.    HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 329 of this Answer as if set forth fully herein.

2561097.2 □108164-84842

331.   HPFS (India) denies the factual allegations against it in paragraph 331, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

332.   HPFS (India) admits that it made a submission to the Chinese authorities on or about April 22, 2013 to assist in efforts to secure the Individual Plaintiffs' release from prison, denies the remaining factual allegations against it in paragraph 331, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

333.   HPFS (India) denies the factual allegations against it in paragraph 333.

334.   HPFS (India) denies the factual allegations against it in paragraph 334.

335.   HPFS (India) denies the factual allegations against it in paragraph 335.

336.   HPFS (India) denies the allegations in paragraph 336, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

337.   HPFS (India) denies the allegations in paragraph 337.

338.   HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 337 of this Answer as if set forth fully herein.

339.   HPFS (India) denies the factual allegations against it in paragraph 339.

340.   HPFS (India) denies the factual allegations against it in paragraph 340, except admits that personnel on its behalf negotiated and executed certain relevant contractual documents, and that it sold equipment pursuant thereto to ICT.

341.   HPFS (India) denies the factual allegations against it in paragraph 341.

342.   HPFS (India) denies the factual allegations against it in paragraph 342, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2561097.2 □108164-84842

343.    HPFS (India) denies the factual allegations against it in paragraph 343.

344.    HPFS (India) denies the factual allegations against it in paragraph 344.

345.    HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 344 of this Answer as if set forth fully herein.

346.    HPFS (India) denies the factual allegations against it in paragraph 346red.

347.    HPFS (India) denies the factual allegations against it in paragraph 347, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

348.    HPFS (India) denies the factual allegations against it in paragraph 348, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

349.    HPFS (India) denies the factual allegations against it in paragraph 349.

350.    HPFS (India) repeats and re-alleges the responses contained in paragraphs 1 through 349 of this Answer as if set forth fully herein.

351.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 351 and, therefore, denies same.

352.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 352 and, therefore, denies same.

353.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 353 and, therefore, denies same.

354.    HPFS (India) lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 354 and, therefore, denies same.

355.    HPFS (India) denies the factual allegations against it in paragraph 355.

2561097.2 108164-84842

356.    HPFS (India) denies the factual allegations against it in paragraph 356, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Amended Complaint, and each allegation therein, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

HPFS (India) has not caused any injury or damage to Plaintiffs, and was not the actual or proximate cause of any of Plaintiffs' alleged injuries or damages.

### THIRD SEPARATE DEFENSE

The Amended Complaint should be dismissed under the doctrine of forum non conveniens.

### FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred due to their failure to mitigate their damages, if any.

### FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and laches.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

### EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

2561097.2 108164-84842

## NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to pursue their claims.

## TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because they are improperly pled under Massachusetts law.

## ELEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because HPFS (India) acted at all times lawfully, in good faith and without any improper motive or purpose, including with respect to Plaintiffs' purported rights.

## TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred because HPFS (India) violated no statutory, common law or other legal or equitable duty owed to Plaintiffs.

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by written contracts.

## FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because Massachusetts law does not apply to or govern all Plaintiffs' claims as against HPFS (India).

## FIFTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because the contract for the sale of the subject equipment was governed by the laws of India, and the choice of forum for disputes under that agreement was India.

## SIXTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because, to the extent that any duty of care was owed by HPFS (India) to any Plaintiff other than ICT, such contractual obligation or duty of care was governed by the laws of the State of India or the People's Republic of China.

2561097.2 108164-84842

## SEVENTEENTH SEPARATE DEFENSE

HPFS (India) hereby gives notice that it intends to rely upon any other defense or defenses that become available or appear during pre-trial proceedings, based upon evidence developed in discovery or otherwise, and hereby reserve the right to amend their answer to assert any such defenses.

WHEREFORE, having answered the Amended Complaint and set forth its affirmative defenses thereto, HPFS (India) respectfully request that this Court dismiss the Amended Complaint with prejudice and that HPFS (India) be awarded all costs and expenses incurred in defending the action, including fees and expenses of counsel, accountants and experts.

