UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC. JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNGANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGUA NI, <br><br> Plaintiffs, <br><br> v. <br><br> HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP, INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL, <br><br> Defendants. | Case No. 16-cv-10386-LTS |

ORDER ON MOTIONS TO DISMISS (DOCS. 109, 110, and 111)

October 11, 2017

SOROKIN, D.J.

On September 5, 2017 Defendant Hewlett Packard Enterprise Company ("HPE") answered Plaintiffs' Second Amended Complaint and asserted a Counterclaim for indemnification against ICT and a second Counterclaim against ICT, Alexander Styller, and the Individual Plaintiffs/Defendants (Jade Cheng, Jason Yuyi, and Cathy Yu) for contribution. Doc. 106 at 52-53. On September 8, 2017 Defendants Hewlett-Packard Financial Services Company ("HPFS") and Hewlett-Packard Financial Services (India) ("HPFS (India)") separately answered the Second Amended Complaint and asserted parallel Counterclaims for indemnification against ICT and for contribution against ICT, Styller, and the Individual Plaintiff/Defendants. Doc. 107

1

at 51-52; Doc. 108 at 60-62. HPFS (India) asserted an additional Counterclaim for breach of contract against ICT. Id. at 61.

On September 22, 2017 all Plaintiffs moved to dismiss the Counterclaims by HPE, HPFS, and HPFS (India). Docs. 109, 110, and 111. The Plaintiffs supported these three motions with one combined memorandum. Doc. 112. The Defendants opposed. Doc. 114.

First, as to Plaintiffs Caroline Marafao Cheng, Pushun Cheng, Changzhen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni, the Motions to Dismiss are DENIED AS MOOT for the simple and obvious reason, ignored by these Plaintiffs, that no party has asserted a counterclaim against them. Second, the Motions to Dismiss by ICT, Styller, and the Individual Plaintiffs/Defendants are DENIED. The Motions disregard the applicable standard of review and assume that the factual allegations set forth in the Second Amended Complaint are incontestably established as a matter of law, among other reasons. See In re Loestrin 24 Fe Antitrust Litigation, 814 F.3d 538, 549 (1st Cir. 2016) (In evaluating a motion to dismiss claims in a complaint, a court "accept[s] as true all well-pled facts alleged in the complaint and draw[s] all reasonable inferences in [the pleader's] favor.") (internal citations omitted). Plaintiffs may renew their arguments in a motion for summary judgment filed at, but not before, the time the Court establishes for the filing of summary judgment motions in this case.

Accordingly, the Motions to Dismiss (Docs. 109, 110, and 111) are DENIED.

          SO ORDERED.

          /s/ Leo T. Sorokin
          Leo T. Sorokin
          United States District Judge