# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| ALEXANDER STYLLER, INTEGRATED ) | |
| COMMUNICATIONS & TECHNOLOGIES, ) | |
| INC., JADE CHENG, JASON YUYI, CATHY ) | |
| YU, CAROLINE MARAFAO CHENG, ) | |
| PUSHUN CHENG, CHANGZHEN NI, ) | |
| JUNFANG YU, MEIXIANG CHENG, ) | |
| FANGSHOU YU, and CHANGHUA NI, ) | |
| ) | |
| Plaintiffs, ) **Civil Action No. 1:16-CV-10386 (LTS)** | |
| v. ) | |
| ) | |
| ) | |
| HEWLETT-PACKARD FINANCIAL ) | |
| SERVICES COMPANY, HEWLETT-PACKARD ) | |
| FINANCIAL SERVICES (INDIA) PRIVATE ) | |
| LIMITED, HP INC., HEWLETT PACKARD ) | |
| ENTERPRISE COMPANY, and DAVID GILL, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## PLAINTIFFS-COUNTERCLAIM DEFENDANTS' ANSWER TO HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED'S COUNTERCLAIM

Plaintiffs-Counterclaim Defendants Integrated Communications & Technologies Inc., Jade Cheng, Jason Yuyi and Cathy Yu (collectively, "Counterclaim Defendants"), for their answer and affirmative defenses to Defendant-Counterclaim Plaintiff Hewlett-Packard Financial Services (India) Private Limited's ("Counterclaim Plaintiff") Counterclaim, state as follows:

1.      Counterclaim Defendants admit the allegations of paragraph 1 of the Counterclaim.

2.      Counterclaim Defendants admit the allegations of paragraph 2 of the Counterclaim.

3.      Counterclaim Defendants admit the allegations of paragraph 3 of the Counterclaim.

4.      Counterclaim Defendants admit the allegations of paragraph 4 of the Counterclaim.

5.      Counterclaim Defendants admit the allegations of paragraph 5 of the Counterclaim.

6.      Counterclaim Defendants admit the allegations of paragraph 6 of the Counterclaim.

7.      Counterclaim Defendants deny the allegations of paragraph 7 of the Counterclaim.

8.      Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Counterclaim and therefore deny them, except admit that HPFS India leased computer networking equipment to Tata Consultancy in connection with the Commonwealth Games in Dehli, India.

9.      Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Counterclaim and therefore deny them.

10.      Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Counterclaim and therefore deny them.

11.      Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Counterclaim and therefore deny them.

12.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Counterclaim and therefore deny them.

13.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Counterclaim and therefore deny them, except admit that TT Global was involved as Counterclaim Plaintiff's agent in the return of the equipment after the expiration of the leases.

14.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Counterclaim and therefore deny them.

15.     Counterclaim Defendants admit the allegations of paragraph 15 of the Counterclaim.

16.     Counterclaim Defendants admit the allegations of paragraph 16 of the Counterclaim.

17.     Counterclaim Defendants admit the allegations of paragraph 17 of the Counterclaim.

18.     Counterclaim Defendants admit the allegations of paragraph 18 of the Counterclaim except deny that their proposal involved "delivery of the equipment in India" as alleged in paragraph 18.

19.     Counterclaim Defendants admit the allegations in paragraph 19 of the Counterclaim except state that they negotiations were conducted among representatives of ICT and Defendant Hewlett-Packard Financial Services Company.

20.     Counterclaim Defendants admit the allegations of paragraph 20 of the Counterclaim.

21.     Counterclaim Defendants state that the RRSA speaks for itself and refer to it for its contents, and deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 21 of the Counterclaim.

22.     Counterclaim Defendants state that the referenced contracts speak for themselves and refer to them for their contents, and deny the remaining allegations of paragraph 22 of the Counterclaim.

23.     Counterclaim Defendants state that the RRSA speaks for itself and refer to it for its contents, and deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 23 of the Counterclaim.

24.     Counterclaim Defendants state that the WSA speaks for itself and refer to it for its contents, and deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 24 of the Counterclaim.

25.     Counterclaim Defendants state that the WSA speaks for itself and refer to it for its contents, and deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 25 of the Counterclaim.

26.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Counterclaim and therefore deny them.

27.     Counterclaim Defendants admit that ICT was aware that the equipment it contractually agreed to purchase had previously been leased and used by third party, and deny the remaining allegations of paragraph 27 of the Counterclaim.

