## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALEXANDER STYLLER, INTEGRATED
COMMUNICATIONS & TECHNOLOGIES,
INC., JADE CHENG, JASON YUYI, CATHY
YU, CAROLINE MARAFAO CHENG, PUSHUN
CHENG, CHANGZHEN NI, JUNFANG YU,
MEIXIANG CHENG, FANGSHOU YU, and
CHANGHUA NI,

        Plaintiffs,

vs.

HEWLETT-PACKARD FINANCIAL SERVICES
COMPANY, HEWLETT-PACKARD
FINANCIAL SERVICES (INDIA) PRIVATE
LIMITED, HP INC., HEWLETT PACKARD
ENTERPRISE COMPANY, and DAVID GILL

        Defendants.

Civil Action No. 1:16-CV-10386 (LTS)

## DEFENDANT DAVID GILL'S ANSWER TO THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM

Defendant David Gill ("Defendant Gill") for his answer and affirmative defenses to the

Second Amended Complaint and its counterclaim, states as follows:

**As to Parties**

1.      Defendant Gill lacks sufficient independent information on which to form a belief

as to the truth or falsity of the allegations set forth in paragraph 1 and, therefore, denies same.

2.      Defendant Gill lacks sufficient independent information on which to form a belief

as to the truth or falsity of the allegations set forth in paragraph 2 and, therefore, denies same.

3.      Defendant Gill lacks sufficient independent information on which to form a belief

as to the truth or falsity of the allegations set forth in paragraph 3 and, therefore, denies same.

4.      Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 and, therefore, denies same.

5.      Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 and, therefore, denies same.

6.      Defendant Gill denies the factual allegations in paragraph 6, to the extent any exist, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

7.      Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 and, therefore, denies same.

8.      Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 and, therefore, denies same.

9.      Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 and, therefore, denies same.

10.      Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 and, therefore, denies same.

11.      Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 and, therefore, denies same.

12.      Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 and, therefore, denies same.

13.      Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 and, therefore, denies same.

14.     Defendant Gill denies the factual allegations in paragraph 14, to the extent any exist, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

15.     Defendant Gill admits that HPFS (India) is a wholly owned subsidiary of HPFS as alleged at paragraph 15, but denies that HPFS is a wholly-owned subsidiary of HPI.  As to the remainder of the allegations in paragraph 15, Defendant Gill is not the subject of such allegations but objects to and denies the characterization of HPFS's businesses, corporate status and affiliations, and domestic and overseas operations to the extent that the same are inconsistent with HPFS's past, current, and relevant future ownership, structure, and circumstances.

16.     Defendant Gill denies the factual allegations in paragraph 16 regarding HPFS's direct involvement in contracts, except admits that he and some or all of the other named individuals conducted negotiations and/or acted on behalf of HPFS (India).

17.     Defendant Gill admits the factual allegations in paragraph 17 to the extent that the same allege that the relevant contractual documents were executed on behalf of HPFS (India), and asserts that the contents of the referenced documents speak for themselves.

18.     Defendant Gill admits that HPFS (India) is an Indian-registered company with a registered office and headquarters in Bangalore, India, and that it is an indirectly wholly owned subsidiary of HPFS.  As to the remainder of the allegations in paragraph 18, Defendant Gill objects to and denies the characterization of HPFS (India)'s business and operations to the extent that the same are inconsistent with HPFS (India)'s past, current, and relevant future circumstances. Defendant Gill denies the remaining factual allegations in paragraph 17 to the extent that the same allege HPFS's exclusive involvement in the referenced contracts or sale, except admits that the contents of the referenced documents speak for themselves.

19.     Defendant Gill denies the factual allegations in paragraph 19, except admits that Defendants HPI and HPE are publicly traded companies resulting from the split of HP, that the split became effective in or about November of 2015; that HPI is headquartered at 1501 Page Mill Road, Palo Alto, California, 94304; that HPI is a legal successor to HP; and that HPE is headquartered at 3000 Hanover Street, Palo Alto, California, 94304.

20.     Defendant Gill denies his title as pled, but admits that he is and/or has been an Assistant General Counsel and an Assistant Secretary of HPEFS, denies the residential address ascribed to him, but admits that he is a resident of New South Wales and the remaining factual allegations in paragraph 20.

**As to Statement of Facts**

21.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 and, therefore, denies same.

22.     Defendant Gill admits, on information and belief, that HPFS (India) acquired networking equipment selected by Tata Consultancy Services Limited ("Tata") from Inspira Enterprise Private Limited, and that it entered lease transactions with regard to same in or about 2010.

23.     Defendant Gill admits, on information and belief, that at the end of the Tata lease, HPFS (India) took possession of the equipment leased by Tata and that TT Global handled that process on HPFS (India)'s behalf.

24.     Defendant Gill objects to and denies the speculative characterization of HPFS's standard operating procedures or whether they were applicable or in any way implicated as alleged in paragraph 24. Defendant Gill denies awareness of equipment being counterfeit, and states that the draft document referenced in paragraph 24 speaks for itself and refers to it for its contents.

25.     Defendant Gill denies the factual allegations in paragraph 25, except admits on information and belief that personnel acting on behalf of HPFS (India) contacted ICT in the summer of 2011 regarding the Equipment and that HPFS conducts business in Massachusetts.

26.     Defendant Gill denies the factual allegations in the first sentence of paragraph 26, except admits, on information and belief, that Mr. Silvestri engaged in negotiations with ICT on behalf of HPFS (India), whereby HPFS (India) was prepared to sell certain equipment to ICT, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 26 and, therefore, denies same.

27.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 and, therefore, denies same.

28.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 and, therefore, denies same.

29.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 29 and, therefore, denies same, except admits that Mr. Silvestri engaged in negotiations with ICT on behalf of HPFS (India).

30.     Defendant Gill admits involvement in the drafting of a Wholesale Sale Agreement on behalf of HPFS (India), and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 30 and, therefore, denies same.

31.     Defendant Gill denies the factual allegations in the first sentence of paragraph 31, except admits, on information and belief, that Mr. O'Grady met with Mr. Pekar to discuss a separate project in Russia, and lacks sufficient independent information on which to form a belief

as to the truth or falsity of the remaining allegations set forth in paragraph 31 and, therefore, denies same.

32.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 32 and, therefore, denies same, and states that the documents referenced in the second sentence of paragraph 32 speak for themselves and refers to them for their contents.

33.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 33 and, therefore, denies same, and states that the documents referenced in the second sentence of paragraph 33 speak for themselves and refers to them for their contents.

34.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in the first sentence of paragraph 34 regarding HPFS and, therefore, denies same, and states that the documents referenced in paragraph 34 speak for themselves and refers to them for their contents.  Defendant Gill also admits that he revised the contractual document referenced in paragraph 34 on behalf of HPFS (India), but denies concealment or failure to disclose that goods were counterfeit, and states that the documents referenced in paragraph 34 speak for themselves and refers to them for their contents.  Defendant Gill denies admitting that the equipment was counterfeit.

