**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, | Civil Action No. 1:16-CV-10386 (LTS) |
| Plaintiffs, | |
| vs. | |
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL | |
| Defendants. | |

**JOINT REPORT**

WHEREAS, on December 14, 2017, the Court issued an order scheduling discovery in this Action (ECF 141);

WHEREAS, the parties commenced discovery pursuant to the Court's scheduling order;

WHEREAS, on May 25, 2018, the parties filed a Joint Report to the Court Regarding Mediation [ECF 154], expressing their interest in mediation before a Magistrate Judge of this Court, and requesting that "all other procedural and administrative aspects of the matter be stayed *sine die* until the conclusion of mediation, with the understanding that the current Scheduling Order will be amended accordingly in the event that the mediation does not resolve all issues in the case";

WHEREAS, on May 29, 2018, the Court entered an electronic order referring the action to Judge Dein for alternative dispute resolution [ECF 157];

WHEREAS, on August 7, 2018, Judge Dein conducted a mediation with the parties to the action, but such mediation was unsuccessful;

WHEREAS, following the unsuccessful mediation, a motion to dismiss was filed and briefed in a related action, captioned *Quinn v. Hewlett-Packard Financial Services Company* (D. Mass. 1:18-cv-10705) (the "Quinn Action");

WHEREAS, on November 21, 2018, the Court entered an order allowing defendants' motion to dismiss the amended complaint in the Quinn Action;

WHEREAS, on November 21, 2018, the Court entered an electronic order (the "November 21 Order") requiring the parties to "submit a revised joint status report stating their joint or separate positions as to any changes the Court should make to the governing scheduling order in this case"; and

WHEREAS, the parties have conferred in good faith, and have agreed upon the following proposed revisions to the case schedule;

THE PARTIES HEREBY respectfully submit, pursuant to the November 21 Order, their joint position with respect to modification of the case schedule:

1. **Document Discovery From Parties**[1]

   a. An ESI Protocol must be filed with the Court by December 21, 2018.

   b. Parties shall begin document productions no later than January 30, 2019.

---

[1] Defendants would like to bring to the Court's attention the fact that as many as half of the counts raised in plaintiffs' Second Amended Complaint are entirely dependent on plaintiffs' demonstration that the equipment sold to ICT was counterfeit. Based on defendants' audit of the equipment (following the Court's order that the plaintiffs ship the devices from China to the U.S.), defendants anticipate conducting targeted discovery on the issue of authenticity and filing an early partial motion for summary judgment on this issue. While resolution of this single issue in defendants' favor will not resolve all of the pending claims, it would significantly narrow the scope of the litigation.

2

   c.  All final requests for production of documents and interrogatories must be served by February 14, 2019.

   d.  Parties shall complete document productions no later than April 15, 2019.

   e.  All requests for admission must be served by June 1, 2019 and response thereto shall be served by July 1, 2019.

**2.  Non-Party Discovery**

The parties may commence non-party discovery, other than depositions, on December 1, 2018.

**3.  Depositions**

The parties may commence depositions (party and non-party) on April 15, 2019, with all such discovery to be completed by September 15, 2019

**4.  Expert Discovery**

   a.  The party with the burden of proof on an issue shall produce its expert report thirty days after close of fact discovery (i.e., October 15, 2019).

   b.  Rebuttal expert reports are due November 15, 2019.

   c.  Depositions of experts shall be completed by January 15, 2020.

**5.  Dispositive Motions**

Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by February 14, 2020, with the opposition due thirty days thereafter. In the case of cross-motions the deadlines and page limits for the filings other than the movant's initial motion are set forth in the Session's Standing Order on Summary Judgment Motions unless specifically modified.

## <u>CONCLUSION</u>

The parties respectfully submit the above Joint Report for the Court's consideration.

**JOFFE LAW P.C.**
230 Park Avenue, 10th Floor
New York, New York 10169
(212) 309-8711
Attorneys for Styller Plaintiffs

By: /s/ Dimitry Joffe
      Dimitry Joffe

**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York, 10119
(212) 613-2000
Attorneys for Defendants

By: /s/ Anthony P. Callaghan
      Anthony P. Callaghan

2642817.1 108164-84842