## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

## JOINT STIPULATED PROTECTIVE ORDER

Having considering the Joint Stipulated Protective Order ("Protective Order") submitted by plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Caroline Marafao Cheng, Pushun Cheng, Changzhen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu and Changhua Ni and defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company and David Gill, IT IS HEREBY ORDERED THAT:

The following Stipulation and Order shall govern (1) the confidential treatment of documents, testimony, exhibits, written discovery responses, and other written, recorded, or graphic matter, including any information contained therein, produced or exchanged during this action by any party to the action or by any third party (hereinafter sometimes referred to as a "producing party") and any portions of transcripts or court papers that quote from or summarize

the foregoing (hereinafter sometimes referred to as "Discovery Material") and (2) the retention, review and production of electronically-stored information.

### 1.    Use of Discovery Material

All discovery material shall be used by the party receiving such material solely for the purposes of this action and for no other purpose.

### 2.    Documents and Scope Defined

This Stipulation and Order shall apply to all Discovery Material hereafter provided by the producing party during the course of this action, whether written, oral, visual, electronic, or contained in documents or transcripts, or in any other form, that the producing party shall determine to be and designate as "confidential." This Stipulation and Order shall apply to Discovery Material produced by any non-party, which Discovery Material may be designated as "confidential" either by the non-party, or by any party to this action.

### 3.    Confidential Information

If the producing party reasonably believes in good faith that Discovery Material contains or discloses confidential information not readily known or available to the public, such party may designate the discovery material as "CONFIDENTIAL" by stamping or otherwise identifying such documents or information on their face as such. Confidential information ("Confidential Information") includes, without limitation, "(1) private personal medical, financial or personal identifying (such as Social Security numbers) information, (2) trade secrets, (3) non-public research, development, commercial or financial information, and (4) non-public information that the producing party has a reasonable basis to believe could cause direct harm to the competitive position of that party." The designations will be made in good faith by an attorney. Except for documents or information disclosed wrongfully or in violation of any

non-disclosure obligation, the term "Confidential Information" shall not be affixed to any document or information to the extent that such document or information has been previously disclosed publicly, is otherwise available to the public from any source, or has been obtained independently. This Stipulation and Order is not an agreement as to what documents are, in fact, Confidential but, rather, provides a mechanism by which the producing party can designate those materials to be treated as Confidential.

**4.      Disclosure of Confidential Documents**

Except with the prior written consent of the producing party, or in accordance with the procedures set forth in paragraphs 10 and 11, no document designated as Confidential, and no information contained therein, may be disclosed to any person other than:

a.     The Court and its official personnel.

b.     Outside Counsel for a party. For purposes of this Protective Order, the term "Outside Counsel" shall mean attorneys for the law firms retained by the parties for this action, including paralegal assistants, office clerks, secretaries, and other support or administrative staff assisting those attorneys with the prosecution and defense of this action.

c.     The named parties to this action, which in the case of corporate parties shall include those officers, directors, and employees of such corporate parties, specifically including in-house counsel, (i) who are actively engaged in assisting counsel with the prosecution or defense of this action; or (ii) who are being advised by counsel regarding this action and the particular disclosure is reasonably necessary with regard to the legal advice being rendered.

d.     Outside experts and consultants (including jury consultants and mock jurors) (and the experts' or consultants' staff whose duties and responsibilities require access to such materials) who are employed to furnish expert or technical services or to give expert testimony with regard to this action.

e.     Independent copying services engaged in connection with this Action, court reporters and translators.

f.     Outside litigation support personnel, including contract attorneys, retained by Outside Counsel to assist in the preparation and/or litigation of this action.

g.  Any other person agreed to by the parties.  In the event of a disagreement regarding such person(s), the parties agree to confer in good faith and to use all reasonable efforts to resolve such disagreement.  In the event agreement cannot be reached, the parties expressly agree to present the dispute to the Court for resolution.

Prior to and as a condition of disclosure of Confidential Information to any person or organization described in the foregoing subparagraph d, such person shall execute a written acknowledgment in the form annexed hereto as Exhibit "A" (the "Acknowledgment") confirming that he or she has read this confidentiality Stipulation and Order and agrees to be bound by its terms.

**5.   Disclosure of Confidential Information to Other Persons**

In the event that counsel for a party deems it necessary to disclose any Confidential Information of the producing party to an individual not specified under Paragraph 4 of this Protective Order above, said counsel shall first notify counsel for the producing party in writing of (a) the information or documents to be disclosed and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure.  If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion so that the Court may rule as to whether such disclosure may be made and whether any restrictions or limitations apply.

**6.   Limits of Stipulation**

This Stipulation and Order shall have no effect upon, and shall not apply to:

a.  The producing party's use of its own Confidential Information for any purpose; and

b.  Any party's use of any designated document or information legally developed or legally obtained by the party independent of discovery in this action; provided, however, that no party waives any rights it may otherwise have to seek to prevent disclosure of such documents or seek damages as a result of disclosure.

**7.     Party's Right to Designate Testimony**

Any deposition or other testimony may be designated as Confidential by counsel for the

producing party by any one of the following means:

a.     Stating orally on the record that certain information or testimony is Confidential,
or that the entire deposition transcript is so designated; or

b.     Sending, within fifteen (15) business days of receipt of the final transcript, written
notice designating all or a portion of the transcript as Confidential.  The testimony
shall be treated as Confidential prior to the expiration of this period.

