# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

## DEFENDANTS' STATUS REPORT

WHEREAS, on December 14, 2017, the Court ordered that "inspection of the equipment shall be completed by January 19, 2018." [ECF 140-41; *see also* ECF 144-45];

WHEREAS, on November 29, 2018, the Court entered an order (the "Nov. 29 Order") adopting certain deadlines concerning (a) the filing of an ESI Protocol, (b) the parties serving and responding to document requests and interrogatories, (c) completing party document productions [April 15, 2018] (the "Document Production Deadline") and (c) the commencement of non-party discovery other than depositions. [ECF 177];

WHEREAS, the Nov. 29 Order reserved setting other case deadlines;

WHEREAS, the Court held a status conference with the parties on January 11, 2019, at which the Court (a) ordered the parties to comply with the discovery deadlines already set in the

Nov. 29 Order and (b) set deadlines for the parties to submit a joint status report and scheduled another status conference;

WHEREAS, on April 17, 2019, the parties jointly requested that the status report and conference be adjourned;

WHEREAS, in two separate orders, the Court set a deadline for the parties to submit a status report by June 3, 2019 [ECF 192] and rescheduled the status conference for June 10, 2019 at 2:45 p.m. [ECF 193];

DEFENDANTS HEREBY submit this report concerning the status of discovery and their position with respect to the proposed continuing case schedule:

**I.      The Status of Discovery**

   **A.      Plaintiffs' Report**

      **1.      Inspection of the Equipment**

[To be provided by Plaintiffs][1]

      **2.      Discovery**

[To be provided by Plaintiffs]

---

[1]   Defense counsel contacted plaintiff's counsel on the morning of May 31, 2019 to discuss this Joint Status Report. Plaintiffs' counsel did not return that call until after business hours, but agreed to set up a call for this morning, June 3, 2019. At that time, defendants communicated their proposal concerning the case schedule. Plaintiffs' counsel required additional time to confer with one another and did not communicate their general agreement to the proposed schedule until after 4 p.m. At that time, defense counsel circulated a draft Joint Status Report and asked plaintiffs to provide text concerning the status of their inspection of the equipment and the status of discovery, as well as authorization to sign on their behalf. After 7 p.m., plaintiffs' counsel asked that we submit this Status Report tomorrow, but an extension was never sought or obtained. Accordingly, defendants are submitting this Status Report on behalf of defendants only and, although we did not obtain plaintiffs' authorization to sign on their behalf, it is defendants' understanding that the below proposed case schedule is agreed to among the parties.

### B.  Defendants' Report

#### 1.  Inspection of the Equipment

Defendants retained an independent expert to conduct an inspection of the Equipment and, if possible, make determinations regarding its counterfeit and/or authentic nature.

Pursuant to the Parties' agreement, counsel for defendants obtained the Equipment from plaintiffs' warehouse on May 6, 2019. Defendants' expert conducted an inspection at the offices of Choate, Hall & Stewart LLP between May 6 and May 8, 2019. The Equipment was returned to plaintiffs on May 9, 2019.

Defendants' expert's preliminary conclusions are consistent with the results of defendants' internal inspection (which results were previously reported to the Court). His analysis to date indicates that, of the 781 pieces of Equipment provided for inspection, 647 bear serial numbers that appeared on the inventory list of products subject to the HPFS/Shinto/ICT resale agreements in 2011. All 647 of these pieces of Equipment were determined to be authentic.[2] Of the remaining 134 pieces of Equipment not on the 2011 inventory list – and therefore presumptively not acquired from the Defendants by ICT – Defendants' expert has already concluded that at least 28 pieces of Equipment are counterfeit.

#### 2.  Discovery From Defendants

Defendants made their initial production of documents on January 31, 2019, made a subsequent production on March 29, 2019, and completed their document productions on April 15, 2019.

The parties met and conferred concerning plaintiffs' claimed deficiencies in defendants' Objections and Responses to plaintiffs' Document Requests and, on March 27, 2019, defendants fully responded by serving Amended Objections and Responses. Plaintiffs have not claimed any remaining deficiencies.

The parties likewise met and conferred concerning plaintiffs' claimed deficiencies in defendants' Objections and Responses to plaintiffs' Interrogatories and, on April 17, 2019, defendants fully responded by serving Amended Objections and Responses. Plaintiffs have not claimed any remaining deficiencies.

Accordingly, defendants have complied with all of their discovery obligations.

---

[2]  One piece of Equipment had degraded such that its internal data could not be analyzed, but Defendants' expert observed no indicators of inauthenticity.

