# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>Defendants. | Civil Action No. 1:16-CV-10386 (LTS)<br><br>**DEFENDANTS HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP, INC., HEWLETT PACKARD ENTERPRISE COMPANY, AND DAVID GILL'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited ("HPFS (India)"), HP, Inc., Hewlett Packard Enterprise Company, and David Gill ("Defendants") hereby submit the following responses to the First Set of Document Requests (the "Requests") propounded by counsel for Plaintiffs Alexander Styller, Integrated Communications, & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Caroline Marafao Cheng, Pushun Cheng, Chanzhen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni (collectively, "Plaintiffs"). These responses are made within the limits of, and subject to, the general and specific objections set forth below.

## GENERAL OBJECTIONS

The following general objections apply to each of the Requests, and Defendants expressly incorporate the following general objections in each of their responses. Each response

is provided subject to, and without waiver of, these general objections and any further objections stated in the individual responses.

1.    Defendants object to the Requests insofar as they seek the production of information or documents not "relevant to any party's claim or defense and proportional to the needs of the case," as required by Federal Rule of Civil Procedure 26(b).

2.    Defendants object to the Requests insofar as they purport to impose burdens or obligations that exceed the scope of permissible discovery under the Rules of this Court or other applicable rules.

3.    Defendants object to the Requests insofar as they seek the production of information or documents that disclose any information or communication protected from disclosure by the attorney work product doctrine, the attorney-client privilege, or any other applicable doctrine, protection, exemption, or privilege.  Any document pre-dating the filing of this lawsuit that is withheld on the basis of privilege will be disclosed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A).  In the event that a document that is privileged or otherwise exempt from disclosure is produced by Defendants, it will have been produced through inadvertence and shall not constitute a waiver of doctrines, protections, privileges, or exemptions applicable to that or any other document.

4.    Defendants object to the Requests insofar as they seek any information or document that is confidential, proprietary, competitively sensitive, or contains trade secrets or other private information.

5.    Defendants object to the Requests insofar as they seek the production of information or documents that are not within Defendants' possession, custody, or control.

6.     Defendants object to the Requests insofar as they seek the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.

7.     Defendants object to the Requests insofar as they impose on Defendants an excessive or undue burden, are vague, ambiguous or overbroad, or are made with the intent to harass Defendants.

8.     Defendants object to the Requests insofar as they are not limited to a relevant or reasonable time period.

9.     Defendants object to Plaintiffs' use of the term "inspection," as Plaintiffs use the term to describe events that either never occurred or cannot fairly be described as inspections.

10.    Defendants object to Plaintiffs' inclusion of "H3C" as one of the so-called "HP entities." H3C is not now a majority-owned HP entity and, during all times relevant to the allegations in the Second Amended Complaint, operated separately and autonomously from HP and its subsidiaries and affiliates.

11.    The fact that Defendants have responded to a particular Request shall not be interpreted as implying that responsive documents exist or that Defendants acknowledge the propriety of the Request.

12.    Defendants' responses to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Defendants with Plaintiffs' characterization of any facts, circumstances, and/or legal obligations.  Defendants reserve the right to contest any such characterizations as inaccurate.

13.     Defendants' responses to the Requests are submitted without waiving, and while specifically reserving, (i) all objections as to the competency, relevancy, materiality, and admissibility of the documents produced or the subject matter thereof at the trial of this action, or in any other action or proceeding; (ii) the right to further object, on any ground, to these or other Requests; (iii) all objections to any demand for additional production of information or documents; and (iv) the right at any time to amend or supplement these responses.

14.     Defendants have not completed their discovery in this action and therefore reserve the right to amend or supplement its responses to the Requests, to the extent circumstances so dictate.

15.     Defendants will produce non-privileged documents responsive to these Requests upon the entry of a Discovery Confidentiality Order and a protocol for electronically-stored information ("ESI Protocol").

