# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, <br><br> Plaintiffs, <br><br> vs. <br><br> HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL <br><br> Defendants. | Civil Action No. 1:16-CV-10386 (LTS) <br><br> **DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Hewlett Packard Enterprise Company ("HPE") hereby submits the following amended responses and objections to the Interrogatories served by Plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Caroline Marafao Cheng, Pushun Cheng, Chanzhen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni (collectively, "Plaintiffs"). These responses are made within the limits of, and subject to, the general and specific objections set forth below.

In setting forth its responses to Interrogatories, HPE does not waive the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure that may attach to information called for in response to the Interrogatories. Further, the following responses (and any further responses to the Interrogatories) are made without acknowledgement

of the admissibility, including the relevance, of the information requested or that the Interrogatories are in any way proportional to the needs of this case.

More specifically, these responses to Interrogatories are made without waiver of, and with preservation of:

(1)     All objections as to the admissibility, including but not limited to competency, relevancy, and materiality of Defendants' responses and the subject matter thereof as evidence for any purpose in any proceeding in this action (including any trial or hearing) and any other proceeding of a judicial, administrative, regulatory or other nature;

(2)     The right to object to the use of any such responses, or the subject matter thereof, on any permissible ground in this action (including any trial or hearing held in this action) and any other proceeding of a judicial, administrative, regulatory or other nature;

(3)     The right to object on any ground and at any time to a demand or request for further responses (including more specific responses or further production of documents) to the requests, or any other requests or other discovery proceedings involving or relating to the subject matter of this action;

(4)     The right at any time to amend, revise, correct, add to, supplement or clarify any of Defendants' responses contained herein, particularly as additional facts are learned in discovery or otherwise in preparation for the trial of this matter; and

(5)     The right to challenge any of Plaintiffs' interpretations or characterizations of, or inferences drawn from, Defendants' responses.

In the event that any responses inadvertently made by HPE fall within the attorney-client and/or work product privileges, HPE shall not be deemed to have waived any privilege as to any such response or the information contained therein, or the right to assert the attorney-client privilege and/or work-product doctrine as to any other matter that arises during the course of this action or any other proceeding of a judicial, administrative, regulatory or other nature.

## RESPONSES TO PLAINTIFFS' INTERROGATORIES

**Interrogatory No. 1:**  Please state the results of the 2011 Inspection, including the quality of the returned equipment and whether any of the returned equipment was counterfeit or carried counterfeit registered trademarks.

**Response**:  HPE objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPE further objects on the ground that the term "inspection" assumes facts—namely, that an event that can fairly be described as an "inspection" ever took place.  HPE further objects to this Interrogatory on the ground that it seeks information that can be obtained from a more convenient source than HPE, namely TT Global, the company that reviewed and/or examined the returned equipment, or other defendants.  HPE further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."  HPE further objects to this Interrogatory on the ground that it is improperly directed at HPE and should properly be directed at the Defendants with knowledge concerning this topic.

**Interrogatory No. 2:**  Please state the results of the 2012 Inspection, including the quality of the inspected Equipment, whether any of the inspected Equipment was counterfeit or carried counterfeit registered trademarks, and how the inspected Equipment was subsequently disposed of.

**Response**:  HPE objects to the definition of "2012 Inspection" as nonsensical and without meaning, in that the "Equipment," as defined by Plaintiffs, was not in India in the referenced time frame.  HPE further objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPE further objects to this Interrogatory on the ground that the term "Inspection" is misleading because the events are more properly described as an informal review and inventory of equipment held or maintained on HPFS India's behalf by TT

3

Global pending anticipated sale to ICT, which review and inventory was focused on the quality (whether fit for resale or "scrap grade" as alleged) as opposed to its authentic or counterfeit nature.  HPE further objects on the ground that this Interrogatory seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case because the equipment inventoried was not and is not the subject of this action.  HPE further objects to this Interrogatory on the ground that it seeks information that is or should be in ICT's possession, in that ICT contends that it conducted the "2012 Inspection."  HPE further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."  HPE further objects to this Interrogatory on the ground that it is compound because it requests both the "results" of "the 2012 Inspection," and also "how the inspected Equipment was subsequently disposed of."  HPE further objects to this Interrogatory on the ground that it is improperly directed at HPE and should properly be directed at the Defendants with knowledge concerning this topic.

**Interrogatory No. 3:**  Please state the results of the 2013 Inspections, including but not limited to whether any of the Seized Equipment was counterfeit or carried counterfeit registered trademarks.

**Response:**  HPE objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPE further objects to the term "2013 Inspections" because HPE does not possess sufficient independent information at this time to properly ascertain whether such inspections occurred.  HPE further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or

"carried counterfeit trademarks."  HPE further objects to this Interrogatory on the ground that it is compound because it requests information relating to multiple "inspections," alleged correspondences and reviews.  HPE also objects on the ground that the Interrogatory seeks information and/or data in the hands of a third party or third parties to this action over which HPE does not have control and to which Plaintiffs have not addressed discovery requests aimed at obtaining such information and/or data.  HPE further objects to this Interrogatory on the ground that it is improperly directed at HPE and should properly be directed at the Defendants with knowledge concerning this topic.

**Interrogatory No. 4:**  Please state the results of the 2018 Inspection, including but not limited to whether any of the inspected Equipment was counterfeit or carried counterfeit registered trademarks.

**Response**:  HPE objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPE further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because the Interrogatory seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."  HPE objects on the grounds that the inspection to which the Interrogatory appears to refer was carried out by, for, at the behest of, and/or on the instructions of counsel, for the purpose of preparing defenses and prosecuting claims in the within litigation, and is the subject of the attorney work product doctrine.

**Interrogatory No. 5:**  Do you contend that the Seized Equipment was counterfeit or carried counterfeit trademarks?

**Response**:  HPE objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.  See Fed. R. Civ. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed).  HPE further objects to this Interrogatory on the grounds that it vague and ambiguous because it does not specify any temporal limitation.  HPE further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."   HPE further objects to this Interrogatory on the ground that it is improperly directed at HPE and should properly be directed at the Defendants with knowledge concerning this topic.

Subject to and without waiver of the foregoing objections, HPE reserves the right to amend and supplement this response subsequent to an inspection performed by a testifying expert.

**Interrogatory No. 6:** Do you contend that the Seized Equipment was different than the computer equipment returned from Tata and inspected by TT Global in 2011?  If so, please state the basis for your contention.

**Response**:  HPE objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.  See Fed. R. Civ. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed).  HPE further objects to this Interrogatory on the ground that the term "different" is vague, ambiguous, and subject to multiple interpretations.  HPE further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPE further objects to this Interrogatory on the ground that it does not specify any temporal limitation.   HPE further objects to this Interrogatory on the

6

ground that it is improperly directed at HPE and should properly be directed at the Defendants with knowledge concerning this topic.

Subject to and without waiver of the foregoing objections, HPE reserves the right to amend and supplement this response subsequent to an inspection performed by a testifying expert.

**Interrogatory No. 7:** Do you contend that the Seized Equipment was different than that equipment sold by HPFS India pursuant to the RRSA and the WSA?  If so, please state the basis for your contention.

**Response**:  HPE objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.  See Fed. R. Civ. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed).  HPE further objects to this Interrogatory on the ground that the term "different" is vague, ambiguous, and subject to multiple interpretations.  HPE further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPE further objects to this Interrogatory on the ground that it does not specify any temporal limitation.   HPE further objects to this Interrogatory on the ground that it is improperly directed at HPE and should properly be directed at the Defendants with knowledge concerning this topic.

