# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

**DEFENDANTS HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC. AND HEWLETT PACKARD ENTERPRISE COMPANY'S INITIAL DISCLOSURES**

Defendants, Hewlett-Packard Financial Services Company ("HPFS"), Hewlett-Packard Financial Services (India) Private Limited ("HPFS (India)"), HP Inc. ("HPI") and Hewlett Packard Enterprise Company ("HPE") (collectively, the "HP Defendants"),[1] by their attorneys, and pursuant to Fed. R. Civ. P. 26(a)(1) and (2), makes the following initial disclosures. These disclosures are made without waiver of, and with preservation of the right to raise and/or fully address the following:

---

[1] David Gill, named as a defendant, has not joined issue or appeared in this action as of this date.

1. All issues as to competency, relevancy, materiality, privilege and admissibility of matters disclosed herein, and the subject matter thereof, as evidence for any purpose in this or other actions.

2. The right to object to any matters disclosed herein, or the subject matter thereof, on any grounds, throughout this and/or any other action.

3. The right to object on any ground at any time to a demand or a request for further disclosure of matters identified herein, including, but not limited to the forms of discovery allowed by the Federal Rules of Civil Procedure or other discovery proceedings involving or relating to the subject matter of this controversy.

4. The right at any time to revise, correct, add to, supplement or clarify any of the disclosures contained herein.

5. To the extent that any matters disclosed by the HP Defendants have been disclosed inadvertently, and such matters otherwise fall within the scope of a privilege, the HP Defendants shall not be deemed to have waived such privilege as to any such unintended disclosure or the information contained therein. Likewise, the HP Defendants shall not be deemed to have waived their rights to such privilege as to any other matter that may arise during the course of this litigation or any subsequent proceeding.

A. <u>Persons With Relevant Knowledge (Fed. R. Civ. P. 26(a)(1)(A)(i))</u>

The HP Defendants believe that the following persons may have knowledge regarding matters relevant to the above-captioned action and HP Defendant employees and former employees may be contacted through the HP Defendants' counsel (unless otherwise noted):

| Name | Contact Information | Subjects of Information Known |
|---|---|---|
| Kevan Bartley | 165 Dascomb Road<br>Andover, MA 01810<br>USA | (1) The Tata Consultancy Services Limited ("Tata") leases and return of equipment; (2) Negotiation and entry into the Referral and Revenue Share Agreement ("RRSA") and Wholesale Sale Agreement ("WSA"); (3) Integrated Communications & Technologies, Inc.'s ("ICT") communications with Defendants concerning the background and quality of the equipment that was delivered pursuant to the RRSA and WSA; (4) ICT's re-sale of the subject equipment and interest in purchasing the remainder of the equipment returned by Tata, despite issues re: quality of the equipment; (5) Inspections and/or analysis of inventory of the equipment seized by the PSB; (6) Efforts to secure the release of the Individual Plaintiffs from detention in China; and (7) ICT's request for a Return Merchandise Authorization ("RMA"). |

| Name | Contact Information | Subjects of Information Known |
|---|---|---|
| David Gill | 410 Concord Road<br>Rhodes, NSW, 2138<br>Australia | (1) The Tata leases and return of equipment; (2) Negotiation, drafting and entry into the RRSA and WSA; (3) ICT's communications with Defendants concerning the background and quality of the equipment that was delivered pursuant to the RRSA and WSA; (4) ICT's re-sale of the subject equipment and interest in purchasing the remainder of the equipment returned by Tata, despite issues re: quality of the equipment; (5) Inspections and/or analysis of inventory of the equipment seized by the PSB; (6) Efforts to secure the release of the Individual Plaintiffs from detention in China; (7) The April 22, 2013 letter from HPFS (India) to the PSB, and drafts thereof; (8) ICT's request for an RMA; (9) ICT's failure to comply with the RRSA and WSA; (10) ICT and Styller's failure to confirm that the Individual Plaintiffs were legitimate ICT employees and ICT's failure to establish that it was an authorized employer or trader in China; and (11) The proprietary trademarks, logos, security tags, and/or other indicia of authenticity affixed to the subject equipment. |

