# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>      Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>      Defendants. | Civil Action No. 1:16-CV-10386 (LTS)<br><br>**DECLARATION OF PAUL A. SASO, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION TO COMPEL [ECF 223]** |

  I, Paul A. Saso, Esq., a member of the Bars of the States of New York and New Jersey and admitted *pro hac vice* to the Bar of this Court, declare under the penalty of perjury as follows:

  1. I am a Director with the law firm of Gibbons P.C., co-counsel to defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company and David Gill in this matter. As such, I am familiar with the facts set forth herein.

  2. I submit this declaration in support of Defendants' Motion to Strike Plaintiffs' Motion to Compel [ECF 223].

  3. At no time during the June 10, 2019 status conference (the "June 10 Conference") did plaintiffs request, nor did the Court entertain the possibility, that *plaintiffs* should be afforded an extension of the July 22, 2019 deadline to file motions to compel (the "MTC Deadline").

4. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the transcript of the June 10 Conference.

5. Defendants complied with the Court's order that they file a motion to compel on July 22, 2019 with respect to those issues that were then-ripe, and informed the Court that plaintiffs' Data Dump and failure to comply with other court deadlines prevented them from filing an omnibus motion to compel with respect to all potential discovery deficiencies by plaintiffs.

6. As of the June 10 Conference, defendants had complied (and have continued to comply) with the discovery deadlines set by the Court: producing the majority of their documents on April 15, 2019, followed by a supplemental production on June 17, 2019 (in direct response to a claimed deficiency by plaintiffs), and serving their privilege log on June 24, 2019.

7. Less than an hour and a half prior to the 6 p.m. MTC Deadline on July 22 (at 4:39 p.m.), plaintiffs—for the first time—requested a meet and confer conference with defendants about purported discovery deficiencies.

8. Defendants agreed to meet and confer with plaintiffs about these issues in the event that the Court further extends the time for plaintiffs to pursue discovery.

9. The Court never extended the MTC Deadline for plaintiffs and, therefore, that meet and confer conference has not been scheduled.

10. Plaintiffs have boldly admitted that they did not review that data at all prior to producing it to defendants, arguing that they were under no obligation to do so.

11. The parties were ordered to begin their document productions by January 30, 2019. Plaintiffs disregarded that deadline and made their first production on March 1, 2019.

12. The parties were ordered to complete their document productions by April 15, 2019. Plaintiffs disregarded that deadline and produced documents as recently as August 12, 2019, producing only 0.5% of their documents by the April 15 deadline.

13. The parties were ordered to serve their privilege logs by June 24, 2019—a date plaintiffs themselves chose. They disregarded that deadline too, and served their privilege log on August 7, 2019.

14. Plaintiffs were ordered to file their motion to compel, if any, by July 22, 2019. Instead, they unilaterally conferred an extra month upon themselves and, without Court approval, filed the unauthorized and time-barred Plaintiffs' MTC on August 23, 2019.

15. On August 27, 2019, prior to filing this motion to strike, I contacted plaintiffs' counsel, Dimitry Joffe, by telephone to meet and confer and inform him of defendants' intention to file this motion. Plaintiffs declined to withdraw their motion to dismiss.

16. Defendants' filed their motion to compel, only after an exhaustive meet and confer process, including 11 written deficiency notices and two telephonic meet and confer conferences that collectively lasted for approximately 3.5 hours.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 27, 2019                    By:    /s/ Paul A. Saso_____
                                                 Paul A. Saso, Esq.

## **CERTIFICATE OF SERVICE**

    I, Christina T. Lau, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that the foregoing Declaration of Paul A. Saso, Esq. in Support of Defendants' Motion to Strike Plaintiffs' Motion to Compel [ECF 223] was filed using the CM/ECF system and electronic notice will be sent to registered participants as indicated on the Notice of Electronic Filing (NEF) on August 27, 2019.

                                               /s/Christina T. Lau
                                               Christina T. Lau

2747433.1 108164-84842