# EXHIBIT C



Paul A. Saso

Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, NY 10119-3701
Direct: 212-613-2171 Fax: (212) 290-2018
psaso@gibbonslaw.com

October 1, 2019

**VIA ELECTRONIC MAIL**

Dimitry Joffe, Esq.
Joffe Law P.C.
765 Amsterdam Avenue, 2c
New York, New York 10025

Re: **Styller, et al. v. Hewlett-Packard Fin. Servs. Co., et al. (D. Mass.) Civil Action No. 1:16-cv-10386 (LTS)**

Dear Dimitry,

I write to follow up on the inquiries that you made in your July 12, 2019 letter concerning Defendants' document productions. The below numbered paragraphs correspond to the paragraph numbers in your July 12 letter:

2(i): Defendants produced these documents on September 11, 2019.

2(ii): Plaintiffs requested "importation documents," including a "bill of entry" referenced in documents previously produced by Defendants. As those emails reflect, Defendants sent several requests to Inspira for these document in 2011. Defendants have inquired further internally and there is no evidence to suggest that Inspira ever sent these documents to Defendants, despite their requests. Accordingly, we believe that they are not within Defendants' possession, custody or control.

2(iii): Defendants have not located the spreadsheet attached to the exact August 8, 2011 email that you reference in your letter. However, as you note, Defendants have produced multiple spreadsheets that list the equipment. *See, e.g.*, DEF 976. Defendants do not object to producing this exact email attachment to the extent it is located.

2(iv): The only written "results" of any "audit," "testing," or "inspection" performed by TT Global, and in Defendants' possession, custody or control, are the spreadsheets that have already been produced by Defendants. There are no further documents for Defendants to produce.

2(v): Plaintiffs are today producing an earlier email in the email chain that you reference in your July 12 Letter at ¶¶ 2(v), (vii) and (viii). The email being produced today includes the pictures that are referenced in the email chain previously produced by Defendants.

2(vi): See 2(iv) above.

GIBBONS P.C.

Dimitry Joffe, Esq.
October 1, 2019
Page 2

2(vii): See 2(v) above.

2(viii): See 2(v) above.

2(ix): Defendants have not located the email attachment that you reference in your letter. Defendants do not object to producing this document to the extent it is located.

2(x): In your July 12 Letter, you note that "[o]ther than a spreadsheet listing the inspected transceivers, Defendants have failed to produce any results of their inspection of the 40% of the Seized Equipment." Defendants confirm that that spreadsheet is the only written report that they received as a result of H3C's partial "inspection" of the Seized Equipment.

3(i): As discussed during our September 23, 2019 meet and confer conference, Defendants believe that they have produced all of the responsive, non-privileged documents concerning TT Global's disposition of the equipment that was not shipped to ICT, primarily because the agreed-to search terms would have yielded any such documents. Nevertheless, Defendants are continuing to inquire internally as to whether there may be additional responsive, non-privileged documents concerning this issue and will produce them if they are yielded from a reasonable search. Defendants do not object to producing these documents to the extent they are located.

3(ii): See 3(i) above.

3(iii): Defendants have confirmed that the investigation concerning Shenzhen Kingtech Co., Ltd. did not involve the equipment that was returned by Tata to HPFS India, and is therefore unrelated to the equipment purchased by ICT. Accordingly, any further documents concerning the Shenzhen Kingtech investigation is irrelevant, non-responsive and not likely to lead to the discovery of admissible evidence.

3(iv): The serial numbers and documents referenced in the February 5, 2013 email from Jim O'Grady to Robert Cozzolina were previously produced by Defendants at DEF 2371 and 2372.

3(v): See 3(iv) above.

Accordingly, except with respect to your July 12 Letter ¶ 3(iii) (concerning the unrelated Shenzhen Kingtech investigation), Defendants have or will produce all of the documents that are in their possession, custody or control, that you requested in Paragraphs 2 and 3 of your letter. We trust that this eliminates any need for Plaintiffs to renew any motion to compel with respect to what they previously requested in their first motion to compel [ECF 223] at § C.1-6.

GIBBONS P.C.

Dimitry Joffe, Esq.
October 1, 2019
Page 3

                                                    Sincerely,

                                                    Paul A. Saso

cc:    Joshua McGuire, Esq.
       Michael Bunis, Esq.
       Mark Edgarton, Esq.