**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>Defendants. | Civil Action No. 1:16-CV-10386 (LTS)<br><br><br>**DECLARATION OF**<br>**PAUL A. SASO** |

I, Paul A. Saso, Esq., a member of the Bars of the States of New York and New Jersey and admitted *pro hac vice* to the Bar of this Court, declare under the penalty of perjury as follows:

1.       I am a Director with the law firm of Gibbons P.C., co-counsel to defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company and David Gill in this matter.  As such, I am familiar with the facts set forth herein.

2.       I submit this declaration in opposition to Plaintiffs' Motion for Reconsideration of the Court's Order Denying Their Renewed Motion to Compel (the "Motion for Reconsideration" or "Motion").

3.       Defendants began their document productions on January 30, 2019 and largely completed them on April 15, 2019, pursuant to the case schedule.

2768760.1 108164-84842

4.      Just in advance of a status conference with the Court, Plaintiffs filed a Status Report on June 4, 2019, stating that there was a deficiency in Defendants' document production.

5.      A true and correct copy of Plaintiffs' Status Report filed on June 4, 2019 is attached hereto as Exhibit A.

6.      Shortly following the June conference, Defendants produced documents that addressed Plaintiffs' concern.

7.      Just hours before the July 12, 2019 status conference with the Court, Plaintiffs sent a letter to Defendants regarding alleged deficiencies in Defendants' document productions.

8.      A true and correct copy of Plaintiffs' July 12, 2019 letter regarding alleged deficiencies in Defendants' document productions is attached hereto as Exhibit B.

9.      Defendants took the position that Plaintiffs had not requested a meet and confer conference in advance of the then-applicable July 22, 2019 deadline for the parties' motions to compel.

10.     The parties met and conferred on September 23, 2019 (the "2019 Meet & Confer") and Defendants sent Plaintiffs a letter memorializing that conference on September 27, 2019.

11.     A true and correct copy of Defendants letter memorializing the 2019 Meet & Confer dated September 27, 2019 is attached hereto as Exhibit C.

12.     Defendants sent a further letter and produced nine additional documents on October 1, 2019.

13.     Defendants complied with the Court's Order for Supplemental Information on November 7, 2019 [ECF 276] and filed a Report Concerning Supplemental Discovery Information on November 13, 2019 [ECF 279] ("Defs' Supp. Report").

14.     A true and correct copy of the Report Concerning Supplemental Discovery Information on November 13, 2019 [ECF 279] is attached hereto as Exhibit D.

15.     Crucially, it was the Court alone that inquired into Defendants' collection and production methods.

16.     Unlike Defendants, Plaintiffs never served a discovery request with respect to ESI issues generally, or concerning Defendants' share drive or compliance with Final ESI Protocol § II.A specifically.

17.     A true and correct copy of the Final ESI Protocol is attached hereto as Exhibit E.

18.     A true and correct copy of the Original ESI Protocol is attached hereto as Exhibit F.

19.     Plaintiffs did not raise Defendants' sources of ESI or their methods of searching those sources during the 2019 Meet & Confer, and it was not the subject of either their First or Renewed MTC.

20.     Although they addressed other discovery concerns at status conferences with the Court, this was never raised at any conference since the discovery phase of this action commenced.

21.     It is simply not plausible to suggest that Defendants "hid" anything in this document production that Plaintiffs have, for months, denounced as "meager," "dismal" and "miniscule."

22.     A true and correct copy of Plaintiffs' August 7, 2019 Status Report is attached hereto as Exhibit G.

23.     A true and correct copy of Plaintiffs' August 19, 2019 Response to Defendants' Update Report is attached hereto as Exhibit H.

24.     In truth, Defendants had produced their documents by April 15, 2019 (nearly half a year prior) in accordance with the case schedule, and only produced additional documents

2768760.1 108164-84842

thereafter in response to Plaintiffs' claimed deficiencies in those productions, including a final production of just *nine documents* on October 1, but all were produced in advance of the Renewed MTC.

25.     Moreover, Plaintiffs never inquired about Defendants' litigation hold notice until after the MTC Order, and did not even raise it in their November 12 letter concerning the "missing" emails.

