UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>            Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL,<br><br>            Defendants. | **Civil Action No. 1:16-CV-10386 (LTS)** |

**PLAINTIFFS' CROSS-MOTIONS (1) FOR PARTIAL
SUMMARY JUDGMENT ON THE ISSUE OF COUNTERFEITING
AND (2) TO EXCLUDE DEFENDANTS' EXPERT WITNESS**

Plaintiffs, through their undersigned counsel, respectfully move for partial summary judgment on the issue of counterfeiting pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and Local Rule 56.1.

Rule 56(a) permits the Court to grant summary judgment "on the part of each claim or defense," and Plaintiffs respectfully seek summary judgment that the equipment at issue was counterfeit because there are no genuine disputes of fact that the equipment bear counterfeit registered trademarks and, as a matter of law, goods bearing counterfeit registered trademarks are considered counterfeit. Accordingly, Plaintiffs seek summary judgment declaring the

equipment counterfeit and barring Defendants from advancing any theory in this case denying that Defendants sold counterfeit goods to ICT.

Plaintiffs also move to exclude Defendants' expert witness pursuant to Rule 702 of the Federal Rules of Evidence and <u>Daubert</u>, and rely on their memorandum of law, Dkt 330 pp. 17-23, and supporting affidavits and exhibits, Dkt. 331.

Defendants' expert report should also be excluded from the Court's consideration of Defendants' motion for partial summary judgment on the grounds that report is "unsworn and thus is hearsay, which may not be considered on a motion for summary judgment." <u>Pack v. Damon Corp.</u>, 434 F.3d 810, 815 (6th Cir. 2006). Dkt. 330 p. 27. Moreover, the report cannot be sworn as "true and correct" by a subsequent affidavit of the expert witness because the witness had testified on deposition that the report contained "false" statements. Dkt. 331-1, Raina Tr. 111/1-11; 112/3-7.

April 17, 2020

Respectfully Submitted,

_____
Dimitry Joffe
JOFFE LAW P.C.
765 Amsterdam Avenue, 2C
New York, New York 10025
(917) 929-1964
Email: dimitry@joffe.law

Joshua McGuire
THE LAW OFFICE OF JOSH MCGUIRE
51 Winchester Street, Suite 205
Newton, Massachusetts 02461
(617) 461-6400
Email: josh@joshmcguirelaw.com

*Counsel to Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

I, Dimitry Joffe, hereby certify that on this 17th day of April 2020, I caused a copy of Plaintiffs' Cross-Motions to be served by ECF upon Defendants' counsel of record.

*Dimitry Joffe*

———————————————
Dimitry Joffe
JOFFE LAW P.C.
Counsel to Plaintiffs