UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>     Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL,<br><br>     Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE PLAINTIFFS' CROSS-MOTIONS (1) FOR PARTIAL
SUMMARY JUDGMENT ON THE ISSUE OF COUNTERFEITING AND
<u>(2) TO EXCLUDE DEFENDANTS' EXPERT WITNESS</u>**

   Defendants submit this Memorandum of Law in Support of their Motion to Strike Plaintiffs' Cross-Motions (1) for Partial Summary Judgment on the Issue of Counterfeiting and (2) to Exclude Defendants' Expert Witness (collectively, the "Cross-Motion") [Dkt. No. 330, Dkt. No. 334]. Consistent with their prior practice of flouting the Local Rules and the directives of this Court, Plaintiffs made no good-faith attempt to meet and confer with Defendants before filing the Cross-Motion. The Court should strike and/or summarily deny the Cross-Motion in its entirety based on this violation and the totality of the circumstances summarized below.

## FACTUAL BACKGROUND

On March 10, 2020, the Court held a teleconference during which it established, *inter alia*, a briefing schedule for Defendants' summary judgment and *Daubert* motions.[1]  *See* Dkt. No. 313; Ex. A (March 10, 2020 Tr.).  Plaintiffs stated their intention to file a cross-motion for summary judgment concurrently with their opposition to Defendants' motion for summary judgment.  Ex. A at 13:11-14.  Thereafter followed a long colloquy with the Court during which the Court discussed whether – given that the summary judgment standard requires the resolution of all inferences in Defendants' favor – Plaintiffs had a basis to pursue such dispositive motion.  *Id.* at 13:15-21:14.  Defendants expressly questioned whether Plaintiffs had a good-faith basis for filing a cross-motion for summary judgment.  *Id.* at 12:8-17; *see also id.* at 18:4-14.  The Court ended the discussion by directing the Parties to follow the meet and confer requirements set forth in Local Rule 7.1.  The Court stated, "I'm a big believer in conferral," and urged the Parties to meet and confer prior to Plaintiffs filing any cross-motion, in order to aid the Parties in "focusing the issues" and to "save [the Parties'] money."  *Id.* at 21:15-23.

During the teleconference, Defendants affirmed their intention to move to exclude Plaintiffs' purported counterfeiting expert, Dr. Nicholas Fang.  *Id.* at 12:18-23.  Plaintiffs stated they would challenge the report and conclusions of Defendants' counterfeiting expert, Shelley Raina, on summary judgment, *id.* at 14:12-14, but never stated during or after the March 10 conference that they intended to file an affirmative *Daubert* motion to exclude Mr. Raina's testimony.

On March 16, 2020, Defendants timely filed their Motion for Summary Judgment on Plaintiffs' Counterfeiting Claims (Counts I-VI) and a *Daubert* Motion to Exclude the Testimony

---

[1] The Court set deadlines of March 16, 2020, for Defendants' summary judgment and *Daubert* motions, and April 16, 2020, for Plaintiffs' oppositions and/or cross-motion for summary judgment.  *See* Dkt. No. 313; Ex. A.

2

of Nicholas XuanLai Fang, Ph.D., and served their Statement of Undisputed Material Facts ("SOF"). Dkt No. 315, Dkt. No. 318.

On April 16, 2020 at 6:51 p.m. – nearly an hour after the filing deadline – Plaintiffs filed a Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment and ***in Support of Plaintiffs' Cross-Motion*** ("Memorandum of Law"). Dkt. No. 330 (emphasis added). Plaintiffs never conferred with Defendants prior to filing the Memorandum of Law (including to discuss whether there was a good-faith basis for Plaintiffs' cross-motion for summary judgment), as the Court had directed and as is required by Local Rule 7.1. The Memorandum of Law lacks a Local Rule 7.1(a)(2) Certification. Plaintiffs did not, at that time, file a separate, standalone Cross-Motion. There is no document before the Court that contains a Local Rule 7.1(a)(2) Certification from Plaintiffs regarding their Cross-Motion. Plaintiffs further did not serve their SOF or response to Defendants' SOF by the April 16 deadline. Plaintiffs did, however, e-mail Defendants at 11:46 p.m. on April 16, seeking Defendants' consent on a proposed motion to seal exhibits. Ex. B at 2.

