## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) **Civil Action No. 1:16-CV-10386 (LTS)** |
| v. | ) ) |
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL, | ) ) ) ) ) **)** |
| Defendants. | ) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEAL

Plaintiffs, though their undersigned counsel, respectfully submit that Defendants' motion (Dkt. 346) to redact eight paragraphs from Plaintiffs' Statement of Undisputed Facts jointly filed on the parties' cross-motions for partial summary judgment (Dkt. 341) should be denied because Defendants have failed to present any "compelling reason" for sealing as required by the common law and the First Amendment's presumption of public access to judicial records and by the controlling First Circuit law.

*First*, "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for

the public to have confidence in the administration of justice." In re Boston Herald, Inc., 321 F.3d 174, 196 (1st Cir. 2003), citing U.S. v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995).

*Second*, the courts have also recognized a qualified constitutional presumption of access to both civil and criminal proceedings and judicial documents arising under the First Amendment. See, e.g., Lugosch, 435 F.3d at 124. Under the constitutional standard, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., 347 F.App'x 615, 616-17 (2d Cir. 2009) (internal quotations and citations omitted).

*Third*, "at a more practical level, [the presumption] is driven by administrative concerns. The court expends considerable resources to process and maintain sealed documents. See, e.g., Dunkin Donuts, 2008 WL 427290, at *1." Bradford & Bigelow, Inc. v. Heather T. Richardson & Bradford & Bigelow, Inc., 109 F. Supp. 3d 445, 447 (D. Mass. 2015). The sealing requirement also imposes additional burdens and costs on the parties' resources, which Defendants are infinitely better positioned to bear than Plaintiffs.

"***[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons***." Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982); see Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004) ("[T]he presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication.'");

The First Circuit expressly recognized "an abiding presumption of access to trial records and ample reason to 'distinguish materials submitted into evidence from the raw fruits of discovery.' Littlejohn v. BIC Corp., 851 F.2d 673, 678, 684 n. 28 (3d Cir. 1988). As we have said

elsewhere, '[o]nly the most compelling reasons can justify the non-disclosure of judicial

records.'" Poliquin v. Garden Way, Inc., 989 F.2d 527, 533 (1st Cir. 1993), citing FTC v.

Standard Financial Management Corp.,830 F.2d 404, 410 (1st Cir. 1987), In re Knoxville News-

Sentinal Co.,723 F.2d 470, 476 (6th Cir. 1983), and Joy, 692 F.2d at 893-94.

As this Court explained in Bradford & Bigelow, Inc. v. Heather T. Richardson &

Bradford & Bigelow, Inc., 109 F. Supp. 3d 445, 447-48 (D. Mass. 2015):

> What constitutes "good cause," and therefore what concerns can justify a document
> being filed under seal, depends on the nature of the filing. The more important the
> document is to the core judicial function of determining the facts and law applicable
> to the case, the stronger the presumption of public access and the higher the burden to
> overcome it. On one end of the spectrum, there is no public right of access to unfiled
> discovery materials. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 32–36, 104
> S.Ct. 2199, 81 L.Ed.2d 17 (1984). But, once a document produced in discovery is
> filed with the court, there is a presumptive right of public access. See Standard Fin.
> Mgmt. Corp., 830 F.2d at 409 ("[D]ocuments which are submitted to, and accepted
> by, a court of competent jurisdiction in the course of adjudicatory proceedings,
> become documents to which the presumption of public access applies."). At the
> opposite end of the spectrum from discovery materials, the public interest is strongest
> (and the burden to overcome it the highest) for documents introduced at trial or
> included in an appellate record. See, e.g., Poliquin v. Garden Way, 989 F.2d 527,
> 533 (1st Cir.1993); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545–46 (7th Cir.
> 2002).

> Between these extremes, the presumption may be overcome if the filing is not related
> to issues where there is no tradition of public access, like motions about discovery
> matters. See Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir.1986) (holding that
> there is no common law right to inspect such documents because "[t]here is no
> tradition of public access to discovery, and requiring a trial court to scrutinize
> carefully public claims of access would be incongruous with the goals of the
> discovery process"). **But the pendulum swings the other way for materials filed in
> connection with non-discovery motions, like motions for summary
> judgment**, Daubert motions, or motions in limine. See, e.g., Leucadia, Inc. v. Applied
> Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir.1993) ("[W]e hold there is a
> presumptive right to public access to all material filed in connection with
> nondiscovery pretrial motions, whether these motions are case dispositive or not. . .
> ."). To seal such filings, **the party seeking to overcome the presumption of public
> access must demonstrate significant countervailing interests**, like the existence of
> trade secrets in the documents or confidential business information. See,
> e.g., Nixon, 435 U.S. at 598, 98 S.Ct. 1306 ("[C]ourts have refused to permit their
> files to serve as ... sources of business information that might harm a litigant's

3

competitive standing."); <u>Baxter Int'l, Inc.</u>, 297 F.3d at 546 (describing other possible countervailing interests).

