UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>      Plaintiffs,<br><br>  v.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL,<br><br>      Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Plaintiffs, through their counsel, respectfully submit that Defendants' motion to strike Plaintiffs' cross-motions for partial summary judgment and to exclude Defendants' expert should be denied as groundless.

## FACTUAL BACKGROUND

The parties first discussed their contemplated motions for partial summary judgment during their scheduling meet-and-confer on June 3-4, 2019, and set out the proposed schedule for the parties' "motions" in their Joint Status Report, Dkt. 194 p. 5. See also id. p. 2 (describing the meet-and-confer). At the June 10, 2019 conference with the Court, Plaintiffs confirmed that they were "planning on doing a motion for partial summary judgment" on the counterfeiting issue. Dkt. 226-1 p. 13.

During the parties' meet-and-confer on February 25-26, 2020, the parties further discussed "whether Plaintiffs intend on filing a motion [for partial summary judgment] of their own." Declaration of Dimitry Joffe, Exh. A. Plaintiffs unequivocally confirmed that they "do plan to file their own motion"; in response, Defendants themselves referred to "the motions for partial summary judgment." Id.

In the Joint Report filed on February 27, 2020, Plaintiffs stated (Dkt. 308 pp. 4-5):

> Plaintiffs believe that Mr. Raina's opinions about counterfeiting could not be relied upon and intend to oppose Defendants' motion for partial summary judgment on the issue of counterfeiting and to cross-move for partial summary judgement on this issue in their favor. Plaintiffs are also considering a motion to strike Mr. Raina's report in conjunction with their partial summary judgment motion. In their motion for partial summary judgment, Plaintiffs intend to show that the transceivers that Defendants admitted were sold by them to ICT bear holographic H3C labels that H3C determined to be counterfeit in its verification report submitted to the PSB, as confirmed by Dr. Fang's inspection.

During the March 10 Conference, the Court stated: "the next step is going to be motions for summary judgment regarding the counterfeit question." Dkt. 340-1, Tr. 10/16-18. Plaintiffs' counsel expressly confirmed that they intended to make a cross-motion for summary judgment. Id., Tr. 13/10-14 ("COURT: Mr. Joffe, are you planning to cross-move for summary judgment on the counterfeit issue, based on your expert's report? MR. JOFFE: Yes. Yes, Your Honor.").

The Court then authorized Plaintiffs to file their cross-motion, and suggested that Defendants could raise the alleged lack of Plaintiffs' good-faith basis in their opposition to Plaintiffs' motion (Dkt. 341-1, Tr. 18/22-20/3):

> COURT: What I suggested is this: The summary judgment sequence should be defendants move for summary judgment, supported by their memo in support of summary judgment. Then plaintiffs -- this is right out of my standard policy on summary judgment. ***Plaintiffs have an opportunity to file one document that's an opposition and a cross-motion for summary judgment, a memo***. . . . [Y]ou may raise, ***Mr. Bunis, in your opposition reply, if you think there's no good faith – that you not only win the motion, but there's no good-faith basis for it, you can win --***

*you can raise that*. As a general practice, not always, but I'll tell you, I generally try to eyeball motions when they're filed so that if I see something that stands out, that might lead to quicker resolution, I can jump in. You have alerted me that I should look at the motion and see whether I might jump in, if I read it in light of this, and I think, "Wait, there's no basis for this motion." If I don't do that, it doesn't mean there isn't, it just may mean that I didn't do it or it may mean that I'm leaving it to you. But I'm not sure, unless you have another suggestion, Mr. Bunis, that there's more that we can do with that at the moment.

MR. BUNIS: That's fine. This is Michael Bunis, Your Honor. We understand, and that's fine.

The Court then set a schedule for the parties' summary judgment motions; in particular, with respect to Plaintiffs', the Court stated (Dkt. 341-1, Tr. 27/22-28/6):

April 16th, plaintiffs will file the following: One, an opposition to the spoliation motion; two, a single memo opposing summary judgment that could either be merely an opposition or it can be an opposition -- the memo can be just an opposition or an opposition supporting a cross-motion. For now, am I correct, I should assume for now, Mr. Joffe, that you're filing a cross motion?

MR. JOFFE: Yes, Your Honor.

THE COURT: All right. So then it's a single memo, 30 pages to oppose and supporting cross-motion.

And with respect to Defendants' opposition, the Court stated that "ordinarily your reply opposition memo on the summary judgment, because it's another summary judgment motion, I'd ordinarily give you 30 days." Mr. Bunis responded: "I don't think we need 30 days to do the opposition, to the extent there is one, on the cross-motion for summary judgment. I think we can do it in two weeks." Id.

