UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>                    Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>                    Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

**PLAINTIFFS' MOTION FOR AUTHORIZATION OF DEPOSITIONS**

Plaintiffs, by and through their undersigned counsel, respectfully move the Court to authorize them to take ten depositions to which Defendants have raised no objections. Plaintiffs also respectfully move the Court to deny Defendants' request to depose Marina Vasilyeva as Plaintiffs' translator of Defendants' April 22, 2013 letter to the PSB, because Defendants' request is based solely on their false contention that the phrase "H3C inspected the seized equipment on behalf of HPFS India" does not appear in that letter, Doc. No. 371 at 5.

**FACTUAL BACKGROUND**

On February 27, 2020, pursuant to the Court's order (Doc. No. 305), the parties filed their joint status report, which included Plaintiffs' request for 10 depositions and identified

1

the proposed deponents. Doc. No. 308 at 14. Defendants did not object to the total number of the requested depositions or to any particular deponent. Doc. No. 308 at 14-15.

Plaintiffs' proposed deponents were then discussed during the March 10, 2020 Court conference, and Defendants confirmed that they had no objections. Doc. No. 340-1 at 42. Plaintiffs, for their part, stated their objections to Defendants' proposed 20 depositions as excessive, and further objected to the proposed depositions of Faybush, Grabkovsky, Sadovnikov and Makarovsky as witnesses with peripheral involvement in the events whose testimony would be cumulative of the other witnesses with a more direct knowledge. Doc. No. 340-1 at 40-41.

On July 17, 2020, after the parties' partial summary judgment and other motions had been fully briefed and argued on July 9, 2020, the undersigned stated in a letter to Defendants' counsel: "I suggest we meet and confer (telephonically or by ZOOM) regarding the deposition format and schedule. Please let me know your availability next week." Joffe Decl. Exh. A.

Following Plaintiffs' request, counsel met and conferred telephonically on July 29, 2020, to discuss Plaintiffs' proposal to take all depositions remotely due to the coronavirus pandemic. At the conclusion of that meet-and-confer, Defendants' counsel reserved their position on this issue pending further consultation with their clients. Joffe Decl. ¶ 3.

On August 12, 2020, having heard nothing further from Defendants for two weeks, the undersigned wrote to Defendants' counsel: "Please let me know defendants' position re: remote depositions, as discussed." Joffe Decl. Exh. B.

On August 13, 2020, the Court issued its order on the pending motions, requesting the parties to provide a status report in two weeks. Doc. No. 369.

On August 14, 2020, Mr. Saso responded to the undersigned's request to disclose Defendants' position on remote depositions, stating: "We will return to you shortly re: depositions." Joffe Decl. Exh. C.

Ten days later, on August 24, 2020, Mr. Saso wrote: "We expect to be able to discuss this week's Status Report in the next few days. We'll reach out as soon as possible." Joffe Decl. Exh. D.

During the subsequent meet-and-confer on August 26, 2020, Defendants' counsel stated with respect to remote depositions that a protocol should be negotiated first and submitted to the Court, separately from and following the status report (after Labor Day). Joffe Decl. ¶ 7. Defendants also disclosed their intention to depose Marina Vasilyeva, Plaintiffs' translator of Defendants' April 22, 2013 letter to the PSB, instead of Sadovnikov and Makarovsky. The undersigned in turn informed Defendants' counsel that Plaintiffs were in discussion with another law firm looking to join the case, and asked that Plaintiffs' position be submitted at the same time as the remote deposition protocol (shortly after Labor Day) to allow Plaintiffs time to consult with their anticipated new counsel. *Id.*

On August 27, 2020, Mr. Saso circulated a draft joint status report. Joffe Decl. Exh. E. With respect to Plaintiffs' proposed depositions, the draft joint report stated: "Plaintiffs propose to take the same ten depositions as were proposed in the Joint Status Report filed on February 27, 2020. [ECF 308 at 14.] Consistent with Defendants' position in the February 27, 2020 Joint Status Report, Defendants do not object to Plaintiffs' proposed deponents, but reserve their right to object to any topic listed in a formal Notice of Deposition pursuant to Rule 30(b)(6) once properly served. Likewise, Defendants do not object to Plaintiffs naming

Ross West and/or Jessica Liu as potential deponents, but note that neither individual is an employee of any Defendant as of this date."

