UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
INTEGRATED COMMUNICATIONS &   )
TECHNOLOGIES, INC. et al.,    )
                              )
    Plaintiffs,              )
                              )
v.                            )   Civil No. 16-10386-LTS
                              )
HEWLETT-PACKARD FINANCIAL     )
SERVICES COMPANY et al.,      )
                              )
    Defendants.              )
                              )

ORDER ON PLAINTIFFS' MOTION FOR DISCOVERY (DOC. NO. 373)

September 9, 2020

SOROKIN, J.

    Months ago, the Court notified counsel that it would expect a joint status report fourteen days after the Court ruled on the cross-motions for summary judgment filed by the parties. The Court reiterated that Order at the conclusion of its summary judgment ruling. As explained previously, Defendants complied with that Order. Plaintiffs did not. Doc. No. 372. Accordingly, the Court established a schedule for the remainder of the case, authorized the Defendants to take the depositions they sought and did not authorize any depositions for Plaintiffs for the reasons explained previously, id., as well as a sanction for the Plaintiffs' disregard of the Court's Order. Now Plaintiffs request leave to take the ten depositions they identified previously and object to one of the depositions sought by Defendants. Doc. No. 373. The objection is OVERRULED. It was waived by both failing to include it in the joint status report and failing to seek more time to file the joint status report. In any event, the objection is without merit as Defendants are reasonably entitled to depose the translator whose

translation was considered by the Court in its ruling on summary judgment and, presumably, will be at issue in the trial.

Regarding the request for depositions, following the course the Plaintiffs have charted in this case of disregard for the governing rules, see, e.g., Doc. Nos. 67, 69, 234, 368, Plaintiffs are unrepentant for their disregard of the Court's Order.  In their view, their rights were "preserved" by Defendants' report, Doc. No. 373 at 4, and if fault lies anywhere it lies with Defendants.  Id. (complaining that the report "omit[ted] all prior meet-and-confer[s]").  While the Court rejects Plaintiffs' recharacterization, on balance the Court is persuaded that denying the Plaintiffs deposition discovery would be too strong a sanction for this particular violation.  Accordingly, the Court authorizes the Plaintiff to take the ten depositions identified previously.  Doc. No. 308 at 14.  Neither party is authorized to substitute a deponent without the prior authorization of the Court.

In the status report, Defendants requested in person medical and psychological examinations of five Plaintiffs. Doc. No. 371 at 6–7.  Plaintiffs did not object to this request in the "joint status report," of course, because the joint status report did not contain Plaintiffs' position, as noted previously.  Plaintiffs' recent filing, though addressing other aspects of the Defendants' positions set forth in that report, did not object to the in-person examinations of these five deponents.  Accordingly, Defendants' request for these in person medical and psychological examinations is ALLOWED AS UNOPPOSED.  These examinations, absent further order of the Court, shall be completed by the deadline established for the conclusion of fact discovery.  Counsel for all parties are reminded that the Court does not anticipate moving the trial date.  Further, the Court anticipates that the trial will proceed notwithstanding

coronavirus, as the Court has implemented health and safety protocols permitting the resumption of jury trials later this month.

Finally, Plaintiffs are warned that their misconduct and disregard of the rules identified by the Court throughout this case may be considered cumulatively in the course of this litigation including possibly in the form of evidence in front of the jury or an instruction to the jury.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge