UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>    Plaintiffs,<br><br>  vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>    Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO (I) DISMISS PLAINTIFFS JASON YU AND CATHY YUYI'S CLAIMS WITH PREJUDICE; (II) SCHEDULE PLAINTIFFS' MEDICAL AND PSYCHOLOGICAL EXAMINATIONS DURING THE EXPERT PORTION OF THE CASE SCHEDULE; AND (III) COMPEL PLAINTIFFS TO PROVIDE ADDITIONAL DAYS FOR THEIR CONTINUING DEPOSITIONS AND EXTEND THE DEPOSITION DEADLINE**

Defendants submit this memorandum of law and Declaration of Paul A. Saso ("Saso Decl."), dated November 6, 2020, in support of their motion to (I) dismiss Plaintiffs Jason Yuyi and Cathy Yu's claims with prejudice; (II) schedule Plaintiffs' medical and psychological examinations during the expert portion of the case schedule; and (III) compel Plaintiffs to provide additional days for their continuing depositions and extend the deposition deadline up to and including November 20, 2020.

## STATEMENT OF FACTS

**I.      Scheduling Plaintiffs' Medical/ Psychological Exams**

The Plaintiffs' damages claims heavily rely on allegations regarding their physical and medical health, including claims for intentional infliction of mental anguish, emotional distress, and loss of consortium.  Plaintiffs Yu, Yuyi, and the Chengs appear to have produced medical records dated entirely post-detention.  (Saso Decl. ¶ 3.)  Further, Plaintiffs have yet to share details of the medical experts they have engaged, the medical and/or psychological disciplines of their practices, the experts' expected testimony, or the medical tests the experts shall conduct and their evaluations and diagnoses.  (Saso Decl. ¶ 4.)

On August 27, 2020, Defendants requested that Plaintiffs Styller, Jade and Caroline Cheng, Yu, and Yuyi submit themselves to appropriate medical and psychological examinations that must be conducted in-person.  (ECF No. 371 at 7.)  Defendants requested that Plaintiffs Yu and Yuyi travel to the United States for these examinations.  (*Id.*)  Consistent with current United States travel restrictions, Plaintiffs Yu and Yuyi are permitted to travel to the United States if they first travel to another interim location for fourteen days, from which they may then travel directly to the United States.  (*Id.*)  Plaintiffs did not object to Defendants' request in the "joint status report." (ECF No. 375 at 2.)  On September 9, 2020, the Court granted Defendants' request for in-person medical and psychological examinations of five Plaintiffs as unopposed.  (*Id.*)  The Court further

2

ordered that "[t]hese examinations, absent further order of the Court, shall be completed by the deadline established for the conclusion of fact discovery." (*Id.*)[1]

Defendants have proposed to Plaintiffs that the medical/psychological exams of Plaintiffs be rescheduled to take place during the portion of the case schedule devoted to expert discovery—specifically, after Defendants have the benefit of knowing Plaintiffs' medical allegations as set in their respective expert reports—rather than during the deposition schedule. (Saso Decl. ¶ 8.) Plaintiffs have declined that proposal. (*Id.*)

## II.   Scheduling Plaintiffs' Depositions

On September 11, 2020, the parties jointly submitted a stipulation concerning a protocol for conducting depositions via remote means (the "Remote Deposition Protocol"). [ECF 377.] "The Parties agree[d] that the duration of a deposition of any deponent that requests a translator be extended to 2 days and a total of 14 hours (not to exceed 7 hours per day unless agreed to by the deponent)." (*Id.*, § 22.) The deponents that require translators, and thus should be deposed on at least two days, include Plaintiffs Yuyi, Yu, Caroline Marafao Cheng, and Jade Cheng. (Saso Decl. ¶ 9.)

Plaintiffs selected and only recently confirmed start dates for the depositions of Jade Cheng on November 10, 2020, Alexander Styller on November 11, 2020, and Caroline Marafao Cheng on November 12, 2020. (*Id.* ¶ 10.) The parties have not reached full agreement on the scheduling of Yuyi and Yu's respective depositions because Plaintiffs, after offering that they both be deposed on November 13, 2020, stated that Yuyi and Yu "will be in the same hotel room, and perhaps it

---

[1]       At the outset of the deposition schedule, the parties also held a meet and confer in which Defendants asked Plaintiffs when Yuyi and Yu would travel to the United States in order to coordinate a Fed. R. Civ. P. 35 motion (or stipulation) to require them to submit to a medical examination. (Saso Decl. ¶ 5.) A Rule 35 motion (or stipulation) requires that the notice specify the time, place, and manner of the examination. Fed. R. Civ. P. 35(2)(B). Because Plaintiffs failed to provide Defendants with such information, Defendants were unable to make such motion or prepare such a stipulation. (*Id.* ¶ 6.) Yuyi and Yu have never subsequently provided to Defendants any information about their travel plans to the United States. (*Id.* ¶ 7.)

3

would be more convenient to schedule them on separate consecutive days instead."  (*Id.* ¶ 11.)

