UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL,<br><br>Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

## JOINT REPORT

WHEREAS, Defendants filed a motion for leave to serve a subpoena on Alexander Pekar by alternate means [ECF 393], Plaintiffs' counsel informed the Court that he is authorized to accept service on behalf of Mr. Pekar [ECF 405], and the court denied Defendants' motion as now moot [ECF 406];

WHEREAS, the Court held two status conferences on November 10, 2020 and November 12, 2020 and, during these status conferences, the Court established additional interim filing deadlines and stayed certain discovery;

WHEREAS, on November 13, 2020, the Court entered an order requiring the parties to submit a joint status report listing which depositions remain to be taken and by whom (*i.e.*, Plaintiffs or Defendants). The Court further ordered that the remaining fact depositions are stayed

until the Court resolves whether to require supervision of the depositions and Defendants' anticipated motion to revoke Attorney Joffe's *pro hac vice* status [ECF 401];

WHEREAS, on November 13, 2020, Plaintiffs submitted their status report concerning the retention of the Honorable Charles Swartwood to supervise depositions add stated that they agreed to Judge Swartwood's supervision [ECF 403];

WHEREAS, on August 28, 2020, the Court entered an order [ECF 372] requiring the parties to file a "further status report stating their joint or separate positions on any other dispositive motions, including partial summary judgment, concerning Plaintiffs' conspiracy claims, indicating the nature of such motions and the briefing schedule(s) they propose";

THE PARTIES HEREBY submit this joint report listing the depositions that remain to be taken and dispositive motions:

I.    **The Status of the Remaining Depositions**

The remaining depositions will be taken under Judge Swartwood's supervision, and will be scheduled subject to his availability.

  A.    **Plaintiffs' Deponents**

The remaining depositions to be taken of Plaintiffs' deponents are as follows:

- Jade Cheng: to be continued with approximately 12 hours remaining;[1]
- Caroline Cheng for up to 14 hours;
- Jason Yuyi for up to 14 hours;
- Cathy Yu for up to 14 hours; and
- Alexander Pekar.

---

[1] The Protocol for Conducting Remote Depositions permits the parties to depose a witness who requests a foreign language interpreter for up to 14 hours over the course of 2 days. [ECF 377 § 22.] The deposition of Jade Cheng began on November 10, 2020, but lasted for only approximately 2 hours. The Chengs, Yu and Yuyi have each requested a foreign language interpreter for their depositions and have agreed that they will similarly be required to use an interpreter at trial. Mr. Pekar does not require an interpreter. Accordingly, Plaintiffs' 5 remaining deponents will require up to 9 additional days of testimony (2 each for the Plaintiffs, and 1 for Pekar).

### B. Defendants' Deponents

The remaining depositions to be taken of Defendants' deponents are as follows:

- James O'Grady with approximately 6 hours remaining, subject to Defendants' motion seeking sanctions and/or revocation of Attorney Joffe's *pro hac vice* admission in response to Attorney Joffe's conduct. In their motion, among the relief Defendants seek is a request that the Court relieve Mr. O'Grady from being further deposed;
- Stuart Patterson with approximately 6 hours remaining; and
- 30(b)(6) deponent on behalf of HPE/HPI/HPFS India with 10.5 hours remaining.

## II. Dispositive Motions

### A. Plaintiffs' Position

The Court's Order dated November 13, 2020, required the parties, *inter alia*, to "submit a joint status report listing which depositions remain to be taken and by whom (e.g., Plaintiffs or Defendants)." ECF No. 401. Nothing in the Order required the parties to set out their respective positions on further motion practice, and Defendants' counsel surprised the undersigned with their draft of the joint status report with this Section II, circulated this morning.

Plaintiffs have not had the opportunity to get detailed input from Quinn Emanuel with respect to the contemplated motions, because Quinn Emanuel is in the process of getting up to speed in the case as quickly as possible, and reserve their right to amend their position. In any event, Plaintiffs contemplate filing cross-motions to the summary judgment motions to be filed by Defendants as described in Defendants' Section II.B below.

Plaintiffs also contemplate making motions to compel defendants to produce key documents that they had withheld so far, including the native file and metadata of the April 22, 2013 letter they claim to have "actually submitted" to the PSB; the email sent in 2013 to TT Global with instructions to destroy its transceivers; and the original (color) photographs taken of the equipment in India in 2012 by Tom Harris.

In addition, the November 13 Order contemplates Plaintiffs' making a motion for sanctions or other relief in connection with Defendants' counsel's improper instructions to Defendants' witnesses not to answer several critical questions at depositions. Plaintiffs have since been in contact with JAMS' case manager for Judge Swartwood (ret.) and are in the process of arranging for the Judge's supervision of the remaining depositions. In light of these developments, Plaintiffs have a good-faith belief and expectation that the Judge's supervision will resolve and render moot the issue of the improper instructions going forward. If the Judge's supervision does not eliminate the prejudice suffered, however, Plaintiffs intend to seek appropriate sanctions at that time.

9996677v1

## B. Defendants' Position

Pursuant to the Court's Order (Dkt. No. 372), Defendants state that they anticipate moving for partial summary judgment on Plaintiffs' conspiracy-related claims (*i.e.*, Second Amended Complaint ("SAC") Counts VII-XIII). Defendants also anticipate moving for summary judgment with respect to some or all of Plaintiffs' counterfeiting-related claims (*i.e.*, SAC Counts I-VI), not on the basis that the equipment in question is authentic and not counterfeit, but based on Plaintiffs' inability to present evidence with respect to certain elements of those claims.

Defendants do not believe that they are yet in a position to propose deadlines for the filing of those motions because the dates for the close of fact and expert discovery will be amended due to the stay of discovery pending Defendants' motion concerning Mr. Joffe's *pro hac vice* admission. However, once those deadlines are set, Defendants propose that opposition be due four weeks after filing of the motion for partial summary judgment and reply be due two weeks thereafter.

## CONCLUSION

The parties respectfully submit the above Joint Report for the Court's consideration.

| | |
|---|---|
| **JOFFE LAW P.C.** | **GIBBONS P.C.** |
| 765 Amsterdam Avenue, 2C | One Pennsylvania Plaza, 37th Floor |
| New York, New York 10025 | New York, New York, 10119 |
| (917) 929-1964 | (212) 613-2000 |
| | |
| **THE LAW OFFICE OF JOSH MCGUIRE** | **CHOATE, HALL & STEWART LLP** |
| 51 Winchester Street, Suite 205 | Two International Place |
| Newton, Massachusetts 02461 | Boston, Massachusetts 02110 |
| (617) 461-6400 | (617) 248-4000 |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| | |
| By: *Dimitry Joffe* | By: *Anthony P. Callaghan* |
|   Dimitry Joffe |   Anthony P. Callaghan |

9996677v1

## CERTIFICATE OF SERVICE

      I, Kevin C. Quigley, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that the foregoing document was filed using the CM/ECF system and electronic notice will be sent to registered participants as indicated on the Notice of Electronic Filing (NEF) on November 20, 2020.

                                              */s/ Kevin C. Quigley*
                                              Kevin C. Quigley