# **EXHIBIT E**

Page 137

1     David Gill
2     Q. Mr. Gill? Mr. Gill, are you on any
3  kind of medication right now?
4     A. Sorry, I said "yes." Maybe you
5  can't hear me.
6     Q. Are you on any medication right
7  now, Mr. Gill?
8     A. No, I am not.
9     Q. Are you feeling all right?
10    A. Yes, I'm feeling fine.
11    Q. Okay. So you can tell me, then,
12 the information that's been already
13 disclosed, and the privilege been waived
14 about the verification report.
15           MR. BUNIS: Is there a
16        question there?
17    Q. Can you tell me about the
18 verification report, then?
19    A. I can't tell you about the
20 verification report because it says there
21 that it was requested for the purpose of
22 providing legal advice.
23    Q. Yeah. And who requested it, Mr.
24 Gill?
25           MR. BUNIS: I will just

Page 138

1     David Gill
2        caution the witness. I think this
3        is privileged, but I am -- I will
4        caution you not to reveal
5        attorney-client communications.
6     A. I don't think I can answer the
7  question without disclosing --
8     Q. Yeah, you can. At the request of
9  counsel. Who was the counsel who requested
10 it, Mr. Gill?
11        Can you tell who the counsel was
12 that requested the sample devices to be sent
13 to H3C?
14    A. I am not sure that I can.
15    Q. Yeah. Would it surprise you if
16 Defendants pointed to you as the person
17 requesting that task?
18    A. I am just not sure I can answer
19 without disclosing privileged information.
20    Q. Mr. Gill, the "counsel" in this
21 statement, was it you?
22           MR. BUNIS: He already told
23        you that he can't identify that
24        without revealing privileged
25        communication.

Page 139

1     David Gill
2           MR. JOFFE: I am --
3           MR. BUNIS: Stop
4  interrupting me. We are going to
5  take a break. We are going to take
6  a break, and I encourage you to
7  clean up your tone during the
8  course of this. We are taking a
9  break. We are going off the record
10 and I encourage you to stop
11 badgering the witness, and,
12 actually, I will encourage you to
13 not be so extraperus (phonetic) and
14 rude, frankly, to me. So let's go
15 off the record.
16          MR. JOFFE: Michael, if you
17 don't talk to me, I will not be
18 rude to you. I am only rude to you
19 because you incessantly interrupt
20 my deposition, and take my time
21 with your idiotic comments, and
22 interruptions, okay? And you
23 endeavor to talk to me every second
24 you can, and I don't want to talk
25 to you at all. So if you want to

Page 140

1     David Gill
2  take breaks, instruct the witness
3  while my questions are pending, in
4  the middle of hotline of
5  questioning, you're breaking the
6  deposition, and instructing the
7  witness during the break how to
8  answer my questions. Mr.
9  Videographer, I agree to take a
10 break. Let's take a break.
11          MR. BUNIS: It's absolutely
12 incorrect.
13          MR. JOFFE: Ten-minute
14 break.
15          MR. BUNIS: It's absolutely
16 incorrect. We are taking fifteen
17 minutes. I encourage you to calm
18 down, Dimitry.
19          MR. JOFFE: We are going off
20 the record, right?
21          THE VIDEOGRAPHER: We are
22 going off the record at 9:40 p.m.
23       (Whereupon, a recess was
24 taken at this time.)
25          THE VIDEOGRAPHER: We are

Page 141

1    David Gill
2    going back on the record at 9:54
3    p.m.
4         MR. BUNIS: Okay, before you
5    begin questioning, again, I want to
6    put on the record that just prior
7    -- excuse me, just after we went
8    off the record the last break, I
9    off-the-record encouraged Mr. Joffe
10   to take the break to take some time
11   to reduce the emotionality and the
12   tone of voice and the aggressive
13   nature of his questioning of the
14   witness and his conduct towards me,
15   and I encouraged him to do that and
16   I told him, specifically, that if
17   he wasn't able to do that, I was
18   going to be forced to remove the
19   witness from the deposition and end
20   the deposition, and in response to
21   my encouragement and comment, Mr.
22   Joffe said, quote, "Go ahead and
23   fucking pull the witness," end
24   quote. I think that's completely
25   improper, and I would, again,

Page 142

1         David Gill
2         insist that you not engage in that
3         kind of behavior, and I think that
4         will only make things longer and
5         worse for everybody involved, but I
6         think it's important that the
7         record reflect that.
8              MR. JOFFE: Thank you for
9         your encouragement, Michael.
10   BY MR. JOFFE:
11       Q.   Are you ready to answer the
12   question now, Mr. Gill?
13            MR. BUNIS: Is there a
14       question pending?
15       A.   Was there a question pending?
16       Q.   Yes. Just before the break, there
17   was a question pending.
18            MR. JOFFE: Madam Reporter,
19       can you, maybe, find it?
20            (Whereupon, the requested
21       portion was read by the reporter.)
22            MR. BUNIS: I will caution
23       the witness, again, in answering
24       the question, if you can, to make
25       sure you don't reveal any

Page 143

1         David Gill
2         attorney-client communications.
3    A.   I thought I answered that question,
4    and I am not able to answer the question
5    without disclosing privileged information.
6              MR. BUNIS: You are on mute;
7         we can't hear you. Dimitry, we
8         can't hear you.
9              MR. JOFFE: Sorry about
10        that.
11   Q.   The answer that you cannot -- sorry
12   about that. I apologize. The question that
13   you are not able to answer, if I understand
14   correctly, is whether the counsel who
15   requested TT Global transceivers to be sent
16   to inspection to China was you?
17   A.   My answer was that I can't disclose
18   that. I can't answer that question without
19   disclosing privileged information.
20   Q.   Do you believe the identity of the
21   counsel is privileged information? You are a
22   lawyer, Mr. Gill, right?
23   A.   Right.
24   Q.   So I'm asking you whether the
25   identity of counsel -- the name and last

Page 144

1         David Gill
2    name -- is privileged information?
3    A.   I believe it is.
4    Q.   And you refuse to answer the
5    question because you believe the name of the
6    counsel is privileged information?
7              MR. BUNIS: Asked and
8         answered.
9    Q.   Under oath, you are testifying that
10   name of counsel is privileged information?
11   A.   That is my understanding.
12   Q.   Do you understand what "privilege"
13   is, Mr. Gill?
14   A.   Yes.
15   Q.   Okay. And how is your
16   understanding that name of lawyer is
17   privileged?
18            MR. BUNIS: Objection.
19        This calls for a legal
20        conclusion. You can answer, if you
21        can.
22   Q.   He is claiming privilege, so he
23   should have some basis for it. And I am
24   trying to figure out what is the basis for
25   withholding the name of counsel who ordered