# **EXHIBIT I**

# CHOATE

Michael H. Bunis, Esq.
(617) 248-4030
mbunis@choate.com

February 11, 2020

**VIA E-MAIL**

Dimitry Joffe
765 Amsterdam Avenue, 2C
New York, NY, 10025
dimitry@joffe.law

      Re:    <u>Styller, et al. v. Hewlett-Packard Fin. Servs. Co., et al.</u>, No. 1:16-cv-10386 (LTS)

Dimitry:

I write to follow up on issues that arose during Shelley Raina's deposition last Wednesday. During Mr. Raina's deposition you and your client (Mr. Styller) engaged in conduct that was entirely improper and will not be tolerated going forward. Specifically, in conducting your examination of Mr. Raina, you repeatedly: (1) used uncertified translations of Mandarin documents to unfairly extract testimony from a witness who does not understand Mandarin; and (2) attempted to question the witness about exhibits without allowing him an opportunity to first review such documents. Finally, as the deposition record reflects, Mr. Styller's behavior during the deposition – including attempts to intimidate the witness – was unacceptable.

As I noted in my objections on the record, your efforts to elicit testimony from Mr. Raina about documents attached to Dr. Fang's expert report were improper. As you know, Dr. Fang's expert opinion is premised entirely on a comparison of his visual observations to Exhibits 3 and 4 – a "Security Bulletin" and "Verification Report" of his expert report. These two documents are written in Mandarin and are accompanied by supposed English translations of those documents. The Security Bulletin translation bears no indication of its origin, and the Verification Report purports to include "Plaintiffs' Office Translation." Both documents contain garbled English and numerous formatting problems. Neither is certified or sworn to be the accurate translation of an independent, qualified translator. *See* F.R.E. 604 ("An interpreter must be qualified and must give an oath or affirmation to make a true translation.").[1] And, as Plaintiffs are well aware – because the Court has repeatedly warned them – even the underlying Mandarin documents themselves are not authenticable or admissible evidence. *See, e.g.*, January 11, 2019 Status Conference.

---

[1] *And cf., e.g.,* D.P.R. L. Rule 5 ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English…").

Dimitry Joffe
February 11, 2020
Page 2

During Mr. Raina's deposition, despite my objections and Mr. Raina's explanation that he does not read Mandarin, you repeatedly tried to elicit his testimony (including his agreement or disagreement) regarding the substance of the Security Bulletin and the Verification Report based on the purported English translations.  For example:

> Q: Yes.  So this is a holographic label, and H3C in the [Verification Report] is stating that the counterfeit or abnormal label is sufficient to indicate that the transceivers are counterfeit?
>
> . . . .
>
> Q: Mm-hmm.  And that – you disagree with this statement (indicating) that a counterfeit holographic logo is sufficient to determine that the product is counterfeit[,] correct?

Tr. pp. 232-33; *also* pp. 117-18 (questioning Mr. Raina regarding single English-language item in original Mandarin document).  This was a deliberate attempt to confuse Mr. Raina and to unfairly obtain backdoor testimony in place of documents that you know will never be admitted in evidence.

In addition to the above, you repeatedly, over my objections, placed documentary exhibits before the witness and attempted to force Mr. Raina to answer questions about such documents (documents he had never seen before) without giving him the opportunity to read the entire document.  *E.g.*, Tr. 130:24-131:6 (MR. JOFFE: "If I ask him about a particular document, about just one part of the document, I don't need to sit and wait until he reads the whole document. [] Because the document could be multipage.").  This tactic, too, was an intentional and improper effort to confuse Mr. Raina and unfairly obtain self-serving testimony.

Finally, as noted in the record, from the very beginning of the deposition, Mr. Styller acted inappropriately.  This behavior included (without limitation) speaking loudly in Russian during the deposition; attempting to distract and otherwise disrupt the deposition with improper outbursts (*e.g.*, Tr. 18:19-20, MR. STYLLER: "Are you on drugs?  Michael, are you on drugs?"); approaching Mr. Raina in the restroom (Tr. 70:10-23); and staring aggressively at Mr. Raina during the deposition in an apparent attempt to intimidate him.

There will almost certainly be other depositions of Defendants' witnesses in this case.  If Plaintiffs again attempt to use uncertified, unauthenticated translations of foreign-language documents (including the Security Bulletin and/or the Verification Report) as deposition exhibits, or to force witnesses to testify without the opportunity to review full exhibits, please be aware that Defendants will take appropriate steps to prevent this, including, without limitation, suspending the depositions.  To be clear, under no circumstances will we allow you to intentionally mislead witnesses in an effort to obtain unreliable and self-serving testimony.  With

Dimitry Joffe
February 11, 2020
Page 3


respect to Mr. Styller's behavior, to the extent he attends future depositions and acts in an improper manner, the deposition will be suspended until he is removed.

Very truly yours,

*/s/ Michael. H. Bunis*

Michael H. Bunis, Esq.

cc :  Joshua McGuire, Esq.  (*all by email*)
      Paul Saso, Esq.
      Anthony Callaghan, Esq.
      Mark Edgarton, Esq.
      Kevin Quigley, Esq.