UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, <br><br> Plaintiffs, <br><br> v. <br><br> HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL, <br><br> Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
THE NATIVE FILE AND METADATA OF THE APRIL 22, 2013 FINAL LETTER**

Plaintiffs, through their counsel, respectfully move the Court to compel Defendants to produce the native file and the associated metadata of the April 22, 2013 letter that Defendants claim to have "actually submitted" to the Chinese police (the "Final Letter").

**PRELIMINARY STATEMENT**

The factual and procedural background for this motion is set out in Plaintiffs' status report dated November 4, 2020 (ECF No. 392), which is incorporated herein by reference.

As shown in Plaintiffs' status report, the Final Letter had been a subject of multiple electronic and telephonic meet-and-confers between the parties' counsel from September 2020 through October 2020.

On October 30, 2020, Defendants submitted their status report to the Court concerning the Final Letter (ECF No. 390), upon a 3-minute notice to Plaintiffs. On November 4, 2020, Plaintiffs submitted their status report in response. ECF No. 392. On the night of November 4-5, 2020, Plaintiffs deposed Defendant David Gill. On November 6, 2020, Plaintiffs deposed Kevan Bartley.

At the November 10, 2020 hearing on the subject of the Final Letter, the Court stated that the Final Letter would not change the Court's ruling denying Defendants' summary judgment motion. The Court further authorized Plaintiffs to file a motion and evidence supporting Plaintiffs' claim that Defendants had falsified the metadata of the Final Letter: "You should explain to me the basis for your belief, just as you did now, but citing the documents and what it is – what relief that you want." ECF 416-4 Tr. 25.

Accordingly, Plaintiffs respectfully submit the following evidence of Defendants' metadata falsification and related false statements concerning the Final Letter, seeking a commensurate relief.

### PLAINTIFFS' EVIDENCE OF DEFENDANTS' METADATA FALSIFICATION AND RELATED FALSE STATEMENTS

*First*, On October 15, 2020, following multiple requests from Plaintiffs and after long delays, Defendants produced what they had described as "the recently produced April 2013 letter, now in native format, and with the underlying metadata." ECF No. 392-10.

Furthermore, in their subsequent Status Report filed on October 30, 2020, Defendants represented to the Court that "the claim that Defendants recently 'falsified' the Final April 2013 Letter is without basis in fact and flatly contradicted by the metadata already produced . . . which establishes that the pdf of the Final April 2013 Letter was created in 2013." (ECF No. 390 at 4).

Upon review of the metadata produced by Defendants, however, Plaintiffs' e-discovery vendor Target Litigation established that:

(a) Defendants had produced only PDF of the Final Letter with very limited metadata (two conflicting creation dates, April 22 and 23, 2013, without more) (ECF No. 392-12);

(b) "Because [Defendants] did not provide the original native file, we have no way to extract any additional metadata" (id.);

(c) "We have no way of knowing if this metadata is from the original file other than their representation that it is" (id.);

(d) "if the document was not originally a PDF file" – which it was not as it was purportedly revised on April 22, 2013 – then "it is not the native file and the metadata is incomplete at best." ECF No. 392-13.

After Plaintiffs had relayed their concerns with the produced metadata to Defendants, Defendants flatly refused to produce the native Word file of the Final Letter or its associated metadata, without addressing the concerns raised by Plaintiffs.

***Second***, Defendants' metadata lists David Gill as the custodian of the Final Letter. Furthermore, in his letter to the undersigned dated September 30, 2020, Defendants' counsel Paul Saso stated that "Mr. Gill will testify that the April 2013 Letter is the actual version of the letter that was submitted to the Chinese authorities on or about April 22, 2013 . . . (and that he inadvertently failed to circulate the delivered letter to Mr. Riordan)." ECF No. 392-3.

However, during his deposition on November 4, 2020, Mr. Gill testified to something very different. See Declaration of Dimitry Joffe dated November 24, 2020 ("Joffe Decl."), Exh. A (Gill Deposition Transcript):

(a) "it was not me" who made the final revision to the Final Letter (Tr. 311/14-15);

(b) "I did not do the drafting" (Tr. 312/23-24);

(c) It was Meng Tao from HP China who had made that final revision to the Final Letter, in Mandarin (Tr. 311/11-15, 313/21-314/4);

(d) Meng Tao made that final revision in "late April or early May" – not on April 22-23, as Defendants' metadata indicates (Tr. 306/12-14);

(e) The Final Letter was purportedly submitted to the PSB in late April or early May, not on April 22 (Tr. 181/21-23).

Moreover, the email chain purportedly transmitting the Final Letter includes references to "draft" letter as late as on April 28-29, see ECF 392-9 at p. 4, which is further inconsistent with Defendants' representations that the Final Letter was revised on April 22 or 23 -- and is more consistent with Mr. Gill's testimony that it was revised in "late April, early May."

***Third***, another Defendants' witness and ESI custodian, Kevan Bartley, testified on his deposition that Defendants had falsified his custodial metadata as well. According to Mr. Bartley, Defendants' identification of Mr. Bartley as the custodian of certain PSB files in Defendants' possession was untrue: Mr. Bartley testified that he had never had those documents in his possession, and that Defendants' claim that he was their custodian was wrong. Joffe Decl. Exh. B (Bartley Deposition Transcript), Tr. 255-268, 337-38.

## RELIEF SOUGHT

Plaintiffs respectfully submit that the evidence cited above strongly suggests that Defendants had falsifies the metadata of the Final Letter and made false statements concerning the Letter's provenance and origination -- or else Defendant Gill's inconsistent statements at deposition were false.

Accordingly, Plaintiffs respectfully request the Court to compel Defendants to produce the original native file of the Final Letter and its associated metadata.

Plaintiffs also respectfully request that the Court compel Defendants to produce the April 22, 2013 email chain purportedly transmitting the Final Letter (identified in ECF 392-9 at p.4 as a chain of 10 emails under the subject line "China," in which chain the critical email transmitting the Final Letter (newly listed as privilege log entry 834) had not been previously produced or listed on the privilege log, as required by Local Rules for any assertion of privilege.

Plaintiffs further reserve their rights to move for other appropriate relief and/or sanctions against Defendants and/or their counsel should the produced documents demonstrate the falsity of Defendants' prior statements concerning the Final Letter, its provenance, origination, timing, or metadata.

November 24, 2020                                   Respectfully Submitted,

*[signature]*

_____
Dimitry Joffe
JOFFE LAW P.C.
765 Amsterdam Avenue, 2C
New York, New York 10025
(917) 929-1964
Email: dimitry@joffe.law
*Counsel to Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1(a)

I, Dimitry Joffe, counsel to Plaintiffs, hereby certify that counsel for the parties have met and conferred on the issue that is the subject of this motion to compel on multiple occasions in September-October 2020 in a good-faith effort to narrow the areas of disagreement that is the subject of this motion to compel.

*/s/ Dimitry Joffe*

_____
Dimitry Joffe
JOFFE LAW P.C.
Counsel to Plaintiffs

## CERTIFICATE OF SERVICE

    I, Dimitry Joffe, hereby certify that on this 24th day of November 2020, I caused a copy of Plaintiffs' Motion to Compel, accompanied by Declaration of Dimitry Joffe with exhibits, to be served by ECF upon Defendants' counsel of record.

                                                                                                 Dimitry Joffe
                                                                                                 JOFFE LAW P.C.
                                                                                                 Counsel to Plaintiffs