UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

**DEFENDANTS' MOTION TO SEAL DEPOSITION TRANSCRIPTS
IMPROPERLY FILED BY PLAINTIFFS**

Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company and David Gill ("Defendants"), by and through their undersigned counsel, respectfully request that the Court immediately seal the deposition transcripts of David Gill and Kevan Bartley, filed by Plaintiffs at ECF 419-2 and ECF 419-3.

On November 24, 2020, Plaintiffs filed a Motion to Compel Production of the Native File and Metadata of the April 22, 2013 Final Letter (the "Motion to Compel"). ECF 419. In connection with that filing, Plaintiffs publicly filed the entirety of the deposition transcripts of Defendants' witnesses Gill and Bartley.

The Court-entered Stipulated Protective Order provides that deposition transcripts "shall be treated as Confidential prior to expiration" of a 15-business-day period following receipt of final deposition transcripts, so that the party producing the witness may review the transcript and designate some or all portions as Confidential.  ECF 188 § 7.b.

Shortly after Plaintiffs filed their Motion to Compel, Defendants asked Plaintiffs to remove the deposition transcripts of Gill and Bartley from the docket because the 15-business-day period following receipt of the transcripts had not yet expired, and provided their consent to re-file the same under seal.[1]  *See* Ex. A.  Plaintiffs' counsel refused the request, stating that it was his view that Defendants waived all confidentiality because they had filed selected excerpts of some transcripts publicly in connection with their Motion to Refer Attorney Joffe's Misconduct to the Presiding Judge (the "Misconduct Motion," ECF 414).  Ex. A.

Of course, Defendants did not waive the confidentiality of the entirety of deposition transcripts merely because they publicly filed selected portions of the same or other transcripts. Defendants chose to waive confidentiality with respect to only those excerpts, as is their right under the Protective Order.  ECF 188 § 6.a.[2]

Accordingly, Defendants respectfully request that the Court remove the Gill and Bartley deposition transcripts from the public docket (including pending resolution of this motion), and that the Court order Plaintiffs to file the same under seal.[3]

---

[1]     Defendants received the final deposition transcript of Kevan Bartley on November 10, 2020 and David Gill on November 11, 2020.  Due to the Veterans' Day and Thanksgiving holidays, the 15-business-day period will expire with respect to both deposition transcripts on December 3, 2020.

[2]     Notably, the excerpts quoted in the Misconduct Motion consist of Mr. Joffe's own words, not the witnesses' testimony (with the exception of testimony from one witness that Mr. Joffe's behavior made him uncomfortable).

[3]     Plaintiffs' counsel's failure to comply with the Protective Order, even after being afforded the opportunity to do so, reflects a continued disregard of Court orders even as the Misconduct Motion is pending.

Dated: November 25, 2020

/s/ *Paul A. Saso*
Michael H. Bunis (BBO No. 566839)
G. Mark Edgarton (BBO No. 657593)
Kevin C. Quigley (BBO No. 685015)
**CHOATE HALL & STEWART LLP**
Two International Place
Boston, Massachusetts 02110
(617) 248-5000
mbunis@choate.com
medgarton@choate.com
kquigley@choate.com

Anthony P. Callaghan
Paul A. Saso
**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York, 10119
(212) 613-2000

*Counsel for Defendants*

## Local Rule 7.1(a)(2) Certification

I, Paul A. Saso, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that on November 24 and 25, 2020 I conferred in good faith with Plaintiffs' counsel, Dimitry Joffe, regarding the issues raised in this Motion, but we could not narrow the dispute.

*/s/ Paul A. Saso*
Paul A. Saso

**CERTIFICATE OF SERVICE**

I, Kevin C. Quigley, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that the foregoing document was filed using the CM/ECF system and electronic notice will be sent to registered participants as indicated on the Notice of Electronic Filing (NEF) on November 25, 2020.

*/s/ Kevin C. Quigley*
Kevin C. Quigley

10001037v1