UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>      Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL,<br><br>      Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

**PLAINTIFFS' REPLY TO DEFENDANTS' EMERGENCY MOTION TO
SEAL THE TRANSCRIPTS OF GILL'S AND BARTLEY'S DEPOSITIONS**

Plaintiffs, through their counsel, respectfully submit their response to Defendants' emergency motion to seal the transcripts of David Gill's and Kevan Bartley's depositions (ECF No. 420), which were filed by Plaintiffs on their motion to compel the production of the native file and metadata of the April 22, 2013 Final Letter as Exhibits A and B, respectively, to the Declaration of Dimitry Joffe dated November 24, 2020, accompanying Plaintiffs' motion.

**FACTUAL BACKGROUND**

On the night of November 4-5, 2020, Plaintiffs deposed Defendant David Gill. On November 6, 2020, Plaintiffs deposed Kevan Bartley. Defendants did not designate any of those depositions or their transcripts confidential at that time.

1

On November 10, 2020, during the Court hearing, Defendants offered to provide the videorecording of James O'Grady's deposition to the Court, and did provide the video shortly after the hearing. Defendants did not make any motion to seal the video and lodged it with the Court without any confidentiality claims.

On November 12, 2020, during the Court hearing, Plaintiffs' counsel advised the Court and the parties of Plaintiffs' intention to make a motion concerning the native file and the metadata of the April 22, 2013 Final letter. In making the argument, Plaintiffs' counsel cited and quoted from Gill's and Bartley's depositions in open Court, with no confidentiality-based objections from Defendants.

The Court then authorized Plaintiffs to file a motion and evidence supporting Plaintiffs' claim that Defendants had falsified the metadata of the Final Letter: "You should explain to me the basis for your belief, just as you did now, but citing the documents and what it is – what relief that you want." ECF 416-4 Tr. 25. At that point, Defendants could not have been unaware that Plaintiffs intend to file the cited transcripts as "the documents" in support of their contemplated motion, but did not designate the transcripts confidential.

Instead, on November 20, 2020, Defendants filed a motion to revoke the undersigned's pro hac vice status and attached to their motion various select excerpts from the deposition transcripts of Gill and Bartley, as well as from their other witnesses O'Grady and Patterson. Defendants did not file them under seal, and did not make any motion to seal.

On November 24, 2020, Plaintiffs filed their motion to compel production of the native file and metadata of the April 22, 2013 Final Letter, attaching as exhibits Gill's and Bartley's deposition transcripts, select excerpts from which had been already filed by Defendants four days earlier.

On November 25, 2020, Defendants demanded that Plaintiffs immediately seal the transcripts. Defendants responded that Plaintiffs had waived any confidentiality with respect to the transcripts. ECF No. 420-1. Defendants then filed the current emergency motion. ECF No. 420.

## ARGUMENT

*First*, Defendants had waived any confidentiality claim with respect to the transcripts by:

(a) failing to designate them as confidential at any time prior to Plaintiffs' anticipated filing of those transcripts in open court;

(b) filing a video transcript of O'Grady with the Court without any request or motion for sealing; and

(c) filing excepts of their witnesses' depositions, including Gill's and Bartley's in open court, without any request or motion for sealing.

Defendants should not be allowed to cherry-pick which transcripts or parts of transcripts should be made public without designating the transcripts confidential – and then demand that those very transcripts be sealed on Plaintiffs' own subsequent motion.

*Second*, as Plaintiffs had argued in their opposition (ECF No. 350) to Defendants' motion to seal the record on the parties' summary judgment (ECF No.346), the First Circuit expressly recognized "an abiding presumption of access to trial records and ample reason to 'distinguish materials submitted into evidence from the raw fruits of discovery.' Littlejohn v. BIC Corp., 851 F.2d 673, 678, 684 n. 28 (3d Cir. 1988). As we have said elsewhere, '[o]nly the most compelling reasons can justify the non-disclosure of judicial records.'" Poliquin v. Garden Way, Inc., 989 F.2d 527, 533 (1st Cir. 1993), citing FTC v.Standard Financial Management Corp.,830 F.2d 404, 410(1st Cir. 1987), In re Knoxville News-Sentinel Co.,723 F.2d 470, 476(6th Cir. 1983), and Joy v. North, 692 F.2d 880, 893-4 (2d Cir. 1982).

