UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 1:16-CV-10386 (LTS) |
| v. | ) |
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' UNOPPOSED MOTION TO WITHDRAW
DIMITRY JOFFE AS PLAINTIFFS' COUNSEL**

Plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Carolina Marafao Cheng, Pushun Cheng, Changzhein Ni, JunFang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni, through their undersigned counsel, respectfully ask the Court to terminate Dimitry Joffe, of Joffe Law P.C., as their counsel in this case.

On December 2, 2020, at 5:31 p.m., Plaintiffs terminated Joffe's representation and asked that he file his notice of withdrawal. Speaking on behalf of all Plaintiffs, Alex Styller informed Joffe that he no longer had plaintiffs' authority to make any other filings in the case, communicate with Defendants' attorneys, or bind Plaintiffs to any positions.  Joffe acknowledged receipt of Styller's email.  The next day, December 3, 2020, Joffe informed

1

Styller that he "inten[ded] to file my withdrawal notice after HP's motion to refer Attorney Joffe's misconduct and the accompanying relief that I requested in my opposition as pertains to me personally and not to the Plaintiffs will have been argued and adjudicated. Until then, and solely for that purpose, I intend to remain in the case . . . ."

Joffe is not a party in this case, he no longer represents any parties in this case, and he acknowledged in writing that he does not intend "to . . . be involved in the case . . . in any capacity." For that reason, and in light of the constitutional right of all civil litigants to choose who represents them before the courts of this jurisdiction, *see, e.g.*, *Gorgens v. McGovern*, 71 Mass. App. Ct. 1124, 886 N.E.2d 125 (2008), Joffe has no grounds to maintain his appearance, as currently filed, before this Court. Plaintiffs therefore ask that the Court withdraw Joffe's appearance.

Plaintiffs do understand that Defendants have made allegations against Joffe personally regarding his conduct in this case. As to those allegations, Plaintiffs do not object to Joffe making any filings he believes necessary and appropriate to defend himself in response to the relief Defendants request against him personally. Those filings, however, should not delay the withdrawal of Joffe's appearance and should be made only in Joffe's personal capacity.

## **CONCLUSION**

Plaintiffs respectfully request that the Court enter the attached proposed order terminating Joffe as Plaintiffs' counsel and withdrawing his appearance on behalf of Plaintiffs.

Dated: New York, New York
       December 4, 2020

                                    QUINN EMANUEL URQUHART & SULLIVAN LLP

                                    By: */s/ Luke Nikas*

Luke Nikas
Alex Spiro
Alex S. Zuckerman
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Attorneys for Plaintiffs*

**Local Rule 7.1(a)(2) Certification**

I, Luke Nikas, Attorney for Plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Carolina Marafao Cheng, Pushun Cheng, Changzhein Ni, JunFang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni hereby certify that on December 4, 2020, I communicated with Defendants' counsel in a good faith attempt to confer regarding the issues raised in this Motion, and Defendants' counsel informed me that "Defendants take no position on [this] motion, except that [they] believe the relief requested in [their] motion [regarding Joffe's pro hac vice admission] should be granted, Joffe's pro hac should be revoked, Defendants should be reimbursed for the costs and fees resulting from his misconduct (including appropriate fees in connection with filing [their] motion) and the O'Grady deposition should not be continued. Defendants contend these forms of relief remain relevant whether or not [Joffe] withdraws."

5

**CERTIFICATE OF SERVICE**

    I, Luke Nikas, hereby certify that on this 4th day of December 2020, I caused a copy of Plaintiffs' Motion to Withdraw Attorney Joffe as Plaintiffs' Counsel to be served by ECF upon Defendants' counsel of record.

    */s/ Luke Nikas*
    _____
    Luke Nikas