UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI, | ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) | Civil Action No. 1:16-CV-10386 (LTS) |
| v. | ) ) |  |
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL, | ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

### THE PARTIES' JOINT AND UNOPPOSED MOTION
### TO AMEND THE SCHEDULING ORDER

Plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Carolina Marafao Cheng, Pushun Cheng, Changzhein Ni, JunFang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni ("Plaintiffs"), and Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services ("India"), Hewlett Packard Enterprise Company, and David Gill ("Defendants") through their undersigned counsel, respectfully ask the Court to enter the Amended Scheduling Order, set forth in greater detail below.

### BACKGROUND

On August 28, 2020, after denying both sides' summary judgment motions, this Court entered the current operative scheduling order. (Dkt. No. 372; the "Scheduling Order.")

1

Between the time the Court entered the Scheduling Order and the original fact discovery deadline, several new disputes arose that have delayed the progress of the case. On November 13, 2020, the Court established additional interim deadlines associated with Defendants' motion to compel information related to the immigration status and to medical conditions of the individual Plaintiffs (Dkt. No. 382), Plaintiffs' motion to compel metadata (Dkt. No. 419), Defendants' motion to seal documents filed on the public docket (Dkt. Nos. 420), and Defendants' motion to refer the conduct of Plaintiffs' former counsel to the presiding judge of this District (Dkt. No. 414). The November 13 Order "stayed certain discovery [deadlines]," while leaving "[t]he existing deadline governing expert disclosures, expert deposition and trial . . . unchanged." (Dkt. No. 401, at 1-2.)

Five days later, Plaintiffs new counsel made appearances in this case. (Dkt. Nos. 408, 409.) With the goal of moving the case forward, and in the spirit of encouraging the "greater cooperation among all counsel" that defense counsel had previously requested (*see* Dkt. No. 415), the parties engaged in multiple conferences and have negotiated a new scheduling proposal that will allow the parties to complete the remaining work necessary to bring this case to a prompt conclusion, while simultaneously accounting for the recent motion practice and the current stay of discovery and the various tasks that must be coordinated and completed among parties located in different countries.

The parties therefore respectfully request that the Court amend the Scheduling Order as follows (the "Amended Scheduling Order"):

| Event | Proposed Date |
|---|---|
| Close of deposition discovery. | January 29, 2021 |
| Medical expert disclosures due. | February 1, 2021 |
| Non-medical expert disclosures for parties bearing the burden of proof. | March 1, 2021 |

| | |
|---|---|
| Defendants to submit to Plaintiffs a letter providing details of proposed Rule 35 Medical Examinations. | March 1, 2021 |
| Deadline for Defendants to complete medical examinations of Plaintiffs. | April 1, 2021 |
| Non-medical rebuttal expert disclosures for parties not bearing the burden of proof. | April 1, 2021 |
| Medical rebuttal expert disclosures due. | May 3, 2021 |
| Close of expert discovery. | June 1, 2021 |
| Final day to file dispositive motions. | July 1, 2021 |
| Final day to oppose dispositive motions. | August 2, 2021 |
| Final day to reply to dispositive motions. | August 15, 2021 |
| Pretrial filings to commence on a schedule set by the Court at a later date (including *Daubert* motions and motions *in limine*). | 90 days after ruling on dispositive motions |

## ARGUMENT

Amending a scheduling order requires a showing of good cause. "The 'good cause' test requires a showing that despite due diligence by the party seeking the extension, the deadline in the scheduling order could not reasonably be met." *McLaughlin v. McDonald's Corp.*, 203 F.R.D. 45, 50 n.4 (D. Mass. 2001). Courts routinely grant extensions when parties move jointly to amend the scheduling order "in light of the fact that discovery took longer than expected to complete." *Burns ex rel. Office of Pub. Guardian v. Hale & Dorr LLP*, 242 F.R.D. 170, 174 (D. Mass. 2007); *Ivymedia Corp. v. Ilikebus, Inc.*, No. CV 15-11918-NMG, 2016 WL 2596014, at *1 (D. Mass. May 5, 2016) (granting a joint motion to extend the deposition deadline by one month).

Good cause supports this motion. Once fact discovery was stayed, it became impossible for the parties to complete important fact depositions, prepare expert disclosures, and otherwise progress with fact and expert discovery in the case. The parties also have pending motions before the Court that may require resolution before discovery can proceed, unless the parties are able to reach agreement on the issues. Furthermore, in that period, Plaintiffs hired new counsel, which

3

has required time to get up to speed in the case, and counsel for the parties have been engaged in good faith discussions in an effort to streamline their discovery disputes and bring the case to trial as quickly as possible. As a result of all of these events, both sides need additional time to complete discovery. The proposed Amended Scheduling Order reflects the parties' considered views about the time necessary to complete the remaining discovery and motions and then bring the case to trial.

For good cause shown and not for any unreasonable delay, and there being no prejudice to either side, Plaintiffs and Defendants respectfully request that this joint motion be granted.

## **CONCLUSION**

Plaintiffs and Defendants respectfully request that the Court enter the attached proposed Amended Scheduling Order.

Dated: New York, New York
December 15, 2020

By: */s/ Luke Nikas*

Luke Nikas
Alex Spiro
Alex S. Zuckerman
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Attorneys for Plaintiffs*

By: */s/ Paul Saso*

Michael H. Bunis (BBO No. 566839)
G. Mark Edgarton (BBO No. 657593)
Kevin C. Quigley (BBO No. 685015)
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000
mbunis@choate.com
medgarton@choate.com
kquigley@choate.com

Anthony P. Callaghan
Paul A. Saso
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York, 10119
(212) 613-2000

*Attorneys for Defendants*

**Local Rule 7.1(a)(2) Certification**

    I, Luke Nikas, Attorney for Plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc., Jade Cheng, Jason Yuyi, Cathy Yu, Carolina Marafao Cheng, Pushun Cheng, Changzhein Ni, JunFang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni hereby certify that on December 4, 2020, December 14, 2020, and December 15, 2020, I communicated with Defendants' counsel, Mark Edgerton in a good faith attempt to confer regarding the issues raised in this Motion, and Defendants' counsel have expressed to me that Defendants fully endorse this joint and unopposed motion.

**CERTIFICATE OF SERVICE**

      I, Luke Nikas, hereby certify that on this 15th day of December 2020, I caused a copy of the Parties' Joint and Unopposed Motion to Amend the Scheduling Order to be served by ECF upon Defendants' counsel of record.

      */s/ Luke Nikas*
      _____
      Luke Nikas