UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC. et al.,

Plaintiffs,

v.

HEWLETT-PACKARD FINANCIAL SERVICES COMPANY et al.,

Defendants.

Civil No. 16-10386-LTS

ORDER ON THE PARTIES' JOINT AND UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER (DOC. NO. 439)

December 28, 2020

SOROKIN, J.

Plaintiffs filed this case in 2015. In early 2016, Defendants removed it to this Court. Coming on five years later, the parties are almost, but not quite done with fact discovery and have further expert discovery remaining. With the exception of a small portion of the delay arising due to the Coronavirus pandemic, most of the delays in this case have arisen from (a) lapses in the failure of the Plaintiffs to pursue their case (for example, doing nothing on their case for months after the conclusion of an unsuccessful mediation) and (b) the repeated disregard of the rules by Plaintiffs and their counsel memorialized in numerous written decisions of the Court. Recently, the Court stayed the ongoing fact depositions and Rule 35 examinations of certain Plaintiffs due to a pending motion to refer Plaintiff's attorney Dimitry Joffe for disciplinary proceedings. While that motion has been pending, new counsel entered appearances joining Attorney Joffe in the representation of Plaintiffs. Shortly thereafter, but not before filing

further pleadings, Attorney Joffe withdrew, reporting that Plaintiffs "terminated" his representation.

Given the stay and the problems created by the conduct of the depositions by the Plaintiffs (for which new counsel for Plaintiffs bears no responsibility) the deadlines for conclusion of deposition discovery (November 13, 2020), and the deadline for disclosure of damage experts (December 13, 2020) have passed without the parties completing those tasks. Doc. No. 372. Originally, the Rule 35 examinations were to occur by the conclusion of fact discovery; however, that deadline was altered by the Court in the status conference on November 10, 2020, due at least in part to problems for the subjects of these examinations appearing in-person in light of the pandemic. Doc. No. 410 at 65–66.

Now, armed with new counsel, Plaintiffs joined by Defendants request the Court to amend the schedule. Though not directly addressed in the Motion, the primary change the parties seek is a delay in the trial long scheduled for May 3, 2021 to a time in early 2022. In the Court's view, the parties could complete the remaining fact depositions and the damage expert disclosures/depositions before the May 3rd trial date. However, there would not be sufficient time for filing and resolution of a motion for summary judgment even if, as the Court has considered, the parties briefed summary judgment while conducting the expert disclosures. In addition, briefing while conducting expert discovery would preclude consideration of the damage experts on the summary judgment motion. Defendants believe, with some articulated basis, that the damage experts may be relevant to some of their summary judgment theories. As originally conceived by both sides and adopted by the Court early in this now long-running lawsuit, the case was phased with cross-motions for summary judgment coming after some discovery solely

on the question of whether the goods sold were counterfeit with a later round of summary judgment on the other issues after all discovery.

Delaying the trial to permit the Defendants to file their motion for summary judgment on issues and claims not within the scope of the first phase motion constitutes good case for continuing the trial date for at least two reasons. First, the opportunity for Defendants to defend themselves should not be materially limited by improper conduct of this litigation by the Plaintiffs. Second, the sprawling nature of the complaint, albeit reviewed on a motion to dismiss, may well be subject to a well-founded motion after discovery which may narrow, focus, or eliminate the trial. In addition, Plaintiffs agree. Thus, an extension sufficient to accommodate the motion for summary judgment is warranted.

In the Joint Motion, however, Plaintiffs seek more than an extension to allow the completion of the tasks not yet done and an opportunity for Defendants to file a motion for summary judgment.[1] The original schedule, as is typical, provided an opportunity for expert disclosures after fact discovery. Doc. No. 287. Later, the Court discussed with the parties what remained in the case so that it could establish a firm reasonable trial date. The Plaintiffs repeatedly represented that they intended to retain only damages experts. They took this unequivocal position on March 10, 2020, as a result of which the Court established the May 3rd trial date and the schedule for the remainder of the case. See Doc. No. 337 at 50–51. After ruling on the summary judgment motions, the Court invited a further identification of what remained, and Plaintiffs made no mention of liability experts. And at two status conferences in November

[1] Plaintiffs have indicated they do not intend to file a motion for summary judgment. The Court accepts and relies upon that representation.

when the Court discussed various issues with the parties, Plaintiffs again made no mention of the desire to retain liability experts.

New counsel with fresh eyes looking at the case has concluded in their judgment that Plaintiffs' case would be well-served by liability experts. The Court has no reason to question this judgment, but that in no way constitutes good cause for delay of this old case or revision of the schedule, especially under the particular circumstances of this case. Of course, any change in the governing schedule requires "good cause." Fed. R. Civ. P. 16(b)(4). After searching consideration, however, the Court will permit Plaintiffs to offer these previously forgone liability experts. Good cause warrants a delay in the trial and revision in the schedule without regard to Plaintiffs' expansion of the type of experts they seek to retain. In addition, allowing Plaintiffs to expand the type of experts (1) does not materially change the additional time required to bring this case to trial; (2) comes with the support of the Defendants in the form of the Joint Motion; and (3) is consistent with the preference of the rules for resolution of cases on the merits, see Fed. R. Civ. P. 1. The combination of these reasons, in the end, persuades the Court not to directly preclude Plaintiffs from offering liability experts and not to expand the schedule in a manner that precludes it from occurring.

Accordingly, the previously imposed STAY in this case is VACATED, the Joint Motion (Doc. No. 439) is ALLOWED, the schedule revised as set forth in that document, and trial reset to **February 7, 2022 at 9:00 a.m**. Counsel for the Plaintiffs represented that under no circumstances would the Plaintiffs seek a continuance in any of these deadlines. The Court accepts and relies specifically on that representation in this Order. The trial date is definite. The schedule as revised provides ample time for the parties to complete the remaining tasks.

Three more points bear mention. First, only the previously identified depositions may occur. The extension is not an opportunity to depose any other fact witnesses absent an order of the Court. Second, the Rule 35 examinations will occur in the United States. Plaintiffs brought this case; they bear responsibility for making the necessary arrangements, including complying with all Coronavirus-related restrictions to come to the United States for these examinations or to such other reasonable place as designated by the Defendants. While Defendants should accommodate reasonable scheduling requests made by Plaintiffs regarding these examinations, they must occur during the window established in the Order. A failure to submit to the examination may be viewed as a failure to prosecute the case, possibly resulting in sanctions up to and including dismissal of a Plaintiff's claims with prejudice. The Court does not anticipate viewing the pandemic as a basis for extending or excusing Rule 35 compliance, as Plaintiffs have had months already to make the necessary arrangements and the revised schedule provides ample time even given the pandemic.

Third, whether the deposition of Mr. O'Grady will resume and, if so, under what circumstances remains under advisement as part of the Motion to Refer (Doc. No. 414).

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge