UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC. et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    Civil No. 16-10386-LTS<br>) |
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY et al., | )<br>)<br>) |
| Defendants. | )<br>) |

ORDER ON PLAINTIFFS' MOTION FOR REMOTE
RULE 35 MEDICAL EXAMINATIONS (DOC. NO. 451)

February 24, 2021

SOROKIN, J.

Plaintiffs Jason Yuyi and Cathy Yu (and only these two Plaintiffs[1]) have filed a motion requesting the Court relieve them of one requirement: to appear in person in the United States for their Rule 35 examinations. Doc. No. 451. To obtain this relief, they concede that they must demonstrate "good cause." See Doc. No. 452 at 13. The Court need not determine whether they must meet a higher standard as Defendants contend, see Doc. No. 471 at 19–20, for the record before the Court fails to demonstrate good cause. This is so for several straightforward reasons.

A central question and the premise of the motion is whether Yuyi and Yu can reasonably come to the United States under present conditions in time for their examinations and, if not,

---

[1] The Motion states it is filed by "Plaintiffs" and as relief requests that the Court "set aside the ruling in its Amended Scheduling Order requiring them to appear in the United States." Doc. No. 451. The Memorandum addresses only Plaintiffs Yuyi and Yu. See Doc. No. 452. The Court thus construes the Motion as filed on behalf of only these two Plaintiffs.

why not. Yuyi and Yu, both citizens of China, elected both to file this lawsuit and to file it in the United States. That occurred in 2015. Defendants' counsel and the Court have repeatedly urged the Plaintiffs as far back as late 2019 to make arrangements to come to the United States for their depositions and the Rule 35 examinations. Of course, nothing prevented them from making arrangements as soon as they authorized the filing of the lawsuit, as they knew then what remains obvious now: their presence will be required at the trial in the United States. Yuyi and Yu first applied for visas to come to the United States by making application with the United States Embassy in Beijing, China on November 6, 2020. Doc. No. 453-4. At that time, the deadline for completion of the Rule 35 examinations was November 13, 2020. Doc. No. 375. The Court need not now determine whether Yuyi and Yu are correct in their assertion that they made "timely visa applications," Doc. No. 478 at 2. On November 10, 2020, the Court extended the deadline to early 2021. Doc. No. 410 at 65–66. Still later, in response to a joint motion from all parties filed in mid-December and allowed on December 28, 2020, the Court extended the deadline to April 1, 2021. Doc. No. 447. No one then indicated that the revised schedule depended upon remote examinations for these two Plaintiffs.

    Neither Yuyi nor Yu have made any other or further efforts to come to the United States for their Rule 35 examinations. The record before the Court reveals that citizens and residents of China can travel to Hong Kong, and that in Hong Kong interviews for visas at the United States Embassy are available in a matter of days with visas issuing approximately a week thereafter. Hong Kong is a reasonable place for the Court to expect Yuyi and Yu to go to seek a visa. While ferries from Macau to Hong Kong are apparently not operating, other methods of travel from China to Hong Kong are apparently available. And travel to Hong Kong poses less burden to Plaintiffs, who are in China, than would travel to places like Islamabad or Moscow to obtain a

visa. While non-citizens entering the United States are subject both to a quarantine requirement and a negative COVID-19 test, that, along with the visa application process, can reasonably still be accomplished in time for the April 1, 2021 deadline. The assertion by Yuyi and Yu that the in-person requirement will require them to commit a crime in the event the nasal swab returns positive for COVID-19 is <u>frivolous</u>. <u>See</u> Doc. No. 478 at 4. Nothing in the Order requires them to come to the United States in violation of the laws of the United States.[2]

Simply put, neither Yuyi nor Yu have attempted to comply, let alone demonstrated that they cannot reasonably comply, with the requirement to come to the United States for the Rule 35 examinations.

Two last points bear mention. Even during the COVID-19 pandemic, Rule 35 examinations are occurring in person. Doc. No. 478 at 4 n.2 (citing <u>King v. Deming</u>, No. 3:19-cv-30018-MGM, 2020 WL 4369702 (D. Mass. July 30, 2020)). Second, Yuyi and Yu suggest guidance from the CDC counsels against travel. The CDC guidance cited does not address specifically the issue at hand: Rule 35 examinations (let alone examinations in the circumstances of this case). Nothing in the record submitted by the parties nor in the Court's experience grappling with the COVID-19 pandemic suggests that the travel required of Yuyi and Yu will necessarily expose them to unsafe conditions.

---

[2] The same conclusions apply to their assertion that China will not permit them to leave. Plaintiffs' memo asserted that China's policy treated foreign litigation as "non-essential" travel which is prohibited. Doc. No. 452 at 10–11. The document issued by the Chinese government cited by the Plaintiffs, however, made no mention of foreign litigation and contains no suggestion that the Chinese government treats such an activity as "non-essential." <u>See</u> Doc. No. 453-8. Of course, the Court does not expect or require them to violate the laws of China.

The Motion for Remote Rule 35 Medical Examinations (Doc. No. 451) is DENIED.[3]

          SO ORDERED.

          /s/ Leo T. Sorokin
          Leo T. Sorokin
          United States District Judge

---

[3] Nothing in this Court's Order prevents Plaintiffs from renewing their request in the event they attempt in good faith to come to the United States but cannot reasonably do so. The Court would then evaluate that request and address it appropriately, including whether any remedial measures or sanctions were appropriate in response to Plaintiffs' failure to make themselves available for the necessary examinations as ordered by this Court. The Court cautions that even if Plaintiffs are unable to come to the United States reasonably, neither that circumstance nor litigation over it is a basis to avoid any Rule 35 examination within the deadline established by the Court, absent express authorization from the Court.