UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> HEWLETT-PACKARD FINANCIAL SERVICES COMPANY et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil No. 16-10386-LTS |

ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE ORDER
STRIKING THEIR SUPPLEMENTAL EXPERT REPORT (DOC. NO. 486)

March 4, 2021

SOROKIN, J.

On February 18, 2021, the Court denied Plaintiffs leave to file late a new expert report on damages and explained its ruling in a nine-page Order. Doc. No. 474.[1] Plaintiffs now ask the Court to reconsider that Order. Doc. No. 486. Their motion is DENIED.

First, Plaintiffs suggest that Lawes v. CSA Architects & Engineers LLP, 963 F.3d 72 (1st Cir. 2020), is "binding authority" that requires "reconsideration and reversal." Doc. No. 487 at 6. They are wrong. Lawes presented materially different circumstances. Most critically, preclusion of the relevant expert report in Lawes was tantamount to dismissal of the case (and, in fact, promptly triggered actual dismissal of the plaintiff's claims). 963 F.3d at 89, 91. Not so here. Nothing in the Court's ruling disallowing the new and untimely report precludes the expert

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

from testifying as to the opinions advanced in his timely report, which has not been stricken. And, of course, nothing in that ruling precludes Plaintiffs from testifying at trial, or offering their own statements (for example, via affidavits or deposition excerpts) in opposition to any summary judgment motion by Defendants, regarding their physical or mental suffering.  Indeed, Plaintiffs do not say the challenged ruling necessarily results in the dismissal of their claims, nor could they.  It does nothing of the sort.

Second, Plaintiffs suggest the Court committed an error of law by not "mak[ing] the requisite findings of surprise or prejudice meriting exclusion."  Doc. No. 487 at 7.  Again, they are wrong.  The challenged ruling expressly found prejudice from the late disclosure under the unique set of circumstances presented by this case and its lengthy history.  Doc. No. 474 at 8.

Third, Plaintiffs characterize the Court as having "sanctioned" Plaintiffs and their present counsel by disallowing the late expert report.[2]  Doc. No. 487 at 6-7.  That is a mischaracterization.  The Court merely enforced the existing schedule—a schedule crafted by Plaintiffs.  Plaintiffs' disregard of prior orders and deadlines has been repeatedly documented in the long history of this case.  Not all of that disregard is attributable to Plaintiffs' prior counsel. After the Court adopted the present schedule, Plaintiffs served document requests and interrogatories in violation of the Court's orders and without authorization, Doc. No. 482 at 13-15, and two individual plaintiffs continued to make no meaningful attempt to comply with the requirement that they come to the jurisdiction in which they elected to file their action for Rule 35 examinations, Doc. No. 484.  As to the expert report at issue now, the record reveals sharp

---

[2] Plaintiffs further complain that the Court selected the harshest "sanction" without considering lesser alternatives, though the first time the record reflects they proposed such an alternative is near the end of their brief supporting the request for reconsideration.  Doc. No. 487 at 22–23.  In any event, the Court's decision not to permit Plaintiffs' untimely submission of a new expert report was warranted in light of the history and the present posture of the case.

practices. Plaintiffs proposed a schedule in mid-December providing for disclosure of the relevant expert report six weeks later, on February 1, 2021. They did so knowing that fact discovery would conclude only days before the deadline they chose, and understanding that the remainder of the schedule was built around that very deadline. Nevertheless, <u>Plaintiffs' expert did not administer any psychiatric tests before February 1st</u>. Nothing in the record before the Court—including in Plaintiffs' substantial filings seeking leave to file the late report and now seeking reconsideration of the Court's denial of such leave—suggests a diligent effort (or even a sincere intention) to comply with the deadline. Further, at no point before February 1st did Plaintiffs alert the Court that anything had arisen to interfere with their ability to comply with the deadline they chose.[3]

<u>Finally</u>, Plaintiffs (and their experienced trial lawyers), instead of simply complying with the straightforward schedule, endeavored to evade an obligation it imposed for a minor tactical advantage not permitted under the schedule and then consumed substantial resources litigating over compliance with the schedule. Delays of this nature prevent the case from moving forward to a resolution on the merits. Plaintiffs' Motion for Reconsideration (Doc. No. 486) is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[3] Even after February 1st, nothing in Plaintiffs' submissions describes any significant, let alone unforeseen, factors preventing compliance with the deadline. They cite <u>only</u> the late availability of certain deposition transcripts—but the depositions happened on dates to which Plaintiffs agreed, Doc. No. 487 at 10, and certainly Plaintiffs knew well before the deadline that the transcripts might not yet be prepared then.