## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALEXANDER STYLLER, INTEGRATED
COMMUNICATIONS & TECHNOLOGIES, INC.,
JADE CHENG, JASON YUYI, CATHY YU,
CAROLINE MARAFAO CHENG, PUSHUN
CHENG, CHANGZHEN NI, JUNFANG YU,
MEIXIANG CHENG, FANGSHOU YU, and
CHANGHUA NI

                                          *Plaintiffs*,

                    v.

HEWLETT-PACKARD FINANCIAL SERVICES
COMPANY, HEWLETT-PACKARD
FINANCIAL SERVICES (INDIA) PRIVATE
LIMITED, HEWLETT PACKARD ENTERPRISE
COMPANY, and DAVID GILL

                                          *Defendants*.

Civil Action No. 1:16-CV-10386 (LTS)

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
### FOR LEAVE TO FILE MEMORANDA IN EXCESS OF PAGE LIMITS

Plaintiffs submit this opposition to Defendants' motion for leave to file a 65-page
memorandum and a 30-page reply in support of their forthcoming motion for summary judgment
(Dkt. No. 508).

### PRELIMINARY STATEMENT

At the December 17, 2020 scheduling conference, Plaintiffs said that they anticipated
having "a conversation . . . with defense counsel in advance of summary judgment so that we can
avoid . . . an unnecessary motion." (Dkt. 508-1 at 18:15-18.)  Before the close of expert discovery,
Defendants initiated that conversation.  After a careful analysis of the record, Plaintiffs described
their "core theory of the case" and stated that they continue to pursue the claims pleaded in the
Second Amended Complaint.  (*Id.* at 18:20-21; Dkt. No. 508-2 at 5-6.)

1

In response, Defendants asked Plaintiffs to consent to summary judgment briefing that would amount to a total of 160 pages—more than triple the number of pages submitted on summary judgement during the first phase of this case, and triple the number of pages permitted under the Court's rules. Plaintiffs consented to an additional five pages per brief, but informed Defendants that their request for more pages was excessive. Defendants did not respond or confer telephonically about the dispute—they simply filed this motion.

The motion should be denied. Neither the Court nor the Plaintiffs should be burdened with reading and addressing nearly 100 pages of summary judgment briefing from Defendants alone—not to mention the mountain of documents and pages Defendants will surely submit under Rule 56.1. This case does not present highly technical issues, a chronology of facts spanning a significant period of time, an unmanageable number of witnesses or documents, or unique features that require extensive briefing. The parties have *already* briefed summary judgment on one critical issue in the case, the counterfeit nature of the equipment, and only needed 49 pages to present their arguments to the Court. (*See* Dkt Nos. 316, 330, & 342.) The legal issues in the second phase are no more complicated—raising claims of fraud, negligent misrepresentation, breach of warranty, and false imprisonment that this District has significant experience resolving. As the Court has repeatedly noted, it is time to get this case to trial as quickly and efficiently as possible. The summary judgment briefing schedule was set with this purpose in mind and without any indication from Defendants that they would be seeking to expand their motion by triple the number of pages permitted under the rules. Plaintiffs *never* would have agreed to the proposed summary judgment briefing schedule if they knew Defendants intended to seek to expand the written briefing by triple

the number of pages.  Defendants' request is therefore excessive and will impose unreasonable burdens and costs on the Plaintiffs and the Court, without any corresponding benefit.

The Court should deny Defendants' motion.

**A**RGUMENT

## I.     THE MOTION FOR EXCESS PAGES SHOULD BE DENIED AS PREJUDICIAL.

Contrary to Defendants' assertion, Plaintiffs never agreed to identify a subset of "causes of action they intend to continue to pursue and . . . dismiss the remainder" before the dispositive motion deadline.  (Dkt. 508-2 at 9.)  Instead, Plaintiffs said that they would have "a conversation . . . with defense counsel in advance of summary judgment so that we can avoid . . . an unnecessary motion." (Dkt. 508-1 at 18:15-18 .)  Thus, without any guaranty that the Second Amended Complaint would be narrowed, Defendants agreed to the summary judgment schedule in the December 2020 Amended Scheduling Order.  (Dkt. Nos. 439, 447.)  Defendants said nothing about expanding the page limits for the second round of summary judgment motions when the Court expressed its desire to "have it done by early/mid October."  (Ex. A,[1] Dec. 17, 2020 Hr'g Tr. at 10:21.)  Nor did Defendants alert either the Court or the Plaintiffs that they intended to seek leave to file a summary judgment motion requiring 160 pages of briefing when the Court entered the Amended Scheduling Order and set "a new definite trial date of February 7, 2022." (Dkt. No. 474 at 5.)  The Court adopted the parties' joint schedule with a "specific date for trial" in mind, including "a prompt, but reasonable time . . . to resolve the summary judgment motion." (Ex. B, Feb. 10 Hr'g Tr. at 6:17-21.)  And Plaintiffs agreed to the proposed briefing schedule that the Court ultimately entered without *any* indication that Defendants would seek to expand the briefing by triple the number of permitted pages.

