UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>      Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL,<br><br>      Defendants. | Civil Action No. 1:16-CV-10386 (LTS) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a) and Local Rule 56.1, Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill move for summary judgment in Defendants' favor on all counts (1-13) of Plaintiffs' Second Amended Complaint ([ECF 101](ECF 101)). For the reasons set forth in the accompanying Memorandum, there is no genuine dispute of material fact as to any claim in the Second Amended Complaint. Thus, Defendants are entitled to judgment as a matter of law. The Court should grant summary judgment to:

- Dismiss the Counterfeiting Claims (Counts 1-6) because there can be no genuine dispute of fact regarding the authenticity of the equipment that HPFS India sold to ICT; or, alternatively, limit those claims in some or all of the following ways:
    - Dismiss the Individual Plaintiffs from all Counterfeiting Claims;
    - Dismiss the breach of warranty claim (Count 5) as to all Plaintiffs; *and/or*

- o   Dismiss ICT from all Counterfeiting Claims;

- Dismiss the Conspiracy Claims (Counts 7-13) because there can be no genuine dispute of fact that Defendants did not (and could not) prolong the detention of the Individual Plaintiffs; or, alternatively, limit those claims in some or all of the following ways:
    - o   Dismiss the Fraud claim (Count 7); *or at minimum*:
        - Dismiss the Individual Plaintiffs;
    - o   Dismiss the False Imprisonment claim (Count 9); *or at minimum*:
        - Dismiss the counterfeiting theory;
        - Dismiss the April 2013 Letter theory;
        - Dismiss HPE and HPI;
        - Dismiss David Gill; *and/or*
        - Reject Plaintiffs' unpleaded agency theory
    - o   Dismiss the Negligence claim (Count 10); *or at a minimum*:
        - Dismiss David Gill; *and/or*
        - Reject Plaintiffs' unpleaded 'corporate structure' theory
    - o   Dismiss the Conspiracy claim (Count 11); *or at a minimum*:
        - Dismiss the counterfeiting theory;
        - Dismiss the "cover-up scheme" theory; *and/or*
        - Dismiss David Gill
    - o   Dismiss the IIED claim (Count 12); *or at a minimum*:
        - Dismiss the "initial fraudulent sale" theory;
        - Dismiss the "frame job and cover-up" theory; *and/or*
        - Dismiss Alex Styller
    - o   Dismiss the Loss of Consortium claim (Count 13)

- Dismiss the Chapter 93A claims (Counts 6 and 8); *or at a minimum*
    - o   Dismiss the Individual Plaintiffs

- Confirm that Defendants cannot be liable for non-party H3C's conduct.

The Court should also grant partial summary judgment finding, with respect to Defendants' Counterclaims, that: (i) ICT breached Section 8 of the RRSA (Count 3); and (ii) Defendants are entitled to indemnification (Count 2)

Defendants file in support of this Motion the accompanying (i) Memorandum; and (ii) Declaration of Kevin C. Quigley and exhibits thereto.  In compliance with this Court's Standing Order, Defendants will also serve their supporting Statement of Undisputed Material Facts, and will cooperate with Plaintiffs to file a single, combined Statement.

Dated: July 1, 2021

Respectfully submitted,

/s/ *Michael H. Bunis*
Michael H. Bunis (BBO No. 566839)
G. Mark Edgarton (BBO No. 657593)
Kevin C. Quigley (BBO No. 685015)
**CHOATE HALL & STEWART LLP**
Two International Place
Boston, Massachusetts  02110
(617) 248-5000
mbunis@choate.com
medgarton@choate.com
kquigley@choate.com

Anthony P. Callaghan
Paul A. Saso
**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York, 10119
(212) 613-2000

*Counsel for Defendants*

**CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)**

I, Paul A. Saso, counsel for Defendants, certify that on June 30, 2021, I conferenced by telephone with Luke Nikas, counsel for Plaintiffs, concerning the subject of this Motion.  We conferred in good faith, but were unable to resolve or narrow the issues in dispute.

/s/ *Paul Saso*
Paul A. Saso