# Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI<br><br>*Plaintiffs*,<br><br>v.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>*Defendants*. | Civil Action No. 1:16-CV-10386 (LTS) |

<u>**AFFIDAVIT OF JASON YUYI**</u>

I, Jason Yuyi, hereby declare under the penalty of perjury as follows:

1. I make this Affidavit based on my own personal knowledge, under the penalties of perjury, and of my own free will.

2. I write to provide an update regarding my efforts to obtain permission to travel to the United States for the trial and Rule 36 medical exams following my previous update submitted April 30, 2021. *See* ECF 506-1 at 2-5.

3. As mentioned in my update to the Court dated April 30, 2021, my previous visa interview appointment, scheduled for April 6, 2021, was cancelled on March 30, 2021. *See* ECF 506-1. Although I attempted to secure another appointment earlier, it was not until April 30, 2021 that the U.S. Consulate's website made available additional interview time slots. *Id.* I scheduled

my visa appointment for  November 18, 2021, which was the first available time slot..  *See* ECF 506-1 at 16-19 (Ex. D to J. Yuyi's Apr. 30, 2021 Affidavit).

4.  While I have continued regularly checking the U.S. Embassy's website to see if any earlier appointments have become available, thus far, the first available appointment is still November 18, 2021.  I will continue to check the website diligently to see if I can obtain an earlier appointment.

5.  On June 17, 2021, my attorneys sent a letter to the United States Embassy on behalf of myself and the other Plaintiffs to request that our interview appointments be prioritized or, if possible, moved forward in order allow us more time to obtain permission to travel to the United States from the Chinese government.  A true and correct copy of the letter submitted by the attorney on the Plaintiffs' behalf is attached hereto as Exhibit A.

6.  Although the Embassy has not yet responded to the June 17, 2021 correspondence, it is my understanding that my attorneys are continuing their efforts to speak with someone at the Embassy about prioritizing our visa appointments.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On: July 15, 2021
Yantai, The People's Republic of China

By: _____Jason Yuyi_____

Jason Yuyi

# Exhibit A

**quinn emanuel** trial lawyers | new york, ny

51 Madison Avenue. 22nd Floor | New York, NY  10010 | TEL (212) 849-7156 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7156**

WRITER'S EMAIL ADDRESS
**jonoblak@quinnemanuel.com**

June 17, 2021

**VIA E-MAIL & FED EX**
United States Embassy of Beijing, China
No. 55 An Jia Lou Lu 100600
Beijing, China

Re:     **Expedited Visa Interviews**

To Whom it May Concern:

I write regarding the visa applications of Yu Yi,  Xiaomeng Yu, Pushun Cheng, Changzhen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni.  As discussed below, those individuals are plaintiffs in legal proceedings pending in the United States, where their presence is necessary to obtain relief on their claims.  I therefore respectfully request that you expedite their applications for U.S. entry visas, pursuant to guidance from the United States Visa Information Service for the People's Republic of China, so that the interviews take place earlier than November 18, 2021, as currently scheduled.[1]

My firm represents all plaintiffs in the matter *Alexander Styller et al. v. Hewlett Packard Financial Services Co., et al.,* No. 1:16-cv-10386, a case currently pending in the United States District Court for the District of Massachusetts (the "U.S. Litigation"), including Yuyi, Xiaomeng Yu, Pushun Cheng, Changzhen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni (the "Chinese Plaintiffs").  The U.S. Litigation is set to proceed according to a bifurcated trial schedule, with the first phase to begin on February 7, 2022, and the second phase to follow within 90 days.

During phase one, Chinese Plaintiffs Yuyi and Xiaomeng Yu – along with their U.S. based co-plaintiffs Alexander Styller, Yongguo Cheng, and their former employer and co-plaintiff Integrated Communications & Technologies, Inc., a Massachusetts corporation ("ICT"; together with Mr. Styller and Mr. Yongguo Cheng, the "U.S. Plaintiffs")[2] – will adjudicate their claims against Hewlett Packard Enterprise and the other Defendants – each a subsidiary or former employee of Hewlett Packard Enterprise.  Those claims include that Defendants are collectively responsible for defrauding ICT, which resulted in the wrongful 7-month detention of Mr. Yuyi,

---

[1]   All of the Chinese Plaintiffs have applied for U.S. entry visas through the U.S. Embassy in Beijing, and each has been assigned a visa interview appointment with your office on November 18, 2021. *See* Appointment Confirmations, attached hereto at **Exhibit A.**

[2]   ICT can be reached by mail at 400 Tradecenter, Suite 5900, Woburn, Massachusetts 01801; by telephone at 1-781-912-1717; or through its website www.ictcompany.com.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | ZURICH | STUTTGART
LONDON | TOKYO | BOSTON | MANNHEIM | SHANGHAI | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | PERTH

U.S. Embassy in Beijing, China
Page 2 of 3

Ms. Xiaomeng Yu, and Mr. Yongguo Cheng, among other injuries.  In phase two, the remainder of the Plaintiffs, including the other Chinese Plaintiffs, will litigate claims arising from the secondary emotional and financial harms related to that detention.

