# EXHIBIT 98

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ALEXANDER STYLLER, INTEGRATED
COMMUNICATIONS & TECHNOLOGIES, INC.,
JADE CHENG, JASON YUYI, CATHY YU,
CAROLINE MARAFAO CHENG, PUSHUN
CHENG, CHANGZHEN NI, JUNFANG YU,
MEIXIANG CHENG, FANGSHOU YU, and
CHANGHUA NI

　　　　　　　　*Plaintiffs*,

　　　　v.

HEWLETT-PACKARD FINANCIAL SERVICES
COMPANY, HEWLETT-PACKARD
FINANCIAL SERVICES (INDIA) PRIVATE
LIMITED, HEWLETT PACKARD ENTERPRISE
COMPANY, and DAVID GILL

　　　　　　　　*Defendants*.

Civil Action No. 1:16-CV-10386 (LTS)

## 马利宣誓证言

本人马利在作伪证即受处罚的法律效力下特此声明：

1. 我根据本人的个人了解，在作伪证即受处罚的法律效力下，基于自己的自由意志，用中文作出本宣誓书。我目前不受酒精或任何会损害我的判断或认知或说真话能力的药物或物质的影响。

2. 我是中华人民共和国（以下简称"中国"）的执业律师，自 2008 年以来在包括北京市法硕律师事务所、北京市中里通律师事务所等律师事务所担任律师。

3. ECF 第 101-4 号提供了我在中国律师执业许可证的真实和正确的副本，最新通过年度考核和备案的律师执业证，见**附件 A**。

1

4. 我谨此宣誓提供与北京市海淀区公安分局（"公安局"）和北京市海淀区人民检察院（"检察院"）自 2012 年 12 月起拘留、逮捕并随后释放于晓萌、于毅和程永国前后情况有关的事实信息。我是于晓萌在该案中的辩护律师。我和于毅和程永国的辩护律师一起努力使于女士、于毅先生和程先生（统称为"原告"）从海淀区看守所得以释放。

5. 2012 年 12 月 10 日，于女士和于毅先生因涉嫌出售带有假冒 H3C 注册商标的光纤模块，违反《中华人民共和国刑法》第 214 条销售假冒注册商标的商品罪而被公安局刑事拘留。

6. 2012 年 12 月 21 日，程先生因涉嫌同样指控也被公安局刑事拘留。

7. 据我了解，于女士、于毅先生和程先生是在公安局对于晓萌在北京市海淀区的公寓进行突击检查后被拘留的。在突击检查期间，公安局从于晓萌的公寓内查扣了 778 个 H3C 品牌的光纤模块。

8. 根据中国法律，作为辩护律师，我只在案卷材料从公安局移交到检察院之后，才被允许在检察院审阅案卷并对部分案卷材料照相留存。

9. 根据我审阅的案卷文件，我了解到杭州华三通信技术有限公司于 2012 年 12 月向公安局出具了两份鉴定书，声称其经过鉴定（但未说明其鉴定方法），涉案产品为假冒侵权产品。请见**附件 B**（杭州华三鉴定书）[1]，ICT0018042。

---

[1] 我被告知，鉴定书之前披露过下方手写文本部分不全的版本，贝茨编号为 ICT0018044。

2

ICT0802111

10. 所有三名原告因涉嫌出售带有假冒 H3C 注册商标的光纤模块而违反《中华人民共和国刑法》第 214 条销售假冒注册商标商品罪的规定，经检察院批准于 2013 年 1 月 15 日被正式逮捕。

11. 我被告知，一份部分内容被隐去的、检察院发给公安局要求额外的证据支持使原告被逮捕的假冒指控的意见书的第一页，此前作为被告 David Grill 发给 Alexander Styller 的邮件附件被披露，其贝茨编号为 ICT0003424。我最近给原告提供了一份该意见书（共两页）的完整、没有隐去内容的版本，其真实和正确的副本附在本证言后为**附件 C**。

12. 在整个针对三名原告的案件过程中，公安局和检察院所侦查和审查起诉涉及的唯一罪名为销售假冒注册商标商品罪。

13. 鉴于我们当事人始终坚称涉案的光纤模块是直接从惠普子公司 HPFS（印度）公司购买获得的 H3C 正品，我们辩护主张是我们的当事人无罪，要求检察院释放于女士、于毅先生和程先生。

