## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>                              Defendants. | Civil Action No. 1:16-CV-10386 (LTS)<br><br><br>**DECLARATION OF PAUL A. SASO, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND PRECLUDE PLAINTIFFS' UNTIMELY DOCUMENT PRODUCTIONS** |

I, Paul A. Saso, Esq., a member of the Bars of the States of New York and New Jersey and admitted *pro hac vice* to the Bar of this Court, declare under the penalty of perjury as follows:

1.      I am a Director with the law firm of Gibbons P.C., co-counsel to defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company and David Gill in this matter.  As such, I am familiar with the facts set forth herein.

2.      I submit this declaration in support of Defendants' Motion to Strike and Preclude Plaintiffs' Untimely Document Productions.

3.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of the transcript of the Motion Hearing, held on February 10, 2021.

4.      The parties did produce, and both sides accepted, certain late productions that were the result of, *inter alia*, a successful motion to compel and the late discovery of a document.

5.      Although Plaintiffs originally filed, but later withdrew, a motion to compel production of metadata concerning that letter (the Final April 2013 Letter), they never rejected Defendants' production of that letter.

6.      As previously attested, after resolution of the parties' prior motions for summary judgment, Defendants discovered that the final version of the April 2013 Letter had inadvertently not been produced.

7.      Plaintiffs had ample opportunity to question any defense witness about that document, and did.

8.      Waiting until years after document discovery was closed, and 50 minutes after the completion of Jade Cheng's deposition on the last day set for fact witness depositions—January 29, 2021 [ECF 439-1 and 447]—Plaintiffs purported to supplement their Initial Disclosures, and identified Ma Li as a fact witness for the very first time.

9.      Plaintiffs attempted to produce Exhibit 48 on March 2, 2021, and Exhibits 39, 46 and 98 on May 12, 2021.

10.     Attached hereto as Exhibit B is a true and correct copy of a letter[1] from Defendants' counsel, Paul Saso, to Plaintiffs' counsel, Alexander Zuckerman, sent via email on May 24, 2021, which sets forth limited exceptions to Defendants' rejection of Plaintiffs' belated productions.

11.     As an example, Defendants accepted documents concerning the cost of a surgery Cathy Yu had undergone because that document was specifically requested during her prior deposition.

---

[1] Exhibit B is redacted to protect the private medical information of Plaintiff Cathy Yu.

12.     Plaintiffs declined to respond to that rejection, and remained silent—they provided no justification whatsoever for the untimely productions, and sought neither leave of Court nor the consent of Defendants to make them.

13.     At no time after the February 10, 2021 Motion Hearing did Plaintiffs make a motion or otherwise seek leave to add Ma Li to their fact witness list, to submit a fact Affidavit from her, or have her produce and purport to identify or authenticate documents.

14.     Attached hereto as <u>Exhibit C</u> is a true and correct copy of Plaintiffs' Rule 26(e) Supplemental Disclosures, dated January 29, 2021.

15.     Attached hereto as <u>Exhibit D</u> is a true and correct copy of relevant excerpts of the transcript of the Status Conference, held on January 11, 2019.

16.     Plaintiffs never produced a certified copy of the Chinese police reports in this litigation; nor apparently did Ma Li obtain a certified copy of the official files in the matter.

17.     Attached hereto as <u>Exhibit E</u> is a true and correct copy of relevant excerpts of the transcript of the Status Conference, held on September 13, 2019.

18.     Even after somewhat ameliorating the document dump, with the assistance of the Court-appointed electronic discovery expert, Defendants were forced to spend significant time and money reviewing a trimmed, but still significantly irrelevant, set of documents.

19.     Nowhere in that production was there a fact affidavit from one of Plaintiffs' attorneys in China; nor any material that would allow Plaintiffs to identify or authenticate the documents that they now cite in opposition to summary judgment.

20.     Instead, after burying Defendants in spam, Plaintiffs lay in wait until after the deposition deadline before disclosing Ma Li as a fact witness, and then for an additional three-and-a-half months before producing her affidavit and attachments.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 14, 2021                    By:     /s/ Paul A. Saso
                                                     Paul A. Saso, Esq.

## <u>CERTIFICATE OF SERVICE</u>

     I, Kevin C. Quigley, Attorney for Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India) Private Limited, HP Inc., Hewlett Packard Enterprise Company, and David Gill, hereby certify that the foregoing document was filed using the CM/ECF system and electronic notice will be sent to registered participants as indicated on the Notice of Electronic Filing (NEF) on September 14, 2021.


                                          */s/ Kevin C. Quigley*

                                          Kevin C. Quigley