# **EXHIBIT C**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER STYLLER, INTEGRATED COMMUNICATIONS & TECHNOLOGIES, INC., JADE CHENG, JASON YUYI, CATHY YU, CAROLINE MARAFAO CHENG, PUSHUN CHENG, CHANGZHEN NI, JUNFANG YU, MEIXIANG CHENG, FANGSHOU YU, and CHANGHUA NI<br><br>*Plaintiffs*,<br><br>v.<br><br>HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, HEWLETT-PACKARD FINANCIAL SERVICES (INDIA) PRIVATE LIMITED, HEWLETT PACKARD ENTERPRISE COMPANY, and DAVID GILL<br><br>*Defendants*. | Civil Action No. 1:16-CV-10386 (LTS) |

## PLAINTIFFS' RULE 26(e) SUPPLEMENTARY DISCLOSURES

Plaintiffs Alexander Styller, Integrated Communications & Technologies, Inc. ("ICT"); Jade Cheng, Jason Yuyi, Cathy Yu (together, the "Individual Plaintiffs"); and Caroline Marafao Cheng, Pushun Cheng, Changzen Ni, Junfang Yu, Meixiang Cheng, Fangshou Yu, and Changhua Ni (together, the "Family Plaintiffs"), by and through their undersigned counsel, provide the following supplementary disclosures under the Federal Rules of Civil Procedure 26(a) and 26(e) and Local Rule 116.7.  Plaintiffs base the following supplementary disclosures on information that has become available to them since Plaintiffs' Initial Disclosures to Defendants, served November 3, 2017 ("Initial Disclosures").  Plaintiffs' investigation concerning this action is ongoing, and they reserve the right under Rule 26(e) of the Federal Rules of Civil Procedure to further modify, amend, or supplement these disclosures as they learn additional information.

Plaintiffs provide these disclosures without waiving any objections to the admissibility of evidence on any appropriate grounds and subject to, and without waiver of, any attorney-client or work product privilege or any other applicable privilege or immunity under the law or otherwise. Plaintiffs also reserve the right to rely on documents disclosed by and persons with knowledge identified in, any disclosures by Defendants Hewlett-Packard Financial Services Company, Hewlett-Packard Financial Services (India), Hewlett Packard Enterprise Company, and David Gill ("Defendants") or otherwise identified during discovery or as needed in rebuttal.

## I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(i) and 26(e), Plaintiffs identify the following individuals (in addition to any witnesses Defendants identify in their initial disclosures, supplemental disclosures, and exclusive of expert witnesses) likely to have discoverable information that Plaintiffs may use to support their claims in this litigation (unless the use would be solely for impeachment).

Plaintiffs disclose the names of these individuals and, if known, their contact information along with the subjects of the discoverable information they are likely to have.

| Name and Contact Information (if known) | Subject(s) of Information |
|---|---|
| Kevan Bartley<br>165 Dascomb Road<br>Andover, MA 01810 | • The Tata Consultancy Services Limited leases and return of equipment<br>• The quality and condition of the H3C equipment purchased by ICT from HPFS<br>• Negotiation and entry into the Referral and Revenue Share Agreement ("RRSA") and Wholesale Sale Agreement ("WSA")<br>• Inspection and analysis of the Remaining Inventory |
| Jade Cheng<br>235 Hanover St.<br>Apt. 303<br>Manchester, NH 03104 | • ICT's business operations in China<br>• The resale of the equipment purchased by ICT from HPFS in China<br>• Physical, emotional, and financial injuries suffered as a result of being held in a Chinese detention center |

