# **EXHIBIT E**

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


- - - - - - - - - - - - - - - - - - - x

INTEGRATED COMMUNICATIONS &           :
TECHNOLOGIES, INC., et al.,
                                      :   Civil Action No.
         Plaintiffs,                      1:16-cv-10386-LTS
                                      :
    v.
                                      :
HEWLETT-PACKARD FINANCIAL SERVICES
COMPANY, et al.,                      :

         Defendants.                  :

- - - - - - - - - - - - - - - - - - - x


      BEFORE THE HONORABLE LEO T. SOROKIN, DISTRICT JUDGE


                       STATUS CONFERENCE


                  Friday, September 13, 2019
                          2:00 p.m.



          John J. Moakley United States Courthouse
                    Courtroom No. 13
                    One Courthouse Way
                   Boston, Massachusetts




                     Rachel M. Lopez, CRR
                   Official Court Reporter
               One Courthouse Way, Suite 5209
                 Boston, Massachusetts  02210
                      raeufp@gmail.com
```

```
 1                   A P P E A R A N C E S

 2
     On behalf of the Plaintiffs:
 3
         LAW OFFICE OF DIMITRY JOFFE
 4       BY:   DIMITRY JOFFE
         230 Park Avenue
 5       10th Floor
         New York, New York  10169
 6       (212) 309-8711
         dimitry@joffe.law
 7

 8       LAW OFFICE OF JOSH MCGUIRE
         BY:   JOSHUA A. MCGUIRE
 9       51 Winchester Street
         Suite 205
10       Newton, Massachusetts  02461
         (617) 461-6400
11       josh@joshmcguirelaw.com

12

13   On behalf of the Defendants:

14       GIBBONS, P.C.
         BY:   ANTHONY P. CALLAGHAN AND PAUL A. SASO
15       One Pennsylvania Plaza
         37th Floor
16       New York, New York  10119
         (212) 613-2015
17       acallaghan@gibbonslaw.com

18
         CHOATE HALL & STEWART LLP
19       BY:   MICHAEL H. BUNIS
         Two International Place
20       100-150 International Place
         Boston, Massachusetts  02110
21       (617) 248-4030
         mbunis@choate.com
22

23

24

25
```

1    at Cadwalader, Clifford Chance.  And then she's been at this
2    consulting firm since 2013.  It seems like she has a lot of
3    experience in the area.  Does it have to be this person?  No.
4    But this was a person that I met, knew of, was impressed
5    with, seemed reasonable, and it seems like sensible to have
6    an impartial or reasonable person to meet with all of you.  I
7    don't think it will be a lengthy or expensive process and
8    figure out if there isn't some way to bridge the gap.  So
9    that's my thought here if you want to take a look at it now.
10   You can take those.  I don't care.
11              THE DEPUTY CLERK:  One copy?
12              THE COURT:  It's just one of her CV and her
13   marketing bio.  Those are two separate things.  Both of you
14   can look at them.  Comments as to that?
15              One other thing I should disclose to you.  I told
16   her one more thing that I forgot.  I also told her that
17   somewhere along the way, between the beginning of the
18   relevant events in this case and now, the plaintiffs went
19   through some sort of change in computer system or e-mail
20   provider or something like that, and the plaintiffs'
21   position -- there were certain things that the plaintiffs say
22   they don't have, because they weren't like -- I think what I
23   told her was I thought what it was, but I wasn't positive is,
24   they were employees of the company who then left the company,
25   for whatever reason, and so, therefore, their e-mails weren't

1  imported over to the new system and you weren't sure that you
2  necessarily had all of those e-mails anymore.  And so there
3  was an issue about whether there was some -- some things one
4  ordinarily might think would exist that don't exist and the
5  plaintiffs' explanation was that's just what happened,
6  because in the shift along the way, we didn't keep them.  And
7  the plaintiffs -- the defendants wanted some discovery into
8  that and that was potentially a second sort of discovery
9  issue.  So I did -- that's the only other thing that I told
10 her, just in the interest of full disclosure.
11           Okay.  So thoughts about whether I should do that
12 or not, or whether you think I should do something else about
13 this issue, or nothing at all, or anything else related to
14 the 775,000 pages.  And in fairness, because I'm giving this
15 to you, I'm happy to hear your thoughts now, but if you want
16 to have a little bit of time to reflect on it, I'm also
17 prepared to give either or both of you that opportunity.
18           MR. JOFFE:  Well, Your Honor, I'm grateful for your
19 suggestions.  I just want to comment on this review that I've
20 done.  And I think defendants will, I believe, reviewed or at
21 least checked the 56,000 documents that we produced as the
22 result.  Those documents eliminated all the spam and all the
23 irrelevant materials for sure, because it's not just, you
24 know, the subject line review.
25           For example, like I could have reviewed everything

1    that's coming from Alibaba, or other sources of that nature.
2    And if it's something of a continuous, you know, stream of
3    spam or not necessarily spam, but professional type of
4    e-mails, that they were not related to the issues at all,
5    they could have been easily eliminated.  All the spam e-mails
6    that the defendants complained about, I've eliminated all of
7    that.  So the collection of -- substantial collection still,
8    but the substantial collection of 56 that we've extricated
9    from the larger 220, I think, 7,000 documents, are clearly
10   responsive, or at least related closely to the case.  So
11   what's left in the remaining part is all the spam e-mail
12   that's been eliminated and there were also e-mails --
13            THE COURT:  Are you prepared to submit an affidavit
14   that that's all that is left and the rest is spam?
15            MR. JOFFE:  No, I'm prepared to say that there is
16   no spam in the documents that we produced.
17            THE COURT:  Yes.
18            MR. JOFFE:  So that collection of 56,000 documents
19   is responsive.  And I was reading the TAR proposal that
20   defendants were proposing in their reports and they were
21   saying that TAR, itself, doesn't eliminate everything --
22            THE COURT:  Nothing's perfect.
23            MR. JOFFE:  Right.  It floats the most relevant on
24   top, and then it leaves the bulk below, where the probability
25   of finding something relevant is low.

1       THE COURT:  So what you would like to do is say --
2       MR. JOFFE:  So I did the human TAR.  I was the TAR
3   machine who was essentially doing this.  I -- the 56 on top
4   are the very relevant --
5       THE COURT:  How many of the documents did you
6   actually read?
7       MR. JOFFE:  I don't -- hundreds.  Hundreds, because
8   sometimes they appeared -- it's not spam.  I wouldn't read
9   Coke versus Pepsi.  And I wouldn't read thousands that come
10  from Alibaba, or any other -- the company that trades in
11  computer stuff.  They have a lot of e-mails that come from
12  automated things like that, but if there was something that
13  could potentially be relevant, though, you know, between --
14      THE COURT:  It would be fair to say the number of
15  documents you read was more than 100 and less than 1,000?
16      MR. JOFFE:  It was more than 100.
17      THE COURT:  And less than 1,000?
18      MR. JOFFE:  That's hard to say, Your Honor.  I
19  can't say.
20      THE COURT:  Well, the only reason that I'm asking
21  is you said hundreds.  So ordinarily, I would think of
22  hundreds as more than 100, but less than 1,000.
23      MR. JOFFE:  I would say in the ballpark of 1,000
24  for sure.  Up to 10,000.
25      THE COURT:  More or less 10,000?