## COUNTERCLAIM ON BEHALF OF HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED

Defendant-Counterclaim Plaintiff Hewlett-Packard Financial Services (India) Private Limited for its Counterclaim, states as follows:

1.      Defendant-Counterclaim Plaintiff Hewlett-Packard Financial Services (India) Private Limited ("**HPFS (India)**") is an Indian company with an office in Bangalore, India.

2.      Plaintiff-Counterclaim Defendant Integrated Communications & Technologies, Inc. ("**ICT**") is, on information and belief, a Massachusetts corporation doing business at 239 Commercial Street, Malden, Massachusetts 02148.

3.      Plaintiff-Counterclaim Defendant Alexander Styller is, on information and belief, the CEO and owner of ICT.

4.      Plaintiff-Counterclaim Defendant Jade Cheng is, on information and belief, a Chinese national who was employed by or associated with ICT in China at all relevant times.

5.      Plaintiff-Counterclaim Defendant Jason Yuyi is, on information and belief, a Chinese national who was employed by or associated with ICT in China at all relevant times.

2561097.2 □ 108164-84842

6.      Plaintiff-Counterclaim Defendant Cathy Yu is, on information and belief, a Chinese national who was employed by or associated with ICT in China at all relevant times (Cheng, Yuyi, and Yi shall hereinafter be referred to as the "Individual Plaintiff/Defendants").

**Background**

7.      As pled, and as evidenced in documents and pleadings already in the record, or soon to be filed in the record, in or about 2010, HPFS (India) entered into an agreement with ICT involving the purchase for re-sale of used computer equipment then located in India.

8.      In or about 2010, HPFS (India) had funded the acquisition of computer network equipment selected by Tata Consultancy Services Limited for lease and use in connection with the Commonwealth Games in Delhi, India.

9.      HPFS (India) did not select the equipment leased by Tata Consultancy, and had no responsibility for its installation, upkeep, maintenance, or operation.

10.     HPFS (India) understood the equipment to be sourced from H3C Technologies Co., Ltd., a China-based server, storage and technology service provider.

11.     Until 2010, H3C was a wholly owned Chinese subsidiary of 3Com Corporation, having been originally formed in 2003 as a joint venture between 3Com Corporation and Huawei Technologies.  In or about April of 2010, Hewlett-Packard acquired 3Com Corporation's assets, including its Chinese subsidiary, H3C.  Nonetheless, H3C remained a largely autonomous Chinese entity within the larger Hewlett-Packard organization until, in May of 2016, Hewlett Packard Enterprise sold its majority stake in H3C.

12.     H3C would have had no awareness of HPFS (India)'s transactions in India, including its sale of used equipment to ICT for resale.

2561097.2☐108164-84842

**Sale of the End-of-Lease Equipment to ICT**

13.     In or about late 2011, at the end of Tata Consultancy's lease, HPFS (India) took possession (through an agent, TT Global) of the end-of-lease equipment when it was returned by Tata upon the expiration of the leases referred to in paragraph 8, and tapped into its network of affiliates around the world to enquire whether any approved re-sellers might have an interest in the equipment.

14.     Acting on HPFS (India)'s behalf, personnel from its affiliates invited proposals and bids for the end-of-lease equipment.

15.     Mike Pekar, a representative of ICT -- an experienced international reseller of used equipment based in Massachusetts, with a long-standing relationship with 3Com (H3C's parent company until 2010) -- had for some time been seeking an entrée into the Hewlett-Packard world-wide network in order to qualify ICT as an approved reseller of used equipment.

16.     Pekar engaged in discussions concerning the end-of-lease equipment with personnel acting on HPFS (India)'s behalf at its affiliates in the United Kingdom, Australia, and the United States.

17.     On behalf of ICT, Pekar submitted a proposal for the purchase of the equipment from HPFS (India) in installments, with payments totaling $1 million, in addition to a 50/50 split between ICT and HPFS (India) of any resale revenue in excess of $1 million.