4

28.     Counterclaim Defendants deny the allegations in paragraph 28 of the Counterclaim.

29.     Counterclaim Defendants deny the allegations in paragraph 29 of the Counterclaim.

30.     Counterclaim Defendants deny the allegations in paragraph 30 of the Counterclaim.

31.     Counterclaim Defendants state that the RRSA and the WSA speak for themselves and refer to them for their contents, and deny Counterclaim Plaintiff's characterizations thereof in the remaining allegations of paragraph 31 of the Counterclaim

32.     Counterclaim Defendants admit the allegations in paragraph 32 of the Counterclaim.

33.     Counterclaim Defendants admit the allegations in paragraph 33 of the Counterclaim.

34.     Counterclaim Defendants state that the contract quoted in paragraph 34 speaks for itself and refer to it for its contents, and deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 34 of the Counterclaim.

35.     Counterclaim Defendants state that the RRSA speaks for itself and refer to it for its content, and deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 35 of the Counterclaim.

36.     Counterclaim Defendants deny the allegations in paragraph 36 of the Counterclaim.

37.     Counterclaim Defendants admit the quoted provision of the RRSA refer to it for the full context, and deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 37 of the Counterclaim.

38.     Counterclaim Defendants admit the quoted provision of the WSA and refer to it for the full context, and deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 38 of the Counterclaim.

39.     Counterclaim Defendants admit the quoted provision of the WSA and refer to it for the full context, and deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 39 of the Counterclaim.

40.     Counterclaim Defendants admit the allegations in paragraph 40 of the Counterclaim.

41.     Counterclaim Defendants admit the allegations in paragraph 41 of the Counterclaim.

42.     Counterclaim Defendants admit the allegations in paragraph 42 of the Counterclaim.

43.     Counterclaim Defendants admit that they sold some of the equipment between February and December of 2012 but deny that they sold "most of the equipment" as this phrase is ambiguous in the context.

44.     Counterclaim Defendants admit the allegations in paragraph 44 of the Counterclaim.

45.     Counterclaim Defendants admit the allegations in paragraph 45 of the Counterclaim.

46.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 46 of the Counterclaim and therefore deny them, except admit that H3C reported to the police that the transceivers had counterfeit H3C logos on them.

47.     Counterclaim Defendants admit allegations in paragraph 47 of the Counterclaim.

48.     Counterclaim Defendants admit allegations in paragraph 48 of the Counterclaim.

49.     Counterclaim Defendants deny the allegations in paragraph 49 of the Counterclaim that the police "charged" them with criminal violations.

50.     Counterclaim Defendants admit the allegations of paragraph 50 of the Counterclaim.

51.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 51 of the Counterclaim and therefore deny them.

52.     Counterclaim Defendants admit the allegations of paragraph 52 of the Counterclaim except state that they reached out to the representatives of Defendant Hewlett-Packard Financial Services Company.

53.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Counterclaim and therefore deny them.

54.     Counterclaim Defendants deny the allegations of paragraph 54 of the Counterclaim.

55.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Counterclaim and therefore deny them.

56.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Counterclaim and therefore deny them.

57.     Counterclaim Defendants deny the allegations in paragraph 57 of the Counterclaim.

58.     Counterclaim Defendants admit the allegations in paragraph 58 of the Counterclaim.

59.     Counterclaim Defendants admit the allegations in paragraph 59 of the Counterclaim.

60.     Counterclaim Defendants admit the allegations of paragraph 60 of the Counterclaim.

61.     Counterclaim Defendants admit that the email referenced in paragraphs 60-61 of the Counterclaim contains the quoted language but deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 61.

62.     Counterclaim Defendants admit that the email referenced in paragraph 62 of the Counterclaim contains the quoted language but deny Counterclaim Plaintiff's characterization thereof in the remaining allegations of paragraph 62.

63.     Counterclaim Defendants deny the allegations of paragraph 63 of the Counterclaim.

64.     Counterclaim Defendants admit the allegations of paragraph 64 of the Counterclaim and state that counterfeit H3C logos were affixed to the equipment prior to December 2011.

65.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 65 of the Counterclaim and therefore deny them.

66.     Counterclaim Defendants admit the allegations of paragraph 66 of the Counterclaim.

67.     Counterclaim Defendants admit the allegations of paragraph 67 of the Counterclaim.

68.     Counterclaim Defendants deny the allegations of paragraph 68 of the Counterclaim.

69.     Counterclaim Defendants admit the allegations of paragraph 69 of the Counterclaim.

70.     Counterclaim Defendants admit the allegations of paragraph 70 of the Counterclaim.

71.     Counterclaim Defendants admit the allegations of paragraph 71 of the Counterclaim.

72.     Counterclaim Defendants admit the allegations of paragraph 72 of the Counterclaim.

73.     Counterclaim Defendants deny the allegations of paragraph 73 of the Counterclaim.

74.     Counterclaim Defendants deny the allegations of paragraph 74 of the Counterclaim.

75.     Counterclaim Defendants deny the allegations of paragraph 75 of the Counterclaim.

76.     Counterclaim Defendants deny the allegations of paragraph 76 of the Counterclaim.

77.     Counterclaim Defendants deny the allegations of paragraph 77 of the Counterclaim.

78.     Counterclaim Defendants deny the allegations of paragraph 78 of the Counterclaim.

79.     Counterclaim Defendants deny the allegations of paragraph 79 of the Counterclaim.

80.     Counterclaim Defendants admit the allegations of paragraph 80 of the Counterclaim and state that counterfeit H3C logos were affixed to the equipment prior to December 2011.