35.     Defendant Gill denies the factual allegations pertaining to HPFS and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegation in the first two sentences of paragraph 35 and, therefore, denies same; and states that the documents referenced in paragraph 35 speak for themselves and refers to them for their contents.

36.     Defendant Gill denies the allegations in paragraph 36 to the extent that they pertain to him, but admits that ICT and HPFS (India) executed the relevant referenced contracts, and refers to them for their contents.

37.     Defendant Gill objects to and denies the characterization of HP's internal policy as alleged in the first sentence of paragraph 37, except admits that two concurrent contracts were executed, and admits that the Referral and Revenue Share Agreement ("RRSA") was executed by Javlin Lim on HPFS (India)'s behalf, and states that the document referenced in paragraph 37 speaks for itself and refers to it for its contents.

38.     Defendant Gill admits that the Wholesale Sale Agreement ("WSA") was executed by Kevan Bartley on behalf of HPFS (India) as alleged in paragraph 38, and states that the document referenced in paragraph 38 speaks for itself and refers to it for its contents.

39.     Defendant Gill denies the factual allegations in paragraph 39, except admits that a purchase order issued by Shinto Creative Elements Private Limited ("Shinto") to HPFS (India) was executed on behalf of HPFS (India) by James O'Grady, and states that the document referenced in paragraph 39 speaks for itself and refers to it for its contents.

40.     Defendant Gill denies the  conjectural and argumentative allegations in paragraph 40, objects to and denies the characterization of the factual allegations, and states that the documents referenced in paragraph 40 speak for themselves, and refers to them for their contents.

41.     Defendant Gill denies the factual allegations in paragraph 41, objects to their characterization, and states that the documents referenced in paragraph 41 speak for themselves, and refers to them for their contents.

42.     Defendant Gill denies the factual allegations in paragraph 42, except states that the draft document referenced in paragraph 42 speaks for itself and refers to it for its contents.

43.     The allegations set forth at paragraph 43 comprise legal conclusions to which no response is necessary.  Nonetheless, Defendant Gill denies any factual allegations in paragraph 43, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 43 and, therefore, denies same.

44.     Defendant Gill denies the factual allegations in paragraph 44, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 44 and, therefore, denies same.

45.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 45 and, therefore, denies same, except states that the document referenced in paragraph 45 speaks for itself and refers to it for its contents.

46.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 and, therefore, denies same.

47.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 and, therefore, denies same.

48.     Defendant Gill denies the factual allegations in the first sentence of paragraph 48 and admits, on information and belief, that TT Global may have taken photos of certain equipment.

49.     To the extent that paragraph 49 does not set forth a legal conclusion or speculative statement, Defendant Gill denies the same or lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 and, therefore, denies same.

50.     Defendant Gill denies the factual allegations in paragraph 50, except admits on information and belief that Mr. Harris, acting on behalf of HPFS (India), conducted an inspection of the remaining Equipment with Mr. Pekar, but objects to and denies the characterization of the of the conclusion of the inspection and offer to sell the remaining equipment, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations regarding ICT's decisions as described in paragraph 49 and, therefore, denies same.  Defendant Gill, on information and belief, admits that HPFS (India) disposed of the remainder of the equipment.

51.     Defendant Gill denies the factual allegations in paragraph 51, except admits that at no time did HPFS (India) represent to ICT that the Equipment was counterfeit, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

52.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 and, therefore, denies same, except states that the document referenced in paragraph 52 speaks for itself and refers to it for its contents.

53.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 and, therefore, denies same, except states that the document referenced in paragraph 53 speaks for itself and refers to it for its contents.

54.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 and, therefore, denies same; except states that the document referenced in paragraph 54 speaks for itself and refers to it for its contents.

55.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 and, therefore, denies same.

56.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 and, therefore, denies same; except states that the document referenced in paragraph 56 speaks for itself and refers to it for its contents.

57.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 and, therefore, denies same; except states that the document referenced in paragraph 57 speaks for itself and refers to it for its contents.

58.    Defendant Gill denies the factual allegations in paragraph 58 as they pertain to him, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

59.    Defendant Gill denies the factual allegations in paragraph 59 as they pertain to him, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

60.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the factual allegations set forth in paragraph 60 and, therefore, denies same; and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

61.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 and, therefore, denies same.

62.    Defendant Gill denies the factual allegations in paragraph 62.

63.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 63 and, therefore, denies same; except states that the extraneous, irrelevant, and self-serving articles and documents referenced in paragraph 63 speak for themselves and refers to them for their contents.

64.    Defendant Gill denies that the self-serving characterization that Individual Plaintiffs were "imprisoned by HP for doing nothing more than selling HP's Equipment for HP's ultimate benefit," lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 and, therefore, denies same, and states that the document referenced in paragraph 64 speaks for itself and refers to it for its contents.

65.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 65 and, therefore, denies same.

66.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 and, therefore, denies same; except states that the documents referenced in paragraph 66 speak for themselves and refers to them for their contents.

67.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 67 and, therefore, denies same.

68.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 68 and, therefore, denies same.

69.    Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 69 and, therefore, denies same; except states that the documents referenced in paragraph 69 speak for themselves and refers to them for their contents.

70.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 70 and, therefore, denies same; except states that the documents referenced in paragraph 70 speak for themselves and refers to them for their contents.

71.     Defendant Gill objects to and denies the characterization of events as recited in paragraph 71, and further states that he lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 71 and, therefore, denies same.

72.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 72 and, therefore, denies same; except admits on information and belief that ICT personnel contacted personnel acting on HPFS (India)'s behalf about the matter in or about late January, 2013.

73.     Defendant Gill denies the factual allegations in paragraph 73.

74.     Defendant Gill denies the factual allegations in paragraph 74, and denies the characterization that Mr. Silvestri's role was solely on behalf of HPFS, except states that the document referenced in paragraph 74 speaks for itself and refers to it for its contents.

75.     Defendant Gill objects to the characterization of the factual allegations in paragraph 75, to the extent any exist, except states that the document referenced in paragraph 75 speaks for itself and refers to it for its contents.

76.     Defendant Gill denies the factual allegations in paragraph 76, except states that the document referenced in paragraph 76 speaks for itself and refers to it for its contents.

77.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 77, to the extent any exist, except states that the document referenced in paragraph 77 speaks for itself and refers to it for its contents.

78.     Defendant Gill denies the characterization of his role in corresponding with Mr. Styller in February of 2016, except states that correspondence between the two as mis-referenced in paragraph 78 speaks for itself and refers to it for its contents.

79.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 79, except states that the document referenced in paragraph 79 speaks for itself and refers to it for its contents.

80.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 80, except states that the document referenced in paragraph 80 speaks for itself and refers to it for its contents.