**8.     Use at Depositions and Hearings**

Any party seeking to use Confidential Information during a deposition shall obtain a

statement on the record that the witness and any other persons in attendance have agreed to abide

by the terms of this Stipulation and Order.  If the witness refuses to assent, disclosure of such

information to the witness during the deposition shall not constitute a waiver of confidentiality,

provided that, under such circumstances, the witness shall not be permitted to retain any copy of

the transcript or related exhibits.  The terms of this Stipulation and Order shall apply to those

persons in attendance at depositions and hearings and shall require the exclusion of persons not

subject to the terms of the Stipulation and Order from attendance at that portion of the

proceeding at which Confidential Information is discussed.

**9.     Use In Documents Filed With The Court**

In accordance with United States District Court for the District of Massachusetts Local

Rule 7.2, any documents that contain Confidential Information, if filed with this Court, shall be

filed under seal and shall be made available only to the Court and to persons authorized under

the terms of this Order.

**10.     Objections to Designations.**

If a party reasonably believes in good faith that a document, including a deposition transcript, has been wrongly designated as Confidential, then that party may object to the designation of such information as Confidential under the procedures contained in paragraph 11.

**11.     Notifications and Challenge.**

Any of the parties to this action shall have the right to challenge any designation of confidentiality under this Stipulation and Protective Order. In the event of such a challenge, all parties are obliged to use their best efforts to negotiate a resolution of any such challenge without involving the Court. Any party challenging the designation of Discovery Materials as Confidential Information shall notify the producing party of the challenge in writing, specifying the particular documents involved in the challenge. In the event that the interested parties are unable to resolve their disagreements as to confidentiality within a reasonable amount of time following receipt by the producing party of written notice from the challenging party, the challenging party may file an appropriate motion to alter or change the designation of the Discovery Material. The restrictions of this Stipulation and Order shall apply to challenged documents or information unless and until the Court orders otherwise.

**12.     Return of Documents.**

Upon the completion of the action including any appeals, the original and all copies of all documents and deposition transcripts containing Confidential Information shall, if requested by the producing party, be returned to counsel for the producing party or destroyed, with the parties to provide to counsel for the producing party a certificate reflecting such return or destruction. Outside counsel for the parties shall be entitled to retain all court papers, depositions and hearing transcripts, exhibits used in affidavits, at depositions and at hearings, and attorney work product,

and shall not be required to search their emails for information designated as Confidential, provided that such outside counsel, and employees thereof, shall not disclose such documents or information to any other person except when required by order of any court or administrative agency, by subpoena, or by an agreement with the producing party, and then only on no less than 14 days written notice to the producing party.

**13.   Inadvertent Production.**

If the producing party inadvertently produces or discloses any Confidential Information without marking it with the appropriate legend, the producing party may give notice to the receiving party that the information should be treated in accordance with the terms of this Stipulation and Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

**14.   Continuing Jurisdiction.**

All provisions of this Stipulation and Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulation and Order.

**STIPULATED AND AGREED TO:**

**JOFFE LAW P.C.**
Dimitry Joffe (*admitted pro hac vice*)
765 Amsterdam Avenue, 2C
New York, New York 10025
(917) 929-1964


- and --

Joshua McGuire (BBO #651877)
THE LAW OFFICE OF JOSH MCGUIRE
51 Winchester Street, Suite 205
Newton, Massachusetts 02461
(617) 461-6400

Attorneys for Plaintiffs

By: _____
        Dimitry Joffe


**GIBBONS P.C.**
Anthony P. Callaghan (*admitted pro hac vice*)
Paul A. Saso (*admitted pro hac vice*)
One Pennsylvania Plaza, 37th Floor
New York, New York, 10119
(212) 613-2000


- and -

Michael H. Bunis (BBO #566839)
G. Mark Edgarton (BBO #657593)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Attorneys for Defendants

By: _____
        Anthony P. Callaghan
        **GIBBONS P.C.**


**SO ORDERED** this 7th        day of February        , 2019.


/s/ Leo T. Sorokin
_____
United States District Judge

## EXHIBIT A

### ACKNOWLEDGEMENT

I have read and understand the Stipulation and Order to which this Exhibit A is annexed. I attest to my understanding that access to information designated Confidential, as may be provided to me, is pursuant to the terms and conditions and restrictions of the Stipulation and Order. Except in accordance with the Stipulation and Order, I shall not use or disclose to others any Confidential Information. I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts, and to the courts in Massachusetts, for the purpose of enforcement of this Acknowledgment and the Stipulation and Order, or to remedy any breach of this Acknowledgment and the Stipulation and Order.

_____
Signature

_____
Printed Name

_____
Address

_____
Entity Represented

_____
Date

## <u>CERTIFICATE OF SERVICE</u>

       I, Christina T. Lau, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that the foregoing Joint Stipulated Protective Order was filed using the CM/ECF system and electronic notice will be sent to registered participants as indicated on the Notice of Electronic Filing (NEF) on February 5, 2019.

/s/ Christina T. Lau_____

Christina T. Lau