### 3. Discovery From Plaintiffs

Although the deadline to begin document productions was January 30, 2019, plaintiffs did not make their first production of documents until March 1, 2019. On April 11, 2019, just two business days prior to the Document Production Deadline, plaintiffs contacted defendants and requested that certain ESI search terms be modified because they were allegedly yielding excessive hits. The parties met and conferred and agreed to minor modifications to plaintiffs' ESI search terms.

Plaintiffs made an additional document production on April 18, 2019. Given that the Document Production Deadline had passed two weeks prior, on May 1, 2019, defendants wrote to plaintiffs concerning the significant deficiencies in plaintiffs' document productions to date. On May 9, 2019, plaintiffs again contacted defendants and requested that certain additional ESI search terms be modified, also because they were allegedly yielding excessive hits. Again, the parties met and conferred and agreed to minor modifications to plaintiffs' ESI search terms.

Plaintiffs made an additional document production after business hours on Friday May 31, 2019—one business day prior to this Joint Status Report being due. Prior to last Friday, plaintiffs had produced a total of 3,689 pages. On Friday evening, plaintiffs produced an additional 162,910 pages. Due to the volume, defendants are still downloading these documents and uploading them onto a review platform. Plaintiffs have also stated that they anticipate making a further production late this week. Accordingly, defendants are not in a position to state whether this production meaningfully addresses plaintiffs' discovery deficiencies.

Defendants wrote to plaintiffs concerning the deficiencies in their Objections and Responses to both Document Requests and Interrogatories on April 9 and December 12, 2018, as well as March 11, 20 and 21, 2019. With few exceptions, plaintiffs have not responded to or corrected any of their discovery deficiencies. Plaintiffs have not amended their Objections and Responses to Document Requests or Interrogatories.

During the January 11, 2019 status conference, the Court also granted defendants leave to conduct discovery into certain ESI-related topics and the possibility that plaintiffs have spoliated evidence. On January 16, 2019, defendants served their Second Sets of Document Requests and Interrogatories upon plaintiffs concerning, among other things, these ESI-related topics. On January 28, 2019, defendants served a Rule 30(b)(6) Notice of Deposition upon ICT concerning the ESI-related topics.

On March 1, 2019, plaintiffs produced documents and served Objections and Responses to the ESI-related discovery. The above-referenced March 11 letter by defendants to plaintiffs concerned plaintiffs' deficiencies in responding to the ESI-related discovery. The parties exchanged further letters on March 18 and 20, 2019, but plaintiffs have done nothing to correct their discovery deficiencies concerning the ESI-related topics. Due to plaintiffs' deficiencies in their ESI-related discovery responses, defendants postponed the date of the 30(b)(6) deposition.

Accordingly, there are significant deficiencies in plaintiffs' discovery responses that require the parties to continue to meet and confer and, if they cannot be resolved, may require motion practice.  Defendants contend that plaintiffs should confirm their positions on these issues as soon as possible so that defendants can make an informed judgment as to which issues, if any, should be the subject of motion practice.  Subject to further discovery concerning the ESI-related topics, defendants continue to believe that a motion for spoliation sanctions against plaintiffs appears to be warranted.

### 4. Discovery from Third-Parties

Defendants served third-party subpoenas upon former ICT employees, Alexander Pekar and Ryan Quinn.

On February 11, 2019 defendants wrote to Quinn's counsel concerning the deficiencies in Quinn's response to the subpoena.  On February 22, 2019, counsel for defendants and for Quinn met and conferred and counsel for Quinn agreed to follow-up on several issues and make further productions, as necessary.  On March 18, 2019, defendants sent a letter memorializing the meet and confer conference and, having received no response, followed up by email on both April 17 and May 8, 2019.  Defendants have received no response.

Accordingly, defendants expect to file a motion to compel discovery from Quinn and seek attorneys' fees as a sanction for failing to respond and engage in the meet and confer process in good faith.

## II. The Joint Proposal Concerning The Case Schedule

As discussed above, defendants believe that the inspection performed in May 2019 will enable them to make a partial motion for summary judgment on the counterfeit/ authentic nature of the Equipment.  The parties are in agreement that, if granted, Claims I through VI in the Second Amended Complaint ("SAC") would require dismissal and essentially eliminate the need to resolve half the claims asserted.  Further, Claims VII through XIII would be limited to allegations based on a theory that the Equipment was authentic, but that defendants allegedly engaged in a conspiracy or "cover-up" of that fact in 2013.  To the extent Claims VII through XIII also allege a conspiracy based on a theory that the Equipment was counterfeit, those claims would be similarly limited by a successful motion for partial summary judgment.