## RESPONSES TO DOCUMENT REQUESTS

**Request No. 1:** Documents sufficient to identify the equipment leased to Tata by HPFS India in 2010 for the Commonwealth Games, as described in paragraphs 21-22 of the SAC.

**Response**: Defendants object to this Request on the ground that it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants. Defendants further object to this Request on the ground that it is functionally an interrogatory masquerading as a document request. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 2:**  All documents concerning the return of the leased equipment from Tata in 2011 upon the expiration of the leases.

**Response**:  Defendants object to this Request on the ground that the phrase "concerning the return of the leased equipment" is overbroad and seeks information that is not relevant and proportional to the needs of this case.  Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 3:**  All documents concerning the 2011 Inspection, including reports, inventories, results, photographs, and internal and external communications concerning same.

**Response**:  Defendants object to this Request on the ground that it seeks information that is in the possession of a third party, namely TT Global, the entity that performed the inspection, to the extent that an inspection took place.  Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 4:**  All documents concerning the RRSA and/or the WSA, their negotiation and execution, and any purchase order issued thereunder.

**Response**:  Defendants object to this Request on the ground that it seeks information protected

by the attorney client privilege and/or work product doctrine.  Defendants further object to this

Request on the ground that it is compound, as it seeks information concerning the negotiation

and execution of two separate contracts, as well as purchase orders issued under those contracts.

Subject to and without waiver of the foregoing objections, any relevant and non-privileged

documents responsive to this Request that are within Defendants' possession, custody or control

will be produced.

**Request No. 5:**  All documents concerning "the quality of the Equipment delivered pursuant to
the RRSA and WSA," as described in the Defendants' Initial Disclosures.

**Response**:  Defendants object to this Request on the ground that it seeks information protected

by the attorney client privilege and/or work product doctrine.  Subject to and without waiver of

the foregoing objections, any relevant and non-privileged documents responsive to this Request

that are within Defendants' possession, custody or control will be produced.

**Request No. 6:**  All documents concerning the 2012 Inspection, including reports, results,
photographs, and internal and external communications concerning same.

**Response**:  Defendants object to the definition of "2012 Inspection" as nonsensical and without

meaning, in that the "Equipment," as defined by Plaintiffs, was not in India in the referenced

time frame.  Defendants further object on the ground that this Request seeks information that is

not relevant to any party's claim or defense and is not proportional to the needs of the case

because the equipment inventoried was not and is not the subject of this action.  Subject to and

without waiver of the foregoing objections, any relevant and non-privileged documents

responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 7:** All documents concerning the subsequent disposition of the Equipment that was the subject of the 2012 Inspection.

**Response:** Defendants object to this Request on the ground that it seeks information that is in the possession of a source other than Defendants, namely TT Global.  Defendants further object to the definition of "2012 Inspection" as nonsensical and without meaning, in that the "Equipment," as defined by Plaintiffs, was not in India in the referenced time frame.  Defendants further object on the ground that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case because the equipment allegedly disposed of was not and is not the subject of this action.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 8:** All documents concerning ICT's purported "interest in purchasing additional equipment returned by Tata, despite issues re: quality of the Equipment," as described in the Defendants' Initial Disclosures.

**Response:** Defendants object to this Request insofar it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

7

**Request No. 9:**  All documents concerning "the inspections and/or analysis of inventory of the equipment seized by the PSB," as described in the Defendants' Initial Disclosures.

**Response**:  Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 10:**  All documents concerning the 2013 Inspections, including reports, results, photographs, and internal and external communications concerning same.

**Response**:  Defendants object to the term "2013 Inspections," as Defendants do not possess sufficient independent information at this time to properly ascertain whether such inspections occurred.  Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 11:**  All communications among and between the HP Entities concerning the Equipment and/or the incarcerated Individual Plaintiffs.