Subject to and without waiver of the foregoing objections, HPE reserves the right to amend and supplement this response subsequent to an inspection performed by a testifying expert.

**Interrogatory No. 8:**  Please state the reasons why the RMA was not authorized by HPFS.

**Response**:  HPE objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or attorney work product doctrine.  HPE further objects to this Interrogatory on the ground that ICT, as a party to the RMA negotiations, already possesses the information sought in this Interrogatory.  HPE further objects to this Interrogatory on the ground that it is improperly directed at HPE and should properly be directed at the Defendants with knowledge concerning this topic.

**Interrogatory No. 9:**  Please state the basis of your allegation in your Counterclaim that "ICT and Styller failed to provide sufficient documentation to the police that the Individual Plaintiff/Defendants were legitimate ICT employees, and failed to properly establish the provenance or source of the seized equipment."

**Response**: HPE objects to this Interrogatory on the ground that it is compound because it seeks information concerning the activities of multiple individuals, relating to both the legitimacy of their ICT employment and their failure to establish the source of the seized equipment.  HPE further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.

Subject to and without waiver of the foregoing objections, HPE refers Plaintiffs to Co-Defendants, HPFS and HPFS India's Responses to this identical Interrogatory as the query is properly addressed to them in the first instance.

**Interrogatory No. 10:**  Please state the basis of your allegation in your Counterclaim that "ICT, Styller, and/or the Individual Plaintiff/Defendants permitted or failed to prevent an entity or entities improperly or illegally copying proprietary trademarks, logos, security tags, and/or other indicia of authenticity in connection with the subject equipment and affixing the same to the equipment so that it could be marketed and sold in China; giving the reasoned impression that the equipment was counterfeit."

**Response**: HPE objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPE further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPE further objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, HPE refers Plaintiffs to Co-Defendants, HPFS and HPFS India's Responses to this identical Interrogatory as the query is properly addressed to them in the first instance.

**Interrogatory No. 11:**  Please state the basis of your allegation in your Counterclaim that "the arrest and detention of the Individual Plaintiff/Defendants—in addition to the losses and damages allegedly incurred by all Plaintiffs in the within action as outlined in the Second Amended Complaint—were, directly or indirectly, the result of and/or were exacerbated by (a) ICT's and Styller's failure to confirm that the Individual Plaintiff/Defendants were legitimate ICT employees; (b) ICT's failure to establish that it was an authorized employer or trader in China; and/or (c) ICT's, Styller's and the Individual Plaintiff/Defendants' failure to comply and failure to establish that they had complied with China's importation, taxation, customs and excise, and other laws and regulations."

**Response**:  HPE objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPE further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPE further objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, HPE refers Plaintiffs to Co-Defendants, HPFS and HPFS India's Responses to this identical Interrogatory as the query is properly addressed to them in the first instance.

**Interrogatory No. 12:**   Please state the basis of your allegation in your Counterclaim that "ICT's, Styller's, and/or the Individual Plaintiff/Defendants' failure to comply with Chinese laws and/or other conduct relating to the use, operation, handling, storage, disposal, transportation, recycling and/or resale of the equipment caused some or all of the damages that all Plaintiffs allegedly suffered, as detailed in the Second Amended Complaint."

**Response:** HPE objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPE further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPE further objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, HPE refers Plaintiffs to Co-Defendants, HPFS and HPFS India's Responses to this identical Interrogatory as the query is properly addressed to them in the first instance.

**Interrogatory No. 13:**  Please describe your email system, including the following information:

    a.  The nature and location of servers;
    b.  How emails are backed up, including the frequency of backups and the nature and location of backup data;
    c.  Whether or not there is an automatic deletion procedure for emails; and
    d.  The parameters for automatic deletion, including frequency and selection.

**Response:**  HPE objects to this Interrogatory on the ground that it is vague and ambiguous, as the phrase "describe your email system" is subject to multiple interpretations.  HPE further

objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case and contains no temporal limitations.

Subject to and without waiver of any of the foregoing general or specific objections, HPE refers Plaintiffs to the ESI Protocol submitted to the Court on December 21, 2018.

Dated: April 17, 2019

By: /s/ Paul A. Saso
Anthony P. Callaghan (admitted *pro hac vice*)
Paul A. Saso (admitted *pro hac vice*)
GIBBONS P.C
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018

Michael Bunis (BBO # 566839)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 502-4077

*Attorneys for Defendants-Counterclaims, Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP, Inc., Hewlett Packard Enterprise Company, and David Gill*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, <br><br>             Plaintiffs, <br><br>     vs. <br><br> HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL <br><br>             Defendants. | Civil Action No. 1:16-CV-10386 (LTS) <br><br> **DEFENDANT HEWLETT-PACKARD FINANCIAL SERVICES COMPANY'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Hewlett-Packard Financial Services Company ("HPFS") hereby submits the following amended responses and objections to the Interrogatories served by Plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Caroline Marafao Cheng, Pushun Cheng, Chanzhen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni (collectively, "Plaintiffs"). These responses are made within the limits of, and subject to, the general and specific objections set forth below.

In setting forth its responses to Interrogatories, HPFS does not waive the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure that may attach to information called for in response to the Interrogatories. Further, the following responses (and any further responses to the Interrogatories) are made without acknowledgement

of the admissibility, including the relevance, of the information requested or that the Interrogatories are in any way proportional to the needs of this case.

More specifically, these responses to Interrogatories are made without waiver of, and with preservation of:

(1)     All objections as to the admissibility, including but not limited to competency, relevancy, and materiality of Defendants' responses and the subject matter thereof as evidence for any purpose in any proceeding in this action (including any trial or hearing) and any other proceeding of a judicial, administrative, regulatory or other nature;

(2)     The right to object to the use of any such responses, or the subject matter thereof, on any permissible ground in this action (including any trial or hearing held in this action) and any other proceeding of a judicial, administrative, regulatory or other nature;

(3)     The right to object on any ground and at any time to a demand or request for further responses (including more specific responses or further production of documents) to the requests, or any other requests or other discovery proceedings involving or relating to the subject matter of this action;

(4)     The right at any time to amend, revise, correct, add to, supplement or clarify any of Defendants' responses contained herein, particularly as additional facts are learned in discovery or otherwise in preparation for the trial of this matter; and

(5)     The right to challenge any of Plaintiffs' interpretations or characterizations of, or inferences drawn from, Defendants' responses.

In the event that any responses inadvertently made by HPFS fall within the attorney-client and/or work product privileges, HPFS shall not be deemed to have waived any privilege as to any such response or the information contained therein, or the right to assert the attorney-client privilege and/or work-product doctrine as to any other matter that arises during the course of this action or any other proceeding of a judicial, administrative, regulatory or other nature.

## RESPONSES TO PLAINTIFFS' INTERROGATORIES

**Interrogatory No. 1:**  Please state the results of the 2011 Inspection, including the quality of the returned equipment and whether any of the returned equipment was counterfeit or carried counterfeit registered trademarks.

**Response**:  HPFS objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPFS further objects on the ground that the term "inspection" assumes facts—namely, that an event that can fairly be described as an "inspection" ever took place.  HPFS further objects to this Interrogatory on the ground that it seeks information that can be obtained from a more convenient source than Defendants, namely TT Global, the company that reviewed and/or examined the returned equipment.  HPFS further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."