| Name | Contact Information | Subjects of Information Known |
|---|---|---|
| Tom Harris | Cain Rd. Amen Corner (Blgd BRA02) Bracknell RG12 1HN United Kingdom | (1) The Tata leases and return of equipment; (2) The RRSA and WSA; (3) Defendants' business relationship with ICT; (4) ICT's communications with Defendants concerning the background and quality of the equipment that was delivered pursuant to the RRSA and WSA; (5) ICT's resale of the subject equipment and interest in purchasing the remainder of the equipment returned by Tata, despite issues re: the quality of the equipment; (6) ICT's request for an RMA; (7) ICT's failure to comply with the RRSA and WSA; and (8) the proprietary trademarks, logos, security tags, and/or other indicia of authenticity affixed to the subject equipment. |
| James Kwok (HP China) | Contact information to be supplemented later. | (1) Inspections and/or analysis of inventory of the equipment seized by the PSB; (2) Efforts to secure the release of the Individual Plaintiffs from detention in China; (3) The April 22, 2013 letter from HPFS (India) to the PSB, and drafts thereof; (4) ICT and Styller's failure to confirm that the Individual Plaintiffs were legitimate ICT employees and ICT's failure to establish that it was an authorized employer or trader in China and issues concerning the importation of the equipment to China; and (5) the proprietary trademarks, logos, security tags, and/or other indicia of authenticity affixed to the subject equipment. |
| James O'Grady | 165 Dascomb Road Andover, MA 01810 USA | (1) Communications with ICT; (2) Efforts to secure the release of the Individual Plaintiffs from detention in China; and (3) ICT's request for an RMA. |

2572361.2 108164-84842

| Name | Contact Information | Subjects of Information Known |
|---|---|---|
| James Silvestri | 165 Dascomb Road<br>Andover, MA 01810<br>USA | (1) The Tata leases and return of equipment; (2) Negotiation and entry into the RRSA and WSA; (3) Defendants' business relationship with ICT; (4) ICT's communications with Defendants concerning the background and quality of the equipment that was delivered pursuant to the RRSA and WSA; (5) ICT's resale of the subject equipment and interest in purchasing the remainder of the equipment returned by Tata, despite issues re: the quality of the equipment; (6) Efforts to secure the release of the Individual Plaintiffs from detention in China; (7) ICT's request for an RMA; and (8) ICT's failure to comply with the RRSA and WSA. |
| Meng Tao | Contact information being sought -- to be supplemented later. | (1) Inspections and/or analysis of inventory of the equipment seized by the PSB; (2) Efforts to secure the release of the Individual Plaintiffs from detention in China; (4) The April 22, 2013 letter from HPFS (India) to the PSB, and drafts thereof; (5) ICT and Styller's failure to confirm that the Individual Plaintiffs were legitimate ICT employees and ICT's failure to establish that it was an authorized employer or trader in China, and issues concerning the importation of the equipment to China; and (6) the proprietary trademarks, logos, security tags, and/or other indicia of authenticity affixed to the subject equipment. |

2572361.2 108164-84842

B. **Relevant Documents And Things (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

The HP Defendants identify the following categories of documents the HP Defendants may have in their possession, custody or control and may use to support their claims and defenses in the above-captioned matter. Documents potentially relevant to the claims and defenses in this case are located in both hard copy and electronic format. Documents that are subject to the attorney-client and/or work product privileges are not identified or categorized herein:

1. Documents concerning Tata's leases and return of the subject equipment.

2. Documents concerning the RRSA and WSA.

3. Documents concerning Defendants' business relationship with ICT.

4. Documents concerning the quality of the equipment delivered pursuant to the RRSA and WSA.

5. Documents concerning ICT's resale of the subject equipment and interest in purchasing additional equipment returned by Tata, despite issues re: quality of the equipment.

6. Documents concerning the inspections and/or analysis of inventory of the equipment seized by the PSB.

7. Documents concerning efforts to secure the release of the Individual Plaintiffs from detention in China.

8. Documents concerning the April 22, 2013 letter from HPFS (India) to the PSB, and drafts thereof.

9. Documents concerning ICT's request for an RMA.

10. Documents concerning failure to comply with the RRSA and WSA.

2572361.2 108164-84842

11. Documents concerning ICT and Styller's failure to confirm to the PSB (a) that the Individual Plaintiffs were legitimate ICT employees; (b) that ICT was an authorized employer or trader in China; and (c) that the subject equipment was lawfully imported into the People's Republic of China.

12. Documents concerning the proprietary trademarks, logos, security tags, and/or other indicia of authenticity affixed to the subject equipment.

C. **Computation of Monetary Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

The HP Defendants cannot provide an accurate estimate of their damages at this time because information including, but not limited to, the alleged damages suffered by the HP Defendants have not yet been compiled or revealed in discovery.

D. **Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))**

This section is not applicable.

E. **Identity of Expert Witnesses (Fed. R. Civ. P. 26(a)(2))**

The HP Defendants will amend and supplement this response in accordance with Rule 26(a)(2) and Rule 26(e) at the appropriate time and consistent with the expert discovery schedule set in this case.

2572361.2 108164-84842

Dated: New York, New York
       November 3, 2017

**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701
(212) 613-2000
*Attorneys for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc. and Hewlett Packard Enterprise Company*

By: _____
     Anthony P. Callaghan
     Paul A. Saso

9