26.     Plaintiffs posed one question about the timing of Defendants' litigation hold notice for the very first time during a call on November 25, 2019.

27.     Plaintiffs also cite to an August 8, 2013 letter by Plaintiffs' counsel as evidence that Defendants should have preserved the 17 "missing" emails, but all of those emails pre-date August 2013.

28.     Plaintiffs also did not issue their own litigation hold notice until March *2016* (according to their own discovery responses)—over two years after Defendants did, and at least three months after they themselves commenced this litigation.

29.     Those employees (beyond the agreed-to ESI custodians) who contributed to the share drive only contributed emails.  None of them contributed non-email files.

30.     Those employees' contributed emails were then de-duplicated and threaded against the ESI custodians and such emails were either produced or listed on Defendants' privilege log.

31.     Defendants applied all of the agreed-to search terms to their custodians' email accounts.

32.     This unlikely and insignificant potential data set—the non-duplicative data (as compared to email accounts) that Defendants would expect to find in the share drive—was

4

appropriately investigated and collected through interviews and mutual cooperation between the custodians and counsel.

33.     None of the members of the Executive Group contributed documents into the share drive for the same reason they were not included as ESI custodians—they were only peripherally involved and there is no reason to believe they have documents that would be non-duplicative of Defendants' ESI custodians.

34.     Upon further review of the one produced email with Cozzolina's name, it appears that Defendants based their prior statement on the most recent email in an email chain and that, in fact, Cozzolina did respond to an earlier email in the same chain.

35.     However, it is still true that Cozzolina appears on only two email chains (one produced and one withheld) and he sent only one email.

36.     Separately, the verification reports were created by H3C—not Defendants.

37.     One verification report is a document submitted by H3C to the Chinese authorities apparently explaining its position concerning the counterfeiting allegations, and the other verification report is a document created by H3C relating to sample devices that were sent by TT Global to H3C.

38.     To the extent the share drive contained copies of H3C's verification report to the Chinese police, they were produced; to the extent the share drive contained communications about that verification report, they were either produced or withheld as privileged, depending on the email.

39.     Whether located in Defendants' emails or the share drive, Defendants already produced all responsive, non-privileged documents concerning the verification reports.

40.     Defendants' Privilege Log Entry 410 discloses an "[e]mail containing the legal advice of Jessica Liu enclosing verification report and draft letter."

41.     This entry refers to the verification report concerning the two sample devices sent by TT Global to H3C at the direction of counsel and clearly designates it as privileged.

42.     The privilege log was served on Plaintiffs on June 24, 2019, months before the Renewed MTC deadline.

43.     No prior *drafts* of the verification report concerning the counterfeiting allegations, were logged as privileged because none were withheld as privileged.

44.     However, privileged communications *about* this verification report were withheld and were all logged.

45.     Further, Plaintiffs have had the H3C cover letter since at least July 2018, when they first produced it to Defendants in advance of the mediation with Magistrate Judge Dein.

46.     The H3C cover letter did not accompany its own verification report; it accompanied HPFS India's April 2013 letter to the Chinese authorities.

47.     In connection with the Motion for Reconsideration, Defendants have also confirmed that, although Defendants' legal personnel discussed with H3C whether it would submit a cover letter to HPFS India's April 2013 letter to the Chinese authorities, and later confirmed that it was submitted, there is no record of H3C ever providing Defendants with a final copy of the actual cover letter that was eventually submitted.

48.     Discussion of that document was disclosed in Defendants' privilege log, served on June 24, 2019, long before the deadline for Plaintiffs' Renewed MTC.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 10, 2019                                   By:      /s/ Paul A. Saso_____
                                                                             Paul A. Saso, Esq.

7

## **CERTIFICATE OF SERVICE**

      I, Christina T. Lau, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that the foregoing Declaration of Paul A. Saso was filed using the CM/ECF system and electronic notice will be sent to registered participants as indicated on the Notice of Electronic Filing (NEF) on December 10, 2019.

                               /s/Christina T. Lau
                               Christina T. Lau

2768760.1 108164-84842