The next day (April 17), Defendants filed a Status Report outlining the various deficiencies with Plaintiffs' summary judgment and *Daubert* filings. Dkt. No. 333. Plaintiffs thereafter filed a separate, standalone Cross-Motion at 5:47 p.m., for the first time notifying Defendant – and the Court – that they were moving to exclude Mr. Raina. Dkt. No. 334. Again, Plaintiffs did not confer with Defendants before moving either for summary judgment or to exclude Mr. Raina, and therefore they did not include a Local Rule 7.1(a)(2) Certification with their Cross-Motion. Moreover, Plaintiffs did not serve their response to Defendants' SOF and their own Cross-Motion SOF until 5:02 p.m. on Saturday, April 18 – nearly two full days after the Court's April 16 deadline. Ex. B at 1.

At no point before or after Defendants filed their Status Report did Plaintiffs (1) seek to cure their failure to meet and confer with Defendants regarding either their summary judgment or *Daubert* motion; (2) request an extension from Defendants (who have accommodated Plaintiffs' requests for extensions on several prior occasions); or (3) request an extension from the Court (or otherwise explain the untimely filing and/or service of their documents).

On April 22, 2020, Defendants' counsel invited Plaintiffs' counsel to meet and confer regarding Plaintiffs' failure to confer on the Cross-Motion, as well as Defendants' intention to file the instant Motion to Strike. Ex. C at 4-5. Plaintiffs' counsel flatly refused to engage in a meet and confer and instead stated his belief that no such conference was necessary and that counsels' email exchange satisfied the meet and confer requirement. *Id.* at 2-3. Defendants' counsel again invited Plaintiffs' counsel to meet and confer on April 28, 2020 and reiterated: "To be clear – the grounds for the Motion to Strike both of Plaintiffs' motions is based, in part, [on] the failure to conduct a meet and confer." *Id.* at 1. Plaintiffs again rejected the offer to meet and confer. *Id.*

This latest series of events is not the first time Plaintiffs have failed to comply with Local Rule 7.1 and/or other Court orders. *See, e.g.*, Dkt. No. 67 (denying Plaintiffs' Motion for Leave to File a Second Amended Complaint where the motion was filed "without a supporting memorandum, in violation of Local Rule 7.1(b)(1)" and the Court had "concerns about, inter alia, its compliance with FRCP 8"); Dkt. No. 234 (denying Plaintiffs' Motion to Compel "because it fails to comply with Local Rule 37.1(b) and with the Court's specific instructions that all such discovery motions comply with [] local rules. . . . This is not the first time counsel for the Plaintiffs has disregarded the Court."); Dkt. No. 239 (admonishing Plaintiffs' counsel and ordering him not to collect fees from his client for opposing Defendants' Motion for Leave to File Reply Memorandum in Further Support of Motion to Strike);.

**ARGUMENT**

Plaintiffs' Cross-Motion should be stricken and/or summarily denied because of their deliberate failure – and continued refusal – to comply with Local Rule 7.1, which states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." L.R. 7.1(a)(2). As the District of Massachusetts has observed:

> A Local Rule 7.1 certification is not an empty exercise. Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources. Failure on the part of a litigant to comply with the rule not only affects the other parties, but it impedes the court's process as well.

*Martinez v. Hubbard*, 172 F. Supp. 3d 378, 385 (D. Mass. 2016) (emphasizing the court's discretion to fashion a remedy for a Local Rule 7.1 violation pursuant to its "inherent power to control its docket."); *see also Converse Inc. v. Reebok Int'l, Ltd.*, 328 F. Supp. 2d 166, 171 (D. Mass. 2004) (Rule 7.1 "was designed *primarily* for the benefit of an overburdened district court") (emphasis in original).