The Court in <u>Bradford</u> squarely held that "[a] common justification offered up as 'good cause' for sealing a court filing is that a document is (or contains information that is) designated as confidential under a stipulated protective order. . . *is not enough*." <u>Id.</u> (emphasis added throughout).[1] The First Circuit in <u>Poliquin</u> also found no "compelling reason" in a "garden-variety claim that the company's image among customers will be damaged through the misuse or distortion of those accident claims. In our view, this threat may be adequate as a ground for protecting discovery material; but it is outweighed, after the material is introduced in evidence, by the public's interest in access to trial records." 109 F. Supp. 3d at 448, citing <u>Littlejohn</u>, 851 F.2d at 685.

"Parties therefore may not rely solely on their designations under a discovery protective order to support sealing motions; they must show that each document they seek to seal should be sealed under the appropriate standard." <u>Id.</u> Defendants, who carry the burden of showing "compelling reasons" for the sealing they request, did not even bother to show any reason on their motion other than the Protective Order (Dkt. 346), which "is not enough." <u>Bradford</u>, 109 F. Supp. 3d at 448. Nor could they establish any good cause, let alone "the most compelling reasons," for the redaction of Plaintiffs' Statement of Facts had they tried because (a) there is no

---

[1] "The 'good cause' that justifies an umbrella protective order at the discovery stage (and allows such designations) is not sufficient to meet the heightened standard to seal filings about dispositive motions or trial. <u>Cf.</u> N.D. Cal. L.R. 79–5(d)(1)(A) ('Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.'); Sedona Conference Working Group on Protective Orders, & Confidentiality & Public Access (WG2), <u>The Sedona Guidelines: Best Practices Addressing Protective Orders, Confidentiality & Public Access in Civil Cases March 2007 Post–Public Comment Version</u>, 8 Sedona Conf. J. 141, 154 (2007) ("The 'good cause' needed to support an umbrella protective order under Fed.R.Civ.P. 26(c) will not suffice to support the sealing of those discovery documents when filed in court.")." <u>Id.</u>

confidential information in the statements they seek to redact, such as trade secrets, intellectual

properties, competitively sensitive business information, or private medical records; and (b) the

same information was publicly disclosed in Plaintiffs' memorandum of law on the summary

judgment (Dkt. 330), which recites the very passages that Defendants seek to redact from

Plaintiffs' Statement of Undisputed Facts, and in Plaintiffs' prior court filings in this action, <u>see</u>,

<u>e.g.</u>, Plaintiffs' motion to compel (Dkt. 249) and their July 12, 2019 letter of deficiencies (Dkt.

249-10).[2]

Accordingly, Plaintiffs respectfully submit that Defendants' motion should be denied as

groundless.

Dated: May 2, 2020                                        Respectfully Submitted,

Dimitry Joffe
Joffe Law P.C.
765 Amsterdam Avenue, 2C
New York, NY  10025
Tel: (917) 929-1964
Email: dimitry@joffe.law

Joshua McGuire
THE LAW OFFICE OF JOSH MCGUIRE
51 Winchester Street, Suite 205
Newton, Massachusetts 02461
(617) 461-6400
Email: josh@joshmcguirelaw.com

*Counsel to Plaintiffs*

---

[2] On their own cross-motion for summary judgment, Plaintiffs themselves moved to seal certain exhibits designated as "confidential" by Defendants because they were compelled to do so by the Protective Order, and after Defendants had refused to waive confidentiality as proposed by Plaintiffs. A true and correct copy of the undersigned counsel's correspondence with Defendants' counsel is attached as Exhibit A hereto. Indeed, Plaintiffs do not object to -- and would welcome -- the unsealing of the full summary judgment record, consistent with the presumption of public access and the lack of any "compelling reasons" for denying that access, as set out above.

## <u>CERTIFICATE OF SERVICE</u>

I, Dimitry Joffe, hereby certify that on this 2th day of May 2020, I caused a copy of

Plaintiffs' Opposition to Defendants' Motion to Impound Exhibits to be served by ECF upon

Defendants' counsel of record.

_____
Dimitry Joffe
JOFFE LAW P.C.
Counsel to Plaintiffs