The Court also told Defendants that "your opposition to your -- one document, which is both your reply in support of your motion for summary judgment and your opposition to Mr. Joffe' motion for summary judgment, which is 20 pages. . . . And then assuming he does, because he's told me he will, then, Mr. Joffe, you'll be entitled to file a reply in support of your

3

cross-motion for summary judgment, and that document will be ten pages." Dkt. Tr. 29/17-20; Tr. 30/2-5. The Court did not require Plaintiffs to meet and confer with Defendants prior to their cross-motion for summary judgment, nor did the resulting motion schedule contemplate any such meet-and-confer as a prefiling step to Plaintiffs' cross-motion. Instead, the Court instructed Defendants that if they did not believe there was a good-faith basis for Plaintiffs' cross motion, they could raise it in their opposition brief (Dkt. 341-1 Tr. 19/10-25).

Defendants have done just that, arguing in their opposition to Plaintiffs' cross-motion that "with all inferences required to be taken in *Defendants*' favor, Plaintiffs have no good-faith basis at all for their cross-motion," and urging the Court to "summarily deny Plaintiffs' cross-motion and grant sanctions against Plaintiffs." Dkt. 342 p. 15. However, Defendants did not stop there but also filed the instant motion to strike on the same day, seeking the same relief.

## ARGUMENT

Defendants have no basis for their motion to strike. As a threshold matter, their motion is superfluous because Defendants seek the same relief on the same alleged grounds in their concurrently filed opposition to Plaintiff's cross-motion, Dkt. 342 p. 15 (as the Court suggested they could on the March 10 Conference). Needless to say, Plaintiffs disagree with these assertions, but the point is that Defendants' motion to strike Plaintiffs' cross-motion is duplicative of the relief they seek in their opposition to the cross-motion.

Moreover, their motion is baseless. Plaintiffs first announced their intention to file the cross-motion not on March 2020 but in June 2019, after an extensive meet-and-confer with Defendants that led to the parties' proposing a schedule for their respective "motions for partial summary judgment." Dkt. 194 pp. 2, 5. Defendants do not mention that meet-and-confer in their motion papers.

The parties' next meet-and-confer, on February 25-26, 2020, also goes unmentioned in Defendants' papers. At that meet-and-confer, the parties further discussed Plaintiffs' intended cross-motion and Plaintiffs unequivocally confirmed that they "do plan to file their own motion." Joffe Decl., Exh. A. In their Joint Report filed on February 27, 2020, Plaintiffs again confirmed their intention "to oppose Defendants' motion for partial summary judgment on the issue of counterfeiting and to cross-move for partial summary judgement on this issue in their favor. Plaintiffs are also considering a motion to strike Mr. Raina's report in conjunction with their partial summary judgment motion." Dkt. 308 pp. 4-5.

Plaintiffs' cross-motion was discussed at some length during the March 10, 2020 Conference. Defendants argue that "[t]he Court ended the discussion by directing the Parties to follow the meet and confer requirements set forth in Local Rule 7.1." Dkt. 340 p. 2. In fact, the Court ended the discussion by setting a briefing schedule on the parties' respective motions that did not "direct" or require Plaintiffs to meet and confer with Defendants again prior to making their cross-motion (and did not contemplate Defendants' separate motion to strike). Indeed, the Court did not mention Local Rule 7.1 at all during the Conference (and only referred to Local Rules with respect to the briefing page limits).

When Mr. Bunis raised the issue of the admissibility of the Verification Report and Security Bulletin on Plaintiffs' cross-motion, the Court stated: "My only suggestion is this, further suggestion on that. I'm a big believer in conferral. I am -- and I, even on dispositive motions, because I think sometimes you can narrow the issues of dispute, I commend it to you. I understand that it's not always a successful process. And so -- but I would urge you to do that, because I think that it will aid all of you in focusing the issues, and it will save your clients money." Dkt. 340-1, Tr. 21/16-23.

But the Court did not order or "direct" Plaintiffs to further meet and confer with Defendants, and in Plaintiffs' view such further conferrals – after their intended cross-motion has been on the table for almost a year and subject to prior conferences between the parties and with the Court, and on a tight briefing schedule ordered by the Court -- would have been a futile formality and a waste of their time and resources. As the parties' subsequent briefing shows, their positions are polar-opposites and could not have been reconciled or narrowed in any event.

## CONCLUSION

Plaintiffs respectfully submit that Defendants' motion should be denied as superfluous and specious, needlessly multiplying the proceedings and increasing the cost of litigation.

Dated: May 13, 2020

Respectfully Submitted,

_[signature]_

Dimitry Joffe
Joffe Law P.C.
765 Amsterdam Avenue, 2C
New York, NY  10025
Tel: (917) 929-1964
Email: dimitry@joffe.law

Joshua McGuire
THE LAW OFFICE OF JOSH MCGUIRE
51 Winchester Street, Suite 205
Newton, Massachusetts 02461
(617) 461-6400
Email: josh@joshmcguirelaw.com

*Counsel to Plaintiffs*

## CERTIFICATE OF SERVICE

I, Dimitry Joffe, hereby certify that on this 13th day of May 2020, I caused a copy of Plaintiffs' Opposition to Defendants' Motion to Strike to be served by ECF upon Defendants' counsel of record.

_____
Dimitry Joffe
JOFFE LAW P.C.
Counsel to Plaintiffs