Mr. Saso's cover email also stated (Joffe Decl. Exh. F): "Please let me know if Plaintiffs are objecting to Defendants' proposed deponents and whether they object to bringing Yu and Yuyi to the United States for their medical/psychological examinations. We will need to be able to respond to any such objections, so please let me know Plaintiffs' positions by 3 p.m." (The email was sent at 11:44 a.m.).

In response to that email, the undersigned wrote: "Paul -- as I mentioned during our meet and confer yesterday, we are in discussion with a big law firm looking to join the case. Our contacts there are on vacation this week (as am I), and we were not able to discuss your proposal in the 4 hours you gave us to respond. Plaintiffs would like to have the opportunity to have their views on this matter, and we would like to reserve our position on the deponents and submit it when the remote deposition protocol is submitted after Labor Day." Joffe Decl. Exh. G.

In response, Defendants filed the status report (Doc. No. 371), citing the undersigned's last email but omitting all prior meet-and-confer correspondence on the issue of depositions referenced above. Though styled as Defendants' own, the status report repeats the draft joint report's statements with respect to Plaintiffs' 10 proposed depositions and notes no objections by Defendants to those depositions. Therefore, Plaintiffs believed their rights to pursue deposition discovery were preserved by the status report.

On August 28, 2020, the Court issued an order granting Defendants' request to take 12 depositions, including Marina Vasilyeva's, and stating that "no other depositions are

authorized" and "there will be no further discovery absent express prior authorization of the Court." Doc. No. 372 at 3.

## ARGUMENT

### 1. Plaintiffs should be permitted deposition discovery under Rule 30(a).

Plaintiffs respectfully request the Court's authorization to take 10 depositions permitted by Rule 30 of the Federal Rules of Civil Procedure. Rule 30(a)(1) states: "Without Leave. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Rule 30(a)(2) states: "With leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants. . . ."

"The district court has the discretion to limit discovery. The court may limit discovery if it determines that 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. . . .' Fed.R.Civ. P. 26(b)(2)(i)." *Ameristar Jet v. Signal Composites*, 244 F.3d 189, 193 (1st Cir. 2001).

Plaintiffs initially identified their 10 proposed deponents on February 27, 2020, reconfirmed them at the March 10 Court conference, and again in the August 27 status report (filed by Defendants). Defendants did not object to the number of Plaintiffs' requested depositions or to any particular deponent on any of those occasions.

Following the submission of the summary judgment motions in July 2020, it was Plaintiffs who sought to resolve the threshold issue of taking depositions by remote means. In

response, Defendants stalled for weeks, until the eve of the status report, at which time they requested that a separately negotiated protocol be submitted following the status report (shortly after Labor Day). Plaintiffs' own request to defer their position to allow them time to consult with their anticipated new counsel and then submit it alongside the remote deposition protocol would have occasioned no delay in these proceedings and no prejudice to any party because the protocol ought to be negotiated before depositions could commence in any event.

Denying Plaintiffs any deposition discovery will severely prejudice their ability to prepare for trial in this case, where (a) three of the five defendants (HPE, HPI and HPFS India) produced no documents whatsoever and the remaining defendants HPFS and Gill produced only 580 documents (and claimed privilege with respect to 833) despite the involvement of well over a hundred of Defendants' employees in the relevant events; (b) Defendants deleted relevant emails and deliberately destroyed the transceivers they had sold to TT Global from the same Commonwealth Games batch as the transceivers sold to ICT due to the transceivers' "questionable" nature and origination -- a key piece of evidence in the PSB criminal investigation and in this case; and (c) the Court denied Plaintiffs' three attempts to compel Defendants to produce documents (Doc. Nos. 234, 280, and 300), and has now ordered the document discovery closed, DOC. 372 at 3. Subjecting Plaintiffs to 12 depositions (after they had produced over 60,000 documents) without allowing them to take any of their own, and thus limiting their total discovery to the 580 documents produced by only two of the five Defendants, would create an extremely uneven playing field in this action.