Due to Plaintiffs' demand that their in-person medical exams be conducted by November 13, 2020,

Defendants asked Plaintiffs for written confirmation as well as documentation that both Yuyi and

Yu have applied for their visas to enter the United States for medical exams and that they will be

available for those exams in the Boston area by the deadline.  (*Id.* ¶ 12.)  Plaintiffs have provided

no such response.  (*Id.*)

Further, pursuant to the Remote Deposition Protocol, Defendants requested that Plaintiffs

provide an additional day on which each of the deponents who require translators could have their

depositions continued.  (*Id.* ¶ 13.)  Plaintiffs have refused to provide any additional days upon

which any of the deponents who require translators will appear for the continuation of their

depositions. (*Id.* ¶ 14.)  Plaintiffs have also refused to provide details regarding Plaintiffs Yuyi and

Yu's location and time zones in which they will appear for their depositions, making it impossible

to schedule a start time.  (*Id.* ¶ 15.)

## ARGUMENT

### I.      THE COURT SHOULD DISMISS PLAINTIFFS JASON YUYI AND CATHY YU'S CLAIMS WITH PREJUDICE

Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with

these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as

an adjudication on the merits."  In other words, Fed. R. Civ. P. 41(b) "permits a court to dismiss

an action for failure to comply with an order of the court."  *Sloane v. Thompson*, 128 F.R.D. 13,

14 (D. Mass. 1989).   Further, pursuant to Fed. R. Civ. P. 37(b)(2)(A), a court may impose a

sanction if a party fails to obey a discovery order.  The court may sanction a party by "dismissing

the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).  For example, in

4

*Sloane v. Thompson*, the District Court of Massachusetts held that dismissal of the action was necessary and appropriate where the physical condition of the plaintiff was a relevant issue in the action and plaintiff failed to submit to a medical examination. *Id.* at 15; *see also Basile v. Southwest Airlines Company*, 765 Fed. Appx. 145, 145-46 (9th Cir. 2019) (affirming dismissal "for failure to comply with a court order to submit to a medical examination under Federal Rule of Civil Procedure 35").

Plaintiffs Yuyi and Yu's flagrant disregard of the Court's order compelling Plaintiffs to submit to in-person examinations warrants dismissal of Yuyi and Yu's claims. (ECF No. 375 at 2.) Defendants have requested information regarding Plaintiffs Yuyi and Yu's planned travels to the United States and copies of their visa documentation. (Saso Decl. ¶¶ 5, 12.) Plaintiffs have ignored Defendants' requests. (*Id.* ¶¶ 12, 15.) Yuyi and Yu do not appear to have yet travelled to the United States, nor is there any evidence that they have even applied for the necessary visas to do so to appear for their medical examinations. As noted, Defendants proposed to Plaintiffs that their medical/psychological exams be scheduled during the expert phase, rather than the deposition/fact phase, of the case schedule, but Plaintiffs have refused to agree to this proposal. Accordingly, it is inescapably the case that Yuyi and Yu have inexcusably failed to make any efforts to travel to the United States for their medical/ psychological exams prior to the November 13, 2020 deadline previously set by this Court. [ECF No. 372.]

Yuyi and Yu's violation of this Court's order is unfairly prejudicial to Defendants. Plaintiffs Yuyi and Yu's allegations regarding their physical and medical health are at the heart of their damages claims and proximate causation allegations. As such, it would be extremely difficult for Defendants to adequately prepare their defense for the impending trial without Plaintiffs submitting to their examinations. Yuyi and Yu's failure to even make arrangements to travel to

2861513.1 108164-84842

the United States by the November 13, 2020 deadline for their examinations is both in contempt of this Court's order and prevents Defendants from properly and adequately developing their defenses.  Due to Yuyi and Yu's complete disregard for the Court's order and severe prejudice Defendants will suffer, Yuyi and Yu's claims should be dismissed with prejudice.

Alternatively, Defendants respectfully request that the Court dismiss Yuyi and Yu's claims to the extent they seek recovery for medical damages and only allow their claims to proceed to the extent they seek economic damages (*e.g.*, lost wages).  To the extent the Court does not dismiss Yuyi or Yu's claims, Defendants respectfully request that the Court order that Yuyi and Yu's medical and psychological examinations be scheduled during the expert phase of the case schedule in accordance with Defendants' request for rescheduling the examinations of Styller and the Chengs below.

## II.   DEFENDANTS SHOULD BE PERMITTED TO SCHEDULE PLAINTIFFS' MEDICAL AND PSYCHOLOGICAL EXAMINATIONS DURING THE EXPERT PORTION OF THE CASE SCHEDULE

The Plaintiffs' allegations regarding their psychological and medical health are at the heart of their damages claims.  Yet, Plaintiffs Caroline Marafao Cheng, Jade Cheng, Yu, and Yuyi have only produced medical records dated post-detention.  (Saso Decl. ¶ 3.)  Defendants have proposed to Plaintiffs that they present for their medical/psychological exams, not during the deposition/fact portion of the case schedule, but rather during the expert portion of the case schedule.  (*Id*. ¶ 8.)  Because the Individual Plaintiffs and Caroline Cheng have produced no medical records that pre-date the detentions and do not appear to have produced any medical records in which a doctor or other healthcare provider has diagnosed them with the conditions for which they seek damages in this action, they, along with Plaintiff Styller, should first produce their expert reports and diagnoses before they sit for their medical/psychological exams  Accordingly, Defendants respectfully