As this Court explained in Bradford & Bigelow, Inc. v. Heather T. Richardson & Bradford & Bigelow, Inc., 109 F. Supp. 3d 445, 447-48 (D. Mass. 2015) (emphasis added throughout):

> What constitutes "good cause," and therefore what concerns can justify a document being filed under seal, depends on the nature of the filing. The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it. On one end of the spectrum, there is no public right of access to unfiled discovery materials. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 32–36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). But, once a document produced in discovery is filed with the court, there is a presumptive right of public access. See Standard Fin. Mgmt. Corp., 830 F.2d at 409 ("[D]ocuments which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies."). At the opposite end of the spectrum from discovery materials, the public interest is strongest (and the burden to overcome it the highest) for documents introduced at trial or included in an appellate record. See, e.g., Poliquin v. Garden Way, 989 F.2d 527, 533 (1st Cir.1993); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545–46 (7th Cir. 2002).
>
> Between these extremes, the presumption may be overcome if the filing is not related to issues where there is no tradition of public access, like motions about discovery matters. See Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir.1986) (holding that there is no common law right to inspect such documents because "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process"). ***But the pendulum swings the other way for materials filed in connection with non-discovery motions, like motions for summary judgment***, Daubert motions, or motions in limine. See, e.g., Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir.1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not. . . ."). To seal such filings, ***the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests***, like the existence of trade secrets in the documents or confidential business information. See, e.g., Nixon, 435 U.S. at 598, 98 S.Ct. 1306 ("[C]ourts have refused to permit their files to serve as ... sources of business information that might harm a litigant's competitive standing."); Baxter Int'l, Inc., 297 F.3d at 546 (describing other possible countervailing interests).

The Court in Bradford squarely held that "[a] common justification offered up as 'good cause' for sealing a court filing is that a document is (or contains information that is) designated as confidential

under a stipulated protective order. . . *is not enough*." Id.[1] The First Circuit in Poliquin also found no "compelling reason" in a "garden-variety claim that the company's image among customers will be damaged through the misuse or distortion of those accident claims. In our view, this threat may be adequate as a ground for protecting discovery material; but it is outweighed, after the material is introduced in evidence, by the public's interest in access to trial records." 109 F. Supp. 3d at 448, citing Littlejohn, 851 F.2d at 685.

"Parties therefore may not rely solely on their designations under a discovery protective order to support sealing motions; they must show that each document they seek to seal should be sealed under the appropriate standard." Id. Defendants, who carry the burden of showing "compelling reasons" for the sealing they request, did not even bother to show any reason on their motion other than the Protective Order (Dkt. 346), which "is not enough." Bradford, 109 F. Supp. 3d at 448.

Nor could Defendants establish any good cause, let alone "the most compelling reasons," for the sealing of transcripts, particularly having disclosed one deposition video and select excepts from other depositions on their own motion, because there is no confidential information in the transcripts they seek to seal, such as trade secrets, intellectual properties, competitively

---

[1] "The 'good cause' that justifies an umbrella protective order at the discovery stage (and allows such designations) is not sufficient to meet the heightened standard to seal filings about dispositive motions or trial. Cf. N.D. Cal. L.R. 79–5(d)(1)(A) ('Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.'); Sedona Conference Working Group on Protective Orders, & Confidentiality & Public Access (WG2), The Sedona Guidelines: Best Practices Addressing Protective Orders, Confidentiality & Public Access in Civil Cases March 2007 Post–Public Comment Version, 8 Sedona Conf. J. 141, 154 (2007) ("The 'good cause' needed to support an umbrella protective order under Fed.R.Civ.P. 26(c) will not suffice to support the sealing of those discovery documents when filed in court.")." Id.

sensitive business information, or private medical records, or anything else of such confidential nature.

## CONCLUSION

Plaintiffs have submitted the challenged transcripts on their motion to compel production of the native file and metadata of the April 22, 2013 Final Letter based on their claim that Defendants had falsified the metadata and made false representations about the Final Letter to the Court and to the parties. This is a serious matter beyond a garden-variety discovery dispute; it is directly connected to "non-discovery" matters of Defendants' overall conduct of this litigation; and it therefore raises all the constitutional and practical concerns of sealing public records identified by the authorities cited above.

In response to that showing made by Plaintiffs in May 2020, Defendants withdrew their then pending motion to seal. ECF No. 351. Plaintiffs respectfully submit that Defendants should withdraw their motion now, for the same reasons and for the additional reason of the waiver, or the Court should deny their motion on these grounds.

November 24, 2020                                            Respectfully Submitted,

                                                             _____
                                                             Dimitry Joffe
                                                             JOFFE LAW P.C.
                                                             765 Amsterdam Avenue, 2C
                                                             New York, New York 10025
                                                             (917) 929-1964
                                                             Email: dimitry@joffe.law
                                                             *Counsel to Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Dimitry Joffe, hereby certify that on this 25th day of November 2020, I caused a copy of Plaintiffs' response to Defendants' Motion to Seal to be served by ECF upon Defendants' counsel of record.

*/s/ Dimitry Joffe*
_____
Dimitry Joffe
JOFFE LAW P.C.
Counsel to Plaintiffs