---

[1]  All exhibits referenced are those attached to the Declaration of Luke Nikas, filed with this opposition.

Defendants' motion, if granted, would upset this careful planning and agreement, with serious consequences. For example, Plaintiffs would be forced to oppose summary judgment briefing that is tripled in length within the same expedited time period the parties allotted and proposed to the Court in December 2020, when there was no indication the briefing would be so voluminous. Further, the Court would be required to review and address triple the briefing, even though the case schedule was carefully crafted around prompt briefing and resolution given the February 2022 trial date. Defendants' request is therefore inconsistent with the purposes that animated the case schedule, prejudicial to Plaintiffs, and burdensome to the Court. Since significant justification does not exist to upset this carefully planned schedule and impose these material burdens on the Court and Plaintiffs, as addressed below, the motion should be denied.

## II. DEFENDANTS' MOTION REFLECTS AN ATTEMPT TO LITIGATE CONFLICTS THAT DON'T EXIST AND TO RELITIGATE QUESTIONS ADDRESSED BY THE COURT IN THE PRIOR ROUND OF SUMMARY JUDGMENT BRIEFING.

Defendants first argue that 160 pages are necessary due to "internal conflicts[,] . . . most significantly that Plaintiffs premise liability on conflicting theories that Defendants sold counterfeit equipment *or* authentic equipment." (Dkt. No. 508 at ¶ 2.) This assertion is meritless. The fact that Plaintiffs continue to pursue claims based on the theory that HPFS India sold ICT both counterfeit *and* genuine goods should come as no surprise to the Defendants, because, as the Court noted last year, "although it is resolved for summary judgment purposes, the counterfeit issue is far from settled." (Dkt. No. 369 at 24.) Furthermore, the evidence shows that some of the equipment sold by Defendants to Plaintiff ICT in 2011 was counterfeit and that some of it might have been genuine. Even Defendants' own expert found that the goods seized by the Chinese Police from ICT contained both counterfeit and genuine goods. (*Id.* at 22.) Thus, claims arising from sales of alleged counterfeits (such as breach of warranty, unfair and deceptive trade practices,

and fraudulent inducement to contract) and claims arising from sales of allegedly genuine products (such as negligence and false imprisonment) remain viable and legally and factually consistent.

Defendants also argue that 160 pages of briefing is necessary because Plaintiffs' core theory includes a purportedly "previously unasserted agency theory" under which HP's subsidiary, H3C, was partially responsible for the Plaintiffs' injuries. (Dkt. No. 508 at ¶ 4.) But that claim is not new: the parties briefed the agency question in the first round of summary judgment motions, and in its August 13, 2020 order denying both motions, the Court found that "Plaintiffs have presented admissible evidence . . . permit[ting] the conclusion that H3C served as an agent of HP India." (Dkt. No. 369 at 14.) Thus, the Court does not need more briefing to address this issue.

These issues—which present no internal conflicts or confusion—do not constitute good cause for materially increasing the page limits of Defendants' summary judgment motion. *See, e.g.*, *Olin Corp. v. Cont'l Cas. Co.*, 2012 WL 2884803, at *2 (D. Nev. July 12, 2012) (requiring "an explanation of good cause as to why excess pages are necessary"). Instead, they reflect the opposite: that Defendants' planned motion will rehash issues that have previously been briefed and resolved and will attempt to create confusion surrounding Plaintiffs' claims where none actually exists.[2]

## CONCLUSION

The Court should deny Defendants' motion and, at most, permit 25 pages for the opening summary judgment brief, 25 pages for the opposition, and 15 pages for any reply.

---

[2] Nor do Defendants establish a need for excess pages by claiming that this case "cannot be tried in its current form." (Dkt. No. 508 at ¶ 6.) "[E]xception[s] to the usual page restrictions" cannot be grounded on such a "bare assertion." *Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC*, 832 F.3d 50, 55 (1st Cir. 2016). Plaintiffs' theory of the case is clear and succinct and subject to a manageable trial.

Dated:  June 22, 2021

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: */s/ Luke Nikas*                             

Luke Nikas
Alex Spiro
Jonathan Oblak
Alex Zuckerman
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
lukenikas@quinnemanuel.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Luke Nikas, hereby certify that on this 22nd day of June 2021, I caused a copy of Plaintiffs' Opposition to Defendants' Motion for Leave to File Memoranda in Excess of Page Limits to be served by ECF upon Defendants' counsel of record.

/s/ Luke Nikas

_____

Luke Nikas