In order to be present at trial, Mr. Yu Yi and Ms. Xiaomeng Yu applied for U.S. entry visa interviews in November of 2020.  Their initial interviews, which were scheduled for April 6, 2021, were cancelled due to the pandemic restrictions preventing visa interviews; their interviews are now scheduled for November 18, 2021, in Beijing.[3]  The other Chinese Plaintiffs have also begun to make plans to travel to the United States for the second phase of the trial; their visa interviews are also scheduled for November 18, 2021, in Beijing.

Importantly, the Court has repeatedly ordered the Chinese Plaintiffs to appear in person for trial, stating that a failure to appear in Massachusetts prior to the trial "may be viewed as a failure to prosecute the case, possibly resulting in sanctions *up to and including dismissal of a Plaintiff's claims with prejudice*."[4]  Most recently, the Court required the Plaintiffs to document "the actions taken . . . as well as actions taken on [their] behalf to make arrangements to travel to the United States for the trial."[5]  This order applies to Mr. Yuyi and Ms. Xiaomeng Yu, who must be present one month before the start of the February 7, 2022 trial, as well as the remaining Chinese Plaintiffs, whose claims will be heard immediately following the initial phase of the trial, and thus have a similar urgency in having their visa applications processed.  The next update to the Court is due on July 15, 2021.

The Court has made it abundantly clear that the trial date in this case will not move; however, the dates of the Chinese Plaintiffs' visa interviews have been repeatedly delayed.  Mr. Yu Yi and Ms. Xiaomeng Yu are essential witnesses, not only in their own cases, but also in the cases of the U.S. Plaintiffs, and the U.S. visa is just the first approval they need to secure passage to the United States for the trial of their claims.

If Mr. Yu Yi and Ms. Xiaomeng Yu are forced to wait until the fall to begin the interview process, they may not obtain travel approval far enough in advance to appear in the United States. They will also be unable to show the Court that they have made meaningful progress on their travel arrangements in their next status report to the Court on July 15, 2021.  Such a delay could trigger their dismissal, which would severely prejudice the U.S. Plaintiffs' case, and further exacerbate the economic, physical, and psychological harms wrought by the Defendants' conduct.[6]

We therefore ask that your office conduct visa interviews of all of the Chinese Plaintiffs, and reach determinations regarding all of their visa applications, as soon as reasonably possible. While we ask that your office prioritize rescheduling the interviews of Mr. Yu Yi and Ms. Xiaomeng Yu, we also ask that you accelerate the interviews of the remaining Chinese Plaintiffs

---

[3]  *See* Ex A.

[4]  *See* U.S. Litigation Docket No. 447, at 5, attached hereto as **Exhibit B**.

[5]  *See* U.S. Litigation Docket No. 504, at 4, attached hereto as **Exhibit C**.

[6]  The U.S. Visa Information Service for China cites urgent business travel – such as travel necessary to avoid "a significant loss of opportunity" for a U.S. business – as one ground for expedited visa processing. *See* U.S. VISA INFORMATION SERVICE FOR CHINA, "Apply for Expedited Visa Processing," *available at* https://www.ustraveldocs.com/cn/cn-niv-expeditedappointment.asp# (last visited June 9, 2021).

U.S. Embassy in Beijing, China
Page 3 of 3

as well, who must travel to the United States just a short time after Mr. Yu Yi and Ms. Yu, and who are also in danger of losing their opportunity to be heard in the U.S. Litigation.  Furthermore, since all of the Chinese Plaintiffs are required to appear in the U.S. Litigation in 2022, and it would be more convenient for them to travel to Beijing together for their interviews, it would be best for the interviews to be scheduled concurrently or in tandem if reasonably possible.

We thank you for your consideration of this request.

Sincerely,

Jonathan B. Oblak

State of New York
County of New York

Sworn to before me on
This 17th day of June, 2021

Eric Huang
New York State Notary Public No.
02HU6167139
My commission expires May 29, 2023.

3

# EXHIBIT A

[Certified Translation]

| U.S. Visa Application | in China | Language: Chinese (Simplified) |

| Back to Home Page | | Username yuyi_jason@163.com (27986406) |

Cancel Appointment
Reschedule Appointment
Request for Expedited Appointment
Group Interview Application
Appointment History
Feedbacks
Personal Information Update
Logoff

Your interview has been scheduled.   Please click the link below to share your comment on our services:

*Take a Survey*

### APPOINTMENT CONFIRMATION

If the applicant wants this confirmation page sent through email as a *PDF* attachment, please input your email address in the box below and click the link "send confirmation through email". The Application may choose multiple email addresses to send the appointment confirmation letter.