14. 2013 年，我代表于女士提交的保释申请终稿的真实和正确副本，其贝茨编号为 ICT0801726-27。

15. 根据我审阅的案卷材料，我了解到 2013 年 5 月，杭州华三通信技术有限公司的一名员工，汪友，向公安局说明，根据其对被查扣的光纤模块的外观的目视检查，这些设备不是 H3C 正品。请见 ICT0018035-37（汪友证词）。

16. 2013 年 6 月，我还向检察院提交亚历山大·斯特勒（Alexander Styller）发送给我的，经中华人民共和国驻纽约总领事馆认证的文件，其中包含有关 ICT 公司、ICT 公司与

3

**CONFIDENTIAL**

**ICT0802112**

HPFS（印度）公司的协议以及有关于女士、于毅先生和程先生在 ICT 公司工作的信息，

这是斯特勒先生通过联邦快递寄给我的，目的是将这些文件提交给检察院。

17. 亚历山大·斯泰勒（Alexander Styller）发送给我的，经总领事馆认证并由我提交检察院的文件的真实正确的副本，其贝茨编号为 ICT0790881-91141 和 ICT0801734-41。

18. 我向检察官办公室提交的以支持于女士、于毅先生和程先生从拘留所获释的法律意见书的真实正确副本，其贝茨编号为 ICT0801744-45。

19. 我在检察院阅卷拍照取得的案件材料的真实正确副本包括以下文件：ICT07801719,[2] ICT0018135-36, ICT0789730, ICT0789740-41, ICT0789822, ICT0789723, ICT0801720,[3] 以及 ICT0801742-43.

20. 为了确认这些光纤模块是否是 H3C 正牌的产品，我在 H3C 的官方网站上发现可以通过输入 H3C 设备产品条形码查询产品真伪的工具：在 H3C 的官方网站右下角点击"条码防伪查询"，之后根据输入条码和验证码，点击确定，即可出现验证结果。

21. 在查看公安局的卷宗时，我看到了一些被查扣的设备的照片，带有明显的产品条形码。我将这些产品条形码输入 H3C 官方网站上的设备防伪查询工具中，网站返回的结果确认了这些光纤模块是 H3C 正牌的产品。

22. 2013 年 7 月 16 日，我前往检察院，并将 H3C 官方网站的验证过程和结果出示给了主办原告人案件的检察官。我拍照留存的部分在 H3C 网站上条码的验证结果的真实和正确副本请见**附件 D**。

---

[2]  我被告知，该文件之前披露过一个部分被裁掉的版本，贝茨编号为 ICT0018029。
[3]  我被告知，该文件之前披露过一个清晰度较低的版本，贝茨编号为 ICT0018060。

4

**ICT0802113**

23. 检察官审查并认可了防伪查询结果，确定没有足够的证据因出售假冒注册商标商品而起诉于女士、于毅先生和程先生。

24. 2013 年 7 月 18 日，检察院分别对于女士、于毅先生和程先生出具了《取保候审决定书》，每位原告从海淀区看守所获释。

25. 在于女士、于毅先生和程先生被释放后，检察官没有继续追究对他们的指控。

我根据美利坚合众国法律作伪证即受处罚的法律效力下保证上述是真实的和正确的。

签署于：　　2021 年五月 十二 ，
　　　　　　中华人民共和国北京

签署人：_____
　　　　　　　马利

5

**CONFIDENTIAL**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI<br><br>*Plaintiffs*,<br><br>v.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>*Defendants*. | Civil Action No. 1:16-CV-10386 (LTS) |

## Affidavit by Ma Li

I, Ma Li, declare under the penalty of perjury the followings:

1. I declare under the penalty of perjury that I, according to my personal understanding, have made this affidavit in Chinese based on my own free will. I am currently not under the influence of alcohol or any drugs or substances that would impair my judgment or cognition or my ability to tell the truth.