| Name and Contact Information (if known) | Subject(s) of Information |
|---|---|
| Caroline Marafao Cheng<br>235 Hanover St.<br>Apt. 303<br>Manchester, NH 03104 | • Plaintiff's own pain and suffering during Plaintiff Cheng's detention by the Chinese police<br>• Plaintiff Jade Cheng's pain and suffering |
| Pushun Cheng<br>No. 606, Dongshan Villiage<br>Xingcun Town<br>Haiyang City, Shandong Province, China | • Plaintiff's own pain and suffering during Plaintiff Cheng's detention by the Chinese police<br>• Plaintiff Jade Cheng's pain and suffering |
| Meixiang Cheng<br>No. 450, Dugezhuang Villiage<br>Xingcun Town, Haiyang City Shandong Province, China | • Plaintiff's own pain and suffering during Plaintiff Yu's detention by the Chinese police<br>• Plaintiff Cathy Yu's pain and suffering |
| David Gill<br>410 Concord Road<br>Rhodes, NSW 2138<br>Australia | • The Tata Consultancy Services Limited leases and return of the H3C equipment<br>• The quality and condition of the H3C equipment purchased by ICT from HPFS<br>• HP's efforts and delays in assisting with the release of the ICT employees from prison<br>• Drafting of the April 22, 2013 letter from HP to the PSB and the various iterations prior to its submission to the PSB<br>• HP's communications with wholly-owned subsidiary H3C while the ICT employees were in PSB custody |
| Tom Harris<br>Cain Rd. Amen Corner<br>Blgd BRA02<br>Bracknell, RG12 1HN<br>United Kingdom | • The Tata Consultancy Services Limited leases and return of the H3C equipment<br>• The quality and condition of the H3C equipment purchased by ICT from HPFS<br>• Representations made by HPFS to ICT about the quality of the equipment prior to entering into the transaction<br>• The quality and condition of the H3C equipment purchased by ICT from HPFS<br>• The WSA and RRSA<br>• Issues with the quality of the equipment purchased by ICT from HPFS<br>• The fall 2012 inspection of the Remaining Equipment in India |
| Jianfeng Huang<br>+86-186 1158 4247 | • The circumstances surrounding the Individual Plaintiffs' detention and release from PSB custody |
| Li Ma<br>+86 158 1102 1264 | • The circumstances surrounding the Individual Plaintiffs' detention and release from the custody of the Chinese police |

| Name and Contact Information (if known) | Subject(s) of Information |
|---|---|
| Changzhen Ni<br>No. 606, Dongshan Villiage<br>Xingcun Town, Haiyang City<br>Shandong Province, China | • Plaintiff's own pain and suffering during Plaintiff Cheng's detention by the Chinese police<br>• Plaintiff Jade Cheng's pain and suffering |
| Changhua Ni<br>No. 698, Nanyangjun Villiage<br>Yangjun Town, Laiyang City<br>Shandong Province, China | • Plaintiff's own pain and suffering during Plaintiff Yuyi's detention by the Chinese police<br>• Plaintiff Jason Yuyi's pain and suffering |
| James O'Grady<br>165 Dascomb Road<br>Andover, MA 01810 | • Communications between ICT and Defendants<br>• Drafting of the April 22, 2013 letter from HP to the PSB and the various iterations prior to its submission to the PSB |
| Alexander Pekar<br>118 Main Street<br>Lynnfield, MA 01940 | • The Tata Consultancy Services Limited leases and return of the H3C equipment<br>• Communications with ICT<br>• Representations made by HPFS to ICT about the quality of the equipment prior to entering into the transaction<br>• The quality and condition of the H3C equipment purchased by ICT from HPFS<br>• The fall 2012 inspection of the Remaining Equipment in India |
| Ryan Quinn<br>20 Jason Lane<br>Mansfield, MA 02048 | • ICT's business operations in China<br>• The resale of the equipment purchased by ICT from HPFS in China<br>• Efforts made by ICT personnel to help secure the release of ICT employees from PSB detention |
| Lester E. Riordan, Esq.<br>Damonmill Square<br>12 Pond Lane, Suite EB-IN<br>Concord, MA 01742 | • Knowledge regarding Plaintiffs' communications with Defendants during the China Period related to the Individual Plaintiffs' detention |
| James Silvestri<br>165 Dascomb Road<br>Andover, MA 01810 | • The Tata Consultancy Services Limited leases and return of the H3C equipment<br>• Communications with ICT<br>• Representations made by HPFS to ICT about the quality of the equipment prior to entering into the transaction<br>• The quality and condition of the H3C equipment purchased by ICT from HPFS<br>• The WSA and RRSA<br>• HP's efforts and delays in assisting with the release of the ICT employees from prison |