18.     The ICT proposal was to involve upfront payments to HPFS (India) for each installment; pick-up and delivery of the equipment in India; payment in India in rupees; ICT managing all export issues; and ICT reporting all sales on each lot of equipment involved.

19.     Over a period of months, the parties negotiated and agreed on the final form of the deal, with ICT nominating an Indian broker (Shinto Creative Elements Private Limited

("**Shinto**")) to act on its behalf in acquiring, paying for, and taking delivery of each installment of the equipment in India.

**The Contracts**

20.     To accommodate the deal, ICT and HPFS (India) negotiated and entered into two separate agreements, both entered on or about December 6, 2011: (a) a Referral and Revenue Share Agreement ("**RRSA**") between ICT itself and HPFS (India); and (b) a Wholesale Sale Agreement ("**WSA**") between HPFS (India) and ICT's Indian broker, Shinto.

21.     Among the purposes of the RRSA between HPFS (India) and ICT was to provide HPFS (India) with a portion of any proceeds related to the re-sale of the subject equipment.

22.     ICT was contractually obligated to provide reports to HPFS (India) regarding the sale of the equipment and the proceeds thereof, and such reports would have been relevant to and a prerequisite for any issuance of a Return Merchandize Authorization ("**RMA**") to ICT.   On information and belief, ICT provided no such reports.

23.     The RRSA provided that (other than the fact that HPFS (India) owned the equipment and that it was free of liens and encumbrances), to the maximum extent permitted by law, HPFS (India) provided "no warranty whatsoever" with regard to the equipment and that "no such warranty will be implied."

24.     The sale of the equipment by HPFS (India) to ICT (through its nominated broker, Shinto) was governed by the WSA entered into between HPFS India and ICT's broker, Shinto.

25.     Shinto expressly represented in the WSA that it was purchasing the equipment "for the purpose of re-sale to ICT Company[.]"

26.     Shinto accepted all of the equipment "AS IS WITH DEFECTS".

2561097.2☐108164-84842

27.     At all relevant times, ICT was fully aware that the equipment that it purchased from HPFS (India) had previously been leased and used by a third party.

28.     As an experienced dealer in used equipment, ICT knew or should have known that HPFS (India) was a passive financing provider for the original lease of the equipment at issue, and that HPFS (India) did not select the leased equipment, and had no responsibility for its maintenance or operation while under lease.

29.     ICT was fully aware that HPFS (India) sold the equipment on a discounted basis, disclaiming all equipment representations and warranties.

30.     As an experienced and sophisticated international re-seller and dealer in used equipment, ICT knowingly took ownership of the equipment on an "AS IS WITH DEFECTS" basis.

31.     Both the WSA and the RRSA had merger clauses providing that the contracts themselves set forth the entirety of contractual terms between the parties, "supersed[ing] all prior agreements and understandings, both written and oral[.]"

32.     The WSA was to be governed by Indian law.

33.     The RRSA was to be governed by the laws of the Commonwealth of Massachusetts.

**ICT Indemnified HPFS (India) and its Affiliates**

34.     The buyer assumed responsibility for complying with all applicable laws in connection with the "use, operation, handling, treatment, storage, disposal, transportation, recycling, re-sale or destruction of the equipment".

35.     ICT was free to remarket the equipment anywhere it chose, but in doing so was contractually obligated to comply with the relevant law of the country or countries in which such

2561097.2 □ 108164-84842

remarketing was to take place, including import/export laws.  Moreover, the RRSA provided that ICT could sell the equipment "*only to commercial customers as whole units or for use as parts or components or to resellers for this purpose.*"  (emphasis added).

36.     ICT was and remains contractually responsible for indemnifying HPFS (India) and its affiliates and agents for ICT's failure to abide by all applicable laws, regulations, tax obligations, etc., associated with its handling, transportation, marketing and attempts at re-sale of the equipment pursuant to section 10.4 of the RRSA, and sections 8 and 9 of the WSA.