81.     Counterclaim Defendants lack sufficient independent information on which to form a belief as to the truth or falsity of the allegations in paragraph 81 of the Counterclaim and therefore deny them, except admit that H3C claimed that the equipment was counterfeit.

82.     Counterclaim Defendants deny the allegations of paragraph 82 of the Counterclaim.

83.     Counterclaim Defendants deny the allegations of paragraph 83 of the Counterclaim.

84.     Counterclaim Defendants repeat and reallege the responses contained in paragraphs 1 through 83 above as if set forth fully herein.

85.     Counterclaim Defendants Counterclaim Defendants admit that the RRSA contains the provision quoted in paragraph 34 of the Counterclaim and refer to the RRSA for the full context.

86.     Counterclaim Defendants deny the allegations of paragraph 86 of the Counterclaim.

87.     Counterclaim Defendants deny the allegations of paragraph 87 of the Counterclaim.

88.     Counterclaim Defendants deny the allegations of paragraph 88 of the Counterclaim.

89.     Counterclaim Defendants deny the allegations of paragraph 89 of the Counterclaim.

90.     Counterclaim Defendants repeat and reallege the responses contained in paragraphs 1 through 89 above as if set forth fully herein.

91.     Counterclaim Defendants Counterclaim Defendants admit that the RRSA contains the provision quoted in paragraph 91 of the Counterclaim and refer to the RRSA for the full context.

92.     Counterclaim Defendants deny the allegations of paragraph 92 of the Counterclaim.

93.     Counterclaim Defendants deny the allegations of paragraph 93 of the Counterclaim.

94.    Counterclaim Defendants deny the allegations of paragraph 94 of the Counterclaim.

95.    Counterclaim Defendants repeat and reallege the responses contained in paragraphs 1 through 94 above as if set forth fully herein.

96.    Counterclaim Defendants deny the allegations of paragraph 96 of the Counterclaim.

97.    Counterclaim Defendants deny the allegations of paragraph 97 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Counterclaim Defendants did not cause any injury or damage to Counterclaim Plaintiff, and were not the actual or proximate cause of any of Counterclaim Plaintiff's alleged injury or damages.

### THIRD DEFENSE

The Counterclaim is barred due to Counterclaim Plaintiff's failure to mitigate its damages, if any.

### FOURTH DEFENSE

The Counterclaim is barred by the doctrine of estoppel.

### FIFTH DEFENSE

The Counterclaim is barred by the doctrine of unclean hands.

### SIXTH DEFENSE

The Counterclaim is barred because Counterclaim Defendants did not violate any statutory, contractual, common law or any other legal or equitable duty owed to Counterclaim Plaintiff.

### EIGHTH DEFENSE

The Counterclaim is barred because Counterclaim Defendants acted at all times lawfully, in good faith and without any improper motive or purpose.

### NINTH DEFENSE

The Counterclaim is barred by the doctrine of unclean hands.

### TENTH DEFENSE

Counterclaim Defendants intend to rely upon any other and further defenses that become available or appear during pre-trial proceedings, based upon evidence developed in discovery or otherwise, and hereby reserve the right to amend or supplement their answer to assert any such defenses.

Dated:  November 3, 2017                                  Respectfully Submitted,

_____

Joshua McGuire                                     Dimitry Joffe
(BBO #651877)                                      (admitted *pro hac vice*)
The Law Office of Josh McGuire                     Joffe Law P.C.
51 Winchester St., Suite 205                       230 Park Avenue, 10 Fl.
Newton, MA 02461                                   New York, NY 10169
Tel: (617) 461-6400                                Tel: (212) 309-8711
Email: josh@joshmcguirelaw.com                     Email: dimitry@joffe.law

                                                   *Counsel for the Plaintiffs-Counterclaim*
                                                   *Defendants*

13

## CERTIFICATE OF SERVICE

I, Dimitry Joffe, hereby certify that on this 3d day of November 2017, I caused a copy of this Answer to be sent electronically to the registered participants in this case through the ECF system.

_____

Dimitry Joffe