81.     Defendant Gill denies the factual allegations in paragraph 81.

82.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 82, except states that the document referenced in paragraph 82 speaks for itself and refers to it for its contents.

83.     Defendant Gill states that the document referenced in paragraph 83 speaks for itself and refers to it for its contents.

84.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 84, except states that the documents referenced in paragraph 84 speak for themselves and refers to them for their contents.

85.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 85, except states that the document referenced in paragraph 85 speaks for itself and refers to it for its contents.

86.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 86, except states that the document referenced in paragraph 86 speaks for itself and refers to it for its contents.

87.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 87, except states that the document referenced in paragraph 87 speaks for itself and refers to it for its contents.

88.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 88, except states that the document referenced in paragraph 88 speaks for itself and refers to it for its contents.

89.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 89, except states that the document referenced in paragraph 89 speaks for itself and refers to it for its contents.

90.     Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 90, objects to them as speculative, and states that the remainder of paragraph 90 contains legal conclusions to which no response is necessary.

91.     Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 91 and, therefore, denies same; except states that the document referenced in paragraph 91 speaks for itself and refers to it for its contents.

92.    Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 92, except states that the documents referenced in paragraph 92 speak for themselves and refers to them for their contents.

93.    Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 93, except states that the document referenced in paragraph 93 speaks for itself and refers to it for its contents.

94.    Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 94, except states that the document referenced in paragraph 94 speaks for itself and refers to it for its contents.

95.    Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 95, except states that the document referenced in paragraph 95 speaks for itself and refers to it for its contents.

96.    Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 96, except states that the document referenced in paragraph 96 speaks for itself and refers to it for its contents.

97.    Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 97, except states that the document referenced in paragraph 97 speaks for itself and refers to it for its contents.

98.    Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 98, except states that the document referenced in paragraph 98 speaks for itself and refers to it for its contents.

99.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 99, except states that the document referenced in paragraph 99 speaks for itself and refers to it for its contents.

100.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 100, except states that the document referenced in paragraph 100 speaks for itself and refers to it for its contents.

101.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 101, except states that documents and correspondence referenced in paragraph 101 speak for themselves and refers to them for their contents.

102.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 102, except states that the document referenced in paragraph 102 speaks for itself and refers to it for its contents.

103.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 103, except states that the document referenced in paragraph 103 speaks for itself and refers to it for its contents.

104.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 104, except states that the document referenced in paragraph 104 speaks for itself and refers to it for its contents.

105.   Defendant Gill denies the factual allegations in paragraph 105, except states that the document referenced in paragraph 105 speaks for itself and refers to it for its contents.

106.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 106, except states that the document referenced in paragraph 106 speaks for itself and refers to it for its contents.

107.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 107, except states that the document referenced in paragraph 107 speaks for itself and refers to it for its contents.

108.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 108, except states that documents and correspondence referenced in paragraph 108 speak for themselves and refers to them for their contents.

109.  Defendant Gill denies the factual allegations in paragraph 109 as they pertain to Defendant Gill, except admits on information and belief that Mr. McCarthy retired as an in-house counsel for HPFS, and that he joined a private law firm in or about March of 2013.

110.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 110, except states that the document referenced in paragraph 110 speaks for itself and refers to it for its contents.

111.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 111, except states that the document referenced in paragraph 111 speaks for itself and refers to it for its contents.

112.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 112, except states that the document referenced in paragraph 112 speaks for itself and refers to it for its contents.

113.  Defendant Gill states that the document referenced in paragraph 113 speaks for itself and refers to it for its contents.

114.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 114, except states that the document referenced in paragraph 114 speaks for itself and refers to it for its contents.

115.  Defendant Gill states that the document referenced in paragraph 115 speaks for itself and refers to it for its contents.

116.  Defendant Gill denies the factual allegations in paragraph 116.

117.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 117, except states that the documents referenced in paragraph 117 speak for themselves and refers to them for their contents -- rather than on plaintiffs' misleading and self-serving excerpts, taken out of context, and with plaintiffs' false allegations interspersed.

118.  Defendant Gill denies the factual allegations in paragraph 118, except admits on information and belief that review of photographs, analysis of samples, and that a basic visual inspection of some of the Equipment had been performed.

119.  Defendant Gill denies the factual allegations contained in paragraph 119, which are wholly speculative and conclusory.

120.  Defendant Gill denies the factual allegations contained in paragraph 120.

121.  Defendant Gill denies the factual allegations in paragraph 121 as they pertain to him, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 121 and, therefore, denies same.

122.  Defendant Gill denies the factual allegations in paragraph 122 as they pertain to him, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 122 and, therefore, denies same.

123.  Defendant Gill denies the factual allegations in paragraph 123 as related to him regarding acting in concert or an alleged frame job.

124.  Defendant Gill denies the factual allegations in paragraph 124, noting that on or about March 27, 2013, HPFS (India) provided a draft submission to the Chinese authorities (in

English) to ICT and that Defendant Gill and others participated in the drafting and revision of said draft submission.

125.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 125, except states that the draft document on behalf of HPFS (India) referenced in paragraph 125 speaks for itself and refers to it for its contents.

126.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 126, except states that the draft document referenced in paragraph 126 speaks for itself and refers to it for its contents.

127.   Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 127 and, therefore, denies same.

128.   Defendant Gill admits the factual allegations in paragraph 128, and states that the draft document referenced in paragraph 128 speaks for itself and refers to it for its contents.

129.   Defendant Gill states that the draft document referenced in paragraph 129 speaks for itself and refers to it for its contents.

130.   Defendant Gill admits that he and Lester Riordan had a telephone call in early April of 2013, but that time differences may result in the date being recorded inconsistently, and states that the e-mail referenced in paragraph 130 speaks for itself and refers to it for its contents.

131.   Defendant Gill states that the document referenced in paragraph 131 speaks for itself and refers to it for its contents.

132.   Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 132, except states that the document referenced in paragraph 132 speaks for itself and refers to it for its contents.

133.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 133 as they pertain to him, except states that the document referenced in paragraph 133 speaks for itself and refers to it for its contents.

134.  Defendant Gill states that the document referenced in paragraph 134 speaks for itself and refers to it for its contents.

135.  Defendant Gill states that the communication referenced in paragraph 135 speaks for itself and refers to it for its contents.

136.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 136, except states that the document referenced in paragraph 136 speaks for itself and refers to it for its contents.

137.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 137, except states that the document referenced in paragraph 137 speaks for itself and refers to it for its contents.

138.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 138, except states that the document referenced in paragraph 138 speaks for itself and refers to it for its contents.

139.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 139, except states that the draft document or documents referenced in paragraph 139 speaks for themselves and refers to them for their contents.

140.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 140, except states that the document referenced in paragraph 140 speaks for itself and refers to it for its contents.

141.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 141, except states that the draft and final documents referenced in paragraph 141 speak for themselves and refers to them for their contents.