Subject to defendants having produced all non-privileged documents concerning any inspection/ audit of the Equipment performed in 2013, and the parties exchanging logs of the responsive documents withheld on the basis of privilege by June 14, 2019 (which the parties reserve the right to challenge), the parties agree to the below proposal concerning the case schedule.

The parties request that depositions of fact witnesses and serving and responding to Requests for Admissions be stayed during the pendency of expert discovery on the

counterfeit/authentic nature of the Equipment and subsequent motion practice concerning partial summary judgment. Permitting a motion for partial summary judgment will permit this case to proceed under a single, manageable theory and allow the parties to develop the facts and their legal strategies accordingly in a far more efficient manner.

It is defendants' position that, if the claims are limited to allegations concerning a conspiracy, the relevant time period for discovery from defendants will be narrowed to begin on the date they were notified by ICT that the Individual Plaintiffs had been detained in China: on or around January 31, 2013, and continue to close no later than December 31, 2014.

Expediting expert discovery on the counterfeit/authentic nature of the equipment and a motion for partial summary judgment will also permit the parties to use the intervening time to address any discovery deficiencies.

Defendants request that the Court require plaintiffs to swiftly make any supplemental or amended discovery response and confirm their positions on the issues raised in defendants' deficiency correspondence so that the parties may fully assess plaintiffs' compliance, meet and confer, and resolve (either through agreement or motion practice) any remaining deficiencies.

The parties request that the Court not stay this further written discovery during expert discovery or motion practice concerning the counterfeit/authentic nature of the Equipment. The parties also request that the Court not stay defendants' ability to obtain further discovery concerning the ESI-related topics, schedule the already-noticed Rule 30(b)(6) deposition on these topics and, if warranted, move for sanctions for plaintiffs' spoliation of evidence.

Permitting the parties to fully resolve all written discovery deficiencies simultaneously with expert discovery and a motion for partial summary judgment will also allow the parties to immediately schedule fact witness depositions following the resolution of that motion.

      **1.    Discovery Deadlines**
- a) Parties shall exchange privilege logs by June 14, 2019;
- b) Plaintiffs shall complete document productions by June 24, 2019;
- c) Plaintiffs shall serve amended Objections and Responses to all of defendants' Document Requests and Interrogatories by June 24, 2019;
- d) Plaintiffs shall serve the requested HIPAA-compliant authorizations by June 24, 2019;
- e) The parties shall meet and confer concerning any remaining deficiencies in plaintiffs' discovery responses and document productions by July 15, 2019;

  f)   Depositions of fact witnesses and serving and responding to Requests for Admissions are stayed pending the resolution of the motion for partial summary judgment concerning the counterfeit/ authenticity issue;

  g)   Motion(s) to compel or for sanctions related to allegations that plaintiffs spoliated evidence are not stayed.

**2.**  **Expert Deadlines**

  a)   Plaintiffs shall serve their expert report, if any, on the counterfeit/ authentic nature of the Equipment by July 10, 2019;

  b)   Defendants shall serve their expert report on the counterfeit/ authentic nature of the Equipment by August 9, 2019;

  c)   Depositions of the expert(s) shall be completed by September 9, 2019.

**3.**  **Partial Motion for Summary Judgment (concerning counterfeit/ authentic nature of the Equipment) Deadlines**

  a)   Motions for partial summary judgment shall be filed by October 9, 2019;

  b)   Opposition to motions for partial summary judgment shall be filed by November 6, 2019;

  c)   Replies to motions for partial summary judgment shall be filed by November 26, 2019.

## CONCLUSION

Defendants respectfully submit the above Status Report for the Court's consideration.

           **GIBBONS P.C.**
           One Pennsylvania Plaza, 37th Floor
           New York, New York, 10119
           (212) 613-2000

           **CHOATE, HALL & STEWART LLP**
           Two International Place
           Boston, Massachusetts 02110
           (617) 248-4000
           Attorneys for Defendants

           By: /s/ Anthony P. Callaghan
              Anthony P. Callaghan

**CERTIFICATE OF SERVICE**

    I, Christina T. Lau, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that the foregoing Defendants' Status Report was filed using the CM/ECF system and electronic notice will be sent to registered participants as indicated on the Notice of Electronic Filing (NEF) on June 3, 2019.

                                                                                 /s/Christina T. Lau
                                                                                    Christina T. Lau