**Response**:  Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as

they are to Defendants or which can be obtained more readily from a source other than Defendants. Defendants further object to the Plaintiffs' inclusion of H3C as one of the "HP Entities." Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Defendants further object that this Request is overbroad and seeks information that is not relevant and proportional to the needs of this case because it does not contain any temporal or substantive limitation. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 12:** Documents sufficient to identify "the top level leaders" referenced in the March 12, 2013 email cited in paragraph 86 of the SAC.

**Response:** Defendants object to this Request on the ground that it is functionally an interrogatory masquerading as a document request. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 13:** Documents sufficient to identify the HP Entities' personnel involved in the 2013 Inspections summarized in paragraph 117 of the SAC.

**Response:** Defendants object to this Request on the ground that it is functionally an interrogatory masquerading as a document request. Defendants further object to the Plaintiffs' inclusion of H3C as one of the "HP Entities." Defendants object to the term "2013 Inspections," as Defendants do not possess sufficient independent information at this time to properly ascertain

whether such inspections occurred.  Subject to and without waiver of the foregoing objections,

any relevant and non-privileged documents responsive to this Request that are within

Defendants' possession, custody or control will be produced.


**Request No. 14:**  An organizational chart of other documents sufficient to describe the reporting relationships between and among the HP Entities' personnel involved in the 2013 Inspections as summarized in paragraph 117 of the SAC.

**Response:**   Defendants object to this Request on the ground that it is functionally an

interrogatory masquerading as a document request. Defendants further object to the Plaintiffs'

inclusion of H3C as one of the "HP Entities."  Defendants object to the term "2013 Inspections,"

as Defendants do not possess sufficient independent information at this time to properly ascertain

whether such inspections occurred.  Defendants further object to this Request to the extent it

purports to request Defendants to create a document that does not otherwise exist.  Subject to and

without waiver of the foregoing objections, any relevant and non-privileged documents

responsive to this Request that are within Defendants' possession, custody or control will be

produced.


**Request No. 15:**   All documents concerning communications with the PSB regarding the Equipment or the Individual Plaintiffs.

**Response:**  Defendants object to this Request insofar as it seeks the production of information or

documents that are equally accessible to Plaintiffs and any of their representatives or agents as

they are to Defendants or which can be obtained more readily from a source other than

Defendants.  Subject to and without waiver of the foregoing objections, any relevant and non-

privileged documents responsive to this Request that are within Defendants' possession, custody

or control will be produced.

**Request No. 16:**  All documents concerning the March 2013 Letter.

**Response:**  Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 17:**  All documents concerning HP's "reviewing the initial sale to try to determine how the counterfeit equipment was produced and who produced it," referenced in the March 2013 Letter, including any reports or results of that review and any communications concerning same.

**Response:**  Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced. [DJM1]

**Request No. 18:**  All documents concerning the April 1, 2013 Letter.

11

**Response:** Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants. Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 19:** All documents concerning the "internal meeting" referenced in Gill's email dated April 15, 2013, quoted in paragraph 136 of the SAC.

**Response:** Defendants object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 20:** All documents concerning the April 22, 2013 Letter.

**Response:** Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants. Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 21:** All documents concerning the attempts to deliver the April 22, 2013 Letter to the PSB referenced in paragraph 151-159 of the SAC.

**Response:** Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants. Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 22:** All documents concerning the RMA.

**Response:** Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants. Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 23:** All documents concerning the June 2013 Whitman Letter.

**Response:** Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants. Defendants further object to this Request on the ground that it seeks information

protected by the attorney client privilege and/or work product doctrine.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 24:**  All documents concerning the June 2013 Schultz Letter.

**Response:**  Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 25:**  All documents concerning any potential criminal or civil liability of any of the HP Entities in connection with the Equipment, including in China, India, USA or any other relevant jurisdiction.