Subject to and without waiver of the foregoing objections, HPFS asserts that, to the best of its knowledge and information, at no time prior to the Defendants being informed by ICT that some portion of the Equipment was seized by Chinese authorities did TT Global indicate to Defendants, or any of them (specifically, Hewlett-Packard Financial Services (India) Private Limited ("HPFS India")), that there was any issue with the Equipment, or any other materials or computer-related equipment, received by TT Global on HPFS India's behalf from Tata Consulting upon the conclusion of the lease terms.  On information and belief, TT Global created an inventory or inventories of the returned Equipment and other leased equipment which, when available and if discoverable, will be provided in discovery.  A full and comprehensive response to this Interrogatory would require input from and discovery taken of TT Global.

**Interrogatory No. 2:**  Please state the results of the 2012 Inspection, including the quality of the inspected Equipment, whether any of the inspected Equipment was counterfeit or carried

counterfeit registered trademarks, and how the inspected Equipment was subsequently disposed of.

**Response**:   HPFS objects to the definition of "2012 Inspection" as nonsensical and without meaning, in that the "Equipment," as defined by Plaintiffs, was not in India in the referenced time frame.  HPFS further objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPFS further objects to this Interrogatory on the ground that the term "Inspection" is misleading because the events are more properly described as an informal review and inventory of equipment held or maintained on HPFS India's behalf by TT Global pending anticipated sale to ICT, which review and inventory was focused on the quality (whether fit for resale or "scrap grade" as alleged) as opposed to its authentic or counterfeit nature.  HPFS further objects on the ground that this Interrogatory seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case because the equipment inventoried was not and is not the subject of this action.  HPFS further objects to this Interrogatory on the ground that it seeks information that is or should be in ICT's possession, in that ICT contends that it conducted the "2012 Inspection."   HPFS further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."   HPFS further objects to this Interrogatory on the ground that it is compound because it requests both the "results" of "the 2012 Inspection," and also "how the inspected Equipment was subsequently disposed of."

Subject to and without waiver of the foregoing objections, HPFS states, based on its best current knowledge and information, that the 2012 review of equipment not sold to ICT resulted in the conclusion, among others, that the equipment was not of scrap grade but had not been maintained or warehoused to the highest standards.  No formal assessment was made as to the

4

authenticity or counterfeit nature of the equipment reviewed in 2012.  Ultimately, the equipment returned by Tata but not sold to ICT was disposed of by sale to TT Global and, on information and belief, later destroyed.  To the best of HPFS's knowledge, the Equipment, as defined, was sold by ICT until the remaining Equipment was seized by the Chinese authorities and, HPFS believes, the seized Equipment is now located in a warehouse in Boston.

**Interrogatory No. 3:**  Please state the results of the 2013 Inspections, including but not limited to whether any of the Seized Equipment was counterfeit or carried counterfeit registered trademarks.

**Response:**  HPFS objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPFS further objects to the term "2013 Inspections" because HPFS does not possess sufficient independent information at this time to properly ascertain whether such inspections occurred.  HPFS further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."  HPFS further objects to this Interrogatory on the ground that it is compound because it requests information relating to multiple "inspections," alleged correspondences and reviews.  HPFS also objects on the ground that the Interrogatory seeks information and/or data in the hands of a third party or third parties to this action over which HPFS does not have control and to which Plaintiffs have not addressed discovery requests aimed at obtaining such information and/or data.

Subject to and without waiver of the foregoing objections, on information and belief, examination(s), review(s), inventory(ies) and/or inspection(s) of the Seized Equipment was/were conducted by or on behalf of H3C, the results of which appear to be in Plaintiffs' possession.  To the extent that a review or partial inventory of the Seized Equipment by the Defendants, or any of them, was permitted by the relevant Chinese authorities, the same was carried out or conducted by Meng Tao in or about February to March 2013. Such review or partial inventory was conducted with limited access and all additional requests for further review were denied by the Chinese authorities.  The outcome of that review or partial inventory will be made available in discovery.   Additional analysis or review of Meng Tao's review/inventory that was subsequently conducted by Defendants or their agents and/or non-legal personnel, to the extent the same exists, will be produced in discovery.  Analysis by counsel for on or on behalf of Defendants that is privileged shall not be produced but will be identified in Defendant's privilege logs.


**Interrogatory No. 4:**  Please state the results of the 2018 Inspection, including but not limited to whether any of the inspected Equipment was counterfeit or carried counterfeit registered trademarks.

**Response**:  HPFS objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPFS further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because the Interrogatory seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."   HPFS objects on the grounds that the inspection to which the Interrogatory appears to refer was carried out by, for, at the behest of, and/or on the instructions of counsel, for the purpose of preparing defenses and prosecuting claims in the within litigation, and is the subject of the attorney work product doctrine.

**Interrogatory No. 5:**  Do you contend that the Seized Equipment was counterfeit or carried counterfeit trademarks?

**Response**:  HPFS objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.  See Fed. R. Civ. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed).  HPFS further objects to this Interrogatory on the grounds that it vague and ambiguous because it does not specify any temporal limitation.  HPFS further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."

Subject to and without waiver of the foregoing objections, HPFS states that it does not currently have sufficient independent information to provide a substantive response to this Interrogatory, as discovery in this matter is ongoing. HPFS reserves the right to amend and supplement this response subsequent to an inspection performed by a testifying expert.

**Interrogatory No. 6:**  Do you contend that the Seized Equipment was different than the computer equipment returned from Tata and inspected by TT Global in 2011?  If so, please state the basis for your contention.

**Response**:  HPFS objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.  See Fed. R. Civ. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed).  HPFS further objects to this Interrogatory on the ground that the term "different" is vague, ambiguous, and subject to multiple interpretations.  HPFS further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District

Court for the District of Massachusetts.  HPFS further objects to this Interrogatory on the ground that it does not specify any temporal limitation.

Subject to and without waiver of the foregoing objections, HPFS states that it does not currently have sufficient independent information to provide a substantive response to this Interrogatory and reserves the right to amend and supplement this response subsequent to an inspection performed by a testifying expert.

**Interrogatory No. 7:** Do you contend that the Seized Equipment was different than that equipment sold by HPFS India pursuant to the RRSA and the WSA?  If so, please state the basis for your contention.

**Response**:  HPFS objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.  See Fed. R. Civ. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed).  HPFS further objects to this Interrogatory on the ground that the term "different" is vague, ambiguous, and subject to multiple interpretations.  HPFS further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPFS further objects to this Interrogatory on the ground that it does not specify any temporal limitation.

Subject to and without waiver of the foregoing objections, HPFS states that it does not currently have sufficient independent information to provide a substantive response to this Interrogatory and reserves the right to amend and supplement this response subsequent to an inspection performed by a testifying expert.

**Interrogatory No. 8:**  Please state the reasons why the RMA was not authorized by HPFS.

**Response**:   HPFS objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or attorney work product doctrine. HPFS further objects to this Interrogatory on the ground that ICT, as a party to the RMA negotiations, already possesses the information sought in this Interrogatory.

Subject to and without waiver of the foregoing objections, HPFS states as follows: in order for the RMA to be authorized, it was necessary that it first be approved at the appropriate level of authority and finality by or on behalf of HPFS India. Initially, review of the RMA was inconclusive because, among other things, there were questions with regard to the quality of the Equipment, sales records, and the proceeds ICT derived from the sale of the Equipment, in addition to questions raised with regard to handling, transportation, marketing and importation of the Equipment, and customs and excise concerns related to the Equipment. These issues were largely overcome, and HPFS India and HPFS personnel interacting with ICT on the question acknowledged that the RMA request was legitimate and appropriate. While questions and concerns with regard to how, to whom, where, in what currency, and in what specific amount the RMA ought to be paid, in addition to whether it should include agency fees incurred by ICT and/or whether it might be applied as a credit against ongoing or future ICT transactions were largely resolved, concerns remained with regard to ongoing issues with the payee. As such, the RMA was deferred, not paid, and remains unresolved.