Despite having an obligation under Local Rule 7.1 to meet and confer with Defendants – and despite the Court's reminder to do so during the March 10 teleconference – Plaintiffs made no attempt, let alone a good-faith attempt, to confer about or "focus[] the issues" presented in their summary judgment or *Daubert* briefing before filing the Memorandum of Law or Cross-Motion. *See* Ex. A at 21:15-23. Instead, they once again ignored the Local Rules and the directive of this Court. After the March 10 hearing, Plaintiffs did not inform Defendants of their intent to file a *Daubert* motion to exclude Mr. Raina, let alone provide Defendants with the basis for the motion. This is "reason enough" to deny that motion. *See Martinez*, 172 F. Supp. 3d at 383. Likewise, by failing to meet and confer with Defendants regarding their Cross-Motion for Summary Judgment, Plaintiffs knowingly frustrated the purpose of Local Rule 7.1 and the process contemplated by the

Court to allow the parties the opportunity to discuss the factual and legal grounds for such motion, including whether Plaintiffs had a good faith basis to file the Cross-Motion.

Plaintiffs have not presented – and Defendants cannot conceive of – any justification that excuses Plaintiffs' deliberate violation of Local Rule 7.1 in these circumstances.  Plaintiffs' counsel is well aware of Local Rule 7.1 and its requirements, including because the Court previously has found similar violations.  *See*, *e.g.*, Dkt. No. 67.  After announcing their intent to file the Cross-Motion at the March 10 teleconference and engaging in a colloquy with the Court on this very issue, Plaintiffs had ample time – over a month – to comply with Local Rule 7.1 but made no effort to do so.  Even after Defendants filed their Status Report raising Plaintiffs' failure to comply with Local Rule 7.1, and twice invited a meet and confer with Plaintiffs regarding these issues before filing this Motion to Strike, Plaintiffs made no attempt to explain their failure to confer (or their untimeliness in filing and serving their papers) to Defendants or the Court, and in fact refused to confer with Defendants.

In sum, Plaintiffs have yet again "demonstrated a concerted disregard" for Local Rule 7.1. *See Martinez*, 172 F. Supp. at 385 (sanctioning Plaintiffs' counsel for failure to comply with Local Rule 7.1); *Converse Inc.*, 328 F. Supp. 2d at 170 (finding an "aspect of bad faith" where counsel made a "deliberate choice to disregard the rules of the District Court").  Plaintiffs' disregard for the requirements of Local Rule 7.1 is further demonstrated by their refusal to even participate in a meaningful meet and confer regarding the instant motion.  These latest violations, coupled with their prior failures to comply with the Local Rules and orders of this Court, demonstrate Plaintiffs' lack of respect for the judicial process, and warrant striking and/or denial of their Cross-Motion.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court exercise its inherent discretion to control its docket by striking and/or summarily denying Plaintiffs' Cross-Motion in its entirety.

Dated: April 30, 2020

Respectfully submitted,

/s/ *Michael H. Bunis*
Michael H. Bunis (BBO No. 566839)
G. Mark Edgarton (BBO No. 657593)
Kevin C. Quigley (BBO No. 685015)
**CHOATE HALL & STEWART LLP**
Two International Place
Boston, Massachusetts  02110
(617) 248-5000
mbunis@choate.com
medgarton@choate.com
kquigley@choate.com

Anthony P. Callaghan
Paul A. Saso
**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York, 10119
(212) 613-2000

*Counsel for Defendants*

7

**CERTIFICATE OF SERVICE**

    I, Christina T. Lau, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that the foregoing document was filed using the CM/ECF system and electronic notice will be sent to registered participants as indicated on the Notice of Electronic Filing (NEF) on April 30, 2020.

                                                    /s/Christina T. Lau
                                                    Christina T. Lau