## 2. **Defendants' request to depose Marina Vasilyeva is based on a false statement.**

Plaintiffs also object to the deposition of Marina Vasilyeva who translated Defendants' April 22, 2013 letter to the PSB. Defendants claim that they "have translated the April 2013

letter that was *actually* submitted to the Chinese authorities, and notably, the above phrase ['H3C inspected the seized equipment on behalf of HPFS India'] does not appear in that letter, nor does any statement concerning H3C acting 'on behalf of' or in any agency capacity for Defendants. Defendants require the deposition of Ms. Vasilyeva to determine what document she translated from Chinese to English and, if it corresponds (or not) with the version of the April 2013 letter that was submitted to the Chinese authorities, and question her concerning her translation." Doc. No. 371 at 5.

In fact, Defendants themselves had produced their April 22, 2013 letter to the PSB – bearing Bates numbers DEF1473-1506, on HPFS India's letterhead, dated 4/22/2013, executed by Defendant David Gill, and initialed by him on every page, including page DEF1475 where the challenged phrase appears in the last paragraph. Joffe Decl. Exh. H. Plaintiffs have now obtained two independent expedited certified translations of that very document, DEF1473-77 (the April 22 letter without exhibits), from two unaffiliated independent translation companies and produced them as Joffe Decl. Exhs. I and J. These certified translations confirm that Ms. Vasilyeva's own translation of the letter is entirely accurate, and the phrase "H3C inspected the seized equipment on behalf of HPFS India" indeed appears in that letter. *Id.*[1]

This document is the only version of the April 22, 2013 letter produced by Defendants in discovery, Joffe Decl. ¶ 11, and it is identical in every respect to the version Defendants had shared with ICT in April 2013, translated by Ms. Vasilyeva and produced by Plaintiffs over four years ago in this litigation as Doc. No. 22-4, Joffe Decl. ¶ 14 & Exh. K.

---

[1] The same phrase appears in the English-language draft of the letter shared by Defendants with ICT in March 2013, *see* Doc. No. 331-11 at 4 ("H3C inspected the seized equipment on behalf of HPFS India and also obtained lists of the seized equipment from the [insert name of relevant China police entity].").

In the course of the parties' September 2, 2020 electronic meet-and-confer correspondence with respect to this motion, Defendants took the position that "DEF 1473-77 is not the letter that was submitted by HPFS India to the PSB in April 2013" (Joffe Decl. Exh. L) -- but Defendants had never produced any other letter they claim to have been "actually submitted" to the PSB, neither the Mandarin original nor Defendants' purported English translation of that letter to challenge Plaintiffs' certified translation(s), and advance no other basis for deposing Ms. Vasilyeva. Indeed, the issue here is not the accuracy of Ms. Vasilyeva's translation of the April 22, 2013 letter – which matches the independent certified translations of that letter produced by Defendants as DEF1473-77; the issue is whether there is another version of the letter that Defendants now claim to have "actually submitted" to the PSB but never shared with Plaintiffs at the time and never produced in discovery in this litigation.

## CONCLUSION

Plaintiffs respectfully request the Court to permit them to take 10 depositions to which Defendants did not object, and to deny Defendants' request to depose Marina Vasilyeva.

Dated: New York, New York
September 2, 2020

Respectfully Submitted,

*/s/ Dimitry Joffe*

_____
Dimitry Joffe
Joffe Law P.C.
765 Amsterdam Avenue, 2C
New York, NY  10025
Tel: (917) 929-1964
Email: dimitry@joffe.law
*Counsel to Plaintiffs*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1(a)(2), counsel for Plaintiffs certifies that he has electronically conferred with counsel for Defendants on September 2, 2020, with respect to their motion to authorize depositions. According to Defendants' counsel Paul Saso, Defendants "take no position with respect to Plaintiffs' request to depose the 10 individuals identified in the February 27 Status Report" and "oppose any motion by Plaintiffs objecting to Defendants' ability to depose Ms. Vasilyeva." A true and correct copy of the meet-and-confer correspondence is attached as Exhibit L to the Joffe Declaration dated September 2, 2020.

Dated: New York, New York
September 2, 2020

By: /s/Dimitry Joffe
Dimitry Joffe
*Counsel to Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I, Dimitry Joffe, counsel to Plaintiffs, hereby certify that on September 2, 2020, I caused a copy of Plaintiffs' Motion for Authorization of Depositions, accompanied by Declaration of Dimitry Joffe with exhibits, to be served by ECF upon Defendants' counsel of record.

      By:    /s/Dimitry Joffe
                   Dimitry Joffe
                   *Counsel to Plaintiffs*