2861513.1 108164-84842

request that Plaintiffs be required to disclose the identity of their medical experts, their disciplines, the tests that they have run and relied upon, and their diagnoses before Defendants are required to identify their medical experts, or require Defendants' experts to determine which tests to run and what diagnoses they are confirming or challenging.  Accordingly, Defendants respectfully request that the Court order Plaintiffs to appear for their medical/psychological exams during the expert phase of the case schedule, and after Plaintiffs have identified their own medical/psychological experts, undergone relevant tests, disclose the results thereof, and produce their expert reports.

### III.   THE COURT SHOULD COMPEL PLAINTIFFS TO PROVIDE ADDITIONAL DAYS FOR THEIR CONTINUING DEPOSITIONS AND EXTEND THE DEPOSITION DEADLINE

The parties have agreed on a schedule for the beginning date for each individual Plaintiffs' depositions.  (Saso Decl. ¶¶ 10-11.)   However, Plaintiffs have refused to provide additional days for the continuation of each of the deponents who have requested the assistance of a translator as provided in the Remote Deposition Protocol.  (*Id.* ¶ 14.)  Four deponents (the Chengs, Yuyi, and Yu) have requested the assistance of a foreign language translator.  (*Id*. ¶ 9.)   The Remote Deposition Protocol allows up to 14 hours of deposition testimony from any witness who requests a translator. [ECF 377 § 22.]   Because Plaintiffs have back-loaded their depositions such that all four of the Plaintiffs who request a translator have their depositions scheduled for the last week of depositions (as well as Styller's), Plaintiffs have created an untenable situation in which there will be no time to schedule additional days for the continuation of their depositions.  Due to Plaintiffs' intransigence, Defendants have no choice but to request the assistance of the Court and respectfully request that the Court order Plaintiffs Jade Cheng, Caroline Cheng, Yuyi, and Yu to immediately provide dates on which they are each available to continue their depositions between November 16-20, 2020.

7

As for the depositions of Plaintiffs Yuyi and Yu, Defendants also respectfully request that they be ordered to immediately disclose the proposed locations[2] of their depositions and associated time zones.[3]  That information is necessary to determine whether the depositions may be taken legally pursuant to the laws of the local jurisdiction in order to schedule an appropriate start and end time.

## CONCLUSION

Defendants respectfully request that the Court grant Defendants' motion to (I) dismiss Plaintiffs Jason Yuyi and Cathy Yu's claims with prejudice; (II) schedule Plaintiffs' medical and psychological examinations during the expert portion of the case schedule; and (III) compel Plaintiffs to provide additional days for their continuing depositions and extend the deposition deadline up to and including November 20, 2020.

---

[2]     In a telephone call with Lester Riordan, Esq., original counsel for Plaintiffs, a general reference was made to Yu and Yuyi traveling to Macao, but no details were given. (Saso Decl. ¶ 16.)

[3]     Defendants further request that if Plaintiffs Yuyi and Yu wish to attend one another's deposition, they should be required to each use a separate laptop so that they can both appear on the screen pursuant to the Remote Deposition Protocol.  [ECF 377 §§ 4, 15.]  Defendants have asked Plaintiffs to confirm that Yuyi and Yu will use each of their own computers to attend their depositions, but Plaintiffs have not responded.  (Saso Decl. ¶ 17.)

2861513.1 108164-84842

Dated: November 6, 2020                    Respectfully submitted,

                                           /s/ *Paul A. Saso*
                                           Michael H. Bunis (BBO No. 566839)
                                           G. Mark Edgarton (BBO No. 657593)
                                           Kevin C. Quigley (BBO No. 685015)
                                           **CHOATE HALL & STEWART LLP**
                                           Two International Place
                                           Boston, Massachusetts  02110
                                           (617) 248-5000
                                           mbunis@choate.com
                                           medgarton@choate.com
                                           kquigley@choate.com

                                           Anthony P. Callaghan
                                           Paul A. Saso
                                           **GIBBONS P.C.**
                                           One Pennsylvania Plaza, 37th Floor
                                           New York, New York, 10119
                                           (212) 613-2000


                                           *Counsel for Defendants*


## Local Rule 7.1(a)(2) Certification

I, Paul A. Saso, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that on November 6, 2020 I met and conferred with Plaintiffs' counsel, Dimitry Joffe, in a good faith attempt to resolve or narrow the issue.  Mr. Joffe maintained his objection to the relief requested in this motion.

                                           */s/ Paul A. Saso*
                                           Paul A. Saso

2861513.1 108164-84842

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin C. Quigley, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that the foregoing document was filed using the CM/ECF system and electronic notice will be sent to registered participants as indicated on the Notice of Electronic Filing (NEF) on November 6, 2020.

*/s/ Kevin C. Quigley*
Kevin C. Quigley

2861513.1 108164-84842