**Email Id:**

*Yuyi_jason@163.com*

Send Appointment Confirmation Letter through Email    Download Appointment Schedule    Print a Copy

### APPLICANT DETAILS

| | |
|---|---|
| Name of the Applicant: | *Yu, Yi* |
| Passport No.: | *EJ4239796* |
| DS-160 Confirmation No.: | *AA009UKHWX* |
| Number of Applicants: | *2* |
| Visa Type: | *B1* |
| Visa Application Type | *BEIJING All Others* |
| Visa Priority Type | *Regular* |

### APPOINTMENT DETAILS

| | |
|---|---|
| Address: | *BEIJING* |
| | *No 55 Anjia Lou Lu,* |
| | *Beijing, 100600* |
| Appointment Date: | *Thursday November 18, 2021* |
| Appointment Time: | *11:00 (91)* |

### DOCUMENT SERVICE INFORMATION:

All returned passport/documents will be sent to the selected address below. Please make sure all information is correct and accurate for timely document service.

| | |
|---|---|
| Document Service Type: | Mail to home address |
| Mailing Address Line 1; | Yi Yu 43-304 Wanke Jiarifengjing, Yongfa Street, Fushan District: 18563800496 |
| City: | Yantai |
| Province/State: | Shandong Province |
| Postal Code: | 265500 |

### Computer Readable Visa Fees Payment

| | | |
|---|---|---|
| *Yu, Yi* | Receipt No.: | *CNY1088.00 –* |
| | *730227986406368521273564* | *730227986406368521273564* |
| *Yu, Xiaomeng* | Receipt No.: | *CNY1088.00 –* |
| | *730227986406368521273564* | |

Translator's notes are in [ ] brackets. Italics signifies the original in English.



# APPOINTMENT CONFIRMATION

| APPLICANT DETAILS | | | |
|---|---|---|---|
| Applicant Name: | NI, CHANGHUA | Visa Class: | B1/B2 |
| Passport Number: | EJ3099448 | Visa Category: | BEIJING All Others |
| Appointment Made By: | CHANGHUA NI | Visa Priority: | Regular |
| Number of Applicants: | 3 | | |

| CONSULAR APPOINTMENT DETAILS | |
|---|---|
| Date: Thursday November 18, 2021 | BEIJING (北京) |
| Time: 11:00 (167) | 北京市朝阳区安家楼路55号 |
| | No 55 Anjia Lou Lu |
| | Beijing,100600 |

| DOCUMENT DELIVERY INFORMATION: | |
|---|---|
| Document Delivery Type: Premium Delivery | 烟台市 福山区 永达街万科假日风景43-304 收件人 于毅 |
| | 烟台市, 山东省 265500 |

Appt-69667287-49f9b05aab7aab269cad0da89bc0216e4619f4590626c85afeb03077d923a456

**MRV FEE PAYMENTS**

NI, CHANGHUA          CNY1056.00 - 730368479195864364097784

DS-160 Confirmation Number:



AA00A2LRJT

UID:



68479195

YU, FANGSHOU          CNY1056.00 - 730368479195864364097784

DS-160 Confirmation Number:



AA00A2LTV3

UID:



54186611

YU, JUNFANG          CNY1056.00 - 730368479195864364097784

DS-160 Confirmation Number:



AA00A3ALQP

UID:



13172741

Appt-69667287-49f9b05aab7aab269cad0da89bc0216e4619f4590626c85afeb03077d923a456

Instructions

Your appointment for a visa interview has been confirmed. Your appointment time above is the time you are expected to arrive at the Embassy, not the time that you will interview with an officer. Every person attending the interview must bring a copy of this confirmation page to the interview and wear a mask at all times. Every applicant must follow social distancing instructions when visiting U.S. Embassy Beijing. If you are feeling ill or have reason to believe you have been exposed to COVID-19, please do not enter U.S. Embassy buildings and reschedule your appointment.

Note: If there is an inconsistency between the DS-160 barcode number on your appointment confirmation and the barcode number on your DS-160, the Embassy cannot process your application. You must reschedule your appointment. If you arrive up to 30 minutes before or after your appointment time, we will admit you for your interview. If you are more than 30 minutes late (or more than 15 minutes late for any appointments after 5:00 p.m. or after 12:00 p.m. on Wednesdays), you will be asked to reschedule your interview for another day. Please be on time!

Note: Any applicant who modifies the information on their interview confirmation letter will not be allowed to proceed with their interview, and will need to reschedule a new appointment.