2. I am a lawyer who practices law in the People's Republic of China (hereinafter referred to as "China"), and I have been a lawyer since 2008 working at law firms including Beijing Fashuo Law Firm and Beijing Zhonglitong Law Firm.

3. ECF No. 101-4 provides a true and correct copy of my license to practice law in China. Please refer to **Attachment A** for my latest lawyer annual review and the registered lawyer's practice license.

4. I hereby swear to provide factual information regarding to the circumstances related to the detention, arrest and subsequent release of Yu Xiaomeng, Yu Yi and Cheng Yongguo beginning in December 2012 by the Public Security Bureau of Haidian District, Beijing (hereinafter referred to as "the Public Security Bureau") and the People's Procuratorate of Haidian District, Beijing (hereinafter referred to

1

CONFIDENTIAL

ICT0802115

as "the Procuratorate"). I was the defense lawyer for Yu Xiaomeng in this case. I worked hard along with the defense lawyers of Yu Yi and Cheng Yongguo to secure the release of Ms. Yu, Mr. Yu Yi and Mr. Cheng (hereinafter collectively referred to as "the plaintiff") from the Haidian District Detention Center.

5. On December 10, 2012, Ms. Yu and Mr. Yu Yi were detained by the Public Security Bureau on suspicion of selling counterfeited H3C registered trademark of fiber optic transceiver modules in violation of Article 214 of the *Criminal Law of the People's Republic of China*, the provisions concerning the crime of selling products bearing a counterfeit registered trademark.

6. On December 21, 2012, Mr. Cheng was also criminally detained by the Public Security Bureau on suspicion of the same charges.

7. As far as I know, Ms. Yu, Mr. Yu Yi and Mr. Cheng were detained after the Public Security Bureau conducted a raid at Yu Xiaomeng's apartment located in Haidain District, Beijing. During the raid, the Public Security Bureau seized 778 pieces of H3C trademark fiber optic transceiver modules from the apartment.

8. According to Chinese law, I, as a defense lawyer, was allowed to review the case files and take photos of some of the filed materials for filing purpose at the Procuratorate's office only after the case file materials were transferred from the Public Security Bureau to the Procuratorate.

9. Based on the case documents I reviewed, I learned that Hangzhou Huasan Communication Technology Co., Ltd. provided the Public Security Bureau with two verification reports in December 2012, claiming that upon verification (but did not specify the verification method), the alleged products were counterfeit and infringing products. Please refer to **Attachment B** (Hangzhou Huasan's Verification Report) [1], ICT0018042.

10. On January 15, 2013, all three plaintiffs were formally arrested, which was approved by the Procuratorate, on charges of selling fiber optic transceiver modules with counterfeit H3C registered trademark in violation of the Article 214 of the *Criminal Law of the People's Republic of China* concerning the crime of selling counterfeit registered trademark products.

11. I was told that the first page of the legal opinion, in which a part of content was obscured and which the Procuratorate sent to the Public Security Bureau asking for additional evidence to support the counterfeit allegations that led to the arrest of the plaintiffs, was previously disclosed as an attachment to the email sent by the defendant David Grill to Alexander Styller. And the Bates Number is ICT0003424. I have recently provided the plaintiffs with a copy of the legal opinion (two

---

[1] I was told that a copy of the verification with some handwritten text at the bottom that was partially cropped was previously disclosed. The Bates Number is ICT0018044.

CONFIDENTIAL   ICT0802116

pages in total), which is complete and no contents are obscured. The true and correct copy is attached to this affidavit is **Attachment C**.

12. Throughout the entire process of the case against the plaintiffs, the only crime related to the investigation and prosecution by the Public Security Bureau and the Procuratorate was the crime for selling counterfeit registered trademark products.

13. Given that our clients has consistently and resolutely maintained that the fiber optic transceiver modules involved in the case were genuine products purchased directly from Hewlett-Packard's subsidiary, HPFS (India) Company, our defense was that our clients were innocent and we asked the Procuratorate to release Ms. Yu, Mr. Yu Yi, and Mr. Cheng.

14. The Bates Number of the true and correct copy of the *Final Bail Application* submitted in 2013 by me on Ms. Yu's behalf is ICT0801726-27.