4

| Name and Contact Information (if known) | Subject(s) of Information |
|---|---|
| Alexander Styller<br>c/o ICT<br>239 Commercial Street<br>Malden, MA 02148 | • The WSA and RRSA between ICT and HPFS<br>• The resale of the equipment purchased by ICT from HPFS in China<br>• The detention of the ICT employees and efforts made by ICT to help secure their release<br>• Business injuries suffered by ICT and the individual plaintiffs<br>• Personal injuries suffered |
| Meng Tao<br>Unknown | • Inspection and/or analysis of the inventory of equipment seized by the Chinese Police and H3C<br>• HPFS' Defendants efforts and delays in assisting with the release of the ICT employees from prison<br>• Drafting of the April 22, 2013 letter from HP to the Chinese police and the various iterations prior to its submission<br>• HP's efforts and delays in assisting with the release of the ICT employees from prison<br>• The proprietary trademarks, logos, security tags, and/or other indicia of authenticity affixed to the subject equipment<br>• HP's communications with wholly-owned subsidiary H3C while the ICT employees were in PSB custody |
| Cathy Yu<br>Wanke Jiari Fengjing Bldg. 43<br>Apt. 304,<br>Yongda St.,<br>Yantai City, Shandong Province, China 265500 | • ICT's business operations in China<br>• The resale of the equipment purchased by ICT from HPFS in China<br>• Physical, emotional, and financial injuries suffered as a result of being detained by the Chinese police |
| Junfang Yu<br>No. 50, Dugezhuang Villiage<br>Xingcun Town, Haiyang City<br>Shandong Province, China | • Plaintiff's own pain and suffering during Plaintiff Yu's detention by the Chinese police<br>• Plaintiff Cathy Yu's pain and suffering |
| Fangshou Yu<br>No. 698, Nanyangjun Villiage<br>Yangjun Town, Laiyang City<br>Shandong Province, China | • Plaintiff's own pain and suffering during Plaintiff Yuyi's detention by the Chinese police<br>• Plaintiff Jason Yuyi's pain and suffering |
| Jason Yuyi<br>Wanke Jiari Fengjing Bldg. 43<br>Apt. 304,<br>Yongda St.,<br>Yantai City, Shandong Province, China 265500 | • ICT's business operations in ChinaThe resale of the equipment purchased by ICT from HPFS in China<br>• Physical, emotional, and financial injuries suffered as a result of being detained by the PSB |

Plaintiffs also identify the following individuals and entities:

1. All persons identified by Defendants in their initial and supplemental disclosures or discovery responses as possessing knowledge or information that may be relevant to the case.

2. All witnesses deposed by any party to this action, whether individually or pursuant to Federal Rule of Civil Procedure 30(b)(6).

3. Any expert witnesses whose identities may subsequently be disclosed in accordance with Federal Rule of Civil Procedure 26.

This disclosure is based solely on information currently available to Plaintiffs, as well as Plaintiffs' present analysis of the case, and shall not, in any way, be deemed a representation that additional individuals do not exist.

## II.   <u>DOCUMENTS</u>

Plaintiffs have discovered additional documents that were not previously provided to Defendants.  As these documents may be relevant to disputed facts alleged with particularity in the pleadings, Plaintiffs intend to provide them to Defendants.  Plaintiffs reserve the right to supplement and/or amend this disclosure.  Further, Plaintiffs reserve the right to object to the production of documents and things on any basis, including that the information sought: (i) is not relevant; (ii) is protected from disclosure by any applicable privilege, doctrine, or immunity; (iii) would be unduly burdensome to produce or is not reasonably accessible; or (iv) contains confidential information or proprietary information that should not be produced before an appropriate protective order has been entered.

## III.   <u>SUPPLEMENTAL DAMAGES COMPUTATIONS</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiffs identify the following supplemental damages computations as set forth below in addition to those contained in Plaintiffs' Initial Disclosures.  At present, Plaintiffs seek to recover the full extent of the damages to which they are entitled, including but not limited to damages based on a calculation of economic

damages, personal injuries, and as to Plaintiffs Jade Cheng and Caroline Marafao Cheng, loss of consortium. Plaintiffs also seek any other relief available under the law, including treble damages and the recovery of attorneys' fees and costs under M.G.L. 93A as applicable. Plaintiffs reserve the right to further supplement, modify, or add to this response as circumstances dictate and in accordance with the Federal Rules and/or an order issued by the Court.

**ICT's Supplemental Damages**

In addition to the damages calculations set forth in Plaintiffs' Initial Disclosures estimated to be at least $4 million, ICT seeks damages for expenses and logistics related to the first installment of the equipment purchased from HPFS India estimated to be at least an additional $25,000.

**Plaintiff Alexander Styller's Supplemental Damages**

In addition to the damages calculations set forth in Plaintiffs' Initial Disclosures estimated to be at least $2 million, Plaintiff Alexander Styller seeks damages for severe psychological injuries suffered as a result of Defendants' actions in the estimated amount of at least $1 million. As a result of Defendants' actions and non-actions in connection with this litigation, Plaintiff Styller has suffered from the onset and increased severity of depression-like symptoms, including apathy, sleep disorder, and anxiety. Plaintiff will rely on expert testimony and, therefore, will provide a complete computation of damages at the time for expert disclosures.