37.     The RRSA has an expansive indemnity provision that requires ICT to hold HPFS (India) and its affiliates and agents harmless from claims arising out of ICT's handling of the equipment.  Specifically, Section 10.4 of the RRSA provides:

<u>Indemnity</u>

ICT will indemnify HPFS [India] and its affiliates, officers, directors, agents and employees harmless from and against any and all claims, actions, proceedings, losses, expenses (including reasonable attorneys' fees), demands or judgments which result or arise from the [sic] ICT's use, operation, handling, storage, disposal, transportation, recycling, re-sale or destruction of any Active Equipment.  This Section 10.4 will survive the termination of this Agreement.

38.     Similarly, section 8 of the WSA holds HPFS (India) and its affiliates and agents harmless:

Buyer will defend and hold Seller and its affiliates, officers, directors, agents and employees harmless from and against any and all claims, actions, proceedings, losses, expenses (including reasonable legal fees), demands, or judgments which result or arise from the use, operation, handling, treatment, storage, disposal, transportation, recycling, re-sale or destruction of the Equipment.

39.     And section 6 of the WSA limits HPFS (India)'s liability with regard to the equipment:

2561097.2 □ 108164-84842

**In no event shall Seller [HPFS India] be responsible to buyer for incidental, indirect, exemplary or consequential damages or for any loss of profits, revenue, interest, goodwill, loss or corruption of data or for any loss of or interruption to Buyer's business, arising under or in any way connected with this Agreement.** [emphasis in original]

## ICT Purchases the First Installment of Equipment

40.     ICT bought the first batch of equipment, including transceivers, for the equivalent of $250,000 in Indian rupees.

41.     Shinto paid for and took delivery of this first batch of equipment on ICT's behalf in or about December of 2011.

42.     On information and belief, ICT arranged for some or all of the purchased equipment to be shipped to Hong Kong and, ultimately, to mainland China.

43.     On information and belief, between February and December of 2012, ICT sold most of the equipment it had bought from HPFS (India).

## The Seizure and Arrest

44.     On information and belief, in or about early December of 2012, representatives of H3C (or others acting on its behalf) submitted a complaint to the local police in China accusing ICT and/or its employees of marketing counterfeit H3C products.

45.     On information and belief, the allegation was that ICT was marketing transceivers bearing counterfeit H3C trademark logos.

46.     On information and belief, H3C personnel or others on its behalf had examined three transceivers that were being sold by ICT personnel in unorthodox ways (e.g., at subway stations, over the Internet, and/or from a residential address) and reported to the police (in sum or substance) that the products bearing H3C logos appeared to be counterfeit, asking that any such counterfeit equipment be seized and destroyed.

2561097.2 108164-84842

47.     On information and belief, acting on the complaint, the Chinese police raided the premises where ICT was operating in Beijing, apparently arrested the Individual Plaintiff/Defendants for marketing counterfeit equipment, and seized the equipment.

48.     On information and belief, the police seized 778 transceivers.

49.     On information and belief, the police charged the Individual Plaintiff/Defendants, in sum or in substance, with *Selling Commodities Carrying Counterfeit Registered Trademarks* in violation of the PRC Criminal Law.

50.     On information and belief, at the request of police, H3C inspected the seized equipment and issued an inspection report, identifying the logos and confirming that, on external examination, the products or their labels bore the appearance of being fake.

51.     HPFS (India) was unaware of the arrests or seizure when they occurred; and HPFS (India) did not know about the complaint made to the Chinese police by or on behalf of H3C.

52.     Almost two months later -- at the end of January, 2013 -- ICT reached out to HPFS (India) representatives advising that the Individual Plaintiff/Defendants had been arrested, and asking for assistance in convincing the Chinese authorities that the seized equipment was the same equipment sold in India.

53.     HPFS (India) made several attempts to identify the seized equipment and to ascertain whether it was the same equipment sold in India to ICT.

54.     HPFS (India) was constrained in its attempts to provide assistance to the Individual Plaintiff/Defendants because ICT did not provide copies of the charging documents, and because ICT was, on information and belief, unable to provide the Chinese authorities with

2561097.2 □ 108164-84842

satisfactory evidence of the Individual Plaintiff/Defendants' association with ICT or ICT's authorization to conduct business in mainland China.