142.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 142, except states that the draft and final documents referenced in paragraph 142 speaks for themselves and refers to them for their contents.

143.  Defendant Gill denies the factual allegations in paragraph 143 as they pertain to him, except states that the documents referenced in paragraph 143 speak for themselves and refers to them for their contents.

144.  Defendant Gill admits that the April 22, 2013 letter was executed by Defendant Gill on behalf of HPFS (India), except states that he was an actively engaged Director of HPFS (India).

145.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 145, except states that the draft and final document referenced in paragraph 145 speak for themselves and refers to them for their contents; and Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations concerning the Individual Plaintiffs' release from prison, except admits on information and belief that the Individual Plaintiffs were released from prison on or about July 17, 2013.

146.  Defendant Gill denies the factual allegations in paragraph 146.

147.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 147, except states that the document referenced in paragraph 147 speaks for itself and refers to it for its contents.

148.  Defendant Gill objects to and denies the factual allegations in paragraph 148, except states that the document and/or communication referenced in paragraph 148 speaks for itself and refers to it for its contents.

149.  Defendant Gill denies the factual allegations in paragraph 149.

150.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 150.

151.  Defendant Gill states that the communication referenced in paragraph 151 speaks for itself and refers to it for its contents.

152.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 152, except states that the document and/or communication referenced in paragraph 152 speaks for itself and refers to it for its contents.

153.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 153, except states that the document and/or communication referenced in paragraph 153 speaks for itself and refers to it for its contents.

154.  Defendant Gill states that the document referenced in paragraph 154 speaks for itself and refers to it for its contents.

155.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 155, except states that the document referenced in paragraph 155 speaks for itself and refers to it for its contents.

156.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 156, except states that the document and/or communication referenced in paragraph 156 speaks for itself and refers to it for its contents.

157. Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 157, except states that the documents and/or communications referenced in paragraph 157 speak for themselves and refers to them for their contents.

158. Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 158, except states that the documents and/or communications referenced in paragraph 158 speaks for themselves and refers to them for their contents

159. Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 159, except states that the documents and/or communications referenced in paragraph 159 speak for themselves and refers to them for their contents.

160. Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 160 and, therefore, denies same, except admits that the document referenced in paragraph 160 was delivered on or about May 2, 2013 and states that the document referenced in paragraph 160 speaks for itself and refers to it for its contents.

161. Defendant Gill denies the factual allegations in paragraph 161 as they pertain to him.

162. Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 162 and, therefore, denies same.

163. Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 163, except states that the documents referenced in paragraph 163 speak for themselves and refers to them for their contents.

164. Defendant Gill denies the factual allegations in paragraph 164.

165.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 165.

166.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 166 and, therefore, denies same.

167.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 167 and, therefore, denies same; except states that the document referenced in paragraph 167 speaks for itself and refers to it for its contents.

168.  Defendant Gill states that the documents referenced in paragraph 168 speak for themselves and refers to them for their contents.

169.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 169, except states that the documents and/or communications referenced in paragraph 169 speak for themselves and refers to them for their contents.

170.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 170, except states that the documents and/or communications referenced in paragraph 170 speak for themselves and refers to them for their contents.

171.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 171, and Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 171 and, therefore, denies same.

172.  Defendant Gill admits that he and Messrs. Patterson and Riordan participated on a telephone call in or about the week of June 17, 2013.

173. Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 173, except states that the documents and/or communications referenced in paragraph 173 speak for themselves and refers to them for their contents.

174. Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 174, except states that the documents and/or communications referenced in paragraph 174 speaks for itself and refers to it for its contents.

175. Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 175, except states that the documents and/or communications referenced in paragraph 175 speaks for itself and refers to it for its contents.

176. Defendant Gill denies the factual allegations in paragraph 176, except admits on information and belief that ICT and personnel on behalf of HPFS (India) participated in discussions and communications concerning a Return Merchandize Authorization ("RMA").

177. Defendant Gill denies the factual allegations in paragraph 177, except admits on information and belief that that ICT and personnel on behalf of HPFS (India) participated in discussions and communications concerning a Return Merchandize Authorization ("RMA"), but states that such negotiations did not reach a final resolution.

178. Defendant Gill states that the document referenced in paragraph 178 speaks for itself and refers to it for its contents.

179. Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 179, except states that the documents and/or communications referenced in paragraph 179 speaks for itself and refers to it for its contents.

180. Defendant Gill states that the documents referenced in paragraph 180 speak for themselves and refers to them for their contents.

181.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 181.

182.  Defendant Gill states that the documents and/or communications referenced in paragraph 182 speaks for themselves and refers to them for their contents.

183.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 183, except states that the documents and/or communications referenced in paragraph 183 speak for themselves and refers to them for their contents.

184.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 184 as they pertain to him, except states that the documents and/or communications referenced in paragraph 184 speak for themselves and refers to them for their contents.

185.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 185 as they pertain to him, except states that the documents and/or communications referenced in paragraph 185 speak for themselves and refers to them for their contents.

186.  Defendant Gill states that the documents and/or communications referenced in paragraph 186 speak for themselves and refers to them for their contents.

187.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 187 as they pertain to him, except states that the documents and/or communications referenced in paragraph 187 speak for themselves and refers to them for their contents.

188.  Defendant Gill states that the documents and/or communications referenced in paragraph 188 speak for themselves and refers to them for their contents.

189.  Defendant Gill denies the factual allegations in paragraph 189, except states that the remaining allegations contain legal assertions or conclusory statements to which no answer is

required, and states that the documents referenced in paragraph 189 speak for themselves and refers to them for their contents.

190.  Defendant Gill denies the factual allegations in paragraph 190.

191.  Defendant Gill denies the factual allegations in paragraph 191, except admits the characterization of the Gibbons P.C. as a law firm and Mr. McCarthy's role there.

192.  Defendant Gill denies the factual allegations in paragraph 192, except admits that Mr. McCarthy was employed as Vice President, General Counsel and Secretary at HPFS and that HPFS's legal department employed a number of attorneys, and states that the document or report of an interview referenced in paragraph 192 speaks for itself and refers to it for its contents.

193.  Defendant Gill denies the factual allegations relating to him in the last sentence of paragraph 193 and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 193 and, therefore, denies same.

194.  Defendant Gill denies the factual allegations relating to him in the last sentence of paragraph 194 and lacks sufficient independent information on which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 194 and, therefore, denies same.

195.  Defendant Gill denies the factual allegations in paragraph 195.

196.  Defendant Gill denies the factual allegations in paragraph 196.

197.  Defendant Gill admits the factual allegations in paragraph 197 on information and belief.

198.  Defendant Gill states that the document referenced in paragraph 198 speaks for itself and refers to it for its contents.

199.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 199, except states that the documents and/or communications referenced in paragraph 199 speaks for itself and refers to it for its contents.

200.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 200, except states that the documents and/or communications referenced in paragraph 200 speaks for itself and refers to it for its contents.