**Response:**  Defendants object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Defendants further object to the Plaintiffs' inclusion of H3C as one of the "HP Entities."  Defendants further object to this Request on the ground that the phrase "potential criminal or civil liability" is vague, ambiguous, and subject to multiple interpretations.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

14

**Request No. 26:**  All documents concerning the July 1, 2013 letter from Gill referenced in paragraphs 174-75 of the SAC, and the purported unwillingness of the Chinese authorities to "regard the letter submitted by Hewlett-Packard Financial Services (India) Private Limited as relevant to the proceedings" referenced in the July 1, 2013 letter.

**Response:**  Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.


**Request No. 27:**  All documents concerning communications between McCarthy and Riordan in the period of July 2013 to December 2015.

**Response:**  Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Defendants further object to this Request on the ground that it seeks information that is not relevant and proportional to the needs of this case, as it does not contain any substantive limitation.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.


**Request No. 28:**  All documents concerning Plaintiffs' communications to the HP Entities regarding the Family Plaintiffs summarized in paragraph 232 of the SAC.

**Response:** Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants. Defendants further object to the Plaintiffs' inclusion of H3C as one of the "HP Entities." Defendants further object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 29:** All documents concerning the 2018 Inspection, including reports, inventories, results, photographs, and internal and external communications concerning same.

**Response:** Defendants object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Defendants object to the this Request insofar as it seeks information or documents that is confidential, proprietary, competitively sensitive, or contains trade secrets or other private information. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced upon the entry of a Discovery Confidentiality Order and an ESI Protocol.

**Request No. 30:** All documents concerning the counterfeit or genuine nature of any trademarks, logos, security tags, and/or any other overt or covert indicia of authenticity affixed to the Equipment.

**Response:** Defendants object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine. Defendants object to this Request insofar as it seeks the production of information or documents that are equally accessible to

Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 31:**  All documents concerning ICT's alleged "failure to comply with the RRSA and WSA," as defined in the Defendants' Initial Disclosures.

**Response:**  Defendants object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Defendants further object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 32:**  All documents concerning ICT's and Styller's alleged "failure to confirm to the PSB (a) that the Individual Plaintiffs were legitimate ICT employees; (b) that ICT was an authorized employer or trader in China; and (c) that the subject equipment was lawfully imported into the People's Republic of China," as defined in the Defendants' Initial Disclosures.

**Response:**  Defendants object to this Request on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.  Defendants further object to this Request insofar as it seeks the production of information or documents that are equally accessible to Plaintiffs and any of their representatives or agents as they are to Defendants or which can be obtained more readily from a source other than Defendants.  Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

17

**Request No. 33:**  An organizational chart or other documents sufficient to describe the corporate relationships between and among the HP Entities.

**Response:**    Defendants object to this Request on the ground that it is functionally an interrogatory masquerading as a document request.  Defendants further object to the Plaintiffs' inclusion of H3C as one of the "HP Entities."  Defendants further object to this Request to the extent it purports to request Defendants to create a document that does not otherwise exist. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

**Request No. 34:**  An organizational chart or other documents sufficient to describe the reporting relationships between and among the HP Entities' employees identified in the SAC by name.

**Response:**    Defendants object to this Request on the ground that it is functionally an interrogatory masquerading as a document request.  Defendants further object to the Plaintiffs' inclusion of H3C as one of the "HP Entities."  Defendants further object to this Request to the extent it purports to request Defendants to create a document that does not otherwise exist. Subject to and without waiver of the foregoing objections, any relevant and non-privileged documents responsive to this Request that are within Defendants' possession, custody or control will be produced.

Dated: March 16, 2018

By: /s/ Paul A. Saso
Anthony P. Callaghan (admitted *pro hac vice*)
Paul A. Saso (admitted *pro hac vice*)
GIBBONS P.C
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone:  (212) 613-2000
Facsimile: (212) 290-2018

Stuart M. Glass (BBO # 641466)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 502-4077

*Attorneys for Defendants-Counterclaims, Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP, Inc., Hewlett Packard Enterprise Company, and David Gill*