**Interrogatory No. 9:**  Please state the basis of your allegation in your Counterclaim that "ICT and Styller failed to provide sufficient documentation to the police that the Individual Plaintiff/Defendants were legitimate ICT employees, and failed to properly establish the provenance or source of the seized equipment."

**Response**: HPFS objects to this Interrogatory on the ground that it is compound because it seeks information concerning the activities of multiple individuals, relating to both the legitimacy of their ICT employment and their failure to establish the source of the seized equipment.  HPFS further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.

Subject to and without waiver of the foregoing objections, HPFS states that its knowledge and information with regard to the subject of this Interrogatory, in large part, has been acquired in connection with and in the course of this litigation and that this allegation is based on conversation(s) between Meng Tao and the relevant Chinese authorities, as communicated to the Defendants, concerning the Seized Equipment, as has been previously disclosed to Plaintiffs and/or their counsel.  To the extent Meng Tao's communications with the Defendants concerning the above were in writing and discoverable, HPFS refer Plaintiffs to Defendants' forthcoming document productions to further supplement this Response.

**Interrogatory No. 10:**  Please state the basis of your allegation in your Counterclaim that "ICT, Styller, and/or the Individual Plaintiff/Defendants permitted or failed to prevent an entity or entities improperly or illegally copying proprietary trademarks, logos, security tags, and/or other indicia of authenticity in connection with the subject equipment and affixing the same to the equipment so that it could be marketed and sold in China; giving the reasoned impression that the equipment was counterfeit."

**Response**: HPFS objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPFS further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPFS further objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing general objections, HPFS states that its knowledge and information with regard to the subject of this Interrogatory, in large part, has been acquired in connection with and in the course of this litigation and that, to the extent Plaintiffs intend the term "subject equipment" to mean "seized Equipment," that allegation is based upon conversations and/or communications personnel acting for or on behalf of HPFS India had concerning their initial review of the Seized Equipment and/or photographs thereof and, upon information and belief, irregularities related to the manner in which ICT and the Individual Plaintiffs conducted business in China and concerns regarding ICT's conduct in the market in the time period leading up to the arrest and detention of the Individual Plaintiffs, in addition to a general awareness of the counterfeit activities prevalent in/known to be undertaken by counterfeiters in China and the region.  With respect to those photographs and, to the extent such communications were in writing and discoverable, HPFS refers Plaintiffs to Defendants' forthcoming document productions to further supplement this Response.

**Interrogatory No. 11:**  Please state the basis of your allegation in your Counterclaim that "the arrest and detention of the Individual Plaintiff/Defendants—in addition to the losses and damages allegedly incurred by all Plaintiffs in the within action as outlined in the Second Amended Complaint—were, directly or indirectly, the result of and/or were exacerbated by (a) ICT's and Styller's failure to confirm that the Individual Plaintiff/Defendants were legitimate ICT employees; (b) ICT's failure to establish that it was an authorized employer or trader in China; and/or (c) ICT's, Styller's and the Individual Plaintiff/Defendants' failure to comply and failure to establish that they had complied with China's importation, taxation, customs and excise, and other laws and regulations."

**Response**:  HPFS objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPFS further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPFS further objects

to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing general and specific objections, HPFS states that its knowledge and information with regard to the subject of this Interrogatory, in large part, has been acquired in connection with and in the course of this litigation and refers Plaintiffs to its Response to Interrogatory No. 9 above.  In addition, and as alleged in the Second Amended Complaint ¶ 100, in communications with HP China,  H3C and/or HPFS India concerning ICT's ability to legally conduct business within China, the Chinese authorities expressed a desire to obtain documents and information concerning the same, and that fact was communicated to ICT at the time.  Further, plaintiff Styller communicated via email to Defendants after the arrest of the Individual Plaintiffs that ICT had been considering establishing a "WOFE" (a wholly-owned foreign entity) through which ICT could legally conduct business in China.  To the extent the above communications and those referenced in Response 9 are in writing and discoverable, HPFS refers Plaintiffs to their forthcoming document productions to further supplement this Response.


**Interrogatory No. 12:**   Please state the basis of your allegation in your Counterclaim that "ICT's, Styller's, and/or the Individual Plaintiff/Defendants' failure to comply with Chinese laws and/or other conduct relating to the use, operation, handling, storage, disposal, transportation, recycling and/or resale of the equipment caused some or all of the damages that all Plaintiffs allegedly suffered, as detailed in the Second Amended Complaint."

**Response:** HPFS objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPFS further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPFS further objects

to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing general and specific objections, HPFS states that its knowledge and information with regard to the subject of this Interrogatory, in large part, has been acquired in connection with and in the course of this litigation and refers Plaintiffs to its Responses to Interrogatories Nos. 9 and 11 above.   To the extent the above communications and those referenced in Responses 9 and 11 are in writing and discoverable, HPFS refers Plaintiffs to Defendants' forthcoming document productions to further supplement this Response.

**Interrogatory No. 13:** Please describe your email system, including the following information:

    a. The nature and location of servers;
    b. How emails are backed up, including the frequency of backups and the nature and location of backup data;
    c. Whether or not there is an automatic deletion procedure for emails; and
    d. The parameters for automatic deletion, including frequency and selection.

**Response:** HPFS objects to this Interrogatory on the ground that it is vague and ambiguous, as the phrase "describe your email system" is subject to multiple interpretations.   HPFS further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case and contains no temporal limitations.

Subject to and without waiver of any of the foregoing general or specific objections, Defendants have provided appropriate information concerning the nature of their email systems in the ESI Protocol submitted to the Court on December 21, 2018.

Dated: April 17, 2019

By: /s/ Paul A. Saso
Anthony P. Callaghan (admitted *pro hac vice*)
Paul A. Saso (admitted *pro hac vice*)
GIBBONS P.C
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018

Michael Bunis (BBO # 566839)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 502-4077

*Attorneys for Defendants-Counterclaims, Hewlett-
Packard Financial Services Company, Hewlett-
Packard Financial Services (India) Private Limited,
HP, Inc., Hewlett Packard Enterprise Company,
and David Gill*

## CERTIFICATION

I, *James O'Grady*, do hereby certify, on behalf of Hewlett-Packard Financial Services Company, that to the best of my knowledge and belief, the foregoing answers to the First Set of Interrogatories propounded by counsel to Plaintiff Integrated Communications, & Technologies, Inc. accurately reflect my knowledge as the same pertains to the responses to Interrogatories number 2 and number 8; and that the responses to the remaining interrogatories accurately reflect information gathered by the company and its personnel as contained and reflected in records presently available to me.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated:   04/15/2019

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, | Civil Action No. 1:16-CV-10386 (LTS) |

**DEFENDANT HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Plaintiffs,

vs.

HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL

Defendants.

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Hewlett-Packard Financial Services (India) Private Limited ("HPFS India") hereby submits the following amended responses and objections to the Interrogatories served by Plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Caroline Marafao Cheng, Pushun Cheng, Chanzhen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni (collectively, "Plaintiffs"). These responses are made within the limits of, and subject to, the general and specific objections set forth below.