Notice to Beijing Applicants: If you are the principal applicant of a blanket L petition who must pay a Fraud Prevention and Detection fee or any petition based visa applicant (L1A, L1B, L2) who must pay a reciprocity fee, you will be required to pay your fee at the time of interview with the consular cashier. Note that if interviewing at the Ritan Annex, you must pay with a credit card. Cash and debit cards will not be accepted.

Please be aware that the following items are not permitted inside the Embassy:

- Battery-operated or electronic devices such as mobile phones, digital watches, pagers, cameras, audio/video cassettes, compact discs, MP3s, floppy disks, laptops, or portable music players
- Earplugs, headphones or any other listening devices. (* hearing aids are permitted)
- Bags such as travel bags, backpacks, briefcases, suitcases, leather, cloth bags, and zip folders. Only small handbags or purses and plastic bags containing application-related papers will be allowed inside the Consular Section.
- Food items, other than bottled water
- Sealed envelopes or packages
- Cigarettes, cigars, match boxes, lighters
- Sharp objects such as scissors, pen knives or nail files
- Weapons or explosive materials of any kind
- Other items at the discretion of security staff

The Consular Section cannot store prohibited items for you.

If you have opted for your passport pickup at a CITIC branch, then please keep this Appointment

Confirmation Letter and present it when you pick up your passport. It contains the UID number and will greatly facilitate the retrieval of your passport at the CITIC branch.

Please note: CGI Stanley (www.ustraveldocs.com) is the only company that the U.S. Embassy in China authorizes to provide visa information and visa application services. The U.S. Embassy does not endorse or have special relationships with any other individual or business that offers advice or assistance with the visa process. No one can guarantee the issuance of a visa to you. All U.S. government forms are free. Beware: many visa applicants lose money or are permanently barred from the United States as a result of misleading information and fraudulent applications provided by visa consultants.

If you are coming to the United States to work or study, we are confident that you will have a pleasant and rewarding stay. If you should encounter any problems, however, know that you have rights and can get help. The video linked here informs you of your rights as a nonimmigrant visa holder in certain

employment- and education-based categories (specifically A-3, G-5, NATO-7, B-1 domestic employees, H-1B, H-1B1, H-2A, H-2B, and J-1 visa holders):
http://vimeo.com/vpu/review/87266687/042159e141

Appt-69667287-49f9b05aab7aab269cad0da89bc0216e4619f4590626c85afeb03077d923a456

Map to U.S. Embassy - BEIJING (北京)



# APPOINTMENT CONFIRMATION

| APPLICANT DETAILS | | | |
|---|---|---|---|
| Applicant Name: | NI, CHANGZHEN | Visa Class: | B1/B2 |
| Passport Number: | EH7002296 | Visa Category: | BEIJING All Others |
| Appointment Made By: | CHANGZHEN NI | Visa Priority: | Regular |
| Number of Applicants: | 3 | | |

| CONSULAR APPOINTMENT DETAILS | |
|---|---|
| Date: Thursday November 18, 2021 | BEIJING (北京) |
| Time: 11:00 (116) | 北京市朝阳区安家楼路55号<br>No 55 Anjia Lou Lu<br>Beijing,100600 |

| DOCUMENT DELIVERY INFORMATION: | |
|---|---|
| Document Delivery Type: Premium Delivery | 福山区 永达街万科假日风景43-304  收件人：于毅<br>+86-18563800496<br>烟台市, 山东省 265500 |

Appt-69544146-7709c46150afa6892e87b179db8f2976e67d0102a4bd9c784654afa6cd184322

## MRV FEE PAYMENTS

NI, CHANGZHEN                  CNY1056.00 - 730381512843714089645345

DS-160 Confirmation Number:                              UID:



AA00A22YAV



81512843

CHENG, PUSHUN                  CNY1056.00 - 730381512843714089645345

DS-160 Confirmation Number:                              UID:



AA00A2J1PZ



12734621

CHENG, MEIXIANG                CNY1056.00 - 730381512843714089645345

DS-160 Confirmation Number:                              UID:



AA00A2J3L9



61308862

Appt-69544146-7709c46150afa6892e87b179db8f2976e67d0102a4bd9c784654afa6cd184322

Instructions

Your appointment for a visa interview has been confirmed. Your appointment time above is the time you are expected to arrive at the Embassy, not the time that you will interview with an officer. Every person attending the interview must bring a copy of this confirmation page to the interview and wear a mask at all times. Every applicant must follow social distancing instructions when visiting U.S. Embassy Beijing. If you are feeling ill or have reason to believe you have been exposed to COVID-19, please do not enter U.S. Embassy buildings and reschedule your appointment.

Note: If there is an inconsistency between the DS-160 barcode number on your appointment confirmation and the barcode number on your DS-160, the Embassy cannot process your application. You must reschedule your appointment. If you arrive up to 30 minutes before or after your appointment time, we will admit you for your interview. If you are more than 30 minutes late (or more than 15 minutes late for any appointments after 5:00 p.m. or after 12:00 p.m. on Wednesdays), you will be asked to reschedule your interview for another day. Please be on time!