15. I learned, based on the file materials I reviewed, that in May 2013, Wang You, an employee of Hangzhou Huasan Communication Technology Co., Ltd., explained to the Public Security Bureau that according to his [or her] visual inspection of the appearance of the seized fiber optic transceiver modules, these devices were not genuine H3C products. Please refer to ICT0018035-37 (Wang You's testimony).

16. In June 2013, I also provided the Procuratorate with documents, which were sent to me by Alexander Styller and were certified by the Consulate General of the People's Republic of China in New York, including the information related to ICT Company, the agreements between ICT Company and HPFS (India) Company, as well as the information about Ms. Yu, Mr. Yu Yi and Mr. Cheng's work at ICT company. These documents were sent to me by Mr. Styller via FedEx, and the purpose was to submit them to the Procuratorate.

17. The Bate Numbers of the true and correct copies of the documents, which were sent to me by Alexander Styller, certified by the Consulate General and submitted by me to the Procuratorate, are ICT0790881-91141 and ICT0801734-41.

18. The Bate Number of the true and correct copy of the legal opinion that I submitted to the Procuratorate Office in support of Ms. Yu, Mr. Yu Yi and Mr. Cheng's release from the detention center is ICT0801744-45.

19. The true and correct copies of the documents related to the case materials that I reviewed and took photos of at the Procuratorate office include the followings: ICT07801719[2], ICT0018135-36, ICT0789730, ICT0789740-41, ICT0789822, ICT0789723, ICT0801720,[3] and ICT0801742-43.

---

[2] I was told that a partially cropped version of the document was previously disclosed. Its Bates Number is ICT0018029.

[3] I was told that a lower resolution version of the document was previously disclosed. Its Bates Number is ICT0018060.

3

CONFIDENTIAL

ICT0802117

20. In order to confirm whether or not these fiber optic transceiver modules were the genuine products of H3C, I visited the H3C official website and found a tool that can check the authenticity of the products by entering H3C device's barcode: on the H3C official website, click "Barcode Anti-counterfeiting Check" button in the lower right corner, and then click "Confirm" button after entering the barcode and verification code, and the verification result will show up.

21. While I reviewed the Public Security Bureau's case files, I saw photos of some of the seized devices with well-marked product barcodes. I entered the product barcodes into the anti-counterfeiting tool on the H3C official website, and the results returned by the website confirmed that these fiber optic transceiver modules were genuine products bearing the H3C trademark.

22. On July 16, 2013, I went to the Procuratorate Office and showed the verification process and results on the H3C's website to the prosecutor who manages the plaintiffs' case. Please refer to **Attachment D** for the true and correct copies of the photos I took related to the barcode verification results on H3C's website.

23. The prosecutor examined and acknowledged the anti-counterfeiting verification results, confirming that there is insufficient evidence to prosecute Ms. Yu, Mr. Yu Yi and Mr. Cheng for selling counterfeit registered trademark products.

24. On July 18, 2013, the Procuratorate issued a "Decision on Release on Bail Pending Trial" to Ms. Yu, Mr. Yu Yi and Mr. Cheng, and all the plaintiffs were released from the Haidian District Detention Center.

25. After Ms. Yu, Mr. Yu Yi and Mr. Cheng were released, the prosecutor did not continue pursuing the charges against them.


I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Signed on:      May 12, 2021
                Beijing, the People's Republic of China



                                        Signed by: Ma Li

                                        Ma Li [signature]




4



consortra
translations

100 Park Avenue, 16th Fl
New York, NY 10017

www.consortra.com

STATE of NEW YORK          )
                           )          ss:
COUNTY of NEW YORK    )

### *CERTIFICATE OF ACCURACY*

This is to certify that the attached document, "2021.05.12 Ma Li Affidavit-CH-
Executed"-- originally written in Chinese -- is, to the best of our knowledge and
belief, a true, accurate, and complete translation into English.