**Plaintiff Jade Cheng's Supplemental Damages**

In addition to the damages calculations in Plaintiffs' Initial Disclosures estimated to be at least $10 million, Plaintiff Jade Cheng also seeks damages for various physical injuries resulting from his wrongful detention at the Haidian Detention Center as result of Defendants' actions and non-actions in connection with this litigation in the estimated amount of at least $1 million. Plaintiff Cheng's physical injuries include suffering from sinusitis, kidney stones, and beriberi, as

well as various other lingering injuries, including pain in his back and legs; joint pain in his knees, feet, and back; respiratory problems; weight loss; headaches; decreased mobility and stamina; and an increased nicotine dependency.   Additionally, Plaintiff Cheng has suffered from anxiety, depression, sleeplessness, night shivering, nightmares, difficulty focusing, and a feeling of hopelessness.   Plaintiff Cheng will rely on expert testimony and, therefore, will provide more details about his injuries at the time for expert disclosures.

**Plaintiff Jason Yuyi's Supplemental Damages**

In addition to the damages calculations in Plaintiffs' Initial Disclosures estimated to be at least $9.5 million, Plaintiff Yuyi also seeks damages for physical injuries suffered as a result of his wrongful detention at the Haidian District Detention Center in the estimated amount of at least $1 million.   As a result of Defendants' actions and non-actions in connection with this litigation, Plaintiff Yuyi has suffered from lingering pain in his back, knees, and legs; respiratory issues; weight loss; beriberi; insomnia; heartache; stress; fear; anxiety; *shenjinbing* (neuropathy); and depression, many of which persist to this day.   Plaintiff Yuyi will rely on expert testimony and, therefore, will provide more details about his injuries at the time for expert disclosures.

**Plaintiff Cathy Yu's Supplemental Damages**

In addition to the damages calculations in Plaintiffs' Initial Disclosures estimated to be at least $9.5 million, Plaintiff Yu also seeks damages for physical injuries suffered as a result of her wrongful detention at the Haidian District Detention Center in the estimated amount of at least $1 million.   As a result of Defendants' actions and non-actions in connection with this litigation, Plaintiff Yu has suffered various physical injuries, including pelvic inflammatory disease; joint pains in her knees, back, and feet; anemia; headaches; heartache; weight loss; pain in her back and legs; beriberi; cervical erosion; and respiratory problems, many of which persist to this

day.   Additionally, Plaintiff Yu has suffered from anxiety, depression, *shenjinbing* (neuropathy), stress, fear, and an aversion to physical contact and police sirens.  Plaintiff Yu will rely on expert testimony and, therefore, will provide more details about her injuries at the time for expert disclosures.

### Family Plaintiffs Pushun Cheng and Junfang Yu's Supplemental Damages

In addition to the damages calculations in Plaintiffs' Initial Disclosures estimated to be at least $1 million per Family Plaintiff and at least $7 million in total for all Family Plaintiffs, Family Plaintiffs Pushun Cheng and Junfang Yu also seek damages in the estimated amount of at least $100,000 for all out-of-pocket expenses related to the wrongful arrest and imprisonment of the Individual Plaintiffs due to Defendants' actions and non-actions in connection with this litigation. Such out of-pocket expenses paid by Plaintiffs Pushun Cheng and Jungfang Yu include costs associated with travel to Beijing and from the Family Plaintiffs' home villages; attorneys' fees incurred while attempting to secure the Individual Plaintiffs' release from police detention; and expenses for the Individual Plaintiffs' clothing, food, and water while in the Haidian District Detention Center.

### IV.     RESERVATION OF RIGHTS

All Plaintiffs expressly reserve the right to modify, amend, or correct these disclosures, as well as their Initial Disclosures, as they learn any new information.

Dated:  January 29, 2021

By: _____*Luke Nikas*_____
    Luke Nikas (Admitted *Pro Hac Vice*)
    Alex Spiro (Admitted *Pro Hac Vice*)
    Alex Zuckerman (Admitted *Pro Hac Vice*)
    QUINN   EMANUEL   URQUHART   &
    SULLIVAN, LLP
    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    Tel.: (212) 849-7000
    lukenikas@quinnemanuel.com
    alexspiro@quinnemanuel.com
    alexzuckerman@quinnemanuel.com

    *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Luke Nikas, hereby certify that, on January 29, 2021, I served a copy of the foregoing

Supplemental Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A), by email, on Defendants'

counsel of record, at:

> Michael H. Bunis
> Anthony P. Callaghan
> Mark Edgarton
> Kevin C. Quigley
> Paul A. Saso
> mbunis@choate.com
> acallaghan@gibbonslaw.com
> gedgarton@choate.com
> kquigley@choate.com
> psaso@gibbonslaw.com

/s/ *Luke Nikas*

Luke Nikas (Admitted Pro Hac Vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849-7000
lukenikas@quinnemanuel.com

*Attorney for Plaintiffs*