55.     At no time was HPFS (India) able to conclusively establish or confirm that the equipment was counterfeit.

56.     HPFS (India) did not have full or direct access to the seized equipment to test it, evaluate it, examine the tags and logos thereon, or otherwise independently determine if the equipment was counterfeit.  While attempts were made on HPFS (India)'s behalf to correspond data and photographs concerning the seized equipment with data and photographs concerning the equipment sold in India, the results of such attempts were inconclusive.

57.     On information and belief, the equipment is currently in the hands of one of the Individual Plaintiff/Defendants who was arrested and later released by the Chinese authorities.

**ICT Admits Tampering With Asset Tags**

58.     In an e-mail sent in or about March of 2013, ICT's CEO, Alex Styller, stated that the issue involved 651 seized transceivers, with a value of less than $25,000 (which he described as "an unsubstantial financial value").

59.     Styller acknowledged that issue was rooted in "H3C originally saying the H3C sticker on the transceivers is fake."

60.     In another e-mail, sent in or about March 15, 2013, Styller stated that ICT had removed identifiers from the transceivers, advising that "All we done to transceivers is taken [sic] green HP asset tag.  But that is standard asset recovery procedure of removing asset tags and there is nothing outside of generally accepted business practice in our industry."

2561097.2 108164-84842

61.     Despite admitting to having removed asset tags, Styller implored HPFS (India) to tell the Chinese authorities that "there is no modifications [sic] on the parts by ICT from the condition you sold them."

62.     Despite admitting that ICT had removed asset tags, Styller and his attorney, Lester Riordan, requested that HPFS (India) tell the Chinese authorities that "These transceivers are in the exact state they were sold in – there was no modification by ICT to the H3C logo, hologram, stickers, labels or parts."

63.     On information and belief, Styller and Riordan were attempting to divert attention from the removal of asset tags or other identifiers from the units – a factor on which, on information and belief, H3C may have based its opinion regarding counterfeit trademarks.

64.     On information and belief, prior to December of 2012, substitute, imitation, or facsimile versions of H3C trademarks, labels, asset tags, or logos were or may have been improperly affixed to all or some of the seized equipment.

65.     On information and belief, the presence of such substitute, imitation, or facsimile labels, tags or logos was a factor in leading H3C and/or others to conclude that the equipment was counterfeit.

66.     On information and belief, on or about May 23, 2013, a H3C representative confirmed, in sum or substance, that

> The package of the seized transceivers is different from the H3C's, don't have any H3C's package, but carry H3C's registered label, *the security label on the seized transceivers is not same as the H3C's, the position pasted is not same (the position of H3C's security label pasted on is fixed)* and the outside of some seized transceivers are different from original H3C's units. [emphasis added]

2561097.2 108164-84842

**ICT Failed to Comply with Chinese Law**

67.     On information and belief, in or about late December of 2012, Styller advised the Chinese authorities that the Individual Plaintiff/Defendants were "employees of ICT USA."

68.     On information and belief, ICT, Styller, and/or the Individual Plaintiff/Defendants failed to provide sufficient documentation to the police that Individual Plaintiff/Defendants were legitimate ICT employees, and failed to properly establish the provenance or source of the seized equipment.

69.     When faced with a request for proof of ICT's status as a legitimate business entity authorized to do business in China, in a March 15, 2013 e-mail (copying ICT's counsel, Attorney Riordan), Styller explained that ICT had opened a representative office in Shanghai in 2010, but later closed it in late 2011.

70.     Styller stated that ICT had "three staff doing business development work for us in China, helping to find the right location & structure" and that the Individual Plaintiff/Defendants had gone to Beijing in late 2012 to test the market, and "see if that was the right place."

71.     These three ICT "employees" were "connecting with customers" to solicit sales, and had brought sample equipment with them to establish legitimacy.

72.     Having gotten good signals from the market, Styller explained, ICT was "planning to open a [wholly owned foreign subsidiary]" in China.