201.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 201, except states that the documents and/or communications referenced in paragraph 201 speak for themselves and refers to them for their contents.

202.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 202, and states that the remainder of paragraph 202 contains legal conclusions to which no response is necessary.

203.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 203, except states that the document referenced in paragraph 203 speaks for itself and refers to it for its contents.

204.  Defendant Gill denies the factual allegations in paragraph 204, except admits on information and belief that ICT violated China's import/export and/or anti-counterfeit laws.

205.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 205, except states that the document referenced in paragraph 205 speaks for itself and refers to it for its contents.

206.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 206, and the remainder of the paragraph constitutes legal conclusions and conclusory statements to which no response is necessary.

207.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 207, except states that the document referenced in paragraph 207 speaks for itself and refers to it for its contents.

208.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 208, except states that the document referenced in paragraph 208 speaks for itself and refers to it for its contents.

209.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 209, except states that the document referenced in paragraph 209 speaks for itself and refers to it for its contents.

210.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 210, except states that the various draft and final documents referenced in paragraph 210 speak for themselves and refers to them for their contents.

211.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 211, except states that the document referenced in paragraph 211 speaks for itself and refers to it for its contents.

212.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 212, except states that the document referenced in paragraph 212 speaks for itself and refers to it for its contents.

213.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 213, except states that the document referenced in paragraph 213 speaks for itself and refers to it for its contents.

214.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 214, except states that the document referenced in paragraph 214 speaks for itself and refers to it for its contents.

215.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 215, except states that the document referenced in paragraph 215 speaks for itself and refers to it for its contents.

216.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 216, except states that the document referenced in paragraph 216 speaks for itself and refers to it for its contents.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations in the last sentence of paragraph 216 and, therefore, denies same.

217.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 217, except states that the document referenced in paragraph 217 speaks for itself and refers to it for its contents.

218.  Defendant Gill denies the factual allegations in paragraph 218.

219.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 219, except states that the document referenced in paragraph 219 speaks for itself and refers to it for its contents.

220.  Defendant Gill objects to and denies the characterization of the factual allegations in paragraph 220, except states that the document referenced in paragraph 220 speaks for itself and refers to it for its contents.

221.  Defendant Gill denies the factual allegations in paragraph 221.

222.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 222 and, therefore, denies same; except states that the document referenced in paragraph 222 speaks for itself and refers to it for its contents.

223.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 223 and, therefore, denies same; except states that the document referenced in paragraph 223 speaks for itself and refers to it for its contents.

224.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 224 and, therefore, denies same; except states that the document or record referenced in paragraph 224 speaks for itself and refers to it for its contents.

225.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 225 and, therefore, denies same; except states that the statements referenced in paragraph 225 speak for themselves and refers to them for their contents.

226.  Defendant Gill denies the factual allegations in paragraph 226 concerning Defendants' efforts, and lacks sufficient independent information on which to form a belief as to the truth or falsity of the additional allegations set forth in paragraph 226 and, therefore, denies same.

227.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 227 and, therefore, denies same.

228.  Defendant Gill denies the allegations in paragraph 228 as they pertain to him and lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 228.

229.  Defendant Gill denies the factual allegations in paragraph 229, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

230.  Defendant Gill denies the factual allegations in paragraph 230, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

231.  Defendant Gill denies the factual allegations in paragraph 231, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

232.  Defendant Gill denies the factual allegations in paragraph 232, except states that the documents referenced in paragraph 232 speak for themselves and refers to them for their contents.

233.  Defendant Gill denies the factual allegations in paragraph 233, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

234.  Defendant Gill denies the factual allegations in paragraph 234.

235.  Defendant Gill denies the factual allegations in paragraph 235.

236.  Defendant Gill denies the factual allegations in paragraph 236, except states that the documents referenced in paragraph 236 speak for themselves and refers to them for their contents.

**As to Claims**

237.  Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 236 of this Answer as if set forth fully herein.

238. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 238.

239. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 239.

240. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 240.

241. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 241.

242. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs

of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 242.

243. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 243.

244. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 244.

245. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 245.

246. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 246.

247. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 247.

248. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 248.

249. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 249.

250. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 250.

251. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs

of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 251.

252. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.   To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 252.

253. Defendant Gill is not named as a target defendant in Count I of the Second Amended Complaint and, therefore, no answer is required.   To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 253.

254. Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 253 of this Answer as if set forth fully herein.

255. Defendant Gill is not named as a target defendant in Count II of the Second Amended Complaint and, therefore, no answer is required.   To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 255.

256. Defendant Gill is not named as a target defendant in Count II of the Second Amended Complaint and, therefore, no answer is required.   To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs

of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 256.

257. Defendant Gill is not named as a target defendant in Count II of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 257.

258. Defendant Gill is not named as a target defendant in Count II of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 258.

259. Defendant Gill is not named as a target defendant in Count II of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 259.

260. Defendant Gill is not named as a target defendant in Count II of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 260.

261. Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 260 of this Answer as if set forth fully herein.

262. Defendant Gill is not named as a target defendant in Count III of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 262.

263. Defendant Gill is not named as a target defendant in Count III of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 263.

264. Defendant Gill is not named as a target defendant in Count III of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 264.

265. Defendant Gill is not named as a target defendant in Count III of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 265.

266. Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 265 of this Answer as if set forth fully herein, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

267. Defendant Gill is not named as a target defendant in Count IV of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 267.

268. Defendant Gill is not named as a target defendant in Count IV of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 268.

269. Defendant Gill is not named as a target defendant in Count IV of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 269.

270. Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 269 of this Answer as if set forth fully herein.

271. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs

of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 271.

272. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 272.

273. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 273.

274. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 274.

275. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 275.

276. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 276.

277. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 277.

278. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 278.

279. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 279.

280. Defendant Gill is not named as a target defendant in Count V of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs

of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 280.

281. Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 280 of this Answer as if set forth fully herein.

282. Defendant Gill is not named as a target defendant in Count VI of the Second Amended Complaint and, therefore, no answer is required.   To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 282.

283. Defendant Gill is not named as a target defendant in Count VI of the Second Amended Complaint and, therefore, no answer is required.   To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 283.

284. Defendant Gill is not named as a target defendant in Count VI of the Second Amended Complaint and, therefore, no answer is required.   To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 284.

285. Defendant Gill is not named as a target defendant in Count VI of the Second Amended Complaint and, therefore, no answer is required.   To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs

of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 285.

286. Defendant Gill is not named as a target defendant in Count VI of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 286.

287. Defendant Gill is not named as a target defendant in Count VI of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 287.

288. Defendant Gill is not named as a target defendant in Count VI of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 288.

289. Defendant Gill is not named as a target defendant in Count VI of the Second Amended Complaint and, therefore, no answer is required.  To the extent that an answer be deemed required, Defendant Gill reasserts and repeats his relevant responses in other paragraphs of this Answer and, absent such relevant responses, denies the allegations and any claims of liability against him in paragraph 289.