In setting forth its responses to Interrogatories, HPFS India does not waive the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure that may attach to information called for in response to the Interrogatories. Further, the following responses (and any further responses to the Interrogatories) are made without acknowledgement

of the admissibility, including the relevance, of the information requested or that the Interrogatories are in any way proportional to the needs of this case.

More specifically, these responses to Interrogatories are made without waiver of, and with preservation of:

(1)     All objections as to the admissibility, including but not limited to competency, relevancy, and materiality of Defendants' responses and the subject matter thereof as evidence for any purpose in any proceeding in this action (including any trial or hearing) and any other proceeding of a judicial, administrative, regulatory or other nature;

(2)     The right to object to the use of any such responses, or the subject matter thereof, on any permissible ground in this action (including any trial or hearing held in this action) and any other proceeding of a judicial, administrative, regulatory or other nature;

(3)     The right to object on any ground and at any time to a demand or request for further responses (including more specific responses or further production of documents) to the requests, or any other requests or other discovery proceedings involving or relating to the subject matter of this action;

(4)     The right at any time to amend, revise, correct, add to, supplement or clarify any of Defendants' responses contained herein, particularly as additional facts are learned in discovery or otherwise in preparation for the trial of this matter; and

(5)     The right to challenge any of Plaintiffs' interpretations or characterizations of, or inferences drawn from, Defendants' responses.

In the event that any responses inadvertently made by HPFS India fall within the attorney-client and/or work product privileges, HPFS India shall not be deemed to have waived any privilege as to any such response or the information contained therein, or the right to assert the attorney-client privilege and/or work-product doctrine as to any other matter that arises during the course of this action or any other proceeding of a judicial, administrative, regulatory or other nature.

## RESPONSES TO PLAINTIFFS' INTERROGATORIES

**Interrogatory No. 1:**  Please state the results of the 2011 Inspection, including the quality of the returned equipment and whether any of the returned equipment was counterfeit or carried counterfeit registered trademarks.

**Response**:  HPFS India objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPFS India further objects that the term "inspection" assumes facts—namely, that an event that can fairly be described as an "inspection" ever took place.  HPFS India further objects to this Interrogatory on the ground that it seeks information that can be obtained from a more convenient source than Defendants, namely TT Global, the company that reviewed and/or examined the returned equipment.  HPFS India further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."

Subject to and without waiver of the foregoing objections, HPFS India asserts that, to the best of its knowledge and information, at no time prior to the Defendants being informed by ICT that some portion of the Equipment was seized by Chinese authorities, did TT Global indicate to Defendants, or any of them (specifically, HPFS India), that there was any issue with the Equipment, or any other materials or computer-related equipment, received by TT Global on HPFS India's behalf from Tata Consulting upon the conclusion of the lease terms.   On information and belief, TT Global created an inventory or inventories of the returned Equipment and other leased equipment which, when available and if discoverable, will be provided in discovery.  A full and comprehensive response to this Interrogatory would require input from and discovery taken of TT Global.

**Interrogatory No. 2:**  Please state the results of the 2012 Inspection, including the quality of the inspected Equipment, whether any of the inspected Equipment was counterfeit or carried

counterfeit registered trademarks, and how the inspected Equipment was subsequently disposed of.

**Response**:  HPFS India objects to the definition of "2012 Inspection" as nonsensical and without meaning, in that the "Equipment," as defined by Plaintiffs, was not in India in the referenced time frame.  HPFS India further objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPFS India further objects to this Interrogatory on the ground that the term "Inspection" is misleading because the events are more properly described as an informal review and inventory of equipment held or maintained on HPFS India's behalf by TT Global pending anticipated sale to ICT, which review and inventory was focused on the quality (whether fit for resale or "scrap grade" as alleged) as opposed to its authentic or counterfeit nature.  HPFS India further objects on the ground that this Interrogatory seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case because the equipment inventoried was not and is not the subject of this action. HPFS India further objects to this Interrogatory on the ground that it seeks information that is or should be in ICT's possession, in that ICT contends that it conducted the "2012 Inspection." HPFS India further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."  HPFS India further objects to this Interrogatory on the ground that it is compound because it requests both the "results" of "the 2012 Inspection," and also "how the inspected Equipment was subsequently disposed of."

Subject to and without waiver of the foregoing objections, HPFS India states, based on its best current knowledge and information, that the 2012 review of equipment not sold to ICT resulted in the conclusion, among others, that the equipment was not of scrap grade but had not

been maintained or warehoused to the highest standards.  No formal assessment was made as to the authenticity or counterfeit nature of the equipment reviewed in 2012.  Ultimately, the equipment returned by Tata but not sold to ICT was disposed of by sale to TT Global and, on information and belief, later destroyed.  To the best of HPFS India's knowledge, the Equipment, as defined, was sold by ICT until the remaining Equipment was seized by the Chinese authorities and, HPFS India believes, the seized Equipment is now located in a warehouse in Boston.

**Interrogatory No. 3:**  Please state the results of the 2013 Inspections, including but not limited to whether any of the Seized Equipment was counterfeit or carried counterfeit registered trademarks.

**Response:**  HPFS India objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPFS India further objects to the term "2013 Inspections" because HPFS India does not possess sufficient independent information at this time to properly ascertain whether such inspections occurred.  HPFS India further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."  HPFS India further objects to this Interrogatory on the ground that it is compound because it requests information relating to multiple "inspections," alleged correspondences and reviews.  HPFS India also objects on the ground that the Interrogatory seeks information and/or data in the hands of a third party or third parties to this action over which HPFS India does not have control and to which Plaintiffs have not addressed discovery requests aimed at obtaining such information and/or data.

Subject to and without waiver of the foregoing objections, on information and belief, examination(s), review(s), inventory(ies) and/or inspection(s) of the Seized Equipment was/were conducted by or on behalf of H3C, the results of which appear to be in Plaintiffs' possession.  To the extent that a review or partial inventory of the Seized Equipment by the Defendants, or any of them, was permitted by the relevant Chinese authorities, the same was carried out or conducted by Meng Tao in or about February to March 2013. Such review or partial inventory was conducted with limited access and all additional requests for further review were denied by the Chinese authorities.  The outcome of that review or partial inventory will be made available in discovery.   Additional analysis or review of Meng Tao's review/inventory that was subsequently conducted by Defendants or their agents and/or non-legal personnel, to the extent the same exists, will be produced in discovery.  Analysis by counsel for on or on behalf of Defendants that is privileged shall not be produced but will be identified in Defendant's privilege logs.

**Interrogatory No. 4:**  Please state the results of the 2018 Inspection, including but not limited to whether any of the inspected Equipment was counterfeit or carried counterfeit registered trademarks.

**Response**:  HPFS India objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.   HPFS India further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because the Interrogatory seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."   HPFS India objects on the grounds that the inspection to which the Interrogatory appears to refer was carried out by, for, at the behest of, and/or on the instructions of counsel, for the purpose of preparing defenses and prosecuting claims within litigation, and is the subject of the attorney work product doctrine.

**Interrogatory No. 5:**  Do you contend that the Seized Equipment was counterfeit or carried counterfeit trademarks?

**Response**:   HPFS India objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.   See Fed. R. Civ. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed). HPFS India further objects to this Interrogatory on the grounds that it vague and ambiguous because it does not specify any temporal limitation.   HPFS India further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."