Note: Any applicant who modifies the information on their interview confirmation letter will not be allowed to proceed with their interview, and will need to reschedule a new appointment.

Notice to Beijing Applicants: If you are the principal applicant of a blanket L petition who must pay a Fraud Prevention and Detection fee or any petition based visa applicant (L1A, L1B, L2) who must pay a reciprocity fee, you will be required to pay your fee at the time of interview with the consular cashier. Note that if interviewing at the Ritan Annex, you must pay with a credit card. Cash and debit cards will not be accepted.

Please be aware that the following items are not permitted inside the Embassy:

- Battery-operated or electronic devices such as mobile phones, digital watches, pagers, cameras, audio/video cassettes, compact discs, MP3s, floppy disks, laptops, or portable music players
- Earplugs, headphones or any other listening devices. (* hearing aids are permitted)
- Bags such as travel bags, backpacks, briefcases, suitcases, leather, cloth bags, and zip folders. Only small handbags or purses and plastic bags containing application-related papers will be allowed inside the Consular Section.
- Food items, other than bottled water
- Sealed envelopes or packages
- Cigarettes, cigars, match boxes, lighters
- Sharp objects such as scissors, pen knives or nail files
- Weapons or explosive materials of any kind
- Other items at the discretion of security staff

The Consular Section cannot store prohibited items for you.

If you have opted for your passport pickup at a CITIC branch, then please keep this Appointment

Confirmation Letter and present it when you pick up your passport. It contains the UID number and will greatly facilitate the retrieval of your passport at the CITIC branch.

Please note: CGI Stanley (www.ustraveldocs.com) is the only company that the U.S. Embassy in China authorizes to provide visa information and visa application services. The U.S. Embassy does not endorse or have special relationships with any other individual or business that offers advice or assistance with the visa process. No one can guarantee the issuance of a visa to you. All U.S. government forms are free. Beware: many visa applicants lose money or are permanently barred from the United States as a result of misleading information and fraudulent applications provided by visa consultants.

If you are coming to the United States to work or study, we are confident that you will have a pleasant and rewarding stay. If you should encounter any problems, however, know that you have rights and can get help. The video linked here informs you of your rights as a nonimmigrant visa holder in certain

employment- and education-based categories (specifically A-3, G-5, NATO-7, B-1 domestic employees, H-1B, H-1B1, H-2A, H-2B, and J-1 visa holders):
http://vimeo.com/vpu/review/87266687/042159e141

Appt-69544146-7709c46150afa6892e87b179db8f2976e67d0102a4bd9c784654afa6cd184322

Map to U.S. Embassy - BEIJING (北京)



# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

————————————————————

|  |  |  |
|---|---|---|
| INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC. et al., | ) ) ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Civil No. 16-10386-LTS |
|  | ) |  |
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY et al., | ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

————————————————————

ORDER ON THE PARTIES' JOINT AND UNOPPOSED MOTION
TO AMEND THE SCHEDULING ORDER (DOC. NO. 439)

December 28, 2020

SOROKIN, J.

Plaintiffs filed this case in 2015. In early 2016, Defendants removed it to this Court.

Coming on five years later, the parties are almost, but not quite done with fact discovery and

have further expert discovery remaining. With the exception of a small portion of the delay

arising due to the Coronavirus pandemic, most of the delays in this case have arisen from (a)

lapses in the failure of the Plaintiffs to pursue their case (for example, doing nothing on their

case for months after the conclusion of an unsuccessful mediation) and (b) the repeated disregard

of the rules by Plaintiffs and their counsel memorialized in numerous written decisions of the

Court. Recently, the Court stayed the ongoing fact depositions and Rule 35 examinations of

certain Plaintiffs due to a pending motion to refer Plaintiff's attorney Dimitry Joffe for

disciplinary proceedings. While that motion has been pending, new counsel entered appearances

joining Attorney Joffe in the representation of Plaintiffs. Shortly thereafter, but not before filing

further pleadings, Attorney Joffe withdrew, reporting that Plaintiffs "terminated" his
representation.

Given the stay and the problems created by the conduct of the depositions by the
Plaintiffs (for which new counsel for Plaintiffs bears no responsibility) the deadlines for
conclusion of deposition discovery (November 13, 2020), and the deadline for disclosure of
damage experts (December 13, 2020) have passed without the parties completing those tasks.
Doc. No. 372. Originally, the Rule 35 examinations were to occur by the conclusion of fact
discovery; however, that deadline was altered by the Court in the status conference on November
10, 2020, due at least in part to problems for the subjects of these examinations appearing in-
person in light of the pandemic. Doc. No. 410 at 65–66.