Dated: 5/12/2021

Heather Cameron
Projects Manager
Consortra Translations

Sworn to and signed before ME
This 12th day of May, 2021

Notary Public



JAMES G MAMERA
Notary Public - State of New York
No. 01MA6157195
Qualified in New York County
My Commission Expires Dec. 4, 2022

Your
legal
translation
partner

New York, NY | Washington DC | Houston, TX | San Francisco, CA | Hong Kong

**CONFIDENTIAL**                                                                    **ICT0802119**

# Exhibit A

CONFIDENTIAL





1

CONFIDENTIAL

ICT0802121

# Exhibit B

**CONFIDENTIAL**

**ICT0802122**

49

## 鉴 定 书

致: 北京<u>市通济公安分局的检验科法测出所</u>

贵局于 <u>2012</u> 年 <u>12</u> 月 <u>7</u> 日,在对位于_____

_____

的执法活动中,共查获带有 "H3C" 商标的产品共计 <u>2</u> 件。

产品型号、数量、单价如下:

| 物品 | 型号 | 数量(台) | 产品单价(RMB 元) |
|---|---|---|---|
| 光纤模块 | SFP-GE-LX-SM1310-A | 3.005 | 158 |
| | (1D0015694, 1D0022103, 1D0019813) | | |
| | | | |
| | | | |
| | | | |

以上查扣产品成批总价值为人民币 RMB_____元,以上单价为我刊在中国大陆最新的最终用户成交价格。

我公司在此声明,经过对查扣物品的鉴定,上述查获的带有 "H3C" 商标的产品被确认为侵害侵权的产品,我司在此请求执法部门依法没收和销毁所有假冒侵权产品。并严惩有关个人和单位,包括在构成犯罪时追求其刑事责任。

此致

敬礼!

<u>经核顶由杭州华三</u>
<u>通信技术有限公司提供</u>

CONFIDENTIAL

ICT0802123

# Exhibit C

CONFIDENTIAL

ICT0802124

2013/03/25 北京市海淀区人民检察院
提供法庭审判所需证据材料意见书

京海检捕提证[2013]60号

北京市公安局海淀分局：

本院作出批准逮捕决定的犯罪嫌疑人于毅、于晓萌、程永国涉嫌销售假冒注册商标的商品一案，为有效地指控犯罪，根据《中华人民共和国刑事诉讼法》第一百七十一条第一款的规定，请在继续侦查过程中注意收集下列证据：

（1）请公安机关向美国大使馆核实美国 ICT 公司是否在中国设立公司以及犯罪嫌疑人程永国等人是否系美国 ICT 公司的员工，并调取相关证据材料。

（2）请公安机关核实是否起获了证人王栓劳购买的 3 块 H3C 牌 SFP-GE-LX-SM1310-A 千兆型光纤模块及收款条，并将起赃经过、清点记录及扣押手续入卷。

（3）请公安机关核实并依法移送犯罪嫌疑人于毅电脑里的销售记录。

（4）根据犯罪嫌疑人程永国的供述，其销售的货物从印度 HPFS（惠普子公司）发过来，请公安机关调取货物清关手续，如果犯罪嫌疑人涉及走私等其他犯罪，请公安机关继续侦查取证。

（5）请公安机关向惠普公司核实办案说明中该公司口头答复的内容以及该公司是否收购 H3C 品牌产品予以销售，并调取该公司的书面说明。

1

CONFIDENTIAL

ICT0802125



（6）公安机关移送的证据中存在下列瑕疵，请予以更正，具体如下：

①犯罪嫌疑人于毅的第一堂供述中有部分内容修改后嫌疑人未按手印，请予以更正。

②犯罪嫌疑人程永国的拘留证填写不完整，请公安机关予以补充。

（7）根据犯罪嫌疑人于毅的供述，该人曾向北宇电通公司销售H3C模块，请向该公司核实情况并调取相关证据。

（8）根据犯罪嫌疑人于毅、程永国的供述其销售模块所得款全部打给马彬辉，请查找马彬辉并核实该人银行帐户的相关情况，如帐户内有赃款请予以冻结。

北京市海淀区人民检察院

二〇一三年一月十四日

CONFIDENTIAL                                                    ICT0802126

# Exhibit D

CONFIDENTIAL

ICT0802127

CONFIDENTIAL

ICT0802128



2



3

**CONFIDENTIAL**

**ICT0802130**