73.     On information and belief, at the time the three Individual Plaintiff/Defendants were attempting to sell equipment in China, ICT and Styller had not established a wholly owned foreign subsidiary or other legitimate trading entity in mainland China; was not authorized to trade there; was not an authorized employer there; and/or had not fully complied with China's laws regarding customs, importation, transportation, marketing, trade, and/or sale of goods in

China.   As such, on information and belief, ICT, Styller, and/or the Individual Plaintiff/Defendants were violating or failing to properly comply with Chinese law.

74.    On information and belief, the three Individual Plaintiff/Defendants told the Chinese authorities that the equipment had been transported to mainland China from Hong Kong, and that they were selling the equipment at ICT's instructions; but they, Styller, and ICT failed to provide satisfactory proof of customs clearance or proof that the Individual Plaintiff/Defendants were legitimate ICT employees.

75.    On information and belief, ICT, Styller, and/or the Individual Plaintiff/Defendants failed or refused to provide the Chinese authorities with proof that ICT was licensed to do business in China, or that the subject equipment had cleared Chinese customs, among other proofs requested and/or required by the authorities.

76.    On information and belief, ICT failed to abide by or comply with China's import/export laws, failed to pay required taxes and duties, and/or failed to properly inspect or police the equipment to ensure that it bore no indicia of counterfeit tags, materials, or identifiers.

77.    On information and belief, ICT failed to comply with its contractual obligations and/or Chinese law by engaging in the unorthodox marketing and sale of computer equipment in China – by selling or marketing the equipment directly to the public, over the Internet, on subways and/or in other public places, and/or to persons or entities other than commercial customers or resellers.

78.    On information and belief, ICT violated and/or failed to comply with Chinese laws governing the importation of specific categories of computer and related technology equipment in that it failed to obtain required certificates for each item of equipment imported into the country for resale; failed to make appropriate importation filings with the relevant

2561097.2 108164-84842

Inspection and Quarantine Authority; failed to apply for an Automatic Import License; failed to obtain required customs declarations; failed to pay or document the payment of required importation taxes; and/or failed to pay tax in relation to the sale of equipment in China; thereby breaching the WSA and the RRSA.

79.     On information and belief, ICT failed to comply with Chinese laws governing the importation of specific categories of computer and related technology equipment in that it failed to obtain appropriate importation certificates for each item imported into the country for re-sale, thereby breaching the WSA and the RRSA.

80.     On information and belief, substitute, imitation, or facsimile trademarks, logos, security tags, and/or other indicia of authenticity were affixed to some or all of the equipment prior to December of 2012.

81.     On information and belief, because of the presence of substitute, imitation, or facsimile trademarks, logos, security tags, and/or other indicia of authenticity on the equipment, visual inspections by H3C and others on its behalf gave the reasonable impression that the equipment was counterfeit.

82.     On information and belief, the conduct as described above and as will be more fully revealed in discovery, resulted directly or indirectly in, among other things: (a) a finding that the equipment was counterfeit; (b) seizure of the equipment and arrest of the Individual Plaintiff/Defendants, and (c) detention of the Individual Plaintiff/Defendants.

83.     On information and belief, the arrest and detention of the Individual Plaintiff/Defendants -- in addition to the losses and damages allegedly incurred by all Plaintiffs in the within action as outlined in the Second Amended Complaint -- were, directly or indirectly, the result of and/or exacerbated by (a) ICT's, Styller's and/or the Individual

2561097.2☐108164-84842

Plaintiff/Defendants' failure to confirm that the Individual Plaintiff/Defendants were legitimate ICT employees; (b) ICT's failure to establish that it was an authorized employer or trader in China; and/or (c) ICT's failure to establish that it had complied with China's importation, taxation, customs and excise, and other laws and regulations.  These failures continued for many months, despite HPFS (India) repeatedly alerting ICT and Styller to the need for establishing ICT's bona fides in China and its legitimate association with the Individual Plaintiff/Defendants.

## FIRST COUNTERCLAIM

### (Contractual Indemnification Against ICT, Pursuant to RRSA § 10.4)

84.     HPFS (India) repeats and realleges the allegations contained in paragraphs 1 through 83 above, as if set forth fully herein.