290.  Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 289 of this Answer as if set forth fully herein.

291.  Defendant Gill denies the factual allegations against him in paragraph 291, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

292.  Defendant Gill denies the factual allegations against him in paragraph 292.

293.  Defendant Gill denies the factual allegations against him in paragraph 293, except states that the draft document referenced in paragraph 293 speaks for itself and refers to it for its contents.

294.  Defendant Gill denies the factual allegations against him in paragraph 294.

295.  Defendant Gill denies the factual allegations against him in paragraph 295.

296.  Defendant Gill denies the factual allegations against him in paragraph 296.

297.  Defendant Gill denies the factual allegations against him in paragraph 297.

298.  Defendant Gill denies the factual allegations against him in paragraph 298.

299.  Defendant Gill admits learning of the arrests and counterfeiting allegations some months after they happened, but denies other factual allegations against it in paragraph 299.

300.  Defendant Gill denies the factual allegations against him in paragraph 300, except states that the documents referenced in paragraph 300 speak for themselves and refers to them for their contents.

301.  Defendant Gill denies the factual allegations against him in paragraph 301, except that he admits that Mr. McCarthy was employed by HPFS as General Counsel and Secretary until he retired and later became employed by Gibbons P.C., and that Defendant Gill reported indirectly or directly to Mr. McCarthy while Mr. McCarthy was employed at HPFS.

302.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 302 and, therefore, denies same, but admits on information and belief that some awareness of the matter at HP may have predated the letters to Mr. Schultz and Ms. Whitman, and denies any reckless disregard of the matter.

303.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 303 and, therefore, denies same.

304.  Defendant Gill denies the factual allegations against him in paragraph 304, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

305.  Defendant Gill denies the factual allegations against him in paragraph 305.

306.  Defendant Gill denies the factual allegations against him in paragraph 306.

307.  Defendant Gill denies the factual allegations against him in paragraph 307, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

308.  Defendant Gill denies the factual allegations against him in paragraph 308, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

309.  Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 308 of this Answer as if set forth fully herein.

310.  Paragraph 310 sets forth legal assertions or conclusions for which no answer is required.

311. Defendant Gill denies the factual allegations against him in paragraph 311, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

312. Defendant Gill denies the factual allegations against him in paragraph 312, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

313. Defendant Gill denies the factual allegations against him in paragraph 313, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

314. Defendant Gill denies the factual allegations against him in paragraph 314, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

315. Defendant Gill denies the factual allegations against him in paragraph 315, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

316. Defendant Gill denies the factual allegations against him in paragraph 316, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

317. Defendant Gill denies the factual allegations against him in paragraph 317, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

318. Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 317 of this Answer as if set forth fully herein.

319.  Defendant Gill denies the factual allegations against him in paragraph 319, except lacks sufficient independent information on which to form a belief as to the truth or falsity of the factual allegations concerning the Individual Plaintiffs' imprisonment or length thereof and, therefore, denies same.

320.  Defendant Gill denies the factual allegations against him in paragraph 320, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

321.  Defendant Gill denies the factual allegations against him in paragraph 321, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

322.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 322 and, therefore, denies same.

323.  Defendant Gill denies the factual allegations against him in paragraph 323, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

324.  Defendant Gill denies the factual allegations against him in paragraph 324.

325.  Defendant Gill denies the factual allegations against him in paragraph 325, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

326.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 326 and, therefore, denies same; and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

327.  Defendant Gill denies the factual allegations against him in paragraph 327, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

328.  Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 328 and, therefore, denies same.

329.  Defendant Gill denies the factual allegations against him in paragraph 329, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

330.  Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 329 of this Answer as if set forth fully herein.

331.  Defendant Gill denies the factual allegations against him in paragraph 331, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

332.  Defendant Gill admits that he participated in preparing a submission to the Chinese authorities on or about April 22, 2013 to assist in efforts to secure the Individual Plaintiffs' release from prison, denies the remaining factual allegations against him in paragraph 331, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

333.  Defendant Gill denies the factual allegations against him in paragraph 333.

334.  Defendant Gill denies the factual allegations against him in paragraph 334, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

335.  Defendant Gill denies the factual allegations against him in paragraph 335.

336. Defendant Gill denies the allegations in paragraph 336, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

337. Defendant Gill denies the allegations in paragraph 337.

338. Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 337 of this Answer as if set forth fully herein.

339. Defendant Gill denies the factual allegations against him in paragraph 339.

340. Defendant Gill denies the factual allegations against him in paragraph 340, except admits that personnel on behalf of HPFS (India) negotiated and executed certain relevant contractual documents on behalf of HPFS (India), and that HPFS (India) sold equipment pursuant thereto to ICT.

341. Defendant Gill denies the factual allegations against him in paragraph 341.

342. Defendant Gill denies the factual allegations against him in paragraph 342, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

343. Defendant Gill denies the factual allegations against him in paragraph 343.

344. Defendant Gill denies the factual allegations against him in paragraph 344.

345. Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 344 of this Answer as if set forth fully herein.

346. Defendant Gill denies the factual allegations against him in paragraph 346.

347. Defendant Gill denies the factual allegations against him in paragraph 347, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

348. Defendant Gill denies the factual allegations against him in paragraph 348, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

349. Defendant Gill denies the factual allegations against him in paragraph 349, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

350. Defendant Gill repeats and re-alleges the responses contained in paragraphs 1 through 349 of this Answer as if set forth fully herein.

351. Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 351 and, therefore, denies same.

352. Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 352 and, therefore, denies same.

353. Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 353 and, therefore, denies same.

354. Defendant Gill lacks sufficient independent information on which to form a belief as to the truth or falsity of the allegations set forth in paragraph 354 and, therefore, denies same.

355. Defendant Gill denies the factual allegations against him in paragraph 355.

356. Defendant Gill denies the factual allegations against him in paragraph 356, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

## **AFFIRMATIVE DEFENSES**

## **FIRST SEPARATE DEFENSE**

The Second Amended Complaint, and each allegation therein, fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Defendant Gill has not caused any injury or damage to Plaintiffs, and was not the actual or proximate cause of any of Plaintiffs' alleged injuries or damages.

## THIRD SEPARATE DEFENSE

The Second Amended Complaint should be dismissed under the doctrine of forum non conveniens.

## FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred due to their failure to mitigate their damages, if any.

## FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and laches.

## SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to pursue their claims.

## TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because they are improperly pled under Massachusetts law.

## ELEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because Defendant Gill acted at all times lawfully, in good faith and without any improper motive or purpose, including with respect to Plaintiffs' purported rights.

## TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred because Defendant Gill violated no statutory, common law or other legal or equitable duty he owed to Plaintiffs.

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by written contracts.

## FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because Massachusetts law does not apply to or govern some or all of Plaintiffs' claims as against Defendant Gill.

## FIFTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because the contract for the sale of the subject equipment was governed by the laws of India, and the choice of forum for disputes under that agreement was India.

## SIXTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because, to the extent that any duty of care was owed by Defendant Gill to any Plaintiff other than ICT, such contractual obligation or duty of care was governed by the laws of the State of India or the People's Republic of China.

## SEVENTEENTH SEPARATE DEFENSE

Defendant Gill hereby gives notice that he intends to rely upon any other defense or defenses that become available or appear during pre-trial proceedings, based upon evidence developed in discovery or otherwise, and hereby reserve the right to amend his answer to assert any such defenses.

WHEREFORE, having answered the Second Amended Complaint and set forth his affirmative defenses thereto, Defendant Gill respectfully request that this Court dismiss the Second Amended Complaint with prejudice and that Defendant Gill be awarded all costs and

expenses incurred in defending the action, including fees and expenses of counsel, accountants and experts.

## COUNTERCLAIM ON BEHALF OF DAVID GILL

Defendant-Counterclaim Plaintiff David Gill for his Counterclaim, states as follows:

1.      Defendant-Counterclaim Plaintiff David Gill ("**Counterclaim Plaintiff Gill**") is a member of the legal department of Hewlett Packard Enterprise with primary responsibility for corporate, securities, merger and acquisitions activity in the Asia Pacific Japan region and also provides some secondary legal support to the Hewlett Packard Enterprise Financial Services business.

2.      Plaintiff-Counterclaim Defendant Integrated Communications & Technologies, Inc. ("**ICT**") is, on information and belief, a Massachusetts corporation doing business at 239 Commercial Street, Malden, Massachusetts 02148.

3.      Plaintiff-Counterclaim Defendant **Alexander Styller** is, on information and belief, the CEO and owner of ICT.

4.      Plaintiff-Counterclaim Defendant Jade Cheng is, on information and belief, a Chinese national who was employed by or associated with ICT in China at all relevant times.

5.      Plaintiff-Counterclaim Defendant Jason Yuyi is, on information and belief, a Chinese national who was employed by or associated with ICT in China at all relevant times.

6.      Plaintiff-Counterclaim Defendant Cathy Yu is, on information and belief, a Chinese national who was employed by or associated with ICT in China at all relevant times (Cheng, Yuyi, and Yi shall hereinafter be referred to as the "**Individual Plaintiff/Defendants**").

### The Agreements

7.      As pled, and as evidenced in documents and pleadings already in the record, or to be filed in the record, in or about 2011, HPFS (India) entered into an agreement with ICT involving the purchase for re-sale of used computer equipment then located in India.

8.      The agreement involved two contracts, both entered on information and belief on or about December 6, 2011.

9.      The first was a Referral and Revenue Share Agreement ("**RRSA**") between ICT itself and HPFS (India); and the second was a Wholesale Sale Agreement ("**WSA**") between HPFS (India) and ICT's Indian broker, Shinto Creative Elements Private Limited ("**Shinto**").

10.     Among the stated purposes of the RRSA between HPFS (India) and ICT was to provide HPFS (India) with a portion of any proceeds related to ICT's re-sale of the certain end-of-lease computer equipment in India.

11.     The sale of the equipment by HPFS (India) to ICT (through its nominated broker, Shinto) was governed by the WSA entered into between HPFS India and the broker, Shinto.

12.     Shinto expressly agreed in the WSA that it was purchasing the equipment "for the purpose of re-sale to ICT Company" and Shinto accepted all of the equipment "AS IS WITH DEFECTS".

13.     On information and belief, at all relevant times, ICT was fully aware that the equipment that it purchased from HPFS (India) had previously been leased and used by a third party; and ICT was fully aware that HPFS (India) sold the equipment on a discounted basis, disclaiming representations and warranties.

14.     Both the WSA and RRSA had merger clauses providing that the contracts themselves set forth the entirety of contractual terms between the parties.

**ICT Indemnified HPFS (India) and its Affiliates, Agents, Officers, etc.**

15.     ICT assumed responsibility for complying with all applicable laws in connection with the "use, operation, handling, treatment, storage, disposal, transportation, recycling, re-sale or destruction of the equipment".

16.     ICT was free to remarket the equipment anywhere it chose, but in doing so was contractually obligated to comply with the relevant law of the country or countries in which such remarketing was to take place, including the import/export laws of any such country.

17.     Under the agreement, ICT undertook contractual responsibility for indemnifying HPFS (India) and, among others, its affiliates, agents, officers and employees for any failure to abide by all laws, regulations, tax obligations, etc., associated with its handling, transportation, marketing and attempts at re-sale of the equipment pursuant to section 10.4 of the RRSA, and sections 8 and 9 of the WSA.

18.     The RRSA has an expansive indemnity provision that requires ICT to hold HPFS (India) and, among others, its affiliates, agents, officers and employees harmless from claims arising out of ICT's handling of the equipment.

19.     Specifically, Section 10.4 of the RRSA provides:

Indemnity

ICT will indemnify HPFS [India] and its affiliates, officers, directors, agents and employees harmless from and against any and all claims, actions, proceedings, losses, expenses (including reasonable attorneys' fees), demands or judgments which result or arise from the [sic] ICT's use, operation, handling, storage, disposal, transportation, recycling, re-sale or destruction of any Active Equipment.  This Section 10.4 will survive the termination of this Agreement.

20.     Similarly, section 8 of the WSA holds HPFS (India) harmless:

Buyer will defend and hold Seller and its affiliates, officers, directors, agents and employees harmless from and against any and

all claims, actions, proceedings, losses, expenses (including reasonable legal fees), demands, or judgments which result or arise from the use, operation, handling, treatment, storage, disposal, transportation, recycling, re-sale or destruction of the Equipment.

21.     Counterclaim Plaintiff Gill is, and at all relevant times was, an officer, director, agent, and/or employee of HPFS (India) or one or more of its affiliates.

22.     On information and belief, ICT purchased the subject equipment, and ICT and Styller arranged for some or all of it to be shipped to Hong Kong and, ultimately, to mainland China.

23.     On information and belief, between February and December of 2012, ICT, Styller, and the Individual Plaintiff/Defendants sold most of the equipment ICT had shipped to China.

24.     On information and belief, in December of 2012, the Chinese police raided the premises where ICT was operating in Beijing, seized equipment, and arrested the Individual Plaintiff/Defendants for marketing counterfeit equipment, charging them, in sum or in substance, with *Selling Commodities Carrying Counterfeit Registered Trademarks* in violation of the PRC Criminal Law.

25.     On information and belief, ICT and Styller failed to provide sufficient documentation to the police that the Individual Plaintiff/Defendants were legitimate ICT employees, and failed to properly establish the provenance or source of the seized equipment.