Subject to and without waiver of the foregoing objections, HPFS India states that it does not currently have sufficient independent information to provide a substantive response to this Interrogatory, as discovery in this matter is ongoing.   HPFS India reserves the right to amend and supplement this response subsequent to an inspection performed by a testifying expert.

**Interrogatory No. 6:**  Do you contend that the Seized Equipment was different than the computer equipment returned from Tata and inspected by TT Global in 2011?  If so, please state the basis for your contention.

**Response**:   HPFS India objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.   See Fed. R. Civ. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed). HPFS India further objects to this Interrogatory on the ground that the term "different" is vague, ambiguous, and subject to multiple interpretations.   HPFS India further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local

Rules of the United States District Court for the District of Massachusetts.  HPFS India further

objects to this Interrogatory on the ground that it does not specify any temporal limitation.

Subject to and without waiver of the foregoing objections, HPFS India states that it does

not currently have sufficient independent information to provide a substantive response to this

Interrogatory, as discovery in this matter is ongoing.  HPFS India reserves the right to amend and

supplement this response subsequent to an inspection performed by a testifying expert.


**Interrogatory No. 7:** Do you contend that the Seized Equipment was different than that equipment sold by HPFS India pursuant to the RRSA and the WSA?  If so, please state the basis for your contention.

**Response**:  HPFS India objects to this Interrogatory on the grounds that it is a contention

interrogatory and discovery in this matter is still ongoing.  See Fed. R. Civ. P. 33(a)(2)

(confirming the court's discretion to defer a party's answers until the litigation has progressed).

HPFS India further objects to this Interrogatory on the ground that the term "different" is vague,

ambiguous, and subject to multiple interpretations.  HPFS India further objects to Plaintiffs'

definition of the term "state the basis," as it departs from the definition set forth in the Local

Rules of the United States District Court for the District of Massachusetts.  HPFS India further

objects to this Interrogatory on the ground that it does not specify any temporal limitation.

Subject to and without waiver of the foregoing objections, HPFS India states that it does

not currently have sufficient independent information to provide a substantive response to this

Interrogatory, as discovery in this matter is ongoing.  HPFS India reserves the right to amend and

supplement this response subsequent to an inspection performed by a testifying expert.


**Interrogatory No. 8:**  Please state the reasons why the RMA was not authorized by HPFS.

**Response**:  HPFS objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or attorney work product doctrine. HPFS further objects to this Interrogatory on the ground that ICT, as a party to the RMA negotiations, already possesses the information sought in this Interrogatory.

Subject to and without waiver of the foregoing objections, HPFS states as follows: in order for the RMA to be authorized, it was necessary that it first be approved at the appropriate level of authority and finality by or on behalf of HPFS India. Initially, review of the RMA was inconclusive because, among other things, there were questions with regard to the quality of the Equipment, sales records, and the proceeds ICT derived from the sale of the Equipment, in addition to questions raised with regard to handling, transportation, marketing and importation of the Equipment, and customs and excise concerns related to the Equipment. These issues were largely overcome, and HPFS India and HPFS personnel interacting with ICT on the question acknowledged that the RMA request was legitimate and appropriate. While questions and concerns with regard to how, to whom, where, in what currency, and in what specific amount the RMA ought to be paid, in addition to whether it should include agency fees incurred by ICT and/or whether it might be applied as a credit against ongoing or future ICT transactions were largely resolved, concerns remained with regard to ongoing issues with the payee. As such, the RMA was deferred, not paid, and remains unresolved.

**Interrogatory No. 9:**  Please state the basis of your allegation in your Counterclaim that "ICT and Styller failed to provide sufficient documentation to the police that the Individual Plaintiff/Defendants were legitimate ICT employees, and failed to properly establish the provenance or source of the seized equipment."

**Response**: HPFS India objects to this Interrogatory on the ground that it is compound because it seeks information concerning the activities of multiple individuals, relating to both the legitimacy of their ICT employment and their failure to establish the source of the seized equipment.  HPFS India further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.

Subject to and without waiver of the foregoing objections, HPFS India states that its knowledge and information with regard to the subject of this Interrogatory, in large part, has been acquired in connection with and in the course of this litigation and that this allegation is based on conversation(s) between Meng Tao and the relevant Chinese authorities, as communicated to the Defendants, concerning the Seized Equipment, as has been previously disclosed to Plaintiffs and/or their counsel.  To the extent Meng Tao's communications with the Defendants concerning the above were in writing and discoverable, HPFS India refers Plaintiffs to Defendants' forthcoming document productions to further supplement this Response.

**Interrogatory No. 10:**  Please state the basis of your allegation in your Counterclaim that "ICT, Styller, and/or the Individual Plaintiff/Defendants permitted or failed to prevent an entity or entities improperly or illegally copying proprietary trademarks, logos, security tags, and/or other indicia of authenticity in connection with the subject equipment and affixing the same to the equipment so that it could be marketed and sold in China; giving the reasoned impression that the equipment was counterfeit."

**Response**: HPFS India objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPFS India further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPFS India further objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing general objections, HPFS India states that, as worded, this allegation is not contained in HPFS India's Counterclaim.

**Interrogatory No. 11:**  Please state the basis of your allegation in your Counterclaim that "the arrest and detention of the Individual Plaintiff/Defendants—in addition to the losses and damages allegedly incurred by all Plaintiffs in the within action as outlined in the Second Amended Complaint—were, directly or indirectly, the result of and/or were exacerbated by (a) ICT's and Styller's failure to confirm that the Individual Plaintiff/Defendants were legitimate ICT employees; (b) ICT's failure to establish that it was an authorized employer or trader in China; and/or (c) ICT's, Styller's and the Individual Plaintiff/Defendants' failure to comply and failure to establish that they had complied with China's importation, taxation, customs and excise, and other laws and regulations."

**Response**:  HPFS India objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPFS India further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPFS India further objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing general and specific objections, HPFS India states that its knowledge and information with regard to the subject of this Interrogatory, in large part, has been acquired in connection with and in the course of this litigation and refers Plaintiffs to its Response to Interrogatory No. 9 above.  In addition, and as alleged in the Second Amended Complaint ¶ 100, in communications with HP China, H3C and/or HPFS India concerning ICT's ability to legally conduct business within China, the Chinese authorities expressed a desire to obtain documents and information concerning the same, and that fact was communicated to ICT at the time.  Further, plaintiff Styller communicated via email to Defendants after the arrest of the Individual Plaintiffs that ICT had been considering establishing

a "WOFE" (a wholly-owned foreign entity) through which ICT could legally conduct business in China.  To the extent the above communications and those referenced in Response 9 are in writing and discoverable, HPFS India refers Plaintiffs to their forthcoming document productions to further supplement this Response.

**Interrogatory No. 12:**  Please state the basis of your allegation in your Counterclaim that "ICT's, Styller's, and/or the Individual Plaintiff/Defendants' failure to comply with Chinese laws and/or other conduct relating to the use, operation, handling, storage, disposal, transportation, recycling and/or resale of the equipment caused some or all of the damages that all Plaintiffs allegedly suffered, as detailed in the Second Amended Complaint."

**Response:** HPFS India objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPFS India further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPFS India further objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing general and specific objections, HPFS India states that its knowledge and information with regard to the subject of this Interrogatory, in large part, has been acquired in connection with and in the course of this litigation and refers Plaintiffs to its Responses to Interrogatories Nos. 9 and 11 above.  To the extent the above communications and those referenced in Responses 9 and 11 are in writing and discoverable, HPFS India refers Plaintiffs to Defendants' forthcoming document productions to further supplement this Response.