Now, armed with new counsel, Plaintiffs joined by Defendants request the Court to
amend the schedule. Though not directly addressed in the Motion, the primary change the parties
seek is a delay in the trial long scheduled for May 3, 2021 to a time in early 2022. In the Court's
view, the parties could complete the remaining fact depositions and the damage expert
disclosures/depositions before the May 3rd trial date. However, there would not be sufficient
time for filing and resolution of a motion for summary judgment even if, as the Court has
considered, the parties briefed summary judgment while conducting the expert disclosures. In
addition, briefing while conducting expert discovery would preclude consideration of the damage
experts on the summary judgment motion. Defendants believe, with some articulated basis, that
the damage experts may be relevant to some of their summary judgment theories. As originally
conceived by both sides and adopted by the Court early in this now long-running lawsuit, the
case was phased with cross-motions for summary judgment coming after some discovery solely

2

on the question of whether the goods sold were counterfeit with a later round of summary

judgment on the other issues after all discovery.

Delaying the trial to permit the Defendants to file their motion for summary judgment on

issues and claims not within the scope of the first phase motion constitutes good case for

continuing the trial date for at least two reasons. First, the opportunity for Defendants to defend

themselves should not be materially limited by improper conduct of this litigation by the

Plaintiffs. Second, the sprawling nature of the complaint, albeit reviewed on a motion to dismiss,

may well be subject to a well-founded motion after discovery which may narrow, focus, or

eliminate the trial. In addition, Plaintiffs agree. Thus, an extension sufficient to accommodate the

motion for summary judgment is warranted.

In the Joint Motion, however, Plaintiffs seek more than an extension to allow the

completion of the tasks not yet done and an opportunity for Defendants to file a motion for

summary judgment.[1] The original schedule, as is typical, provided an opportunity for expert

disclosures after fact discovery. Doc. No. 287. Later, the Court discussed with the parties what

remained in the case so that it could establish a firm reasonable trial date. The Plaintiffs

repeatedly represented that they intended to retain only damages experts. They took this

unequivocal position on March 10, 2020, as a result of which the Court established the May 3rd

trial date and the schedule for the remainder of the case. See Doc. No. 337 at 50–51. After ruling

on the summary judgment motions, the Court invited a further identification of what remained,

and Plaintiffs made no mention of liability experts. And at two status conferences in November

_____

[1] Plaintiffs have indicated they do not intend to file a motion for summary judgment. The Court
accepts and relies upon that representation.

when the Court discussed various issues with the parties, Plaintiffs again made no mention of the desire to retain liability experts.

New counsel with fresh eyes looking at the case has concluded in their judgment that Plaintiffs' case would be well-served by liability experts. The Court has no reason to question this judgment, but that in no way constitutes good cause for delay of this old case or revision of the schedule, especially under the particular circumstances of this case.  Of course, any change in the governing schedule requires "good cause." Fed. R. Civ. P. 16(b)(4). After searching consideration, however, the Court will permit Plaintiffs to offer these previously forgone liability experts. Good cause warrants a delay in the trial and revision in the schedule without regard to Plaintiffs' expansion of the type of experts they seek to retain.  In addition, allowing Plaintiffs to expand the type of experts (1) does not materially change the additional time required to bring this case to trial; (2) comes with the support of the Defendants in the form of the Joint Motion; and (3) is consistent with the preference of the rules for resolution of cases on the merits, see Fed. R. Civ. P. 1. The combination of these reasons, in the end, persuades the Court not to directly preclude Plaintiffs from offering liability experts and not to expand the schedule in a manner that precludes it from occurring.

Accordingly, the previously imposed STAY in this case is VACATED, the Joint Motion (Doc. No. 439) is ALLOWED, the schedule revised as set forth in that document, and trial reset to **February 7, 2022 at 9:00 a.m**. Counsel for the Plaintiffs represented that under no circumstances would the Plaintiffs seek a continuance in any of these deadlines.  The Court accepts and relies specifically on that representation in this Order. The trial date is definite. The schedule as revised provides ample time for the parties to complete the remaining tasks.

Three more points bear mention. First, only the previously identified depositions may occur. The extension is not an opportunity to depose any other fact witnesses absent an order of the Court. Second, the Rule 35 examinations will occur in the United States. Plaintiffs brought this case; they bear responsibility for making the necessary arrangements, including complying with all Coronavirus-related restrictions to come to the United States for these examinations or to such other reasonable place as designated by the Defendants. While Defendants should accommodate reasonable scheduling requests made by Plaintiffs regarding these examinations, they must occur during the window established in the Order. A failure to submit to the examination may be viewed as a failure to prosecute the case, possibly resulting in sanctions up to and including dismissal of a Plaintiff's claims with prejudice. The Court does not anticipate viewing the pandemic as a basis for extending or excusing Rule 35 compliance, as Plaintiffs have had months already to make the necessary arrangements and the revised schedule provides ample time even given the pandemic.