85.     Pursuant to RRSA § 10.4, ICT agreed, in relevant part, that it:

> will indemnify HPFS [India] and its affiliates, officers, directors, agents and employees harmless from and against any and all claims, actions, proceedings, losses, expenses (including reasonable attorneys' fees), demands or judgments which result or arise from the [sic] ICT's use, operation, handling, storage, disposal, transportation, recycling, re-sale or destruction of any Active Equipment.  This Section 10.4 will survive the termination of this Agreement.

86.     Upon information and belief, ICT's failure to comply with Chinese laws and/or other conduct related to its use, operation, handling, storage, disposal, transportation, recycling and/or re-sale of the seized equipment caused some or all of the damages that plaintiffs allegedly suffered, as detailed in the Second Amended Complaint.

87.     ICT's failure to indemnify HPFS (India) from any and all claims, losses, expenses, reasonable attorneys' fees, demands and judgments in this action constitutes a breach of the RRSA.

88.     HPFS (India) performed its obligations pursuant to the RRSA.

2561097.2 108164-84842

89.     As a result of ICT's breach of RRSA § 10.4, HPFS (India) has sustained, and continues to sustain, damages in an amount to be determined at or after trial.

## SECOND COUNTERCLAIM

### (Breach of Contract Against ICT)

90.     HPFS (India) repeats and realleges the allegations contained in paragraphs 1 through 89 above, as if set forth fully herein.

91.     Among other contractual obligations, pursuant to RRSA § 8, ICT agreed, in relevant part, that:

> If the re-sale of the Active Equipment requires it to be exported, re-exported or imported, ICT will be responsible for complying with all applicable laws and regulations and for obtaining all required export and import authorizations. … This Section 8 will survive the expiration or earlier termination of this Agreement.

92.     Upon information and belief, ICT breached the RRSA, and its failure to comply with applicable Chinese laws and regulations concerning the importation of the equipment led to and/or contributed to the damages that plaintiffs allegedly suffered, as detailed in the Second Amended Complaint.

93.     HPFS (India) performed its obligations pursuant to the RRSA.

94.     As a result of ICT's breach of the RRSA, HPFS (India) has sustained, and continues to sustain, damages in an amount to be determined at trial.

## THIRD COUNTERCLAIM

### (Contribution Against ICT, Styller, and the Individual Plaintiff/Defendants)

95.     HPFS (India) repeats and realleges the allegations contained in paragraphs 1 through 94 above, as if set forth fully herein.

2561097.2□108164-84842

96.     In the event that HPFS (India) is held liable to Plaintiffs or any one of them, which liability HPFS (India) expressly denies, then any judgment, verdict or settlement against HPFS (India) will be the result of the careless, negligent, or other culpable acts or omissions on the part of ICT, Styller, and/or the Individual Plaintiff/Defendants and, therefore, HPE is entitled to contribution from the aforementioned parties in accordance with their relative culpability.

97.     As a result of ICT's, Styller's, and/or the Individual Plaintiff/Defendants' careless, negligent, or other culpable acts or omissions, HPFS (India) has sustained, and continues to sustain, damages in an amount to be determined at trial.

**WHEREFORE**, HPFS (India) demands judgment dismissing the Second Amended Complaint with prejudice, as well as judgment over and against ICT, Styller, and/or the Individual Plaintiff/Defendants for the entire amount of any judgment, verdict or settlement rendered against HPFS (India), or for that portion of any judgment, verdict or settlement in accordance with their relative culpability, together with costs and attorneys' fees associated with defense of this action, and for such other and further relief as the Court deems just and proper.

Dated: September 8, 2017

By: /s/ Stuart M. Glass
Stuart M. Glass (BBO # 641466)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 502-4077

Anthony P. Callaghan (admitted *pro hac vice*)
Paul A. Saso (admitted *pro hac vice*)
GIBBONS P.C
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018

*Attorneys for Defendant Hewlett-Packard Financial Services (India) Private Limited*

2561097.2□108164-84842