26.     On information and belief, at the time the Individual Plaintiff/Defendants were attempting to sell equipment in China, ICT and Styller had not established a wholly owned ICT foreign subsidiary or other legitimate trading entity in China; ICT was not authorized to trade there; ICT was not an authorized employer there; and/or ICT had not fully complied with China's laws regarding customs, importation, transportation, marketing, trade, and sale of goods

in China.    As such, on information and belief, ICT, Styller, and/or the Individual Plaintiff/Defendants were violating or failing to properly comply with Chinese law.

27.     On information and belief, ICT, Styller, and the Individual Plaintiff/Defendants failed or refused to provide the Chinese authorities with proof that they were licensed to do business in China, or that the subject equipment had cleared Chinese customs, among other proofs requested or required by the authorities.

28.     In addition, on information and belief, ICT violated and/or failed to comply with Chinese laws governing the importation of specific categories of computer and related technology equipment in that it failed to obtain required certificates for each item of equipment imported into the country for resale; failed to make appropriate importation filings with the relevant Inspection and Quarantine Authority; failed to apply for an Automatic Import License; failed to obtain required customs declarations; failed to pay or document the payment of required importation taxes; and/or failed to pay tax in relation to the sale of equipment in China.

29.     In addition, on information and belief, ICT failed to comply with Chinese laws governing the importation of specific categories of computer and related technology equipment in that it failed to obtain appropriate importation certificates for each item imported into the country for re-sale, thereby breaching the WSA and RRSA.

30.     On information and belief, ICT, Styller, and/or the Individual Plaintiff/Defendants permitted or failed to prevent an entity or entities improperly or illegally copying proprietary trademarks, logos, security tags, and/or other indicia of authenticity in connection with the subject equipment and affixing the same to the equipment so that it could be marketed and sold in China; giving the reasonable impression that the equipment was counterfeit.

31.     On information and belief, the conduct as described above and as will be more fully revealed in discovery, resulted directly or indirectly in, among other things: (a) a finding that the equipment was counterfeit; (b) seizure of the equipment and arrest of the Individual Plaintiff/Defendants, and (c) detention of the Individual Plaintiff/Defendants.

32.     On information and belief, the arrest and detention of the Individual Plaintiff/Defendants -- in addition to the losses and damages allegedly incurred by all Plaintiffs in the within action as outlined in the Second Amended Complaint -- were, directly or indirectly, the result of and/or were exacerbated by (a) ICT's and Styller's failure to confirm that the Individual Plaintiff/Defendants were legitimate ICT employees; (b) ICT's failure to establish that it was an authorized employer or trader in China; and/or (c) ICT's, Styller's and the Individual Plaintiff/Defendants' failure to comply and failure to establish that they had complied with China's importation, taxation, customs and excise, and other laws and regulations.

33.     Counterclaim Plaintiff Gill has been named a defendant in the within action, and is faced with damages claims by all of the Plaintiffs, including ICT, Styller, and the Individual Plaintiff/Defendants, which claims Counterclaim Plaintiff Gill expressly denies.

## FIRST COUNTERCLAIM

### (Indemnification Against ICT, Pursuant to RRSA § 10.4)

34.     Counterclaim Plaintiff Gill repeats and realleges the allegations contained in paragraphs 1 through 32 above, as if set forth fully herein.

35.     Pursuant to RRSA § 10.4, ICT agreed, in relevant part, that it:

> will indemnify HPFS [India] and its affiliates, officers, directors, agents and employees harmless from and against any and all claims, actions, proceedings, losses, expenses (including reasonable attorneys' fees), demands or judgments which result or arise from the [sic] ICT's use, operation, handling, storage, disposal, transportation,

> recycling, re-sale or destruction of any Active Equipment.
> This Section 10.4 will survive the termination of this
> Agreement.

36.     Upon information and belief, ICT's, Styller's, and/or the Individual Plaintiff/Defendants' failure to comply with Chinese laws and/or other conduct relating to the use, operation, handling, storage, disposal, transportation, recycling and/or re-sale of the equipment caused some or all of the damages that all Plaintiffs allegedly suffered, as detailed in the Second Amended Complaint.

37.     Counterclaim Plaintiff Gill is, and at all relevant times was, an officer, director, agent, and/or employee of HPFS (India) or one or more of its affiliates.

38.     ICT has refused, refuses, or intends to refuse to indemnify Counterclaim Plaintiff Gill from any and all claims, losses, expenses, reasonable attorneys' fees, demands and judgments in this action and is in breach of the RRSA.

39.     As a result of ICT's refusal to indemnify him, Counterclaim Plaintiff Gill has sustained, and continues to sustain, damages in an amount to be determined at or after trial.

## SECOND COUNTERCLAIM

**(Contribution Against ICT, Styller and the Individual Plaintiffs/Defendants)**

40.     Counterclaim Plaintiff Gill repeats and realleges the allegations contained in paragraphs 1 through 37 above, as if set forth fully herein.

41.     In the event that Counterclaim Plaintiff Gill is held liable to Plaintiffs or any one of them, which liability Counterclaim Plaintiff Gill expressly denies, then any judgment, verdict or settlement against Counterclaim Plaintiff Gill will be the result of the careless, negligent, or other culpable acts or omissions on the part of ICT, Styller, and/or the Individual

Plaintiff/Defendants and, therefore, Counterclaim Plaintiff Gill is entitled to contribution from the aforementioned parties in accordance with their relative culpability.

42.     As a result of ICT's, Styller's, and/or the Individual Plaintiff/Defendants' careless, negligent, or other culpable acts or omissions, Counterclaim Plaintiff Gill has sustained, and continues to sustain, damages in an amount to be determined at trial.

**WHEREFORE**, Counterclaim Plaintiff Gill demands judgment dismissing the Second Amended Complaint with prejudice, as well as judgment over and against ICT, Styller, and/or the Individual Plaintiff/Defendants for the entire amount of any judgment, verdict or settlement rendered against Counterclaim Plaintiff Gill, or for that portion of any judgment, verdict or settlement in accordance with their relative culpability, together with costs and attorneys' fees associated with defense of this action, and for such other and further relief as the Court deems just and proper.

Dated: November 6, 2017               By: /s/ Stuart M. Glass
                                      Stuart M. Glass (BBO # 641466)
                                      CHOATE HALL & STEWART LLP
                                      Two International Place
                                      Boston, Massachusetts 02110
                                      Telephone: (617) 248-5000
                                      Facsimile: (617) 502-4077

                                      Anthony P. Callaghan (admitted *pro hac vice*)
                                      Paul A. Saso (admitted *pro hac vice*)
                                      GIBBONS P.C
                                      One Pennsylvania Plaza, 37th Floor
                                      New York, NY 10119-3701
                                      Telephone:  (212) 613-2000
                                      Facsimile:  (212) 290-2018

                                      *Attorneys for Defendant/Counterclaim Plaintiff David Gill*