**Interrogatory No. 13:** Please describe your email system, including the following information:

    a.  The nature and location of servers;

    b.  How emails are backed up, including the frequency of backups and the nature and location of backup data;

    c.  Whether or not there is an automatic deletion procedure for emails; and

    d.  The parameters for automatic deletion, including frequency and selection.

**<u>Response:</u>**  HPFS India objects to this Interrogatory on the ground that it is vague and ambiguous, as the phrase "describe your email system" is subject to multiple interpretations. HPFS India further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case and contains no temporal limitations.

Subject to and without waiver of any of the foregoing general or specific objections, Defendants have provided appropriate information concerning the nature of their email systems in the ESI Protocol submitted to the Court on December 21, 2018.

Dated:  April 17, 2019

By: /s/ Paul A. Saso
Anthony P. Callaghan (admitted *pro hac vice*)
Paul A. Saso (admitted *pro hac vice*)
GIBBONS P.C
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018

Michael Bunis (BBO # 566839)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 502-4077

*Attorneys for Defendants-Counterclaims, Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP, Inc., Hewlett Packard Enterprise Company, and David Gill*

13

## **CERTIFICATION**

I, _James O'Grady_ , do hereby certify, on behalf of Hewlett-Packard Financial Services (India) Private Limited, that to the best of my knowledge and belief, the foregoing answers to the First Set of Interrogatories propounded by counsel to Plaintiff Integrated Communications, & Technologies, Inc. accurately reflect my knowledge as the same pertains to the responses to Interrogatories number 2 and number 8; and that the responses to the remaining interrogatories accurately reflect information gathered by the company and its personnel as contained and reflected in records presently available to me.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: _04/15/2019_                              _James O'Grady_

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, | Civil Action No. 1:16-CV-10386 (LTS) |
| Plaintiffs, | **DEFENDANT HP INC.'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| vs. | |
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant HP Inc. ("HPI") hereby submits the following amended responses and objections to the Interrogatories served by Plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Caroline Marafao Cheng, Pushun Cheng, Chanzhen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni (collectively, "Plaintiffs"). These responses are made within the limits of, and subject to, the general and specific objections set forth below.

In setting forth its responses to Interrogatories, HPI does not waive the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure that may attach to information called for in response to the Interrogatories. Further, the following responses (and any further responses to the Interrogatories) are made without acknowledgement of the admissibility, including the relevance, of the information requested or that the Interrogatories are in any way proportional to the needs of this case.

More specifically, these responses to Interrogatories are made without waiver of, and with preservation of:

(1)    All objections as to the admissibility, including but not limited to competency, relevancy, and materiality of Defendants' responses and the subject matter thereof as evidence for any purpose in any proceeding in this action (including any trial or hearing) and any other proceeding of a judicial, administrative, regulatory or other nature;

(2)    The right to object to the use of any such responses, or the subject matter thereof, on any permissible ground in this action (including any trial or hearing held in this action) and any other proceeding of a judicial, administrative, regulatory or other nature;

(3)    The right to object on any ground and at any time to a demand or request for further responses (including more specific responses or further production of documents) to the requests, or any other requests or other discovery proceedings involving or relating to the subject matter of this action;

(4)    The right at any time to amend, revise, correct, add to, supplement or clarify any of Defendants' responses contained herein, particularly as additional facts are learned in discovery or otherwise in preparation for the trial of this matter; and

(5)    The right to challenge any of Plaintiffs' interpretations or characterizations of, or inferences drawn from, Defendants' responses.

In the event that any responses inadvertently made by HPI fall within the attorney-client and/or work product privileges, HPI shall not be deemed to have waived any privilege as to any such response or the information contained therein, or the right to assert the attorney-client privilege and/or work-product doctrine as to any other matter that arises during the course of this action or any other proceeding of a judicial, administrative, regulatory or other nature.

## RESPONSES TO PLAINTIFFS' INTERROGATORIES

**Interrogatory No. 1:**  Please state the results of the 2011 Inspection, including the quality of the returned equipment and whether any of the returned equipment was counterfeit or carried counterfeit registered trademarks.

**Response**:  HPI objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPI further objects on the ground that the term "inspection" assumes facts—namely, that an event that can fairly be described as an "inspection" ever took place.  HPI further objects to this Interrogatory on the ground that it seeks information that can be obtained from a more convenient source than HPI, namely TT Global, the company that reviewed and/or examined the returned equipment, or other defendants.  HPI further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."   HPI further objects to this Interrogatory on the ground that it is improperly directed to HPI and should properly be directed at the Defendants with knowledge concerning this topic.

**Interrogatory No. 2:**  Please state the results of the 2012 Inspection, including the quality of the inspected Equipment, whether any of the inspected Equipment was counterfeit or carried counterfeit registered trademarks, and how the inspected Equipment was subsequently disposed of.

**Response**:  HPI objects to the definition of "2012 Inspection" as nonsensical and without meaning, in that the "Equipment," as defined by Plaintiffs, was not in India in the referenced time frame.  HPI further objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPI further objects to this Interrogatory on the ground that the term "Inspection" is misleading because the events are more properly described as an informal review and inventory of equipment held or maintained on HPFS India's behalf by TT

3

Global pending anticipated sale to ICT, which review and inventory was focused on the quality (whether fit for resale or "scrap grade" as alleged) as opposed to its authentic or counterfeit nature.  HPI further objects on the ground that this Interrogatory seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case because the equipment inventoried was not and is not the subject of this action.  HPI further objects to this Interrogatory on the ground that it seeks information that is or should be in ICT's possession, in that ICT contends that it conducted the "2012 Inspection."  HPI further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."  HPI further objects to this Interrogatory on the ground that it is compound because it requests both the "results" of "the 2012 Inspection," and also "how the inspected Equipment was subsequently disposed of."  HPI further objects to this Interrogatory on the ground that it is improperly directed to HPI and should properly be directed at the Defendants with knowledge concerning this topic.

**Interrogatory No. 3:**  Please state the results of the 2013 Inspections, including but not limited to whether any of the Seized Equipment was counterfeit or carried counterfeit registered trademarks.

**Response:**  HPI objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.  HPI further objects to the term "2013 Inspections" because HPI does not possess sufficient independent information at this time to properly ascertain whether such inspections occurred.  HPI further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because it seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried

counterfeit trademarks."   HPI further objects to this Interrogatory on the ground that it is compound because it requests information relating to multiple "inspections," alleged correspondences and reviews.   HPI also objects on the ground that the Interrogatory seeks information and/or data in the hands of a third party or third parties to this action over which HPI does not have control and to which Plaintiffs have not addressed discovery requests aimed at obtaining such information and/or data.   HPI further objects to this Interrogatory on the ground that it is improperly directed to HPI and should properly be directed at the Defendants with knowledge concerning this topic.

**Interrogatory No. 4:**  Please state the results of the 2018 Inspection, including but not limited to whether any of the inspected Equipment was counterfeit or carried counterfeit registered trademarks.

**Response**:  HPI objects to this Interrogatory on the ground that the term "results" is vague, ambiguous, and undefined.   HPI further objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine because the Interrogatory seeks legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried counterfeit trademarks."   HPI objects on the grounds that the inspection to which the Interrogatory appears to refer was carried out by, for, at the behest of, and/or on the instructions of counsel, for the purpose of preparing defenses and prosecuting claims in the within litigation, and is the subject of the attorney work product doctrine.