Third, whether the deposition of Mr. O'Grady will resume and, if so, under what circumstances remains under advisement as part of the Motion to Refer (Doc. No. 414).


SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
INTEGRATED COMMUNICATIONS &     )
TECHNOLOGIES, INC. et al.,       )
                                )
        Plaintiffs,              )
                                )
v.                               )        Civil No. 16-10386-LTS
                                )
HEWLETT-PACKARD FINANCIAL        )
SERVICES COMPANY et al.,         )
                                )
        Defendants.              )
_____)
```

ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION (DOC. NO. 492)

March 24, 2021

SOROKIN, J.

Pending before the Court is a renewed motion from Plaintiffs Jason Yuyi and Cathy Yu

to conduct their Rule 35 examinations remotely, styled by Plaintiffs as a motion for

reconsideration of the Court's prior order on this issue. Doc. No. 492.[1]

In 2015, Plaintiffs Yu and Yuyi each made a free and voluntary decision to file this

lawsuit in the Commonwealth of Massachusetts to seek redress for injuries they allege they

suffered, for which they claim Defendants bear responsibility. In so doing, they consented to the

jurisdiction of this Court. They also undertook the responsibility to appear in this district

whenever their presence is required. When they seek relief from appearance in person, they bear

the burden to establish either that a personal appearance is not warranted at all or that a

reasonable basis exists to excuse an in-person appearance. Plaintiffs' recent filings appear to

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

reflect a fundamental misunderstanding of these burdens of proof. Long ago Defendants sought, and this Court approved, independent medical examinations of Plaintiffs. Ordinarily and customarily, such examinations occur in-person in the district in which the plaintiffs elected to file their lawsuit absent the parties agreeing otherwise or the Court ordering otherwise.[2] On February 24, 2021, this Court rejected Plaintiffs' request that the Court conclude that in-person Rule 35 examinations were unnecessary. Doc. No. 484 at 4. The Court also determined, based on the state of the record then, that Plaintiffs had failed to meet their burden to establish that they could not reasonably appear in person. Id. at 3.

Plaintiffs now move for "reconsideration" of the Court's February 24, 2021 Order. Plaintiffs allege that the February 24, 2021 Order was based on manifest error of fact and law. Doc. No. 493 at 6. There was no error, let alone manifest error. Thus, insofar as Plaintiffs seek reconsideration, that request is DENIED.

The Court's February 24, 2021 Order recognized that the record as well as circumstances might change. Thus, it provided that Plaintiffs could renew their request for remote examinations "in the event they attempt in good faith to come to the United States but cannot reasonably do so." Doc. No. 484 at 4 n.3. Plaintiffs now come before the Court with new evidence as to why they cannot reasonably come to the United States for an in-person examination. The Court treats this motion for what it is—a request to relieve them of the present obligation to appear now in person for Rule 35 examinations.

Based on the record before the Court, Plaintiffs have met their burden to establish that they cannot reasonably come to the United States for examinations prior to April 1, 2021. The

---

[2] The same principle applies to depositions. In this case, the parties agreed among themselves, sensibly, to conduct the depositions by video conference in light of the COVID-19 pandemic. Of course, different considerations govern Rule 35 examinations.

information they provide regarding travel to Hong Kong and obtaining a visa there for arrival

here prior to April 1, 2021 suggests that that option was not a practical one at the time they

pursued it in mid-February or now. See Doc. No. 495. Though there is some contrary

information from the Chinese Embassy in the United States, the Court attaches a bit more weight

to the Chinese government offices with whom Plaintiffs Yu and Yuyi did or must work. While

Plaintiffs are wrong to suggest that the Court ordered them to travel by way of Hong Kong and

wrong to imply that the Court relieved them of any obligation to pursue reasonable alternatives,

based on the information available to the Court from the submissions of the parties, the Court

concludes that Plaintiffs Yu and Yuyi cannot now reasonably travel to the United States in time

for in person medical examinations by April 1, 2021. For that reason, the Court ALLOWS the

renewed request to excuse Plaintiffs Yu and Yuyi's in-person appearances and requires them to

each appear for Rule 35 examinations by video conference. These examinations shall be

concluded by April 1, 2021 absent further Court order. Each Plaintiff must make himself or

herself reasonably available for the examination, cooperate fully with the examination, and

appear on time.

There is one more issue. Plaintiffs have not now nor previously met their burden to

relieve them of the obligation of appearing for in-person Rule 35 examinations. For that reason,

the Court further ORDERS that Plaintiffs Yu and Yuyi shall each appear in Massachusetts for a

follow-up in-person Rule 35 examination no later than thirty days before the commencement of

the trial, i.e., no later than January 7, 2022. No later than two weeks after the examination,

Defendants' expert shall supplement his or her expert report. Plaintiffs bear the burden to make

the necessary arrangements to travel to Massachusetts. The parties shall work cooperatively to

arrange the examinations.

Plaintiffs and their counsel are reminded that Plaintiffs Styller, Cheng, Yuyi, and Yu shall each appear for the trial commencing February 7, 2022 and that each Plaintiff bears the burden to make his or her own arrangements to come to the United States District Court in Boston, Massachusetts. Plaintiffs Cheng, Yuyi and Yu shall each file an affidavit under oath no later than May 1, 2021 detailing the actions taken by that Plaintiff as well as actions taken on that Plaintiff's behalf to make arrangements to travel to the United States for the trial.[3] Plaintiffs Yuyi and Yu shall additionally detail actions taken to travel to the United States for their forthcoming, in-person Rule 35 examinations. The level of attentiveness displayed to coming to the United States warrants these requirements in this case. The Court has not applied this requirement to Plaintiff Styller because the Court understands that: Styller is a United States citizen, he has long resided in Commonwealth of Massachusetts, and he intends to continue to do so between now and the trial. If this understanding is incorrect in any respect, then Styller shall also file an affidavit. The Court also understands Plaintiff Cheng may reside in the United States. If so, he may comply with the affidavit requirement by filing an affidavit under oath stating both that he resides in the United States presently and intends to continue to do so between now and the trial.

---

[3] In so ordering, the Court is not requiring that these Plaintiffs have completed all the necessary arrangements to come to the United States for trial. Rather, the Court is merely requiring that each Plaintiff report on his or her efforts so that the Court may appropriately issue whatever orders, if any, are warranted at whatever point in time to ensure that trial proceeds on February 7, 2022.

4

Further, by May 1, 2021, the Family Plaintiffs shall show cause why the Court should not require them to file equivalent affidavits by July 1, 2021.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

06/18/2021 10:45 FAX                                                                          ☑ 0001