**Interrogatory No. 5:**  Do you contend that the Seized Equipment was counterfeit or carried counterfeit trademarks?

**Response**:  HPI objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.   See Fed. R. Civ. P. 33(a)(2) (confirming the court's

discretion to defer a party's answers until the litigation has progressed).  HPI further objects to

this Interrogatory on the grounds that it vague and ambiguous because it does not specify any

temporal limitation.  HPI further objects on the ground that this Interrogatory seeks information

protected by the attorney-client privilege and/or attorney work product doctrine because it seeks

legal conclusions as to whether the equipment was ultimately "counterfeit" or "carried

counterfeit trademarks."   HPI further objects to this Interrogatory on the ground that it is

improperly directed to HPI and should properly be directed at the Defendants with knowledge

concerning this topic.

Subject to and without waiver of the foregoing objections, HPI reserves the right to

amend and supplement this response subsequent to an inspection performed by a testifying

expert.


**Interrogatory No. 6:** Do you contend that the Seized Equipment was different than the
computer equipment returned from Tata and inspected by TT Global in 2011?  If so, please state
the basis for your contention.

**Response**: HPI objects to this Interrogatory on the grounds that it is a contention interrogatory

and discovery in this matter is still ongoing.  See Fed. R. Civ. P. 33(a)(2) (confirming the court's

discretion to defer a party's answers until the litigation has progressed).  HPI further objects to

this Interrogatory on the ground that the term "different" is vague, ambiguous, and subject to

multiple interpretations.  HPI further objects to Plaintiffs' definition of the term "state the basis,"

as it departs from the definition set forth in the Local Rules of the United States District Court

for the District of Massachusetts.  HPI further objects to this Interrogatory on the ground that it

does not specify any temporal limitation.  HPI further objects to this Interrogatory on the ground

that it is improperly directed to HPI and should properly be directed at the Defendants with

knowledge concerning this topic.

Subject to and without waiver of the foregoing objections, HPI reserves the right to amend and supplement this response subsequent to an inspection performed by a testifying expert.

**Interrogatory No. 7:**  Do you contend that the Seized Equipment was different than that equipment sold by HPFS India pursuant to the RRSA and the WSA?  If so, please state the basis for your contention.

**Response**:  HPI objects to this Interrogatory on the grounds that it is a contention interrogatory and discovery in this matter is still ongoing.  See Fed. R. Civ. P. 33(a)(2) (confirming the court's discretion to defer a party's answers until the litigation has progressed).  HPI further objects to this Interrogatory on the ground that the term "different" is vague, ambiguous, and subject to multiple interpretations.  HPI further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPI further objects to this Interrogatory on the ground that it does not specify any temporal limitation.  HPI further objects to this Interrogatory on the ground that it is improperly directed to HPI and should properly be directed at the Defendants with knowledge concerning this topic.

Subject to and without waiver of the foregoing objections, HPI reserves the right to amend and supplement this response subsequent to an inspection performed by a testifying expert.

**Interrogatory No. 8:**  Please state the reasons why the RMA was not authorized by HPFS.

**Response**:  HPI objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or attorney work product doctrine.  HPI further objects to this Interrogatory on the ground that ICT, as a party to the RMA negotiations, already possesses the

information sought in this Interrogatory.  HPI further objects to this Interrogatory on the ground that it is improperly directed to HPI and should properly be directed at the Defendants with knowledge concerning this topic.

**Interrogatory No. 9:**  Please state the basis of your allegation in your Counterclaim that "ICT and Styller failed to provide sufficient documentation to the police that the Individual Plaintiff/Defendants were legitimate ICT employees, and failed to properly establish the provenance or source of the seized equipment."

**Response**: HPI objects to this Interrogatory on the ground that it is compound because it seeks information concerning the activities of multiple individuals, relating to both the legitimacy of their ICT employment and their failure to establish the source of the seized equipment.  HPI further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.

Subject to and without waiver of the foregoing objections, HPI refers Plaintiffs to Co-Defendants, HPFS and HPFS India's, responses to this identical Interrogatory as the query is properly addressed to them in the first instance.

**Interrogatory No. 10:**  Please state the basis of your allegation in your Counterclaim that "ICT, Styller, and/or the Individual Plaintiff/Defendants permitted or failed to prevent an entity or entities improperly or illegally copying proprietary trademarks, logos, security tags, and/or other indicia of authenticity in connection with the subject equipment and affixing the same to the equipment so that it could be marketed and sold in China; giving the reasoned impression that the equipment was counterfeit."

**Response**: HPI objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPI further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPI further objects to

this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, HPI refers Plaintiffs to Co-Defendants, HPFS and HPFS India's, responses to this identical Interrogatory as the query is properly addressed to them in the first instance.

**Interrogatory No. 11:**  Please state the basis of your allegation in your Counterclaim that "the arrest and detention of the Individual Plaintiff/Defendants—in addition to the losses and damages allegedly incurred by all Plaintiffs in the within action as outlined in the Second Amended Complaint—were, directly or indirectly, the result of and/or were exacerbated by (a) ICT's and Styller's failure to confirm that the Individual Plaintiff/Defendants were legitimate ICT employees; (b) ICT's failure to establish that it was an authorized employer or trader in China; and/or (c) ICT's, Styller's and the Individual Plaintiff/Defendants' failure to comply and failure to establish that they had complied with China's importation, taxation, customs and excise, and other laws and regulations."

**Response**:  HPI objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPI further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPI further objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, HPI refers Plaintiffs to Co-Defendants, HPFS and HPFS India's, responses to this identical Interrogatory as the query is properly addressed to them in the first instance.

**Interrogatory No. 12:**  Please state the basis of your allegation in your Counterclaim that "ICT's, Styller's, and/or the Individual Plaintiff/Defendants' failure to comply with Chinese laws and/or other conduct relating to the use, operation, handling, storage, disposal, transportation,

recycling and/or resale of the equipment caused some or all of the damages that all Plaintiffs allegedly suffered, as detailed in the Second Amended Complaint."

**Response:** HPI objects to this Interrogatory on the ground that it is compound because it seeks information concerning multiple individuals and activities.  HPI further objects to Plaintiffs' definition of the term "state the basis," as it departs from the definition set forth in the Local Rules of the United States District Court for the District of Massachusetts.  HPI further objects to this Interrogatory on the ground that it seeks information protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, HPI refers Plaintiffs to Co-Defendants, HPFS and HPFS India's, responses to this identical Interrogatory as the query is properly addressed to them in the first instance.

**Interrogatory No. 13:**  Please describe your email system, including the following information:

a.  The nature and location of servers;
b.  How emails are backed up, including the frequency of backups and the nature and location of backup data;
c.  Whether or not there is an automatic deletion procedure for emails; and
d.  The parameters for automatic deletion, including frequency and selection.

**Response:**  HPI objects to this Interrogatory on the ground that it is vague and ambiguous, as the phrase "describe your email system" is subject to multiple interpretations.  HPI further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case and contains no temporal limitations.

Subject to and without waiver of any of the foregoing general or specific objections, Defendants have provided appropriate information concerning the nature of their email systems in the ESI Protocol submitted to the Court on December 21, 2018.

Dated: April 17, 2019

By: /s/ Paul A. Saso
Anthony P. Callaghan (admitted *pro hac vice*)
Paul A. Saso (admitted *pro hac vice*)
GIBBONS P.C
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018

Michael Bunis (BBO # 566839)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 502-4077

*Attorneys for Defendants-Counterclaims, Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP, Inc., Hewlett Packard Enterprise Company, and David Gill*