```
        *********************
    ***    TX REPORT    ***
        *********************


    TRANSMISSION OK

    TX/RX NO                    2935
    RECIPIENT ADDRESS           9011861085313399
    DESTINATION ID
    ST. TIME                    06/18 10:33
    TIME USE                    11'22
    PAGES SENT                  29
    RESULT                      OK
```

# QUINN EMANUEL URQUHART & SULLIVAN, LLP

| LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO |
|---|---|---|---|---|
| 865 South Figueroa Street | 51 Madison Avenue | 50 California Street | 555 Twin Dolphin Drive | 191 N. Wacker Drive |
| 10th Floor | 22nd Floor | 22nd Floor | 5th Floor | Suite 2700 |
| Los Angeles, CA 90017 | New York, NY 10010 | San Francisco, CA 94111 | Redwood Shores, CA 94065 | Chicago, IL 60606 |
| Tel: (213) 443-3000 | Tel: (212) 849-7000 | Tel: (415) 875-6600 | Tel: (650) 801-5000 | Tel: (312) 705-7400 |
| Fax: (213) 443-3100 | Fax: (212) 849-7100 | Fax: (415) 875-6700 | Fax: (650) 801-5100 | Fax: (312) 705-7401 |

| WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY |
|---|---|---|---|---|
| 1300 I Street NW | Pennzoil Place | 1109 First Avenue, Suite 210 | 111 Huntington Avenue | 2755 E. Cottonwood Parkway |
| Suite 900 | 711 Louisiana Street, Suite 500 | Seattle, WA 98101 | Suite 520 | Suite 430 |
| Washington, DC 20005 | Houston, TX 77002 | Tel: (206) 905-7000 | Boston, MA 02199 | Salt Lake City, UT 84121 |
| Tel: (202) 538-8000 | Tel: (713) 221-7000 | Fax: (206) 905-7100 | Tel: (617) 712 7100 | Tel: (801) 515-7300 |
| Fax: (202) 538-8100 | Fax: (713) 221-7100 | | Fax: (617) 712 7200 | Fax: (801) 515 7400 |

*INTERNATIONAL OFFICES:*

LONDON • TOKYO • MANNHEIM • HAMBURG • PARIS • MUNICH • SYDNEY • HONG KONG • BRUSSELS • ZURICH • SHANGHAI • PERTH • STUTTGART

## NEW YORK OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   6/17/2021                                    **NUMBER OF PAGES, INCLUDING COVER: 29**


| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| United States Embassy of Beijing, China | 010-8531-3000 | +861085313399 |


**FROM:**   Alex S. Zuckerman
(212) 849-7000
alexzuckerman@quinnemanuel.com

**RE:**   Expedited Visa Interviews

**MESSAGE:**

Please see the enclosed correspondence from Jonathan B. Oblak, an attorney duly registered and
~~licensed under the laws of the state of New York~~